**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ADAM J. LEVITT, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | No. 11-CV-8176 |
| v. | ) ) ) | **JURY TRIAL DEMANDED** |
| SOUTHWEST AIRLINES, CO., | ) ) | |
| Defendant. | ) | |

**CLASS ACTION COMPLAINT**

Plaintiff Adam J. Levitt (hereinafter "Plaintiff" or "Levitt") brings this action against Defendant Southwest Airlines, Co. (hereinafter "Defendant" or "Southwest") on behalf of himself and all others similarly situated, and complains and alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## I. NATURE OF THE ACTION

1. Southwest, the United States' largest airline, has long incorporated "drink coupons" in many of its daily flight offerings. For years, Southwest has offered coupons for free drinks to travelers who purchased tickets through Southwest's premium-priced "Business Select" travel program. These coupons were redeemable on any Southwest flight for any alcoholic drink that would ordinarily cost $5 per drink.[1]

2. At the time the coupons were issued as part of these purchase transactions, they had no expiration dates. As such, the coupons – in their originally-issued form, with no

---

[1] http://www.southwest.com/assets/pdfs/travel-extras/inflight_menu.pdf; last accessed November 7, 2011.

expiration dates – were part of the contract between Southwest and consumers when the underlying flights were purchased.

3. Southwest then unilaterally decreed that it would no longer honor those same drink coupons, still in circulation. As Southwest's CEO explained:

> For years, Southwest Airlines has accepted all types of drink coupons on our planes – regardless of their expiration dates. Rapid Rewards coupons. Business Select coupons. Old Company Club coupons. Coupons from the 80s, coupons from the 90s. And we've done so for all the right reasons. However, in an industry where the competition is always knocking (or banging) on the door and where watching the bottom-line is more important than ever, we owe it to our Employees, Customers, and Shareholders to find ways to operate smarter. We've reached a point where being so flexible with drink coupons has put us in a position of having far too many in circulation.[2]

4. Put simply, Southwest decided that it would make more money – improve its "bottom-line" – by choosing not to honor the coupons that consumers had already paid and bargained for with their purchase of Business Select tickets. In so doing, Southwest breached those contracts. Accordingly, Plaintiff brings this class action for breach of contract and for violation of the Illinois Consumer Fraud Act, 815 ILCS 505/2.

## II. JURISDICTION AND VENUE

5. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2). In the aggregate, Plaintiff's claims and the claims of the other members of the Class exceed $5,000,000 exclusive of interest and costs, and there are numerous class members who are citizens of states other than Southwest's states of citizenship.

6. Venue is proper in this district pursuant to 28 U.S. C. § 1391(b)(1), (2) and 1391(c) as: Southwest is deemed to reside in this judicial district because it is subject to personal

---

[2] http://www.blogsouthwest.com/blog/a-message-about-drink-coupons; last accessed November 13, 2011.

jurisdiction here; and a substantial part of the events and/or omissions giving rise to the claims emanated from activities within this jurisdiction and Southwest conducts substantial business in this jurisdiction.

### III. PARTIES

*Plaintiff*

7. Adam J. Levitt is an individual and citizen of the State of Illinois, residing in Cook County, Illinois. Plaintiff has accumulated a number of free drink coupons by purchasing Business Select tickets on Southwest flights.

*Defendant*

8. Southwest is a publicly-traded corporation organized under the laws of the State of Texas. Southwest is licensed to do business in Illinois. Southwest is the largest domestic airline in the United States, operating more than 3,400 flights within the United States each day.[3] More of those flights depart from Midway Airport in Chicago than from any other airport in the country.[4]

9. Southwest's mission statement claims that Southwest is "dedicat[ed] to the highest quality of Customer Service delivered with a sense of warmth, friendliness, individual pride, and Company Spirit"[5] — a statement belied by Southwest's conduct here.

---

[3] http://www.southwest.com/html/about-southwest/history/fact-sheet.html; last accessed November 7, 2011.

[4] http://www.southwest.com/html/about-southwest/history/fact-sheet-top-airports-popup; last accessed November 13, 2011.

[5] http://www.southwest.com/html/about-southwest/index.html?int=GFOOTER-ABOUT-MISSION; last accessed November 13, 2011.

## IV. ADDITIONAL FACTUAL BACKGROUND

10. On multiple occasions, Plaintiff purchased Southwest Business Select tickets, which included drink coupons. (True and accurate copies of 45 of Plaintiff's coupons are attached hereto as Exhibit A.) Notably, none of these coupons bear an expiration date.

11. To the extent that the coupons reflected in Exhibit A provide any terms, they are as follows:

> This coupon has no cash value. Drink coupon is void if altered, sold, purchased, brokered, or bartered. Not exchangeable for other goods and services. Southwest Airlines reserves the right to refuse service and/or discontinue the drink coupon program at any time. You must be 21 years of age or older to consume alcoholic beverages.[6]

12. While Southwest may have reserved the right to discontinue issuing *new* drink coupons at any time, no provision of the terms of its drink coupon program allows Southwest to revoke a drink coupon *after its issuance and delivery* to Plaintiff and the Class members.

13. Southwest has issued hundreds of thousands of drink coupons to thousands of people throughout the United States. These coupons are identical but for their numerical identifier to the drink coupons reflected in Exhibit A.

## V. CLASS ACTION ALLEGATIONS

14. Plaintiff brings Counts I and II, as set forth below, on behalf of himself and as a class action pursuant to the provisions of Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class defined as:

---

[6] The terms on some of the coupons in Exhibit A are slightly different, stating: "This coupon has no cash value. Drink coupon is void if altered, sold, purchased, brokered, or bartered. Nonexchangeable for other goods or services. Southwest Airlines reserves the right to discontinue its drink coupon program at any time."

> All persons who reside in the United States and who have been issued unredeemed Southwest Airlines Drink Coupons (hereinafter, the "Class").

Excluded from the Class are Southwest and its subsidiaries and affiliates; all persons who make a timely election to be excluded from the Class; governmental entities; and the judge to whom this case is assigned and any immediate family members thereof.

15. Plaintiff brings Count III, as set forth below, on behalf of himself and on behalf of a subclass defined as:

> All persons who reside in Illinois and who have been issued unredeemed Southwest Airlines Drink Coupons (hereinafter, the "Subclass").

Excluded from the Subclass are Southwest and its subsidiaries and affiliates; all persons who make a timely election to be excluded from the Class; governmental entities; and the judge to whom this case is assigned and any immediate family members thereof. The Class and Subclass are collectively referred to as "Classes," unless specifically indicated otherwise.

16. Certification of Plaintiff's claims for classwide treatment is appropriate because Plaintiff can prove the elements of his claims on a classwide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

17. **Numerosity – Federal Rule of Civil Procedure 23(a)(1).** The members of the Class are so numerous that individual joinder of all Class members is impracticable. On information and belief, there are thousands of consumers who have been damaged by Southwest's wrongful conduct as alleged herein. The precise number of Class members and their addresses is presently unknown to Plaintiff, but may be ascertained from Southwest's books and records. Class members may be notified of the pendency of this action by recognized,

Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice.

18. **Commonality and Predominance – Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).** This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, without limitation:

   a. whether Southwest breached its express or implied agreements with Class members;

   b. whether Southwest engaged in unfair or unlawful practices by failing to fulfill the terms of its express or implied agreements with Class members; and

   c. whether Southwest violated Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 ("Consumer Fraud Act").

19. **Typicality – Federal Rule of Civil Procedure 23(a)(3).** Plaintiff's claims are typical of the other Class members' claims because, among other things, all Class members were comparably injured through the uniform misconduct described above and were subject to Southwest's deceptive and misleading conduct.

20. **Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4).** In this case, certification of the proposed Class is another needed step toward protecting future consumers from Southwest's wrongful conduct. Were this case not to proceed on a class-wide basis, it is unlikely that any significant number of Class members would be able to obtain redress or that Southwest would willingly correct their wrongdoings. Accordingly, proceeding with this matter as a class action is an appropriate method to fairly and efficiently adjudicate the controversy.

21. **Declaratory and Injunctive Relief – Federal Rule of Civil Procedure 23(b)(2).** Southwest has acted or refused to act on grounds generally applicable to Plaintiff and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to Class and Illinois Subclass members as a whole.

22. **Superiority – Federal Rule of Civil Procedure 23(b)(3).** A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Southwest, so it would be impracticable for Class members to individually seek redress for Southwest's wrongful conduct. Even if Class members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## VI. CLAIMS ALLEGED

### COUNT I
### Breach of Contract
### (On Behalf of the Classes)

23. Plaintiff incorporates the allegations of the foregoing paragraphs by reference.

24. The drink coupons issued to class members, including Plaintiff (the "Drink Coupons") were inducements for Plaintiff and members of the Classes to purchase Southwest's premium-priced Business Select tickets, and were additional inducements for Plaintiff and

7

members of the class to fly with Southwest at considerable expense to destinations it serves throughout the United States.

25. The purchase of tickets that included (among other terms) drink coupons were valid, enforceable contracts supported by consideration.

26. The contracts have been accepted, and remain accepted, by Plaintiff and by all members of the Classes.

27. Plaintiff and the members of the Classes have performed all duties pursuant to the contracts.

28. Plaintiff and the members of the Classes have satisfied all conditions precedent pursuant to the contracts.

29. Plaintiff and the members of the Classes are not in breach of the contracts.

30. Southwest breached the contracts by unilaterally deciding it would no longer honor them.

31. As a proximate consequence of Southwest's breach, Plaintiff and each member of the Classes have suffered a loss of the value of each drink coupon, and each has suffered this loss uniformly.

## COUNT II
### Unjust Enrichment
### (In the Alternative to Count I)
### (On Behalf of the Classes)

32. Plaintiff incorporates the allegations of the foregoing paragraphs 1-22 by reference.

33. Southwest has been unjustly enriched by receiving the benefits of performance by Plaintiff and the members of the Classes, while at the same refusing to remit payment for the full amounts due and owing Plaintiff and the members of the Classes.

34. This unjust enrichment has been to the detriment of Plaintiff and the members of the Classes.

35. Southwest continues to refuse to remit payment for the full amounts due and owing Plaintiff and the members of the Classes, which violates fundamental principles of justice, equity, and good conscience.

### COUNT III
### Violation of the Illinois Consumer Fraud Act
### (On Behalf of the Subclass)

36. Plaintiff adopts and incorporates by reference all prior paragraphs of this Complaint as if fully set forth herein.

37. At all times relevant hereto, there was in effect in the State of Illinois a statute known as the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 ("Consumer Fraud Act").

38. Southwest has acted unfairly by breaching its contracts with its customers, and refusing to provide cash refunds and compensation for the foregoing acts.

39. Southwest has acted unfairly by inducing consumers into purchasing Business Select premium tickets at inflated prices with the representation that consumers would have the benefit of drink coupons with no expiration dates. In reality, however, Southwest has now refused to honor those coupons.

40. The conduct set forth above constitutes unfair and deceptive conduct in violation of the Consumer Fraud Act.

41. By reason of the foregoing, Plaintiff and each member of the Subclass are entitled to recover from Southwest restitution, cash refunds of fees paid Southwest, disgorgement of revenues and profits obtained from unlawful practices, injunctive relief, declaratory relief, the

cost of bringing this action (including reasonable attorneys' fees and costs), and any other relief allowed by law and deemed just and equitable in the circumstances.

## VII. JURY DEMAND

Plaintiff demands a trial by jury of all claims in this Complaint so triable.

## VIII. REQUEST FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class and Subclass, requests judgment as follows:

A. Declaring that this action is a proper class action, certifying the Class and Illinois Subclass as requested herein, designating Plaintiffs as Class and Illinois Subclass Representatives and appointing Plaintiff's Counsel as Class Counsel for the Class and Illinois Subclass;

B. An award of compensatory damages, the amount of which is to be determined at trial;

C. An award of restitution and disgorgement of Southwest's revenues to Plaintiff and the other Class and Illinois Subclass members generated from the unlawful practices as set forth herein;

D. An award of actual damages (including punitive damages) as allowable by law;

E. An award of statutory damages to Plaintiff and the other Subclass members, as provided by the Illinois Consumer Fraud Act;

F. An award to the Plaintiffs and the Classes of prejudgment interest, costs and attorneys' fees; and

G. An award to the Plaintiffs and Classes for such other and further relief as the Court deems just and proper.

Dated: November 16, 2011 Respectfully submitted,

ADAM J. LEVITT, individually and on behalf of all others similarly situated

By:_____

  One of the Attorneys for Plaintiff
   and the Putative Class

Joseph J. Siprut
*jsiprut@siprut.com*
Aleksandra M. S. Vold
*avold@siprut.com*
SIPRUT PC
122 South Michigan Avenue
Suite 1850
Chicago, Illinois 60603
312.588.1440
Fax: 312.878.1342

4821-4521-5246, v. 1

11