IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ADAM J. LEVITT, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 11-CV-8176 ) |
| SOUTHWEST AIRLINES CO., | ) ) ) |
| Defendant. | ) |

## SOUTHWEST AIRLINE CO.'S PARTIAL MOTION TO DISMISS

Defendant, Southwest Airlines Co. ("Southwest"), respectfully submits this Motion to Dismiss certain counts and requested relief contained in Plaintiff's Complaint. For the reasons provided herein and further explained in Southwest's Memorandum of Law in Support of Motion to Dismiss, with the sole exception of his contract claim narrowly construed to enforce only the actual terms of any direct contract with Southwest, Plaintiff's claims and requested relief are preempted by the Federal Airline Deregulation Act and are due to be dismissed.

1. Adam J. Levitt, a purported class representative (hereinafter "Plaintiff"), has asserted claims against Southwest for breach of contract, unjust enrichment, and violation of the Illinois Consumer Fraud Act because, according to Plaintiff, Southwest "unilaterally decid[ed] it would no longer honor" coupons that entitled Plaintiff to a free alcoholic beverage onboard the Southwest flight of his choosing. *See* Compl. ¶¶ 25-40.

2. As redress for these wrongs, Plaintiff seeks compensatory damages; restitution and disgorgement; actual and punitive damages; statutory damages; and prejudgment interest, costs, and attorneys' fees. *Id.* at VIII.

3. Congress enacted the Airline Deregulation Act ("ADA") in 1978 with the idea that "'maximum reliance on competitive market forces' would best further 'efficiency, innovation, and low prices' as well as 'variety [and] quality … of air transportation services.'" *Morales v. Trans World Airlines*, 504 U.S. 374, 378-79 (1992) (internal citations omitted). In order "[t]o ensure that the States would not undo federal deregulation with regulation of their own" Congress included a preemption clause in the ADA. *Id.*

4. The Supreme Court has twice considered the scope of ADA preemption, each time emphasizing the broad scope of the preemption provision. *See Morales* 504 U.S. at 384 and *Am. Airlines, Inc. v. Wolens*, 513 U.S. 219, 222 (1995).

5. After *Morales* and *Wolens*, when determining whether a claim is preempted by the ADA, courts employ a two-prong analysis: (1) whether the subject of the claim has a connection with or reference to airline rates, routes, or services, and if so, (2) whether the subject of the claim involves the enforcement by the state of a law, regulation, or other provision having the force and effect of law. *See, e.g., Travel All Over World, Inc. v. Kingdom of Saudi Arabia,* 73 F.3d 1423, 1432 (7th Cir. 1996). If both questions are answered in the affirmative, the ADA preempts the claim. *Id.*

6. Because Plaintiff's claims relate to Southwest's alleged failure to provide a "drink" in exchange for a coupon that Plaintiff "paid and bargained for" in the purchase of his ticket, his claims fit squarely within the Seventh Circuit's definition of "services." Compl. ¶4; *see Travel All Over the World, Inc.*, 73 F.3d at 1434.

7. Because Plaintiff's claims for unjust enrichment, violation of the Illinois Consumer Fraud Act, compensatory damages, restitution and disgorgement, punitive damages,

statutory damages, and prejudgment interest, costs, and attorneys' fees seek to enforce Illinois statutory or common law, they are preempted by the ADA. Compl. ¶¶ 32-41; VIII.

8. Moreover, Plaintiff's contract claim is preempted to the extent that it seeks enlargement or enhancement based upon state laws or policies external to a direct agreement between Plaintiff and Southwest.[1]  *Wolens*, 513 U.S. at 232-33.

9. Because Plaintiff is unable to amend his complaint in a way to state a viable claim for anything other than a narrow, direct contract action and any damages directly related thereto, Southwest respectfully requests that this Court enter an Order dismissing, with prejudice, Plaintiff's claims for unjust enrichment, violation of the Illinois Consumer Fraud Act, and requests for restitution and disgorgement; punitive damages; statutory damages; and prejudgment interest, costs, and attorneys' fees. Additionally, Southwest respectfully requests that the Court enter an Order dismissing, with prejudice, Plaintiff's contract claim except to the extent that it pertains to an actual agreement between Plaintiff and Southwest, "with no enlargement or enhancement based on state laws or policies external to the agreement."

10. In support of this motion, Southwest submits a memorandum of law filed contemporaneously herewith.

Respectfully submitted by,

/s/ H. Thomas Wells, Jr.
H. Thomas Wells, Jr.
One of the Attorneys for
SOUTHWEST AIRLINES CO.
Admitted *pro hac vice*

---

[1] As reflected in its Answer, filed contemporaneously herewith, Southwest disputes that Plaintiff's breach of contract claim has any merit.

OF COUNSEL:
**MAYNARD, COOPER & GALE**
1901 6th Avenue North
Suite 2400
Birmingham, AL  35203
(205) 254-1000
twells@maynardcooper.com

/s/ Michael W. Drumke
Michael W. Drumke
One of the Attorneys for SOUTHWEST AIRLINES CO.

OF COUNSEL
HeplerBroom, LLC
150 N. Wacker
Suite 3100
Chicago, IL  60606
(312) 205-7717
mwd@heplerbroom.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 9th day of December, 2011, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system which will send notification of such filing to the following:

Joseph J. Siprut
Aleksandra M. S. Vold
Siprut PC
122 S. Michigan Avenue
Suite 1850
Chicago, IL  60603

/s/ H. Thomas Wells, Jr.
OF COUNSEL
Admitted *pro hac vice*

4