# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ADAM J. LEVITT and HERBERT C. MALONE, individually and on behalf of all others similarly situated, </br></br>          Plaintiffs, </br></br>v. </br></br>SOUTHWEST AIRLINES, CO., </br></br>          Defendant. | No. 11-CV-8176 </br></br>Hon. Matthew F. Kennelly </br></br>Magistrate Judge Young B. Kim |

## FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiffs Adam J. Levitt ("Levitt") and Herbert C. Malone ("Malone") (collectively, "Plaintiffs") bring this action against Defendant Southwest Airlines, Co. ("Defendant" or "Southwest") on behalf of themselves and all others similarly situated, and complain and allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

### I. NATURE OF THE ACTION

1. Southwest, the United States' largest airline, has long incorporated drink vouchers in many of its daily flight offerings. For years, Southwest has offered the vouchers (hereafter, "Vouchers") to travelers who purchased tickets through Southwest's premium-priced "Business Select" travel program. The Vouchers were redeemable on any Southwest flight for any alcoholic drink that would ordinarily cost $5 per drink.[1]

---

[1] http://www.southwest.com/assets/pdfs/travel-extras/inflight_menu.pdf; last accessed November 7, 2011.

2. At the time Southwest issued the Vouchers as part of these purchase transactions, they had no expiration dates. As such, the Vouchers – in their originally-issued form, with no expiration dates – were part of the contract between Southwest and consumers formed when the underlying flight tickets were purchased.

3. On or about August 1, 2010, Southwest unilaterally decreed that it would no longer honor Vouchers still in circulation. As Southwest's CEO explained:

> For years, Southwest Airlines has accepted all types of drink coupons on our planes – regardless of their expiration dates. Rapid Rewards coupons. Business Select coupons. Old Company Club coupons. Coupons from the 80s, coupons from the 90s. And we've done so for all the right reasons. However, in an industry where the competition is always knocking (or banging) on the door and where watching the bottom-line is more important than ever, we owe it to our Employees, Customers, and Shareholders to find ways to operate smarter. We've reached a point where being so flexible with drink coupons has put us in a position of having far too many in circulation.[2]

4. Put simply, Southwest decided that it would make more money – improve its "bottom-line" – by choosing not to honor Vouchers that consumers had already paid and bargained for with their purchase of Business Select tickets. In so doing, Southwest breached those contracts. Accordingly, Plaintiffs bring this class action for breach of contract; for unjust enrichment; for violation of the Illinois Consumer Fraud Act, 815 ILCS 505/2; and for violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§201-1.

## II. JURISDICTION AND VENUE

5. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d)(2). In the aggregate, Plaintiffs' claims and the claims of the other Class members exceed $5,000,000

---

[2] http://www.blogsouthwest.com/blog/a-message-about-drink-coupons; last accessed December 19, 2011.

exclusive of interest and costs, and there are numerous class members who are citizens of states other than Southwest's states of citizenship.

6. Venue is proper in this district pursuant to 28 U.S. C. § 1391(b)(1), (2) and 1391(c) as: Southwest is deemed to reside in this judicial district because it is subject to personal jurisdiction here; and a substantial part of the events and/or omissions giving rise to the claims emanated from activities within this jurisdiction and Southwest conducts substantial business in this jurisdiction.

### III. PARTIES

*Plaintiffs*

7. Adam J. Levitt is an individual and a citizen of the State of Illinois. He has accumulated a number of Vouchers by purchasing Business Select tickets from Southwest.

8. Herbert C. Malone is an individual and a citizen of the State of Pennsylvania. He has accumulated a number of Vouchers by purchasing Business Select tickets from Southwest.

*Defendant*

9. Southwest is a publicly-traded corporation organized under the laws of the State of Texas. Southwest is licensed to do business in Illinois. Southwest is the largest domestic airline in the United States, operating more than 3,400 flights within the United States each day.[3] More of those flights depart from Midway Airport in Chicago than from any other airport in the country.[4]

---

[3] http://www.southwest.com/html/about-southwest/history/fact-sheet.html; last accessed December 19, 2011.
[4] http://www.southwest.com/html/about-southwest/history/fact-sheet-top-airports-popup; last accessed December 19, 2011.

10. Southwest's mission statement claims that Southwest is "dedicat[ed] to the highest quality of Customer Service delivered with a sense of warmth, friendliness, individual pride, and Company Spirit"[5] – a statement belied by its conduct here.

## IV. ADDITIONAL FACTUAL BACKGROUND

11. On multiple occasions, Plaintiffs each purchased Southwest Business Select tickets, which, as part of the purchase price, included Vouchers. True and accurate copies of various of Levitt's Vouchers are attached hereto as Exhibit A. True and accurate copies of various of Malone's Vouchers are attached hereto as Exhibit B (collectively, the "Exhibits"). Notably, none of the Vouchers bear expiration dates.

12. To the extent that the Vouchers reflected in the Exhibits provide any terms, they are as follows:

> This coupon has no cash value. Drink coupon is void if altered, sold, purchased, brokered, or bartered. Not exchangeable for other goods and services. Southwest Airlines reserves the right to refuse service and/or discontinue the drink coupon program at any time. You must be 21 years of age or older to consume alcoholic beverages.[6]

13. While Southwest may have reserved its right to discontinue issuing *new* Vouchers at any time, Southwest cannot revoke Vouchers *already issued* to Plaintiffs and the other Class members as part of their purchase of Business Select tickets.

---

[5] http://www.southwest.com/html/about-southwest/index.html?int=GFOOTER-ABOUT-MISSION; last accessed December 19, 2011.
[6] The terms on some of the coupons in the Exhibits are slightly different, stating: "This coupon has no cash value. Drink coupon is void if altered, sold, purchased, brokered, or bartered. Nonexchangeable for other goods or services. Southwest Airlines reserves the right to discontinue its drink coupon program at any time."

4

14. Southwest has issued at least hundreds of thousands of Vouchers with the sale of Business Select tickets to consumers throughout the United States. These Vouchers are identical but for their numerical identifier, as reflected in the Exhibits.

## V. CLASS ACTION ALLEGATIONS

15. Plaintiffs bring Counts I and II, as set forth below, on behalf of themselves and as a class action pursuant to the provisions of Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of a class defined as:

> All persons who reside in the United States and who procured unredeemed Southwest Airline Drink Vouchers with the purchase of one or more Business Select tickets from Southwest (the "National Class").

Excluded from the National Class are Southwest and its subsidiaries and affiliates; all persons who make a timely election to be excluded from the National Class; governmental entities; and the judge to whom this case is assigned and any immediate family members thereof.

16. Plaintiff Levitt brings Count III, as set forth below, on behalf of himself and on behalf of a subclass defined as:

> All persons who reside in Illinois and who procured unredeemed Southwest Airline Drink Vouchers with the purchase of one or more Business Select tickets from Southwest (the "Illinois Subclass").

Excluded from the Illinois Subclass are Southwest and its subsidiaries and affiliates; all persons who make a timely election to be excluded from the Subclass; governmental entities; and the judge to whom this case is assigned and any immediate family members thereof.

17. Plaintiff Malone brings Count IV, as set forth below, on behalf of himself and on behalf of a subclass defined as:

> All persons who reside in Pennsylvania and who procured unredeemed Southwest Airline Drink Vouchers with the purchase

of one or more Business Select tickets from Southwest (the "Pennsylvania Subclass").

18. Excluded from the Pennsylvania Subclass are Southwest and its subsidiaries and affiliates; all persons who make a timely election to be excluded from the Subclass; governmental entities; and the judge to whom this case is assigned and any immediate family members thereof. The National Class, Illinois Subclass and Pennsylvania Subclass are collectively referred to as "the Class," unless specifically indicated otherwise.

19. Certification of Plaintiffs' claims for classwide treatment is appropriate because Plaintiffs can prove the elements of their claims on a classwide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

20. **Numerosity – Federal Rule of Civil Procedure 23(a)(1).** The members of the Class are so numerous that individual joinder of all Class members is impracticable. On information and belief, there are thousands of consumers who have been damaged by Southwest's wrongful conduct as alleged herein. The precise number of Class members and their addresses is presently unknown to Plaintiffs, but may be ascertained from Southwest's books and records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice.

21. **Commonality and Predominance – Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).** This action involves common questions of law and fact, which predominate over any questions affecting individual Class members, including, without limitation:

   a. Whether Southwest breached its agreements with Class members.

   b. Whether Southwest engaged in unfair or deceptive acts or practices and/or unfair methods of competition in trade or commerce.

c.  Whether Southwest has been unjustly enriched as a result of the conduct complained of herein.

d.  Whether Southwest violated the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2.

e.  Whether Southwest violated the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§201-1.

22. **Typicality – Federal Rule of Civil Procedure 23(a)(3).** Plaintiffs' claims are typical of the other Class members' claims because, among other things, all Class members were comparably injured through the uniform misconduct described above and were subject to Southwest's deceptive and misleading conduct.

23. **Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4).** Plaintiffs are adequate representatives of the Class because their interests do not conflict with the interests of the members of the Class they seek to represent; they have retained counsel competent and experienced in complex commercial and class action litigation; and Plaintiffs intend to prosecute this action vigorously. The interests of the Class will be fairly and adequately protected by Plaintiffs and their counsel.

24. **Declaratory and Injunctive Relief – Federal Rule of Civil Procedure 23(b)(2).** Southwest has acted or refused to act on grounds generally applicable to Plaintiffs and the Class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Class as a whole.

25. **Superiority – Federal Rule of Civil Procedure 23(b)(3).** A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action.

The damages or other financial detriment suffered by Plaintiffs and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Southwest, so it would be impracticable for Class members to individually seek redress for Southwest's wrongful conduct. Even if Class members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## VI.  CLAIMS ALLEGED

### COUNT I
### Breach of Contract
### (On Behalf of the National Class)

26. Plaintiffs adopt and incorporate by reference all prior paragraphs of this Complaint as if fully set forth herein.

27. Each time Plaintiffs and the other members of the National Class purchased Business Select airline tickets from Southwest that included among those purchase terms one or more Vouchers with no expiration dates, a contract was formed. (The contracts between Southwest and the members of the National Class will be referred to collectively as the "Contract.")

28. The Contract is a valid, enforceable contract supported by consideration.

29. Plaintiffs and each of the other members of the National Class have satisfied all conditions precedent pursuant to the Contract.

30. Plaintiffs and each of the other members of the National Class are not in breach of the Contract.

31. Southwest breached the Contract by retroactively voiding the Vouchers by refusing to honor them, even though the Vouchers had no expiration dates.

32. As a proximate consequence of Southwest's breach, Plaintiffs and each of the members of the National Class have suffered a loss of the value of each Voucher.

## COUNT II
**Unjust Enrichment**
**(In the Alternative to Count I)**
**(On Behalf of the National Class)**

33. Plaintiffs adopt and incorporate by reference paragraphs 1-25 above as if fully set forth herein.

34. Southwest has received a benefit from Plaintiffs and each of the other members of the National Class in the form of the artificially high price of airline tickets which included the value of the Vouchers in those prices.

35. Southwest has knowingly appreciated and accepted this benefit which has resulted and continues to result in an inequity to Plaintiffs and each of the members of the National Class.

36. Southwest's appreciation and acceptance of this benefit is inequitable.

37. As a result of Southwest's unjust enrichment, Plaintiffs and each of the members of the National Class sustained damages in an amount to be determined at trial. Plaintiffs and each of the members of the National Class seek full disgorgement and restitution of Southwest's enrichment, benefits, and ill-gotten gains acquired as a result of the unlawful and/or wrongful conduct alleged herein.

# COUNT III
## Violation of the Illinois Consumer Fraud Act
### (On Behalf of the Illinois Subclass)

38. Plaintiff Levitt ("Plaintiff," for purposes of the Illinois Subclass' claims) adopts and incorporates by reference paragraphs 1-25 of this Complaint as if fully set forth herein.

39. The Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq*. ("Illinois Consumer Fraud Act"), prohibits the use of unfair or deceptive acts or practices in the conduct of trade or commerce. The Illinois Consumer Fraud Act is to be liberally construed.

40. Southwest engaged in not less than the following unfair or deceptive acts or practices in the conduct of trade or commerce:

   a. Southwest deceptively marketed and sold Vouchers as having no expiration dates, when in reality, Southwest retroactively imposed artificial expiration dates and refused to honor Vouchers according to their terms; and

   b. Southwest misrepresented the price of Business Select airline tickets, in that Plaintiff and each of the other members of the Illinois Subclass were led to believe that the price included Vouchers with no expiration dates, when, in fact, that was not true.

41. As a result of Southwest's use or employment of the aforementioned unfair or deceptive acts or practices, Plaintiff and each of the other members of the Illinois Subclass have sustained damages in an amount to be proven at trial.

42. Southwest's conduct showed malice, evil motive, or the reckless disregard for the rights of others such that an award of punitive damages is appropriate.

# COUNT IV
**Violation of the Pennsylvania Consumer Fraud Act**
**(On Behalf of the Pennsylvania Subclass)**

43. Plaintiff Malone ("Plaintiff," for purposes of the Pennsylvania Subclass' claims) adopts and incorporates by reference paragraphs 1-25 of this Complaint as if fully set forth herein.

44. The Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§201-1 (the "Pennsylvania Consumer Fraud Act"), prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce.

45. Southwest engaged in one or more acts characterized as "deceptive trade practices" in the conduct of trade or commerce pursuant to the PA. STAT. ANN. 201-1, *et seq.*, as follows:

   a. PA. STAT. ANN. 201-2(ii): "Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services";

   b. PA. STAT. ANN. 201-2(ii): "Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation or connection that he does not have";

   c. PA. STAT. ANN. 201-2(ii): 7): "Representing that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are of another"; and

   d. PA. STAT. ANN. 201-2(xxi): "Engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding".

46. Southwest engaged in not less than the following unfair or deceptive acts or practices in the conduct of trade or commerce:

   a. Southwest deceptively marketed and sold Vouchers as having no expiration dates, when in reality, Southwest retroactively imposed artificial expiration dates and refused to honor Vouchers according to their terms; and

   b. Southwest misrepresented the price of Business Select airline tickets, in that Plaintiff and each of the other members of the Pennsylvania Subclass were led to believe that the price included Vouchers with no expiration dates, when, in fact, that was not true.

47. Southwest used these unfair or deceptive acts or practices with the intent that Plaintiff and each of the other members of the Pennsylvania Subclass would rely upon such practices.

48. In purchasing Business Select tickets that included Vouchers in the price of those tickets, Plaintiff and each of the other members of the Pennsylvania Subclass relied upon Southwest's acts, practices and representations.

49. As a result of Southwest's unlawful practices, Plaintiff and each of the other members of the Pennsylvania Subclass have sustained damages in an amount to be proven at trial.

50. Southwest's conduct showed malice, evil motive, or the reckless disregard for the rights of others such that an award of punitive damages is appropriate.

## VII. JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury of all claims in this Complaint so triable.

## VIII. REQUEST FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves, collectively on behalf of the National Class, and respectively on behalf of each of the State Subclasses they seek to represent, respectfully request the following relief:

(a) that the Court determine that this action may be maintained as a class action, certify all Plaintiffs to serve as representatives of the National Class, and certify each Plaintiff to serve as a class representative of the State Subclass he respectively seeks to represent;

(b) that Southwest's wrongful conduct alleged herein be adjudged and decreed to violate the consumer protection and deceptive trade practice statutes asserted;

(c) that Southwest's wrongful conduct alleged herein be adjudged and decreed to constitute breach of contract, or in the alternative, unjust enrichment;

(d) that Plaintiffs and each of the members of the National Class and each of the members of the State Subclasses be awarded damages and, where applicable, treble, multiple, disgorgement, or other damages – with interest – according to: applicable common law and the laws of each of the states comprising each of the State Subclasses, respectively;

(e) that Plaintiffs and each of the other members of the National Class and each of the members of the State Subclasses recover the amounts by which Southwest has been unjustly enriched;

(f) that Plaintiffs and each of the other members of the National Class and each of the members of the State Subclasses recover their costs of suit, including reasonable attorneys' fees and expenses as provided by law; and

(g) that Plaintiffs and each of the other members of the National Class and each of the members of the State Subclasses be granted such other and further relief as the nature of the case may require or as this Court deems just and proper.

Dated: December 21, 2011                    Respectfully submitted,

                                            ADAM J. LEVITT and HERBERT C.
                                            MALONE, individually and on behalf of all
                                            others similarly situated

                                            By:_____
                                                One of the Attorneys for Plaintiffs
                                                and the Proposed Putative Classes

Joseph J. Siprut
*jsiprut@siprut.com*
Aleksandra M. S. Vold
*avold@siprut.com*
SIPRUT PC
122 South Michigan Avenue
Suite 1850
Chicago, Illinois  60603
312.588.1440
Fax: 312.878.1342


4824-0462-9262, v.  1

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a true and correct copy of the foregoing **First Amended Class Action Complaint** was filed this 21st day of December, 2011, via the electronic filing system of the Northern District of Illinois, which will automatically serve all counsel of record.

_____
Joseph J. Siprut