**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| *In re Southwest Airlines Voucher Litigation* | ) ) ) ) | No. 11-CV-8176 <br><br> Hon. Matthew Kennelly |

## NOTICE OF FILING AMENDED STIPULATION OF SETTLEMENT WITH EXHIBITS

To:     See attached service list

Please take notice that on this 7th day of December, 2012, the attached **Amended Stipulation of Settlement,** and the exhibits thereto, was filed with the District court for the Northern District of Illinois through the CM/ECF system.

Dated: December 7, 2012

Respectfully submitted,

ADAM J. LEVITT and HERBERT C. MALONE, individually and on behalf of all others similarly situated

By:_____
One of the Attorneys for Plaintiffs
and the Proposed Settlement Class

Joseph J. Siprut
*jsiprut@siprut.com*
James M. McClintick
*jmcclintick@siprut.com*
Aleksandra M. S. Vold
*avold@siprut.com*
Gregg M. Barbakoff
*gbarbakoff@siprut.com*
SIPRUT PC
17 North State Street, Suite 1600
Chicago, Illinois 60602
312.236.0000
Fax: 312.948.9196
www.siprut.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, hereby certifies that a true and correct copy of the foregoing **Notice of Filing** was filed this 7th day of December, 2012, via the electronic filing system of the Northern District of Illinois, which will automatically serve all counsel of record.

_____

Joseph J. Siprut

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| *In re Southwest Airlines Voucher* | ) | No. 11-CV-8176 |
| *Litigation* | ) | |
| | ) | Hon. Matthew Kennelly |
| | ) | |

## AMENDED STIPULATION OF SETTLEMENT

It is hereby Stipulated and Agreed, by and between Plaintiffs and Defendant (as those terms are hereinafter defined), that the lawsuit captioned above (the "Action"), and the matters raised by the Action, are settled, compromised and dismissed on the merits and with prejudice as to the Defendant on the terms and conditions set forth in this Settlement Agreement and the Release (hereinafter, "Agreement" or "Settlement Agreement" or "Settlement"), subject to the approval of the Court. This Amended Stipulation of Settlement shall replace the Stipulation of Settlement filed by the Parties on December 3, 2012.

## I.    DEFINITIONS

As used in this Agreement and the attached exhibits (which are an integral part of this Agreement and are incorporated in their entirety by reference), the following terms have the following meanings, unless a section or subsection of this Agreement or its exhibits provides otherwise:

**A.**    "***Action***" means the lawsuit captioned *In re Southwest Airlines Voucher Litigation*, Case No. 11-C-8176 (N.D. Ill. Eastern Division).

**B.**    "***Agreement***" or "***Settlement Agreement***" or "**Settlement**" means this Stipulation of Settlement and the attached exhibits.

**C.**     "***Attorneys' Fees and Expenses***" means such funds as may be awarded to Class Counsel by the Court, for distribution to Class Counsel, but subject to appeal, as set forth in more detail in Section X herein.

**D.**     "***Claim***" means a request for Class Benefits that is submitted by a Class Member or his or her authorized representative to the Settlement Administrator in accordance with Section (VI)(C) herein.

**E.**     "***Claim Form***" means the document attached hereto as Exhibit A.

**F.**     "***Claim Form Deadline***" means September 2, 2013.

**G.**     "***Claimant***" is a Class Member, or the legal or authorized representative of a Class Member, who submits a Claim to the Settlement Administrator.

**H.**     "***Claims Process***" means the process and procedure for the submission, evaluation and resolution of Claims, as more particularly described in Section VI of this Agreement.

**I.**     "***Class***" and "***Class Members***" means all Southwest customers who purchased an Eligible Drink Voucher through the purchase of a Business Select ticket or otherwise, during the time period before August 1, 2010, but who did not redeem the Eligible Drink Voucher.  "***Class Member***" means a member of the Class.  The Class does not include Southwest customers who obtained drink vouchers or drink coupons through the Southwest Rapid Rewards program or as a result of being a member of the Southwest Rapid Rewards Program, unless those customers separately purchased, but did not redeem, Eligible Drink Vouchers through the purchase of a Business Select ticket or otherwise.

**J.**     "***Class Benefits***" or "***Class Relief***" means the Replacement Vouchers and injunctive relief provided to Entitled Class Members through this Settlement, as set forth in more detail in Section III herein.

**K.** "***Class Counsel***" means:

> Joseph J. Siprut
> Aleksandra M.S. Vold
> SIPRUT PC
> 17 North State Street
> Suite 1600
> Chicago, Illinois 60602

**L.** "***Class E-mail Notice***" means the notice of settlement sent to the class members on the List of Potential Class Members, as set forth in more detail in Section V, and to be attached as Exhibit B to this Agreement.

**M.** "***Class Notice Package***" means the notice package, as approved in form and content by Class Counsel and Defendants and the Court, and to be attached hereto as Exhibit C, to be provided to potential Class Members as set forth in Section V herein.

**N.** "***Class Representative***" shall mean and refer to Adam J. Levitt and Herbert C. Malone, also referred to as "Plaintiffs" or "Named Plaintiffs," whose names will be submitted to the Court for consideration as adequate representatives of the Class and who will be designated by the Court to appear on behalf of and to represent the Class in the Action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

**O.** "***Court***" means the United States District Court for the Northern District of Illinois, Eastern Division, Judge Matthew F. Kennelly presiding, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604.

**P.** "***Defendant***" means Southwest Airlines Co. or "Southwest".

**Q.** "***Defendant's Counsel***" means all of the following:

> H. Thomas Wells, Jr.
> Lorrie L. Hargrove
> Mitesh Shah
> Gregg McCormick
> Maynard, Cooper & Gale, P.C.

2400 Regions/Harbert Plaza
1901 6th Avenue North
Birmingham, Alabama 35203

Michael W. Drumke
Swanson, Martin & Bell, LLP
330 North Wabash Avenue, Suite 3300
Chicago, IL 60611-3604

**R.** "*Eligible Drink Voucher*" means the voucher purchased by any Class Member prior to August 1, 2010, as part of the Class Member's purchase of a Business Select ticket or otherwise, entitling the Class Member to a free drink while flying on a Southwest flight. "Eligible Drink Voucher" does **not** include drink vouchers or coupons received through the Southwest Rapid Rewards program or as a result of being a member of the Southwest Rapid Rewards program.

**S.** "*Entitled Class Member*" means a Settlement Class Member whose Claim(s) has been adjudged (1) timely, and (2) valid by the Settlement Administrator based upon the Claims Process set forth in Section VI herein, and who will therefore be entitled to one or more Replacement Vouchers as a portion of Class Relief. "Entitled Class Members" are not businesses acting in a capacity as a transaction agent, including but not limited to travel agents or agencies, who only purchased Southwest Business Select tickets on behalf of their customers who were the actual Southwest passengers.

**T.** "*Fairness Hearing*" means the hearing at or after which the Court will make a final decision whether to approve this Agreement as fair, reasonable and adequate. That Fairness Hearing will be held on May 21, 2013, subject to change, as will be reflected on www.southwestvouchersettlement.com.

**U.** "*Final Order and Judgment*" means the Court's Order giving its final approval to the settlement and this Agreement, and the judgment entered pursuant to that Order, as

contemplated in Section XII of this Agreement and as proposed and attached as Exhibit D hereto.

**V.** "*Final Settlement Date*" means the date on which the Final Order and Judgment approving this Agreement becomes final. For purposes of this definition, the Final Order and Judgment shall become final:

     (i)     if no appeal is taken from the Final Order and Judgment, ten days after the time to appeal therefrom has expired;

     (ii)     if any appeal is taken from the Final Order and Judgment, ten days after the date on which all appeals therefrom, including petitions for rehearing or reargument, petitions for rehearing en banc and petitions for certiorari or any other form of review, have been finally disposed of in a manner resulting in an affirmance of the Final Order and Judgment; or

     (iii)     on a date after entry of the Final Order and Judgment, which date counsel for the Parties agree to in writing.

The Parties agree that the Final Settlement Date is not affected by any appeal of the Attorneys' Fees and Expenses award, provided that the Court enters the 54(b) certification discussed in Section X herein.

**W.** "*Mediator*" means Wayne R. Andersen, former United States District Judge for the Northern District of Illinois.

**X.** "*Opt-Out Deadline*" means 120 days after the Preliminary Approval Order, and is the final day by which a Class Member's request for exclusion from the Class must be received by the Settlement Administrator to be valid.

**Y.** "*Parties*" means Plaintiffs (in their individual and representative capacities) as represented by Class Counsel and Defendant and, where applicable, their respective counsel. "*Party*" means a Class Representative or a Defendant.

**Z.** "*Post-Settlement Drink Voucher*" means, from the date of the Final Order and Judgment forward, the voucher issued to any Southwest customer as part of the customer's purchase of a Southwest Business Select ticket, entitling the customer to a free drink.

**AA.** "*Preliminary Approval Order*" means the Order to be entered by the Court concerning notice, administration and the Fairness Hearing, as contemplated in Section IV of this Agreement.

**BB.** "*Preempted Claims*" means those claims set forth in counts two, three, and four of Plaintiffs' Amended Complaint (D.E. 23).

**CC.** "*Publication Notice*" means the notice published in accordance with the Settlement Notice Plan.

**DD.** "*Replacement Voucher*" means a drink voucher entitling a Southwest Customer to one free drink during a Southwest flight. The Replacement Voucher to be received as Class Relief will be substantially in the same form as Exhibit F to this Settlement Agreement. Replacement Vouchers are transferrable. The Replacement Drink Vouchers will include an expiration date.

**EE.** "*Release*" means the release and waiver set forth in Section IX of this Agreement.

**FF.** "*Released Claims*" means any and all claims that were made or could have been made in this Action, whether foreseen or unforeseen, by any Class Member or anyone acting on his, her, or its behalf.

**GG.** "*Releasees*" or "*Released Parties*" means the Defendant and each of its past, present and future parents (including intermediate and ultimate parents), subsidiaries, predecessors, affiliates, successors and assigns, and each of their respective past, present and future officers, directors, employees, general agents, agents, representatives, attorneys, heirs,

administrators, executors, insurers, predecessors, successors and assigns, or any of them, including any person or entity acting on their behalf or for their benefit or at the direction of any of them.

**HH.** "*Releasor*" or "*Releasors*" means any Class Member who does not timely exclude himself or herself from the Class pursuant to Section VII herein, anyone representing that Class Member or acting on his or her behalf or for his or her benefit, and those Class Members' agents, attorneys, predecessors, successors, insurers, administrators, heirs, executors and assigns.

**II.** "*Settlement Administrator*" means any third-party administrator who the Class Counsel and Defendant's Counsel agree upon with the Court's approval to help implement the terms of this Agreement. Class Counsel and Defendant's Counsel have agreed that the Settlement Administrator shall be Epiq Systems, Inc., subject to Court approval.

**JJ.** "*Settlement Agreement*" or "*Agreement*" means this document and the exhibits attached hereto or incorporated herein, including any subsequently added exhibits or amendments and any exhibits to such amendments.

**KK.** "**Settlement Class**" or "**Settlement Class Members**" means the Class Members who do not timely opt-out of the Class.

**LL.** "*Settlement Notice Plan*" or "*Notice Plan*" means the comprehensive plan approved in form and content by Class Counsel, Defendant's Counsel and the Court, to notify the Class of the proposed settlement of this Action, which articulates the manner and forms of notice. A copy of the Settlement Notice Plan proposed by the Parties for the Court's approval is attached hereto as Exhibit G.

## II.     INTRODUCTION AND STATUS OF LITIGATION

**A.**     Substantial discovery, document production, motion practice and litigation have been completed in the Action.  The parties fully briefed a complex motion to dismiss raising preemption issues.  There has also been substantial motion practice on Southwest's affirmative defenses, and a protective order.  The depositions of both Class Representatives have been taken in Chicago and Philadelphia, along with depositions of five Southwest employees, which were taken in Dallas and Denver.  The Parties have exchanged and reviewed over a thousand documents.  In addition, the parties have exchanged information informally and frequently, including in the context of mediation.  At the time this Settlement Agreement was negotiated, discovery was almost complete.  The Parties hereto are in a reasonable position to assess the factual and legal merits and weaknesses of their respective claims and defenses.

**B.**     This Action was originally filed on November 16, 2011, on behalf of: "All persons who reside in the United States and who have been issued unredeemed Southwest Airlines Drink Coupons."  On December 20, 2011, Plaintiffs filed an Amended Complaint in this Action, narrowing the proposed class to:  "[a]ll persons who reside in the United States and who procured unredeemed Southwest Airline Drink Vouchers with the purchase of one or more Business Select tickets from Southwest."  (D.E. 23, at p. 5)

**C.**     The lawsuit arose out of Southwest's decision, effective August 1, 2010, to no longer accept drink vouchers without a printed expiration date, and to accept drink vouchers purchased with the purchase of a Business Select ticket on the date of the ticketed travel only. Southwest moved to stay this Action in light of an earlier, first-filed lawsuit pending in Alabama, *Grimsley v. Southwest Airlines Co.*, No. 2:11-cv-3420-LSC, (N.D. Ala.).  Southwest also filed a

motion to dismiss certain counts of the complaint based on federal preemption by the Airline Deregulation Act.

D.      On March 5, 2012, the Court granted in part Defendant's motion to dismiss, dismissing all claims in this case with prejudice except for the breach of contract claim.   This ruling made the prosecution of Plaintiffs' claims against the Defendants significantly more challenging on the merits.  The Court denied Southwest's motion to stay.

E.      As a result of the extensive litigation completed or in progress, as well as the information at hand, the dismissal of the Preempted Claims, and the upcoming briefing schedule on Plaintiffs' motion for class certification, Plaintiffs and Southwest conducted negotiations for a settlement of the Action with the Mediator, taking into account:  (a) the merits of the Complaint or the lack thereof; (b) the strength of Plaintiffs' case compared to the amount of Defendant's settlement offer; (c) the time, expense and effort necessary to litigate the Action to conclusion; (d) possibilities of success weighed against the possibilities of loss; (e) the range of potential judgment values, if any should be awarded; (f) the complexity of the issues in the Action; (g) the risks inherent in protracted litigation; (h) the magnitude of benefits to be gained from immediate settlement in light of both the maximum potential of a favorable outcome with the attendant expense and likelihood of an unfavorable outcome; (i) the possibility of no recovery to any potential Class Members whatsoever; (j) the fairness of benefits from an immediate settlement under all of the foregoing considerations; and (k) the stage of the proceedings.

F.      The Parties engaged in two full days of arm's length – and often spirited – mediation sessions over the course of two weeks with the Mediator in Chicago, Illinois.  In addition to these two in-person sessions, for over a month, the Parties also engaged in numerous telephonic and written communications with the Mediator and among themselves, including the

submission of letter briefs to the Mediator. Substantial time and effort have been expended by the Parties and their counsel in negotiating this Settlement Agreement and the Settlement contemplated herein.

G. In entering into this Settlement Agreement, Southwest has denied, and continues to deny, any liability, wrongdoing or responsibility in connection with the claims made in the Action, and believes that such claims are without merit and that such claims are barred in whole or in part. Southwest further claims that, if contested, class certification would be denied. Southwest has concluded, however, that this Agreement is desirable in order to avoid the time, risk, and expense of defending protracted litigation, and to resolve finally and completely the pending and potential claims of Plaintiffs and the Class Members, and thus to resolve the litigation.

H. Class Counsel has evaluated the claims in the Action from a settlement perspective, considering the nature and extent of the alleged damages and the alleged liability of the Released Parties, the costs of prosecuting claims in light of the risks of zero or limited recovery, and the dismissal of the Preempted Claims.

I. In light of the foregoing, the consensus of the Parties is that the Class Relief proposed in this Settlement Agreement would result in substantial benefit to the potential Class Members in the Action. Accordingly, as more fully described below, the Parties to this Settlement Agreement shall submit this Settlement Agreement and the exhibits attached hereto to the Court for approval, pursuant to a Joint Motion for Preliminary Approval of Proposed Settlement to be heard on the Court's docket as soon as practicable.

### III.  SETTLEMENT RELIEF

A.  **Settlement Administrator.**  The Parties shall jointly agree on and designate a Settlement Administrator for this Settlement.  The availability of Class Relief to a Class Member will be determined by the Settlement Administrator's evaluation of the Claim Form and other materials submitted by the Claimant, as well as any additional materials that the Settlement Administrator may obtain that are related to the Claim, including but not limited to Class Members' Southwest flight histories.  The fees of the Settlement Administrator shall be paid by Southwest.  In the event the Court does not give final approval to this Settlement, the Settlement Administrator shall immediately stop any and all activity on this case, and will not be paid any fees for activity taking place thereafter.

B.  **Class Relief.**  The Class Benefits or Class Relief agreed upon by the Parties are the following:

1.  **Replacement Vouchers.**  Each Entitled Class Member shall receive one (1) Replacement Voucher for *each* Eligible Drink Voucher issued prior to August 1, 2010 to the Entitled Class Member, in connection with the purchase of an Eligible Drink Voucher through the purchase of a Business Select ticket or otherwise, that was not redeemed by the Entitled Class Member, with no artificial limit or cap on the number of Replacement Vouchers per Entitled Class Member.   The process for determining whether a Class Member is entitled to the total Class Relief sought by the Class Member is set forth in Section VI of this Agreement.

2.  **Injunctive Relief.**  With respect to Post-Settlement Drink Vouchers, the following shall apply, without limitation:

a)  If Southwest fails to include expiration dates on the Post-Settlement Drink Voucher, then the Post-Settlement Drink Vouchers may be redeemed on a Southwest flight at any point in time;

b)  If Southwest includes expiration dates on the Post-Settlement Drink Vouchers, Southwest agrees to honor the expiration dates and not retroactively invalidate them or shorten the expiration period;  and

c)  If Southwest restricts or limits use of the Post-Settlement Drink Vouchers to the day of the flight for which the ticket was purchased, then Southwest agrees to include express, conspicuous language printed on the Post-Settlement Drink Voucher, stating that the Post-Settlement Drink Voucher  may only be redeemed on the day of the flight, or that it is valid only on a specific date.

**C.**      **Other.**  Any Class Representative's Award, upon Court approval, shall be paid by Southwest and determined by Class Counsel, but will not exceed $15,000 for each of the two Plaintiffs, with such amount submitted to the Court prior to the Fairness Hearing for approval. Class Counsel's Attorneys' Fees and Expenses shall be paid by Southwest, subject to the procedure set forth in Section X of this Agreement.

**D.**      **No Further Payment From Defendant.** Class Counsel, Plaintiffs, and Southwest further expressly agree that under no circumstances whatsoever shall Southwest be responsible for paying any monies, benefits, costs, administrative costs, expense or attorneys fees in settlement of this Action other than as expressly provided for by this Settlement Agreement, nor will Southwest be required to take any action heretofore or incur any liability or pay any expense or be required to do any other thing, except as expressly provided herein.  If for any reason the Court orders Southwest to pay any monies, benefits, costs, administrative costs, expense or

attorneys' fees in settlement of this Action other than as expressly provided for, Southwest has the right to terminate this Settlement Agreement by giving notice to Class Counsel. This provision shall not apply to any claim arising out of a breach of this Settlement Agreement.

## IV. REQUEST FOR PRELIMINARY APPROVAL OF THE PROPOSED SETTLEMENT.

A. The Parties shall submit this Settlement Agreement to the Court for preliminary approval. This submission shall be made by means of a Joint Motion for Preliminary Approval of Proposed Class Settlement signed by Class Counsel on behalf of the Class and Defendant, and will submit via electronic mail, pursuant to the Court's Standing Order, a proposed Preliminary Approval Order substantially similar to the form attached hereto as Exhibit E.

B. Failure of the Court to preliminarily approve the proposed Settlement by entering a Preliminary Approval Order materially similar to the proposed Preliminary Approval Order attached hereto as Exhibit E shall be sufficient cause for the termination of this Settlement Agreement by any Party, but only after a conference is held with Class Counsel, Defendant's Counsel, and the Mediator to attempt to resolve any issue delaying or preventing the Court's approval. Thereafter, if no such resolution occurs, written notification of termination of this Settlement Agreement shall be provided to Class Counsel and Defendant's Counsel by the terminating Party.

## V. CLASS NOTICE.

### A. List of Potential Class Members.

By December 10, 2013, Southwest, with the Settlement Administrator's assistance (if necessary), will compile a List of Potential Class Members. The List of Potential Class Members shall include, if the information is reasonably available to Southwest, the Class Member's name and the e-mail address provided by the Class Member to Southwest.

B. **Notice Plan.** The Notice Plan shall include:

1. *E-mail Notice.* Subject to the Court granting Preliminary Approval of this Settlement Agreement and no later than thirty days after the Court's Preliminary Approval Order, Southwest or the Settlement Administrator will send via e-mail the Class E-mail Notice to each person named on the List of Potential Class Members for whom an e-mail address is reasonably available. If Southwest sends the Class E-mail Notice, the Settlement Administrator will assist Southwest with this e-mail notice process, if necessary. The Class E-mail Notice will among other things inform Class Members of the Settlement, that a Claim Form is available on the website, and of the Class Benefits available. The Class E-mail Notice will be substantially similar to the form to be attached hereto as Exhibit B. The Settlement Notice Plan provides a procedure for the Class E-mail Notice and other follow-up notice, if necessary. The Settlement Notice Plan, agreed to by Class Counsel and Defendant's Counsel, is attached hereto as Exhibit G.

2. *Publication Notice.* Subject to the Preliminary Approval Order and no later than forty-five days after the Court's Preliminary Approval Order, the Settlement Administrator will begin Publication Notice. The Publication Notice shall inform Class Members that they may obtain a Class Notice Package and Claim Form by any one of several methods including by calling a toll-free telephone number and/or by accessing an Internet website. The Settlement Notice Plan, attached as Exhibit G, describes the method of Publication Notice. The written Publication Notice will be attached as Exhibit H.

C. **Class Notice Package**

Within three (3) business days after the Settlement Administrator receives the Class Member's or Claimant's request, provided such request is made at least ten (10) days prior to the

Opt-Out Deadline, the Settlement Administrator shall send a Class Notice Package, including a Claim Form, to each Claimant who requests such package from the Settlement Administrator as a result of receiving Publication Notice or Class E-mail Notice. Furthermore, the Settlement Administrator will notify Class Members of other methods by which this Class Notice Package can be easily obtained, including by downloading from the Settlement website and by toll-free telephone request at 1-888-288-2153.

      **D.** The Class Notice shall advise Class Members of their rights, including the right to opt-out or object to the Agreement or its terms. The Class Notice shall provide instructions on objections, as described in more detail below.

      **E. Notice Costs.**

All costs for Notice under this Settlement Agreement shall be paid by Southwest.

**VI.**    **CLAIM PROCESS & SETTLEMENT ADMINISTRATION**

      **A. Payment of Administrative Costs.** All administrative costs for this Settlement are to be paid by Southwest.

      **B. Settlement Administrator's Duties**.

      1. The Settlement Administrator shall maintain reasonably detailed records of its activities under this Agreement. The Settlement Administrator shall maintain all such records as required by applicable law in accordance with its business practices and such records will be made available to Class Counsel and Defendant's Counsel upon request. The Settlement Administrator shall also provide reports and other information to the Court as the Court may require. The Settlement Administrator shall provide Class Counsel and Defendant's Counsel upon request with information concerning notice, administration and implementation of the Settlement. Should the Court request, the Parties, in conjunction with the Settlement

Administrator, shall submit a timely report to the Court summarizing the work performed by the Settlement Administrator, including a report of the number of Replacement Vouchers claimed by Class Members. Without limiting the foregoing, the Settlement Administrator shall:

a)   Provide weekly or other periodic reports to Class Counsel and Defendant's Counsel upon request that include, without limitation, reports regarding the number of Claim Forms received, the number thereof approved by the Settlement Administrator, the number of Replacement Vouchers requested by each Claim made, and the categorization and description of Claim Forms rejected by the Settlement Administrator; and

b)   Make available for inspection by Class Counsel and Defendant's Counsel, as well as audit by Southwest, the Claim Forms and any supporting documentation received by the Settlement Administrator at any time upon reasonable notice.

2.   The Settlement Administrator shall cause a website to be created containing relevant documents, including but not limited to, all applicable deadlines; the Class Notices; instructions on how to submit Claims online or by mail or facsimile; FAQs and answers; orders of the Court pertaining to the Settlement; this Agreement and all supporting exhibits; a toll-free telephone number and addresses to contact the Settlement Administrator by e-mail and mail, and other documents and court papers relevant to the proposed settlement.  The cost of creating and maintaining this website shall be paid by Southwest.  The Parties shall agree on all information and documents to be posted on this website, including the website's URL.

C.   **Claims Process.**

1.   To submit a Claim, a Class Member must submit a valid Claim Form to the Settlement Administrator, according to the instructions contained in the Claim Form.  The Claim Form may be submitted to the Settlement Administrator by U.S. Mail, online via the settlement

website, by e-mail to the address established by the Settlement Administrator, or by facsimile to the facsimile number established by the Settlement Administrator. If the Claim Form is mailed by U.S. Mail, it must be postmarked on or before the Claim Form Deadline or will be rejected as untimely. If the Claim Form is submitted online via the settlement website, by e-mail, or by facsimile, it must be submitted to the Settlement Administrator no later than midnight on the Claim Form Deadline, as determined by the Settlement Administrator's records. A Class Member, though otherwise bound by any judgments to be issued by the Court, including the Final Order and Judgment and its release provisions, is not entitled to Class Relief if he or she submits a Claim Form after the Claim Form Deadline. The Settlement Administrator is the lone judge of whether a Claim Form is submitted timely. There shall be no appeal from the Settlement Administrator's denial of Class Benefits based on an untimely Claim Form. Class Members who do not timely opt-out, and who do not submit a Claim Form for Class Relief are not "Entitled Class Members," and shall not receive any Class Relief, but will nonetheless be bound by the Final Order and Judgment of the Court and its release provisions therein.

2. To be an Entitled Class Member, Class Members must submit the following: (1) a timely Claim form, as set forth above ; (2) a completed Claim Form, with full answers to all questions asked therein; (3) either (a) one unredeemed Eligible Drink Voucher for each Replacement Voucher the Class Member seeks to have replaced as Class Relief; or (b) a sworn statement affirming the number of Eligible Drink Vouchers the Class Member purchased but did not redeem, both of which are subject to audit (random or otherwise) by the Settlement Administrator or Southwest. Class Members will not receive Replacement Vouchers for drink vouchers they submit that do not meet the definition of "Eligible Drink Voucher" provided herein, (including, but not limited to, drink vouchers issued in connection with Southwest's

Rapid Rewards program). The completed Claim Form and required accompanying materials must be submitted to the Settlement Administrator on or before the Claim Form Deadline or the Claim will be denied. The Settlement Administrator's denial of a Claim based on a Class Member's failure to provide any of the items mentioned in this Section is not appealable by the Class Member. The Settlement Administrator shall have discretion in determining whether the requirements for "Eligible Class Member" of this Section are met, with the exception that Southwest reserves the right to determine that any Claim for Class Relief should be denied based on its audit of the Class Member's flight history. Any denial of a Claim based on Southwest's audit of the Class Member's flight history is not appealable.

3. The Settlement Administrator shall notify a Claimant if it concludes that the Claimant is not an Entitled Class Member.

4. The Settlement Administrator shall not mail any Class Relief to Entitled Class Members until after the Final Settlement Date.

## VII. REQUESTS FOR EXCLUSION

A. Any Class Member who wishes to be excluded from the Class must mail a written request for exclusion to the Settlement Administrator at the address provided by the Class Notice. The request for exclusion must include the following to be valid: (i) the Class Member's name, address and phone number, and (ii) a statement that the Class Member wishes to be excluded from the Class. The request for exclusion must be postmarked and sent to the Settlement Administrator on or before the Opt-Out Deadline. The Settlement Administrator's decision as to whether a request for exclusion is or is not timely and received by the Opt-Out Deadline is final and binding. A list reflecting all timely requests for exclusion, identifying the person requesting exclusion, shall be assembled by the Settlement Administrator and filed with

the Court at or before the Fairness Hearing. The Settlement Administrator shall provide that list to Defendant's Counsel no later than ten (10) days after the Opt-Out Deadline.

**B.** Any Class Member who is not excluded by the filing of a timely written request for exclusion by the Opt-Out Deadline shall be bound by all subsequent proceedings, orders and judgment in this Action, including the Final Order and Judgment and its release provisions, even if he or she has pending, or subsequently initiates, litigation, arbitration or any other proceeding against the Defendant for any of the Released Claims.

**C.** Should 500 (or more) total requests for exclusion be timely received by the Settlement Administrator, this Settlement Agreement will then become voidable at Defendant's discretion. Such decision to void the Settlement Agreement must be made by Defendant no later than May 17, 2013,.

## VIII.  OBJECTIONS TO SETTLEMENT

Class Members shall have the right to appear and show cause, if they have any, why the terms of this Settlement should not be given final approval by the Court.

A.  Any objection must be submitted in writing, must be filed with the Court, and must be served by mail to Class Counsel and Defense Counsel at the addresses set forth in the notice to the Class, postmarked no later than 120 days after the Preliminary Approval Order.

B.  Class Members may object either on their own or through an attorney hired at their own expense. If a Class Member hires an attorney to represent him or her at the Fairness Hearing, he or she must do so at his or her own expense. No Class Member represented by an attorney shall be deemed to have objected to the Stipulation unless an objection signed by the Class Member is also filed and served, postmarked no later than 120 days after the Preliminary Approval Order.

C.       Any objection regarding or related to the settlement or Settlement Agreement: (1) shall contain a caption or title that identifies it as "Objection to Class Settlement in *In re Southwest Airlines Voucher Litigation* (No. 1:11-cv-8176)"; (2) shall contain information sufficient to identify the objecting Class Member, including the objecting Class Member's name, address, telephone number, e-mail address, and the contact information for any attorney retained by the Class Member in connection with the objection; (3) shall contain a clear, concise, and detailed statement of each objection the Class Member is making, the facts supporting each objection, the legal basis on which each objection is based, and the relief the objecting Class Member is requesting; (4) shall contain a statement of whether the objecting Class Member intends to appear, either in person or through counsel, at the Fairness Hearing; (5) shall contain, if the objecting Class Member objects through or intends to appear through counsel, the counsel's name, address, phone number, e-mail address, state bar(s) to which the counsel is admitted, any points and authorities in support of the objecting Class Member's objections upon which the objecting Class Member will rely, and a list identifying all objections such counsel has filed to class action settlements from January 1, 2008 to the present, the results of each objection, including any Court opinions ruling on the objections, and any sanctions by a Court in connection with filing an objection; and (6) shall contain a list of and copies of all exhibits that the objecting Class Member may seek to use at the Fairness Hearing. If the objecting Class Member intends to request the Court allow the Class Member to call witnesses at the Fairness Hearing, the objecting Class Member must provide a list of any such witnesses together with a brief summary of each witness' expected testimony no later than 120 days after the Preliminary Approval Order. If an objecting party chooses to appear at the hearing, then a notice of intention

to appear, either in person or through an attorney, must be filed and list the name, address and telephone number of the attorney, if any, who will appear.

D.      Any Class Member that files an objection must make themselves available for deposition upon ten days written notice.  The deposition must be taken within forty (40) miles of the objecting Class Member's residence, unless the objecting Class Member and parties agree to a different location.

E.      Any Class Member who fails to comply with the procedures for presenting objections described above shall waive and forfeit any and all rights he or she may have to appear separately and/or to object, and shall be bound by all the terms of this settlement upon final approval and by all proceedings, orders and judgments, including, but not limited to, the Release and the Final Order and Judgment, in the Action.

F.      Any Class Member who objects to the settlement shall be entitled to all of the benefits of the settlement upon final approval, as long as the objecting Class Member complies with all requirements of the settlement applicable to Class Members, including the timely submission of Claim Forms and other requirements discussed herein.

## IX.    **RELEASE AND WAIVER**

### A.      **Release and Waiver**

1.  In return for the consideration provided in the Agreement, Plaintiffs and Releasors shall release, acquit and forever discharge the Releasees from the Released Claims, including but not limited to any and all past, present, and future causes of action, claims, damages (including but not limited to compensatory damages and punitive damages), or any other damages, awards, equitable, legal and administrative relief, interest, demands or rights that are based upon, related to, or connected with, directly or indirectly, in whole or in part (1) the

Released Claims; or (2) the allegations, facts, subjects or issues that were, could have been, may be or could be set forth or raised in the Action.

In exchange for the relief provided by this Settlement, Southwest and the Releasees, jointly and severally, shall and hereby do fully release and discharge Plaintiffs and Class Counsel from any past, present, and future causes of action, claims, damages (including but not limited to compensatory damages and punitive damages), or any other damages, awards, equitable, legal and administrative relief, interest, demands or rights that are based upon, related to, or connected with, directly or indirectly, in whole or in part (1) the Released Claims; or (2) the allegations, facts, subjects or issues that were, could have been, may be or could be set forth or raised in the Action.

2.  Plaintiffs, on their own behalf and on behalf of all other Releasors agree, covenant and acknowledge that they shall not now or hereafter initiate, participate in, maintain, or otherwise bring any claim or cause of action, either directly or indirectly, derivatively, on their own behalf, or on behalf of the Class or the general public, or any other person or entity, against the Releasees based on allegations that are based upon or related to, directly or indirectly, in whole or in part:  (1) the Released Claims; (2) the allegations, facts, subjects or issues that have been, could have been, may be or could be set forth or raised in the Action.

3.  Plaintiffs and all other Class Members and all the other Releasors, and anyone acting on their behalf or for their benefit, without limitation, are precluded and estopped from bringing any claim or cause of action in the future, related to in any way, directly or indirectly, in whole or in part:  (1)  the Released Claims, or (2) the allegations, facts, subjects or issues that have been, could have been, may be or could be set forth or raised in the Action.

4.    Plaintiffs and the Class Members, on their behalf and on behalf of all other Releasors, acknowledge that they are releasing both known and unknown and suspected and unsuspected claims and causes of action, and are aware that they may hereafter discover legal or equitable claims or remedies or injuries or damages presently unknown, or facts in addition to or different from those which they now know or believe to be true with respect to the allegations and subject matters in the complaint or other filings in the Action.  Nevertheless, it is the intention of Plaintiffs and the Class Members to fully, finally and forever settle and release all such matters, and all claims and causes of action relating thereto, which exist, hereafter may exist, or might have existed (whether or not previously or currently asserted in the Action).

5.    Plaintiffs and the Class Members, on their behalf and on behalf of all other Releasors, hereby expressly acknowledge certain principles of law applicable in some states, such as Section 1542 of the Civil Code of the State of California, which provides: "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR." Plaintiffs and the Class Members hereby agree that all such federal or state laws, rights, rules, or legal principles of any jurisdiction that may be applicable here, are hereby knowingly and voluntarily waived and relinquished by Plaintiffs and the Class Members, and Plaintiffs and the Class Members agree and acknowledge that this provision is an essential term of the Agreement and this Release.

**B.**    **Order of Dismissal**.  The Parties will seek and obtain from the Court a Final Order and Judgment (for which, as a condition of settlement, the time for appeal must expire without any modifications in the Final Order and Judgment) as further described below in

Section XII. The Final Order and Judgment shall, among other things: (i) approve this Settlement Agreement as fair, reasonable and adequate, (ii) dismiss the Action with prejudice and on the merits, and (iii) incorporate the terms of the Release as written herein.

## X.    ATTORNEYS' FEES AND EXPENSES

The Parties have not yet been able to reach an agreement on Attorneys' Fees and Expenses. If the Parties are ultimately unable to reach an agreement as to Attorneys' Fees and Expenses, then the Parties respectfully request the Court decide that issue, after briefing by the Parties, subject to the following: the Parties agree that Southwest shall pay Class Counsel no more than $7 million in fees (the "Ceiling"), but no less than $1.75 million in fees (the "Floor"), plus reimbursement of costs and expenses not to exceed $30,000, and will request the Court to order an Attorneys' Fees and Expenses award that is either the Ceiling, the Floor, or somewhere in between. In no event shall Southwest pay fees less than the Floor plus $30,000 in costs, or more than the Ceiling plus $30,000 in costs. The notice to the Class of this Settlement Agreement has notified the Class of Class Counsel's request for fees, giving the Class the opportunity to object to it. Class Counsel shall file its Motion for Attorneys' Fees and Expenses no later than seven (7) days prior to the deadline for Class Members to file objections to the Settlement. Southwest shall file any response to that Motion for Attorneys' Fees and Expenses no later than fourteen (14) days after the Motion for Attorneys' Fees and Expenses is filed. Class Counsel shall file any reply brief no later than seven (7) days after Southwest's response is filed.

Either Party may appeal the Attorneys' Fees and Expenses award, even if between the Floor and Ceiling. So that the appeal will not delay the Final Settlement Date, the Parties will request that the Court enter a Rule 54(b) order as to the Final Order and Judgment, while separately entering an order on the issue of Attorneys' Fees and Expenses.

## XI.      FAIRNESS HEARING

If the Court enters the Preliminary Approval Order, the Parties shall proceed with due diligence to conduct the Fairness Hearing as ordered by the Court.  At such Fairness Hearing, the Parties shall present such evidence as sufficient to justify the Court's certification of the Class. Further, at such hearing, the Defendant shall not object to (a) the reasonable presentation of evidence in support of the certification of the Class for settlement purposes only or (b) the certification of the Class for settlement purposes only.  However, the Parties acknowledge and agree, and shall stipulate to the Court at the Fairness Hearing, that (a) the Class is being certified for settlement purposes only pursuant to the Settlement Agreement, and (b) the Released Parties reserve the right to object to class certification *de novo* in the event this Agreement is terminated for any reason.

At the Fairness Hearing the Court shall, among other things (a) determine whether the Class should be certified, and (b) if the Court determines that the Class is capable of certification under Rule 23 of the Federal Rules of Civil Procedure, as requested by the Parties, (i) consider any properly filed objections to the proposed settlement, (ii) determine whether the settlement set forth in the Settlement Agreement is fair, reasonable and adequate and entered into in good faith and without collusion and should be approved, and (iii) if appropriate, contemporaneously certify the Class and enter a Final Judgment and Order as to all issues except for the issue of Attorneys' Fees and Expenses pursuant to Fed. Rule P. 54(b) (with the Court ruling on the issue of Attorneys' Fees and Expenses by separate order).

## XII.      FINAL APPROVAL AND FINAL ORDER AND JUDGMENT

The Settlement Agreement is subject to and completely conditional upon (1) the issuance by the Court and subsequent entry, following the Fairness Hearing, of the Final Order and

Judgment certifying the Class and granting final approval of the Settlement Agreement in accordance with Rule 23(e) of the Federal Rules of Civil Procedure, and (2) such Final Order and Judgment becoming final as of the Final Settlement Date. A proposed Final Order and Judgment shall be submitted via electronic mail, pursuant to the Court's standing order, substantially in the form attached hereto as Exhibit D or in a form mutually agreeable to Class Counsel and Defendant and subject to Court approval. The Parties shall take all reasonable and necessary actions to obtain the Final Order and Judgment and to have it made final, as promptly as practicable. The Parties shall file a brief in support of the Final Order and Judgment no later than seven (7) days prior to the Fairness Hearing. The Court will be ruling on the issue of Attorneys' Fees and Expenses by separate Order, and given that an appeal may result therefrom, the Parties shall request the Court to enter a Rule 54(b) certification as to its Final Order and Judgment as to all issues in this Settlement Agreement, including its approval for settlement purposes of a 23(b)(3) Class, and its approval of the settlement terms herein, so as to not delay the settlement.

In the event that any appeal is filed of the Final Order and Judgment, all remaining deadlines set forth herein shall be stayed until the Final Settlement Date. Any appeal of the Court's order as to Attorneys' Fees and Expenses does not affect the finality of the settlement between Southwest and the Class, and does not delay the Final Settlement Date.

## XIII. **CLASS COUNSEL REPRESENTATION**

A. Class Counsel covenants, represents and warrants to Defendant that:

1. Prior to the Fairness Hearing, Class Counsel shall have explained the terms and effect of this Settlement Agreement to the Class Representatives and their signatures shall

have been obtained in support of this Settlement Agreement; such signatures shall be filed into the record of the Action at the Fairness Hearing.

2.   Class Counsel has not and will not make any undisclosed payment or promise to any Class Representative for the direct or indirect purpose of obtaining that Class Representative's consent to the Agreement.

3.   Class Counsel will not represent any Class Member requesting exclusion from the Class if to do so would violate the Rules of Professional Conduct.

**B.**   Except as otherwise provided herein, without prior written approval of the Court, Class Counsel will not use, distribute, give, sell, or transfer any materials obtained from Defendant as a result of the Action for use in any other litigation or purpose.

**C.**   Class Counsel, the Class, and Defendant shall use their best efforts to conclude the settlement and obtain the Final Order and Judgment.   Class Counsel, the Class, and Defendant agree that it is essential that this proposed settlement be prosecuted to a successful conclusion in accordance with all applicable provisions of law and the exercise of good faith on the part of Class Counsel, the Class, and Defendant.   Class Counsel, the Class, and Defendant agree to be bound by and to the terms of this settlement in any court of competent jurisdiction to the same extent as they agree to be bound herein, to which end Class Counsel, the Class, and Defendant agree that the terms hereof are contractual, binding and enforceable obligations and not merely a recital.   In furtherance of this Agreement, Class Counsel, the Class, and Defendant agree to take such action as may be appropriate to secure court approval of the terms of this settlement in a court of competent jurisdiction.

**D.**     Class Counsel further warrants and represents to Defendant that it has the full authority to enter into this Settlement Agreement on behalf of and bind the Class, other than those who file valid opt-outs in the manner set forth above.

## XIV.   STAY ORDER

Through the draft Preliminary Approval Order attached as Exhibit E, the Parties will request that the Court enjoin and stay, during the pendency of the settlement proceedings contemplated by this Agreement, the commencement or prosecution of this Action or any other action by any Class Member or anyone on his or her behalf against any of the Releasees asserting Released Claims, such stay and injunction to remain effective during the pendency of such settlement proceedings unless modified by further order of the Court.  The Parties shall use their best efforts to obtain this stay order.

## XV.   MISCELLANEOUS

**A.     Entire Agreement.**  The Settlement Agreement contains the entire agreement between the Parties with respect to the subject matter hereof and, except as specifically set forth herein or therein, supersedes and cancels all previous agreements, negotiations, and commitments in writings between the Parties hereto with respect to the subject matter hereof. This Settlement Agreement may not be changed or modified in any manner unless in writing and signed by Class Counsel and Defendant's Counsel.  The terms of this Settlement Agreement may be amended by agreement of the Parties and with approval of the Court without further notice to the Class, if such changes are consistent with the Preliminary Approval Order and do not limit the rights of Class Members.   This Settlement Agreement may be signed in multiple counterparts, each of which shall be deemed to be an original and all of which shall be deemed to be one and the same instrument.

This Settlement Agreement shall be binding on the successors and assigns of the Parties.

**B.      Notice To Counsel**.   Anytime that notice to or delivery of any document to Defendant's Counsel or Class Counsel is required as set forth in this Agreement, such notice and/or documentation shall be mailed to Defendant's Counsel at the addresses listed in Section I(Q) ("Defendant's Counsel" definition) of this Agreement, and to Class Counsel at the address listed in Section I(K) ("Class Counsel" definition) of this Agreement, unless otherwise specified.

**C.      Cooperation.** The Parties represent and acknowledge that each intends to implement the Settlement.   The Parties shall, in good faith, cooperate and assist with and undertake all reasonable actions and steps in order to accomplish all required events on the schedule set by the Court, and shall use their best efforts to implement all terms and conditions of the Settlement Agreement.

**D.      CAFA.**   Defendant agrees to give the notice required by the Class Action Fairness Act, 28 U.S.C. § 1715(b).

Agreed to this 7th day of December, 2012.

/s/ H. Thomas Wells, Jr.

H. Thomas Wells, Jr. (admitted *Pro Hac Vice*)
One of the Attorneys for SOUTHWEST
AIRLINES CO.

OF COUNSEL:
**MAYNARD, COOPER & GALE**
Regions/Harbert Plaza
1901 6th Avenue North
Suite 2400
Birmingham, AL  35203
(205) 254-1000
twells@maynardcooper.com

/s/ Joseph J. Siprut

Joseph J. Siprut
One of the Attorneys for Plaintiffs
and the Class

**SIPRUT** PC
17 North State Street
Suite 1600
Chicago, IL 60602
(312) 236-0000
jsiprut@siprut.com