**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| *In re: Southwest Airlines Voucher Litigation* | ) <br> ) Case No. 11-CV-8176 <br> ) <br> ) Hon. Matthew F. Kennelly <br> ) |

## PRELIMINARY APPROVAL ORDER

This matter, having come to be heard on the Parties' Joint Motion for Preliminary Approval of Proposed Class Action Settlement; the Court being fully advised and having duly considered the papers and arguments of Counsel; the Court hereby finds as follows:

1. Except as otherwise expressly provided below or as the context otherwise requires, all capitalized terms used in this Preliminary Approval Order shall have the meanings and/or definitions given them in the Settlement Agreement as amended, ("Settlement Agreement") entered into by or on behalf of Class Counsel, the Class, and the Defendant.

2. This Court has jurisdiction over the subject matter and all Parties to this proceeding and venue is proper in this District.

3. For the purpose of the settlement of the Action (and only for such purpose, and without an adjudication of the merits), after conducting a rigorous analysis of the requirements set forth in Fed. R. Civ. P. 23(b)(3) and taking into consideration factors including, but not limited to: (a) the opinions of the participants, including Class Counsel and Defendant's Counsel; (b) the complexity, expense and likely duration of further litigation; (c) the extent of discovery completed and the state of the proceedings; and (d) the strength of Plaintiffs' case compared to the amount of Defendant's settlement offer, the Court preliminarily finds that the

requirements of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law have been met for settlement purposes only in that:

(a) The Class is sufficiently ascertainable, and the Class Members are so numerous that their joinder before the Court would be impracticable.

(b) The commonality requirement of Fed. R. Civ. P. 23(b)(3) generally is satisfied when members of the proposed Class share at least one common factual or legal issue. Here, Plaintiffs alleged numerous questions of fact and law purportedly common to the Class, including claims based on a uniform decision by Southwest, effective August 1, 2010, to no longer accept drink vouchers without an expiration date, and to accept drink vouchers purchased with the purchase of a Business Select ticket only on the date of the ticketed travel. Considering the allegations of the Amended Complaint, the Court preliminarily finds that the allegedly common questions of fact and law predominate over questions of fact and law affecting only individual members of the Class.

(c) The Court preliminarily finds that the claims of the Plaintiffs are typical of the claims of the other Settlement Class Members, and that the Plaintiffs and Class Counsel will fairly and adequately protect the interests of the other Settlement Class Members, in that: (i) the interests of the Plaintiffs and the nature of their alleged claims are consistent with those of the other Settlement Class Members, (ii) there appear to be no conflicts between or among the Plaintiffs and the other Settlement Class Members, (iii) the Plaintiffs have been and appear to be capable of continuing to be active participants in both the prosecution and the settlement of the Action, and (iv) the Plaintiffs and the other Settlement Class Members are

represented by qualified, reputable counsel who are experienced in prosecuting class action litigations.

(d) The Court preliminarily finds that a resolution of the Action in the manner proposed by the Settlement Agreement is superior or equal to other available methods for a fair and efficient adjudication of the Action. The Court notes that because the Action is being settled, rather than litigated, the Court need not consider manageability issues that might be presented by the trial of a nationwide class action involving the issues in this case, including possible choice of law issues that arise with a nationwide class action. *See Amchem Prods., Inc. v. Windsor*, 117 S. Ct. 2231, 2248 (1997).

4. In making these preliminary findings, the Court has considered, among other factors, (i) the interest of Settlement Class Members in individually controlling the prosecution or defense of separate actions; (ii) the impracticability or inefficiency of prosecuting or defending separate actions; (iii) the extent and nature of any litigation concerning these claims already commenced; and (iv) the desirability of concentrating the litigation of the claims in a particular forum.

5. The requirements of Rule 23 of the Federal Rules of Civil Procedure for the certification of the proposed Settlement Class are thus met so as to allow the Court to preliminarily certify the proposed Settlement Class and hold a certification hearing on the date of the Fairness Hearing.

6. The Settlement Agreement and the settlement set forth therein, and all exhibits attached thereto or to the Joint Motion, are preliminarily approved by the Court as being fair, reasonable, and adequate, entered into in good faith, free of collusion to the detriment of the

Settlement Class, and within the range of possible judicial approval, such that the terms and conditions thereof shall be considered by the Class. The Court thus preliminarily certifies the Class for settlement purposes under Fed. R. Civ. P. 23(b)(3). The Court finds that (a) the proposed Settlement resulted from extensive arm's-length negotiations and was concluded only after Class Counsel conducted broad discovery; and (b) the proposed settlement evidenced by the Settlement Agreement is sufficiently fair, reasonable and adequate to warrant sending notice of the Action and the proposed Settlement to the other Settlement Class Members and holding a full hearing on the proposed Settlement.

7. Pursuant to Federal Rule of Civil Procedure 23(b)(3), and for settlement purposes only, the Court is exercising its discretion in preliminarily certifying a Settlement Class defined as:

> All Southwest customers who purchased an Eligible Drink Voucher through the purchase of a Business Select ticket or otherwise, during the time period before August 1, 2010, but who did not redeem the Eligible Drink Voucher.
>
> The Settlement Class does not include Southwest customers who obtained drink vouchers or drink coupons through the Southwest Rapid Rewards program or as a result of being a member of the Southwest Rapid Rewards program, unless those customers separately purchased, but did not redeem, Eligible Drink Vouchers through the purchase of a Business Select ticket or otherwise.

8. The Court recognizes that the Released Parties have preserved all of their defenses and objections against and rights to oppose certification of the Settlement Class if the proposed Settlement is not finally approved by the Court following the Fairness Hearing.

9. The Court finds that the Settlement Class warrants certification for settlement purposes, and that Plaintiffs Adam J. Levitt and Herbert C. Malone, III shall be designated as class representatives.

10. For settlement purposes only, the Court hereby preliminarily approves the appointment of the following as Settlement Class Counsel:

> Joseph J. Siprut
> Aleksandra M.S. Vold
> SIPRUT PC
> 17 North State Street
> Suite 1600
> Chicago, Illinois 60602

11. The form and content of both the written notice to Class Members (the Class E-mail Notice and Class Notice Package, including Claim Form, and any other notice to the Class contemplated by the Settlement Notice Plan including but not limited to the Publication Notice to Class Members) are hereby approved. Such notices are fair and reasonable, and shall be disseminated to putative Class Members as due process and Rule 23 of the Federal Rules of Civil Procedure require in accordance with the Settlement Notice Plan.

12. The Court finds that the Settlement Notice Plan, the Class E-mail Notice, the Class Notice Package, the postcard notice, and the Publication Notice to Class Members meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all potential members of the Settlement Class. Such notices are reasonably calculated, under the circumstance, to apprise the Class Members: (a) of the pendency of this Action, (b) of their right to exclude themselves from the Settlement Class and the proposed Settlement, (c) that any judgment, whether favorable or not, will bind all Class Members who do not request exclusion, and (d) that any Class Member who does not request exclusion may object to the settlement and, if he or she desires, enter an appearance personally or through counsel. The Court further finds that the notices are written in plain English and are readily understandable by Class Members. In sum, the Court finds that the proposed notice texts and methodology are reasonable, that they

constitute due, adequate and sufficient notice to all persons entitled to be provided with notice, and that they meet the requirements of federal law (including Fed. R.Civ. P. 23) and the United States Constitution, and any other applicable law.

13. The Court approves the appointment of Epiq Systems, Inc. as the Settlement Administrator.

14. No later than January 28, 2013, the Settlement Administrator shall begin Publication Notice as set forth in the Settlement Notice Plan. Publication Notice shall be completed by February 11, 2013. No later than January 11, 2013, Defendant or the Settlement Administrator shall begin E-mail Notice pursuant to the Settlement Notice Plan. Any follow-up first-class mailing of the Class Notice Package shall be made pursuant to the Settlement Notice Plan. No later than February 11, 2013, the Settlement Administrator shall file a declaration with the Court attesting to the completion of Publication Notice and the completion of individual notice to those listed on the List of Potential Class Members, as set forth in the Settlement Notice Plan.

15. A hearing to determine: (1) whether the Class should be finally certified as a class under Rules 23(b)(3) of the Federal Rules of Civil Procedure; and (2) whether the proposed Class Settlement is fair, reasonable and adequate, shall be conducted in the United States Courthouse, United States District Court for the Northern District of Illinois, Eastern Division, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, 60604, Courtroom no. 2103, commencing on the 21st day of May, 2013 at 9:30 A.M

16. Any Settlement Class Member who wishes to receive Class Relief must sign and return a complete and timely Claim Form in compliance with the Claims Process set forth in the Settlement Agreement, no later than September 2, 2013 (if mailed by U.S. Mail, postmarked no

later than that date).  Any Settlement Class Member who does not submit a complete and timely Claim Form in compliance with that Claims Process shall not be entitled to Class Relief, but nonetheless shall be barred by the Release and provisions of the Settlement Agreement and the Final Order and Judgment.

17. Any Settlement Class Member who does not file a timely request for exclusion from the Settlement Class by the Opt-Out Deadline may file an objection to the Settlement. Any Settlement Class Member who objects to any of the terms of the proposed Settlement must mail to the Clerk of Court a concise written statement describing the specific reason(s) for his or her objections. The concise written statement of objections must be filed with the Court by April 11, 2013, at the following address:

> Clerk of Court
> United States District Court for the Northern District of Illinois
> 219 South Dearborn Street
> Chicago, Illinois  60604
> Attention:  "*In re Southwest Airlines Voucher Litigation,* No. 11-CV-8176"

The Class Member must also mail, by April 11, 2013, a copy of the objection to the following counsel:

> H. Thomas Wells, Jr.
> Lorrie L. Hargrove
> Mitesh Shah
> Gregg McCormick
> Maynard, Cooper & Gale, P.C.
> 2400 Regions/Harbert Plaza
> 1901 6th Avenue North
> Birmingham, Alabama  35203
>
> Joseph J. Siprut
> Aleksandra M.S. Vold
> SIPRUT PC
> 17 North State Street
> Suite 1600
> Chicago, Illinois  60602

18. Any objection regarding or related to the Settlement or Settlement Agreement: (1) shall contain a caption or title that identifies it as "Objection to Class Settlement in *In re Southwest Airlines Voucher Litigation* (No. 1:11-cv-8176)"; (2) shall contain information sufficient to identify the objecting Settlement Class Member, including the objecting Settlement Class Member's name, address, telephone number, e-mail address, and the contact information for any attorney retained by the Settlement Class Member in connection with the objection; (3) shall contain a clear, concise, and detailed statement of each objection the Settlement Class Member is making, the facts supporting each objection, the legal basis on which each objection is based, and the relief the objecting Settlement Class Member is requesting; (4) shall contain a statement of whether the objecting Settlement Class Member intends to appear, either in person or through counsel, at the Fairness Hearing; (5) shall contain, if the objecting Settlement Class Member objects through or intends to appear through counsel, the counsel's name, address, phone number, e-mail address, state bar(s) to which the counsel is admitted, any points and authorities in support of the objecting Settlement Class Member's objections upon which the objecting Settlement Class Member will rely, and a list identifying all objections such counsel has filed to class action settlements from January 1, 2008 to the present, the results of each objection, including any Court opinions ruling on the objections, and any sanctions by a Court in connection with filing an objection; and (6) shall contain a list of and copies of all exhibits that the objecting Settlement Class Member may seek to use at the Fairness Hearing. If the objecting Settlement Class Member intends to request the Court allow the Settlement Class Member to call witnesses at the Fairness Hearing, the objecting Settlement Class Member must provide a list of any such witnesses together with a brief summary of each witness's expected testimony no later than 120 days after this Preliminary Approval Order. If an objecting party chooses to appear at

the hearing, then a notice of intention to appear, either in person or through an attorney, must be filed and list the name, address and telephone number of the attorney, if any, who will appear. The objection must be postmarked no later than April 11, 2013.

19. No person shall be heard and no paper or brief submitted by any objector shall be received or considered by the Court unless such person has filed with the Clerk of Court and timely mailed to Settlement Class Counsel and Defendant's Counsel, as provided above, the concise written statement of objections as described above, together with copies of any supporting materials, papers or briefs. If a witness is not identified in the concise written statement of objections, such witness shall not be permitted to object or appear at the Fairness Hearing. Any Settlement Class Member who does not file a written objection in the time and manner described above shall be (a) deemed to have waived and forfeited any objections to the proposed Settlement, (b) foreclosed from raising any objection to the proposed settlements at the Fairness Hearing, and (c) bound by all of the terms of the Settlement Agreement and by all proceedings, orders and judgments by the Court.

20. The Court, within its discretion and at the request of Class Counsel or Defendant's Counsel, may order the deposition prior to the Fairness Hearing of any Settlement Class Member who has not filed a timely written request for exclusion and objects to the fairness, reasonableness or adequacy of the Settlement Agreement or the proposed Settlement (or any witness identified in the written objection). If the objecting Settlement Class Member fails to appear for any such deposition ordered by the Court, the objection will not be considered by the Court. If any witness fails to appear for deposition, that witness's testimony will not be considered by the Court in considering the objection. Any Settlement Class Member who fails to comply with the orders of the Court or provisions of this Section shall waive and forfeit any and

all rights he or she may have to appear separately and/or object, and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders, and judgments in this Action.

21. If a Settlement Class Member hires an attorney to represent him or her at the Fairness Hearing, the attorney must (a) file a notice of appearance with the Clerk of Court; (b) deliver a copy of that notice to Joseph J. Siprut and H. Thomas Wells at the addresses set forth in paragraph 17 herein; and (c) otherwise comply with any order of the Court regarding depositions of objecting Settlement Class Members. The Court, Joseph J. Siprut, and H. Thomas Wells must receive such notices of appearance by April 11, 2013, or the attorney shall be barred from appearing at the Fairness Hearing.

22. Any Settlement Class Member who files and serves a timely, written objection pursuant to the terms herein and complies with the requirements of this Paragraph may also appear at the Fairness Hearing either in person or through counsel retained at the Settlement Class Member's expense. Settlement Class Members or their attorneys intending to appear at the Fairness Hearing must deliver to Joseph J. Siprut and H. Thomas Wells and file with the Court, at the addresses specified above, a notice of intention to appear, setting forth the case number and the name, address and telephone number of the Settlement Class Member (and, if applicable, the name of the Settlement Class Member's attorney). Notices of intention to appear must be received by the Clerk of Court, Joseph J. Siprut, and H. Thomas Wells by April 11, 2013. Any Settlement Class Member or attorney who does not timely file and serve a notice of intention to appear pursuant to the terms of this paragraph shall not be permitted to appear at the Fairness Hearing.

23. If any objection is deemed frivolous, the Court reserves the right to award appropriate costs and fees to Class Counsel and/or Defendant's Counsel.

24. Any Settlement Class member who fails to comply with the orders of the Court, including the requirements set forth herein, shall waive and forfeit any and all rights he or she may have to appear separately and/or object, and shall be bound by all the terms of this Agreement and by all proceedings, orders and judgments in this Action.

25. Any proposed Settlement Class member may opt out of the Settlement Class by mailing to the Settlement Administrator a written request to do so, to the address provided in the Publication Notice, E-mail Notice and Class Notice Package, and to be postmarked by no later than April 11, 2013. The opt-out request must: (i) identify the Settlement Class Members name, address, and phone number, and (ii) state that the Settlement Class Member wishes to be excluded from the Settlement Class. A timely and valid request to opt out of the Settlement Class shall preclude such proposed Settlement Class member from participating in the proposed settlements, and such proposed Settlement Class member will be unaffected by the Settlement Agreement. Any proposed Settlement Class member who does not submit a timely and valid written request for exclusion shall be bound by all subsequent proceedings, orders and judgments in this matter, regardless of whether such proposed Settlement Class member is currently, or subsequently becomes, a plaintiff in any other lawsuit against any of the Released Parties asserting any of the Released Claims.

26. The Settlement Administrator must provide a list of all Settlement Class Members who timely opted out of the settlement to Defendant's Counsel by April 22, 2013. Such list shall include the name and address of each Settlement Class member who timely opted out. Class Counsel shall also file that list with the Court at or before the Fairness Hearing.

27. All Settlement Class Members, and anyone acting on their behalf or for their benefit, are hereby enjoined from filing, commencing, prosecuting, maintaining, intervening in,

participating in (as class members or otherwise), or receiving any benefits or other relief from, any other lawsuit, arbitration, or administrative, regulatory or other proceeding or order in any jurisdiction, based on or relating to directly or indirectly, in whole or in part: (a) the Released Claims; or (b) the allegations, facts, subjects or issues that have been, could have been, may be or could be set forth or raised in the Action. In addition, all persons are hereby preliminarily enjoined from filing, commencing, prosecuting or maintaining any other lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations, or by seeking class certification in a pending action in any jurisdiction), a California Bus. and Prof. Code § 17200 action, a private attorney general action, or any other action on behalf of Class Members, if such other action is based on or relates to directly or indirectly, in whole or in part: (a) the Released Claims; or (b) the allegations, facts, subjects, or issues that have been, could have been, may be or could be set forth or raised in the Action. The Court finds that issuance of this preliminary injunction is necessary and appropriate in aid of the Court's jurisdiction over the Action. Any person found in contempt of this section will be subject to sanctions. Any Party who must seek from the Court the compliance of any Settlement Class member, or anyone acting on a Settlement Class member's behalf or for his or her benefit, is entitled to reimbursement of the Party's attorneys' fees incurred as a result of seeking such compliance.

28. The Commencement and/or prosecution of the Action or any new action (including discovery) by Settlement Class Members and third persons against any of the Released Parties, by, on behalf of or through any Settlement Class Members and/or third persons, is hereby enjoined and stayed during the pendency of these settlement proceedings and until further ordered by this Court.

29. This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if (i) the proposed settlement is not finally approved by the Court, or does not become final, pursuant to the terms of the Settlement Agreement; or (ii) the proposed settlement is terminated in accordance with the Settlement Agreement or does not become effective as required by the terms of the Settlement Agreement for any other reason. In such event, the proposed Settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders, including this Order, shall be used or referred to for any purpose whatsoever.

30. Neither the Settlement Agreement, nor any of its terms or provisions, nor any of its exhibits, nor any of the negotiations or proceedings connected with it, nor this Preliminary Approval Order shall be construed as an admission or concession by the Defendant of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind, or of the appropriateness of the certification of the Settlement Class. This Order shall not be construed or used as an admission, concession or declaration by or against any of the Releasees of any fault, wrongdoing, breach, or liability.

31. The Court reserves the right to continue the Fairness Hearing without further written notice. If the Fairness Hearing is continued from the currently scheduled date of May 21, 2013, information regarding a rescheduled Fairness Hearing will be posted on the settlement website (www.southwestvouchersettlement.com).

32. The terms and provisions of the Settlement Agreement may be amended by agreement of the Parties in writing and approval of the Court without further notice to Settlement

Class Members, if such changes are consistent with this Order and do not limit the rights of Settlement Class Members.

33. The Class Action Fairness Act, 28 U.S.C. § 1715 ("CAFA"), requires that certain federal and state governmental officials be given notice of a proposed class action settlement. Defendant shall give the notice required by 28 U.S.C. § 1715(b) within ten (10) days. Should the governmental authorities, to whom the said CAFA notice is given, wish to file any objection to the proposed Settlement, such objection must be filed with the Court by March 27, 2013. The objection must include: (a) the name, address, and telephone number of the person filing the objection, and the name of the governmental authority for whom the objection is being filed; (b) a statement of each objection being made; (c) a detailed description of the legal authorities underlying each such objection; (d) a statement of whether the objector or anyone else on behalf of the governmental authority intends to appear at the Fairness Hearing; and if so, the name, address and telephone number of the person who will be appearing; (e) a list of witnesses whom the objector may call by live testimony, oral deposition testimony or affidavit during the Fairness Hearing; (vi) a description of the testimony to be offered; and (vii) a list of the exhibits which the objector may offer during the Fairness Hearing, along with copies of those exhibits.

34. Class Counsel's Petition for Attorneys' Fees and Expenses must be filed no later than April 4, 2013. Southwest must file its response to that Petition by April 18, 2013. Any reply brief by Class Counsel shall be filed by April 25, 2013.

IT IS SO ORDERED:	Date: December 10, 2012

_____
The Honorable Matthew F. Kennelly,
United States District Court Judge Northern
District Of Illinois, Eastern Division