IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| *In re Southwest Airlines Voucher Litigation* | ) ) ) ) ) | No. 11-CV-8176<br><br>Hon. Matthew Kennelly |

### AFFIDAVIT OF JOSEPH J. SIPRUT

I, JOSEPH J. SIPRUT, declare:

1. I am an attorney admitted to practice before this Court, and am the managing partner of the law firm of Siprut PC (herein "Siprut PC" or "Class Counsel"). I am one of the attorneys for Plaintiffs and the Class herein, and I make this declaration in support of Plaintiffs Motion in Support Attorneys' Fees, Costs, and Incentive Awards. If called as a witness, I would and could testify to the following:

2. I have personally been involved in the prosecution of this Class Action prior to filing the Complaint on November 16, 2011, and through to the present. At the inception of this case, both Plaintiffs signed retention agreements with my firm, agreeing that my firm's rate was contingent in nature.

3. Discovery commenced after substantial briefing on Southwest's Motion to Dismiss and Motion to Stay. Over the course of the next several months, Plaintiffs were each deposed – Levitt in Chicago and Malone in Philadelphia. I deposed five Southwest employees, with four depositions taking place in Dallas and one taking place in Denver. In addition, the Parties each propounded and responded to Interrogatories and Requests for Documents, and produced and reviewed thousands of pages of documents. The Named Plaintiffs were actively involved in the litigation and devoted material time and effort to the case.

4. Based on information established during discovery and also based on informal information exchanged for settlement purposes, it was established that Southwest launched its Business Select program in October 2007, and stopped honoring the Vouchers with no expiration date on August 1, 2010. Southwest's records also indicate that during that roughly three-year time period, Southwest sold 11.6 million Business Select tickets – and, thus, 11.6 million Vouchers.

5. After fact discovery was substantially completed, the Parties began discussing in earnest the possibility of settlement. After weeks of back-and-forth discussions between themselves, the Parties engaged in two full days of arm's length – and often spirited – mediation sessions over the course of two weeks with the Mediator, Judge Wayne Anderson (Ret.), in Chicago, Illinois. Judge Andersen is a former and highly respected federal judge for the United States District Court for the Northern District of Illinois.

6. In addition to these in-person sessions, the Parties also engaged in numerous telephonic and written communications over the following two months with the Mediator and between themselves, including submitting comprehensive letter briefs to the Mediator on specific areas of impasse. Throughout the mediation process, Southwest continued to deny any wrongdoing and remained ready at all times to vigorously defend the lawsuit. Nonetheless, Plaintiffs and Southwest were eventually able to reach a settlement in principle on class-wide relief.

7. During the mediation process, it became clear that Southwest failed to track exactly how many of those Vouchers were redeemed. However, Southwest's empirical and statistical modeling suggests that no more than half, or 50%, of the Vouchers were redeemed.

8. After the second negotiation session, the Parties agreed on the form of a settlement agreement. The settlement agreement itself took another two months to negotiate. The settlement confers significant benefits to the Class of all Southwest customers who purchased an Eligible Drink Voucher through the purchase of a Business Select ticket or otherwise, during the time period before August 1, 2010, but who did not redeem the Eligible Drink Voucher.

9. The requested attorneys' fees and incentive fees in this matter were not negotiated until *after* the material terms of the settlement had been reached. By deferring negotiations on fees, we ensured that, during settlement negotiations, Class Counsel's and the Class Representative's interests were aligned with those of the Settlement Class. However, at any given point during fee negotiations, we remained willing to litigate the issue of the amount of attorneys' fees and incentive fees paid in this matter if the parties were unable to reach an agreement. My firm recognized that, while Southwest might have been required to pay more than what has now been agreed upon if we continued to litigate the issue, we also realized that if the fee issue was litigated, the Court could award more or less than what the Parties agreed to.

10. The Parties agree that Class Counsel should be awarded total attorneys' fees in the amount of $3 million and costs of up to $30,000. Southwest has agreed to pay these amounts separate and apart from the Class benefits.

11. Siprut PC has expended a substantial amount of time and effort in prosecuting this action and achieving substantial benefits for the Class. This fee is reasonable and appropriate based on the risk of the litigation, its complexity, Class Counsel's refusal of alternative employment opportunities with guaranteed payment, and the substantial benefit obtained for the Class. Specifically, my firm took on this representation with no guarantee of success and with

no guarantee that we would recover fees. We invested substantial resources (both in terms of attorney time and costs) in the prosecution of this case.

12.     Attorneys at my firm keep regular records of their time. In computing the total compensable time, attorneys at my firm exercised their billing judgment by reducing or eliminating time entries that we deemed redundant.

13.     I have spent 928 hours prosecuting this case to date. I bill at the rate of $585 per hour. My rate closely reflects the fair market rate for attorneys of similar experience, skill, and reputation engaged in similar type practice in the Chicago legal market and comparable markets nationwide.

14.     For example, the National Law Journal's survey of billing rates is a source of reasonable billing rates, *see, e.g., Minor v. Christie's, Inc.,* 2011 WL 902235 at 7-8 (N.D. Cal. 2011) (approving partner rates of $700 and $600 an hour after taking into account the National Law Journal's report), and thus supports that my rate and the rate of my attorneys is reasonable. Thus, the charts below – showing rates for national firms with offices in Chicago, taken from the National Law Journal and the Wall Street Journal – further establishes that the rates charged by me and attorneys at my firm are not only reasonable, they are – if anything – below market.

| National Law Journal 2012 Billing Survey:[1] | | | | |
|---|---|---|---|---|
| | Partner Billing Rate High | Partner Billing Rate Average | Associate Billing Rate High | Associate Billing Rate Average |
| DLA Piper | $1120 | $775 | $760 | $585 |
| Locke Lord | $950 | $660 | $600 | $400 |
| Bryan Cave | $795 | $553 | $550 | $373 |
| Perkins Coie | $910 | $560 | $605 | $365 |
| Brinks Hofer Gilson & Lione | $835 | $560 | $450 | $325 |

---

[1] THE NATIONAL LAW BULLETIN, *The 2012 Law Firm Billing Survey* (Dec. 17, 2012) available at http://www.law.com/jsp/nlj/PubArticleNLJ.jsp?germane=1202581351631&id=1202581266427&interactive=true.

| The Wall Street Journal:[2] | |
|---|---|
| Firm | Partner Billing Rate High |
| Kirkland Ellis | $1,250 |
| Paul Hastings | $1,021 |
| Jones Day | $1,075 |
| Latham Watkins | $1,025 |

15.     James M. McClintick, an attorney with seven years of experience, has spent 551.9 hours litigating this case. Mr. McClintick bills at a rate of $325 per hour. Mr. McClintick's rate closely reflects the fair market rate for attorneys of similar experience, skill, and reputation engaged in similar type practice in the Chicago legal market and comparable markets nationwide. (*See* paragraph 14, *supra*.)

16.     Aleksandra M. S. Vold, a third-year attorney at my firm, has spent 1005.7 hours prosecuting this case to date. Ms. Vold bills at a rate of $325 per hour. Ms. Vold's rate closely reflects the fair market rate for attorneys of similar experience, skill, and reputation engaged in similar type practice in the Chicago legal market and comparable markets nationwide. (*See* paragraph 14, *supra*.)

17.     Gregg M. Barbakoff, a second-year attorney at my firm, has spent 388.4 hours prosecuting this case to date. Mr. Barbakoff bills at a rate of $225 per hour. Mr. Barbakoff's rate closely reflects the fair market rate for attorneys of similar experience, skill, and reputation engaged in similar type practice in the Chicago legal market and comparable markets nationwide. (*See* paragraph 14, *supra*.)

---

[2] THE WALL STREET JOURNAL, *Top Billers* (Feb. 23, 2011), available at http://online.wsj.com/public/resources/documents/st_TOPRATE0222_20110223.html.

18. Kristina Pearson, a third-year legal assistant at my firm, has spent 25.2 hours assisting in the prosecution of this case to date. Ms. Pearson bills at a rate of $150 per hour. Ms. Pearson's rate closely reflects the fair market rate for legal assistants of similar experience.

19. Collectively, my firm has spent 2,651.8 hours prosecuting this case to date. I anticipate that attorneys at my firm will spend an additional 222 hours prosecuting this case to its conclusion. A summary of the actions on which this time was spent – and on which I anticipate additional time will be spent – is attached hereto as Exhibit A. My firm's total base lodestar amount is thus $1,140,270. *See*, Ex. A.

20. Additionally, my firm has spent $18,522.32 in un-reimbursed expenses incurred in connection with this case to date. A summary of the costs incurred is attached hereto as Exhibit B. The costs and expenses were necessary for the prosecution of this case and should be awarded.

21. My firm, Siprut PC, substantially concentrates its practice in the prosecution of class actions. Attorneys at my firm have been appointed as Lead Class Counsel in numerous class actions, which are highlighted in the firm's resume, attached hereto as Exhibit C.

I declare under penalty of perjury under the laws of the State of Illinois that the foregoing is true and correct.

Executed on April 4, 2013 in Chicago, Illinois.

      /s/ Joseph J. Siprut

4841-7377-0771, v. 1

# EXHIBIT A

| ACTION | Hours Spent | | | | |
|---|---|---|---|---|---|
| | JJS[3] $585/hr | JMM $325/hr | AMSV $325/hr | GMB $225/hr | KP $150/hr |
| Pre-filing research, drafting, filing, coordinating service of process and client meetings: | 89.2 | | 80.2 | | 3.6 |
| Correspondence with counsel of record: | 85.2 | 56.4 | 77.6 | 41.2 | |
| Review of Filings, Court Orders, Answer, Discovery Responses, Document Production, and Defendant's 26(a)(1) Disclosures: | 56.7 | 47.6 | 70.2 | 69.5 | 12.6 |
| Research and Drafting: Response to Motions, Amended Complaint, Motion to Strike, Motion for Protective Order, Discovery Requests and Answers, Joint 26(f) Report, 26(a)(1)Disclosures, and Protective Order: | 196.5 | 268.8 | 278.2 | 207.1 | 9 |
| Preparation for and Attendance at Hearings: | 6.9 | 2.8 | 20.2 | | |
| Preparation for and Attendance at Depositions: | 284.4 | 98.4 | 178.4 | 70.6 | |
| Drafting of Pre-Mediation Demand, Attendance at Mediation Sessions: | 24.3 | | 37.6 | | |
| Post-Mediation Research and Drafting: | 24.5 | | 21.2 | | |
| Post-Mediation Settlement Negotiations, and Drafting/Editing Settlement Agreement: | 35.4 | | 24.6 | | |
| Research, Draft, and Edit Motion for Preliminary Approval: | 15.6 | 18.1 | 42.4 | | |
| Research, Draft, and Serve Petition for Attorneys' Fees: | 33.3 | 19.8 | 69.3 | | |

---

[3] JJS: Joseph J. Siprut; JMM: James M. McClintick; AMSV: Aleksandra M. S. Vold; GMB: Gregg M. Barbakoff; KP: Kristina Pearson (professional/non-attorney).

| | | | | | |
|---|---|---|---|---|---|
| Reviewing, Researching, Drafting, and Editing Responses to Objectors (anticipated): | 25 | 20 | 50 | | |
| Research, Draft, and serve Motion for Final Approval (anticipated): | 35 | 20 | 40 | | |
| Preparation for and Attendance at Preliminary and Final Hearing (anticipated): | 16 | | 16 | | |
| **Total Lodestar Hours** | **928** | **551.9** | **1005.7** | **388.4** | **25.2** |
| Total Billed: | $542,880 | $179,367.50 | $326,852.50 | $87,390 | $3,780 |
| | **Total Lodestar Fee Amount:** | | | **$1,140,270** | |

# EXHIBIT B

| Description | Cost |
|---|---|
| Filing Fee | $350.00 |
| Computer Assisted Research | $1,208.20 |
| Service/Postage/Express Delivery/Messenger | $566.05 |
| Transcript Costs | $3,800.13 |
| Travel/Meals/Carfare | $3,171.24 |
| Printing/Copying/Binding | $114.20 |
| Mediation Fee | $9,312.50 |
| **Total Disbursements** | **$18,522.32** |

# EXHIBIT C

## SIPRUT PC FIRM RESUME

Siprut PC is a commercial litigation firm based in Chicago. The firm focuses its practice exclusively on litigation and pre-litigation counseling, encompassing a wide variety of areas and issues. The firm's primary practice groups broadly include plaintiffs' class action litigation (with a particular emphasis on consumer law issues) and complex business litigation, including particularly *qui tam* and whistleblower litigation; professional malpractice litigation; intellectual property and patent litigation; and employment practices.

Siprut PC and its attorneys have successfully procured judgments or settlements in scores of cases in state and federal courts across the country, many of which have received extensive media coverage.

**CLASS ACTION AND CONSUMER LITIGATION**

Siprut PC prosecutes class actions across a wide variety of industries. The firm and its attorneys have been appointed lead or co-lead counsel in nationwide class actions across the country:

- *Arrington, et al. v. National Collegiate Athletic Association* (Case No. 11-cv-06356, N.D. Ill.): Appointed co-lead interim class counsel in a nationwide class action against the NCAA on behalf of current and former collegiate athletes.

- *Foos v. Ann, Inc.* (Case No. 11-cv-02794-L-MDD, S.D. Cal.): Appointed lead counsel in class action on behalf of California consumers for violations of the Song-Beverly Act. Settlement valued at $2,323,500.

- *In re Barnes & Noble Pin Pad Litigation* (Case No. 12-cv-8617, N.D. Ill.): Appointed co-lead counsel in nationwide class action settlement relating to a security breach exposing the personal information of hundreds of thousands of consumers nationwide.

- *Goodman v. Casting360, LLC* (Case No. 12-cv-09851, N.D. Ill.): Appointed lead counsel in nationwide class action for violations of the federal Telephone Consumer Protection Act.

- *Kruse, et al. v. Citigroup, Inc*. (Case No. 11-cv-01003-AG-AN, C.D. CA): Appointed lead counsel in a nationwide class action against Citigroup for a massive data breach exposing the personal information of hundreds of thousands of consumers nationwide.

Additional representative class actions that the firm is currently prosecuting as lead counsel include:

- *Banakus v. United Continental Holdings, et al.* (Case No. 12-cv-06244, N.D. Ill.): Nationwide class action pertaining to United's unilateral, retroactive devaluation of the benefits earned by premier members.

- *Worix v. MedAssets, Inc.* (Case No. 11-cv-08088, N.D. Ill.): Nationwide class action relating to the theft of an unencrypted laptop containing the PII of 82,000 patients from three different hospital systems across the nation.

- *Hodsdon, et al. v. DirecTV, LLC* (Case No. 12-cv-02827-JSW, N.D. Cal.): Nationwide class action lawsuit arising out of DirecTV's indefinite and undisclosed retention of former customers' sensitive personal information, in violation of federal telecommunications laws as well as state consumer privacy laws.

- *Burton v. Time Warner Cable, Inc*. (Case No. 12-cv-06764-JAK-AJW, C.D. Cal.): Nationwide class action lawsuit arising out of Time Warner's indefinite and undisclosed retention of former customers' sensitive personal information, in violation of federal telecommunications laws as well as state consumer privacy laws.

- *Freas v. RCN Corp.* (Case No. 12-cv-04265, N.D. Ill.): Nationwide class action lawsuit arising out of RCN's indefinite and undisclosed retention of former customers' sensitive personal information, in violation of federal telecommunications laws as well as state consumer privacy laws

- *Bayer, et al. v. Comcast Cable Communications, LLC* (Case No. 12-cv-02826-YGR, N.D. Cal.): Nationwide class action lawsuit arising out of Comcast's indefinite and undisclosed retention of former customers' sensitive personal information, in violation of federal telecommunications laws as well as state consumer privacy laws

- *Williams v. TCF National Bank* (Case No. 12-cv-05115, N.D. Ill.): Nationwide class action pertaining to the unilateral reordering or debit card transactions to maximize overdraft fees collected by the bank.

- *Smith v. First American Commercial Bancorp.* (Case No. 12-CH-23326, Ill. Cir. Ct.): Nationwide class action pertaining to the unilateral reordering or debit card transactions to maximize overdraft fees collected by the bank.

- *Freeza et al v. Google, Inc.* (Case No. 12-cv-00237-RMW, N.D. Cal.): Nationwide consumer privacy and breach-of-contract class-action lawsuit relating to deceptive terms of promotional offer for "Google Tags" advertising service, as well as Google's indefinite and unlawful retention of customer credit-card information after cancellation of Tags service

- *Astor Professional Search, LLC v. MegaPath, Inc.* (Case No. 12-cv-02313, N.D. Ill.): Nationwide class action related to MegaPath's failure to alert customers of e-mail deliverability problems.

- *Garavito v. Suntrust Mortgage, et al.* (Case No. 11-cv-06056, N.D. IL): Nationwide class action relating to Suntrust's home loan modification practices.

- *Heiman v. Bank of America, NA, and BAC Home Loans Servicing, LP* (Case No. 11-cv-04285, N.D. IL): Nationwide class action relating to Bank of America's home loan modification practices.

- *Yuncker v. Pandora Media, Inc.* (Case No. 11-cv-3113-DMR, N.D. CA): Nationwide class action relating to Pandora's collection and dissemination of consumers' personally identifiable information without consent.

- *Lloyd v. Employment Crossing d/b/a LawCrossing* (Case No. BC-491068, CA Superior Ct.): Class action on behalf of California consumers arising out of the defendants' violation of California's Automatic Purchase Renewal Act.

- *Lamb v. Bitech, Inc.* (Case No. 3:11-cv-05583-EDL, N.D. CA): Class action on behalf of California consumers for violations of the Song-Beverly Act.

### BUSINESS AND COMMERCIAL LITIGATION

Siprut PC handles complex commercial and business litigation matters in Illinois and throughout the United States, including claims involving:

- Breach of contract
- Partnership disputes
- Real estate and lease disputes
- Class action defense
- Copyright litigation
- Trademark litigation
- Patent litigation
- Business fraud
- Unfair trade practices
- Theft of trade secrets

### ATTORNEYS

**JOSEPH SIPRUT** is the founder and managing partner of Siprut PC. His practice encompasses a wide spectrum of litigation, with an emphasis on challenging cases against powerful, well-funded adversaries. He has been appointed lead or co-lead class counsel in some of the largest and most complex class actions in the country, and has substantial first-chair experience in all aspects of litigation, including trial, arbitration, and mediation. He has appeared

in dozens of publications and television and radio broadcasts worldwide, including CBS Radio, NPR, ESPN, Bloomberg Law, Law360, the Chicago Tribune, and more. He has been deemed by the media as the "Friend of the Frequent Fliers" for his successful litigation crusades against the airline industry on behalf of airline customers. He was named as a "Rising Star" by SuperLawyers five consecutive years.

Mr. Siprut is an Adjunct Professor at Northwestern University School of Law, where he teaches in the Trial Advocacy program. He is a frequent author and speaker, having published over 25 articles in the nation's leading law reviews and legal journals on topics including the right of privacy, copyright litigation, and contract doctrine, as well as litigation strategy and tactics. He was appointed as a member of the Illinois ARDC Hearing Board, and is also a member of the Advisory Board for the Fair Contracts Project, an initiative focused on counteracting the implications of fine print in standard form consumer contracts.

Prior to founding Siprut PC, Mr. Siprut spent his career practicing at some of the top corporate litigation firms in the country. Mr. Siprut previously chaired the Litigation Committee of the ABA Young Lawyers Division, and has been recognized by the Law in Public Service Committee of the ABA as a TIPS Honor Roll recipient for his dedication to pro bono work.

Mr. Siprut is a graduate of Northwestern University School of Law, where he served as the Managing Editor of the Northwestern Law Review and was selected to represent Northwestern in national competition as a member of its National Moot Court team. He was also awarded the Institute for Humane Studies Fellowship, a national fellowship competition for law and graduate study.

He is admitted to practice in Illinois, the United States District Court for the Northern District of Illinois (including its Trial Bar), the Seventh Circuit Court of Appeals, and the United States Supreme Court. For over five years, Mr. Siprut served as an arbitrator in the Cook County Arbitration Program. Mr. Siprut is also a pro bono attorney with Lawyers for the Creative Arts.

\* \* \*

**ALEKSANDRA M.S. VOLD** is an attorney at Siprut PC. Her practice encompasses a wide spectrum of litigation with an emphasis on intellectual property and consumer class actions. Aleksandra is an Adjunct Professor at Columbia College of Chicago, where she teaches Entertainment Law. She has also served as a panelist on the subject of fashion and intellectual property protection, has consulted for the Adler School of Professional Psychology on the topic of cross examination of forensic psychologists, and has coached John Marshall mock trial teams. She was also named a Rising Star by SuperLawyers in 2013.

Aleksandra is a graduate of The John Marshall Law School, where she served as a staff editor of the John Marshall Review of Intellectual Property Law, in which she was also published. She was selected to represent John Marshall in a number of regional and national trial advocacy competitions, winning the nation's largest criminal mock trial competition in 2009. Aleksandra earned the CALI Award for Excellence in Protection Intellectual Property in a Global/Digital Environment. She also served as a member of the Trial Advocacy Executive

Board and was the secretary of John Marshall's Decalogue Society for two years. Aleksandra is admitted to practice in Illinois and the United States District Court for the Northern District of Illinois.

\* \* \*

**GREGG BARBAKOFF** is an attorney at Siprut PC. His practice encompasses a wide spectrum of litigation with an emphasis on commercial litigation and consumer class actions. Gregg serves on the Board of Directors for the American Constitution Society, a progressive legal organization dedicated to the core Constitutional values of civil liberties, open access to justice, and the rule of law.

Gregg is a graduate of the Chicago-Kent College of Law, where he served as an editor of the Seventh Circuit Review, in which he was also published. During law school, he was selected as a Member of the Chicago-Kent Moot Court Honor Society, where he won the award for Best Overall Oralist at the Appellate Lawyers Association Moot Court Competition. Gregg was selected for the Class of 1976 Honors Scholarship while attending Chicago-Kent. Gregg graduated from Chicago-Kent *magna cum laude*, and was recently inducted into the Order of the Coif. Gregg is admitted to practice in Illinois and in the United States District Court for the Northern District of Illinois.

\* \* \*

**TYLER ZANDERS** is an attorney at Siprut PC. His practice focuses on business litigation, with an emphasis on business torts and consumer fraud issues. Tyler graduated from Northwestern University and Temple University Beasley School of Law, which he attended as a Beasley Scholar. While at Temple, he participated in the Integrated Trial Advocacy program, and was an editor of the Temple Political & Civil Rights Law Review. He served his legal internships at prosecutors' offices in Philadelphia and Chicago, working in special prosecutions in both cities. Tyler is admitted to practice in Illinois and the United States District Court for the Northern District of Illinois.

\* \* \*

**PETER CARLSON** is an attorney at Siprut PC. His practice is focused principally on class action litigation, with an emphasis on consumer protection, data and privacy, and technology issues. Peter is a graduate of The John Marshall Law School, where he served on the editorial board of The John Marshall Journal of Computer and Information Law. He obtained a B.S. from California State University Northridge, where he majored in business administration. Peter is also a veteran of the United States Marine Corps. Peter is admitted to practice in Illinois and the United States District Court for the Northern District of Illinois.

\* \* \*

**JAMES MCCLINTICK** is an Of Counsel at Siprut PC. His practice focuses on business disputes, consumer protection, and data privacy matters. Prior to joining Siprut PC, James

practiced commercial litigation with a global law firm in Washington, D.C. and then practiced for several years in the areas of construction negligence, toxic exposure, and premises liability for a respected Chicago firm.

James is an honors graduate of the University of Chicago and American University Washington College of Law. As a law student, he served on the Journal of Gender, Social Policy & the Law and received multiple awards for his editing as well as the 2005 Outstanding Member of the Year award. While serving on the Journal, he also published in the area of Internet surveillance and civil liberties. James was also active in American University's International Human Rights clinic, where he helped a victim of political persecution win asylum in the United States.

James is admitted to practice in Illinois, the District of Columbia, and the United States District Court for the Northern District of Illinois.

\* \* \*

**TODD C. ATKINS** is Of Counsel at Siprut PC, and heads the Firm's California office. His litigation practice encompasses class actions, real estate and securities matters – representing both brokers and plaintiffs. Todd is also a trained and experienced mediator, and received his certification from the National Conflict Resolution Center.

Todd is a graduate of the University of San Diego, School of Law. He is admitted to practice in California, the District of Columbia, and the United States District Court for the Southern District of California, and is also a licensed real estate broker.

4821-5129-8057, v. 1