IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| *In re Southwest Airlines Voucher Litigation* | ) ) ) ) | No. 11-CV-8176<br><br>Hon. Matthew Kennelly |

## MOTION TO MODIFY OR CLARIFY THE MARCH 20, 2013 ORDER

Plaintiffs Adam J. Levitt and Herbert C. Malone (collectively, "Plaintiffs"), by their undersigned counsel, hereby request that the Court modify or clarify its *sua sponte* Order requiring the Parties to file responses to the Objections to the proposed settlement by April 18, 2013. Because the deadline for objections was April 11, 2013, requiring responses to the objections by April 18, 2013 does not allow time for any discovery from the objectors. But discovery is specifically provided for and contemplated by the Court's Preliminary Approval Order. In all events, the schedule memorialized by the parties' settlement agreement – and the Court's subsequent Order preliminarily approving the settlement – already sets May 14, 2013 as the deadline for the Motion for Final Approval. That is the point when the parties intended to respond to the Objections. The intermediate and additional deadline to respond to objections would moot the purpose of the Motion for Final Approval.

In further support of this motion, Plaintiffs state the following:

1. The Court's Preliminary Approval Order set May 21, 2013 for the final fairness hearing. (Docket No. 89, ¶31.)

2. Pursuant to the Preliminary Approval Order, all objections were due on April 11, 2013. (Docket No. 89, ¶17.)

3. On March 20, 2013, the Court *sua sponte* set a deadline of April 18, 2013 for both Plaintiffs and Defendant to file responses to the objections and proposed responses to the

proposed settlement. (Docket. No. 101.) Between April 10 and 11, three substantive objections were filed. (Docket Nos. 105, 107, 110.) Thus, under the Court's March 20, 2013 Order, the Parties have less than eight days to respond to these objections.

4. Pursuant to the Settlement Agreement and Preliminary Approval Order, however, the Parties have the ability (and intend) to serve discovery on objectors, including notices of depositions. (Docket Nos. 83, Ex. 1, p. 21; 89, ¶20.) This procedure is necessary for the Parties to properly address the objections.

5. However, requiring Plaintiffs to respond to each objector in such a short amount of time does not allow Plaintiffs adequate time to take discovery, including scheduling and taking at least three depositions.

6. Moreover, the Motion for Final Approval is not due until May 14, 2013. (Docket No. 85, Ex. 1, p. 26.) The very purpose of the Motion for Final Approval is to show why the settlement is fair, adequate and reasonable, and that includes responding to the objectors' arguments. By allowing the Parties to address the objections in the Motion for Final Approval, it will allow the Parties to conduct necessary discovery, and present their arguments to the Court in a more efficient and cohesive manner.

## **CONCLUSION**

WHEREFORE, Plaintiffs request that the Court enter an Order providing that no separate responses to the Objectors need be filed on April 18, 2013, and that responses to objections may be addressed in the Motion for Final Approval due on May 14, 2013, and for such further relief that the Court deems just and proper.

- 3 -

Dated: April 15, 2013  Respectfully submitted,

ADAM J. LEVITT and HERBERT C. MALONE, individually and on behalf of all others similarly situated

By:_____
  One of the Attorneys for Plaintiffs
  And the Settlement Class

Joseph J. Siprut
*jsiprut@siprut.com*
Aleksandra M. S. Vold
*avold@siprut.com*
Gregg M. Barbakoff
*gbarbakoff@siprut.com*
**SIPRUT PC**
17 North State Street
Suite 1600
Chicago, Illinois 60603
312.236.0000
Fax: 312.878.1342

4845-5953-1534, v. 1

## CERTIFICATE OF SERVICE

      The undersigned, an attorney, hereby certifies that a true and correct copy of the foregoing **Plaintiffs' Motion to Modify or Clarify the Court's March 20, 2013 Order** was filed this 15th day of April, 2013, via the electronic filing system of the Northern District of Illinois, which will automatically serve all counsel of record.

_____
Joseph J. Siprut

4848-4644-8403, v. 1