IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE SOUTHWEST AIRLINES VOUCHER LITIGATION | ) ) ) ) | No. 1:11-CV-8176<br><br>Hon. Matthew Kennelly |

**DEFENDANT SOUTHWEST AIRLINE CO.'S
RESPONSE TO PLAINTIFFS' MOTION FOR
ATTORNEYS' FEES, COSTS AND INCENTIVE AWARDS**

Pursuant to Paragraph 34 of the Preliminary Approval Order (Doc. # 89) entered in this case, Southwest Airlines Co. ("Southwest"), Defendant in the above matter, submits this as its Response to Plaintiffs' Motion for Attorneys' Fees, Costs and Incentive Awards.

Southwest has agreed to pay Plaintiffs' attorneys' fees in an amount awarded by the Court of up to $3,000,000, costs of up to $30,000 and incentive awards to each of the class representatives of up to $15,000. These negotiated amounts are the result of spirited and lengthy negotiations between Plaintiffs' counsel and Southwest, all of which were conducted only _after_ the material terms of the settlement for the class had been reached. Indeed, even when the notice to the class was sent out, the parties had only been able to agree upon a "floor" of $1,750,000 in fees and a "ceiling" of $7,000,000 in fees, with a right to appeal any

award even inside that range. The negotiations of the fees continued with the assistance of Hon. Wayne Andersen, a respected mediator and former judge of this Court, which included in person mediation sessions and telephonic communications, as well as letter briefs by both parties.

The primary disagreement between the parties on the question of fees was the applicability of the Class Action Fairness Act, 28 U.S.C. § 1711, *et seq.* ("CAFA"), and specifically the applicability of CAFA § 1712 and its limitations on attorneys' fees in coupon settlements. Southwest took the position that CAFA § 1712 was applicable to the determination of attorneys' fees in this case; Plaintiffs' counsel vigorously disagreed.

CAFA § 1712 governs "coupon settlements" that "provide[] for a recovery of coupons to class members," but CAFA does not define either "coupons" or "coupon settlements." CAFA does not forbid "coupon settlements,"[1] but subjects such settlements to additional Court scrutiny. It also places limitations on attorneys' fees in "coupon settlements" by requiring that attorneys' fees for a "coupon settlement" be calculated based on <u>either</u> (1) the value to the class

---

[1] As noted in CAFA's legislative history, "The Committee wishes to make clear that it does not forbid all non-cash settlements. Such settlements may be appropriate where they provide real benefits to consumer class members ...." S. Rep. 109-14, at 31 (2005). Southwest submits this is just such an appropriate non-cash settlement. Class members in this settlement are receiving the very thing they claim was improperly taken – a drink coupon. For each drink coupon that they received with the purchase of a Business Select flight but did not redeem, the settlement provides a new drink coupon. Had the original coupons remained valid, as Plaintiffs claim, the customers would still have to buy a new Southwest ticket to use the original coupons. The Class Members are thus put in the same position they had been in had Southwest continued to honor the Business Select coupons on other flights. Class Members who make claims for the Replacement Vouchers are thus made whole.

2

members of the coupons actually redeemed for cases involving contingent fees (percentage of recovery method); or (2) if the contingent "percentage of recovery" method is not used, the amount of time class counsel reasonably expended working on the action (the "lodestar" amount). CAFA § 1712(a) & (b)(1). As for the lodestar method of determining fees, CAFA specifically provides:

> Nothing in this subsection shall be construed to prohibit application of a lodestar with a multiplier method of determining attorneys' fees.

CAFA § 1712(b)(2).

As noted above, the parties could not agree on whether CAFA applied to this case, and both sides were ready to litigate the fee dispute if necessary. At first, the parties were only able to negotiate the "floor" and "ceiling" for the range of fees, and even that provided for an appeal of awards within the range. However, the parties, with the able assistance of our experienced mediator, were ultimately able to agree on the amounts set forth herein and in Plaintiffs' Motion, while still disagreeing over whether CAFA § 1712 applies to this case. Southwest asserts that even if CAFA § 1712's restrictions were applied to this action, as it had argued, Southwest nevertheless views the fees and costs requested by Class Counsel to be appropriate under the lodestar with a multiplier method specifically sanctioned by CAFA. Southwest does not object to the lodestar amount set forth in Plaintiffs'

Motion. Southwest also does not object to the multiplier of approximately 2.63 applied to the lodestar as being within the range acceptable in this Circuit.

The incentive awards to class representatives were also agreed to by the parties. Southwest also believes these incentive awards to be within the range of acceptable incentive awards for class representatives, and Southwest does not object to the incentive awards of up to $15,000 each to the class representatives.

/s/ H. Thomas Wells, Jr.
H. Thomas Wells, Jr.
One of the Attorneys for
SOUTHWEST AIRLINES CO.
Admitted *Pro Hac Vice*

OF COUNSEL:
**MAYNARD, COOPER & GALE**
Regions/Harbert Plaza
1901 6th Avenue North
Suite 2400
Birmingham, AL 35203
(205) 254-1000
twells@maynardcooper.com

/s/ Michael W. Drumke
Michael W. Drumke
One of the Attorneys for
SOUTHWEST AIRLINES CO.

OF COUNSEL
**SWANSON, MARTIN & BELL, LLP**
330 North Wabash Avenue, Suite 3300
Chicago, Illinois 60611-3604
312-222-8523 (direct)
312-560-3012 (cell)
312-321-0990 (fax)
mdrumke@smbtrials.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 15th day of April, 2013, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system which will send notification of such filing to all parties of record.

/s/ H. Thomas Wells, Jr.
OF COUNSEL