IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

*In Re:*

| | | |
|---|---|---|
| **Southwest Airlines** | ) | No. 11-cv-8176 |
| **Voucher Litigation** | ) | |
| | ) | Hon. Matthew Kennelly |

FILED
APR 15 2013
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## NOTICE OF OBJECTION TO THE SETTLEMENT

I, Daniel Sibley, declares under penalty of perjury:

1. I an a class member. I have filed a claim electronically, Number VOLF9HIV. I will not appear at the Fairness Hearing on May 21, 2013 because of my work schedule. I request the Court consider my concerns.

I wish the Court to consider the following:

(a) The class representatives' claims do not present common issues of law or fact, and are not typical of the claims of the class. Therefore, this case should not proceed as a class action.

(b) The proposed remedy is not in the interest of the class, as this is a coupon settlement and coupons have an historically low rate of redemptions.

(c) The settlement fails to comply with the Class Action Fairness Act, concerning attorney fees.

(d) Even if the proposed settlement is approved, the proposed attorney fees are unreasonable.

(e) As of the date of the preparation of this objection no detailed fee petition listing the number of hours by the attorneys.

(f) The Court should defer the award of Attorney Fees until the after the last day to file claims which is 9/2/2013 so that the Court can determine how many claims for coupons have been made.

2. The settlement when taken as a whole is not fair reasonable or adequate and should not be approved.

3. This is a coupon settlement and subject to the requirements of the Class Action Fairness Act, the value of the settlement is excessive and is nowhere near a value of 29 million much less 58 million claimed by class counsel. To reach 29 million requires a 100% claims rate and a 100% redemption rate by the class. It is unreasonable to expect higher than a 10% class rate.

4. The parties have not proved that common issues predominate, and that the representatives' claims are not typical, and there is evidence that should be at least enough to require them to make a detailed showing that Rule 23 is met.

5. The discovery conducted was insufficient. Almost no formal discovery occurred.

6. It is the rule that one of the major if not the major factor in assessing a settlement is "the strength of Plaintiff's case". The reality is that Plaintiff's probably will not get the class certified much less prevail at trial. The question then becomes is this a settlement driven by attorneys fees.

7. In this case you first have to claim the coupon then use it within one year. It is well known that coupons have a low redemption rate and the Court should

consider how many coupons would be required to be claimed and redeemed to even reach the value of 3 Million dollars sought as attorney fees.

8. The fee agreement has "clear sailing" and the request should be checked by using the lodestar cross-check method. Based on what the class is getting the fees are excessive.

9. The Court should consider at the Fairness hearing the number of claims filed, against the 5.8 million unredeemed coupons.

10. The claims and redemption process is needlessly complex.

11. The provision in the settlement agreement allowing for the deposition of an objector is a procedure clearly designed to stifle dissent concerning the settlement that should be rejected. The Court should reject allowing the deposition of any objector.

12. Failure to advise class members in the notice of the deposition requirement in the settlement agreement renders the notice provision insufficient.

13. I have been assisted in preparing this letter by my father of is a Texas attorney.

14. I request the Court to reject the settlement.

Respectfully submitted,

Daniel Sibley
9223 Peninsula
Dallas, Texas 75218
(214) 522-5222

## CERTIFICATE OF SERVICE

I, Daniel Sibley hereby certify that on the 9 day of April 2013, a true and correct copy of the Objection to Proposed Settlement was served on all counsel of record by United States mail.

Joseph J. Siprut
SIPRUT PC
17 North State Street
Suite 1600
Chicago, Illinois 60602

H. Thomas Wells, Jr.
Maynard Cooper & Gale, P.C.
2400 Regions/Harpert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203

_____
Daniel Sibley

Case: 1:11-cv-08176 Document #: 116 Filed: 04/15/13 Page 5 of 5 PageID #:813

# Southwest Airlines Drink Voucher Settlement

*In re Southwest Airlines Voucher Litigation*
Case No. 11-cv-8176
(N.D. Ill.)

**Home** | **Frequently Asked Questions** | **Important Documents** | **Online Claim Form** | **Contact Us**

## Online Claim Form - Confirmation

Your Online Claim form was successfully submitted. If you have any questions, please reference the following confirmation code:

**YOLF9H1V**

**Important Dates**

**April 11, 2013**
Deadline to Object to the Settlement

**April 11, 2013**
Deadline to Exclude Yourself from the Class

**May 21, 2013**
Fairness Hearing

**September 2, 2013**
Deadline to Submit a Claim Form

© 2013 Epiq Systems, Inc., All rights reserved | Privacy Policy | Version: 1.01.17174 | Updated: 2/8/2013 9:33:28 AM