## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

IN RE SOUTHWEST AIRLINES VOUCHER
LITIGATION

Case No. 11-CV-8176

Hon. Matthew Kennelly

GREGORY MARKOW,

    Objector.

---

## GREGORY MARKOW'S RESPONSE TO
## DEFENDANT SOUTHWEST AIRLINE CO.'S  RESPONSE
## TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES,
## COSTS AND INCENTIVE AWARDS

---

Melissa A. Holyoak
CENTER FOR CLASS ACTION FAIRNESS
1718 M Street NW, No. 236
Washington, DC 20036
Phone: (573) 823-5377
Email: melissaholyoak@gmail.com

*Attorney for Objector Gregory Markow*

## INTRODUCTION

The settling parties reached an agreement regarding the $3 million attorneys' fees on January 17, 2013. *See* Dkt. 90, Agreement on Fees. On April 4, 2013, class counsel filed its $3 million fee request. *See* Dkt. 103, Plaintiffs' Motion for Attorneys' Fees, Costs, and Incentive Awards ("Fee Request"). Class counsel's request noted the Seventh Circuit's preference for the percentage-of-recovery method in determining fee awards, *see* Fee Request at 8, and argued that the $3 million request was appropriate because it constituted 10% of the settlement's $29 million value, *see id.* at 1. Class counsel arrived at the "$29 million valuation" by arguing that there were originally $58 million in vouchers issued to the class, and only half of those were originally redeemed. *See* Fee Request at 1.

In his objection, Objector Markow argued, *inter alia*, that the coupon settlement failed to comply with the Class Action Fairness Act (CAFA) including its limitations on attorney fee requests. *See* Markow Objection, Dkt. 105 at 5. CAFA requires that any attorney fee award in a coupon settlement be "based on the value to class members of the coupons that are ***redeemed***." 28 U.S.C. § 1712(a) (emphasis added). Class counsel's $29 million valuation is not based on the number of redeemed coupons; instead, it falsely presumes both 100% claims rate and 100% redemption rate of the settlement coupons. Thus, the fee request fails to comply with CAFA and should be rejected.

Defendant Southwest Airlines filed a response to class counsel's fee request on April 15, 2013. *See* Defendant Southwest's Response to Fee Request ("Def. Response") Dkt.113. In its response, defendant explained that the settling parties' primary disagreement was whether CAFA applies to this coupon settlement: defendant argues that it applies and plaintiffs contend it does not. *See id.* at 2. Defendant further claims that whether or not CAFA applies, class counsel's fee request is appropriate because CAFA allows attorneys' fees to be based on either the value of the unredeemed coupons under Subsection 1712(a) *or* lodestar under Subsection 1712(b). *See id.* at 2-3. Defendant omits key language from Section 1712 that demonstrates that lodestar under 1712(b) is inapplicable to this settlement. Further, even if lodestar were an appropriate method, any award must comply

with Fed. R. Civ. Proc. 23(h): a "reasonable" attorney award must be cross checked by the percentage-of-recovery to confirm that the attorneys' fee award is not disproportionate to the benefit actually received by the class, which in this case would be the value of coupons actually redeemed. *E.g., Reynolds v. Beneficial Nat. Bank*, 288 F.3d 277, 286 (7th Cir. 2002) ("class counsel's compensation must be proportioned to the *incremental* benefits they confer on the class" (emphasis in original)); *In re Baby Products Antitrust Lit.*, 708 F.3d 163, 170 (3d Cir. 2013) ("[C]ourts need to consider the level of direct benefit provided to the class in calculating attorneys' fees."); *cf. also In re Aqua Dots Prod. Liab. Litig.*, 654 F.3d 648 (7th Cir. 2011) (Rule 23(a)(4) not satisfied when primary beneficiary of class action are the attorneys). Because any award received by class counsel must be proportionate to the amount actually received by the class, and because class counsel's fee request provides no information regarding the amount actually received (coupons redeemed), class counsel's fee request must be rejected.

## ARGUMENT

### I.     28 U.S.C. § 1712(b) Does Not Apply to the Court's Valuation of This Settlement.

Judge Posner observed the inherent dangers in class action litigation including the motivation of the settling parties:

> It is a curiosity of class action litigation that often there is greater ferocity in combat among the class lawyers over the allocation of attorneys' fees than there is between the class lawyers and the defendants. The contest among the lawyers is a zero-sum game. But the contest between them and the defendants is a positive-sum game because the class lawyers are naturally very interested in the fee component of any settlement, while the defendants care only about the size of the settlement, including fees. So the lawyers may be willing to **settle for less for the class if the defendants will help them obtain a generous fee award**, and the defendants will be happy to help them if the sum of the fee award and the relief granted to the class is smaller than it would be if the class lawyers pressed for more generous relief for the class.

*In re Trans Union Corp. Privacy Litig.*, 629 F.3d 741, 742-43 (7th Cir. 2011) (Posner, J.) (emphasis added) (citing *Reynolds v. Beneficial National Bank*, 288 F.3d 277, 282 (7th Cir. 2002) (explaining

collusive nature of class settlements where "[t]he ineffectual [class] lawyers are happy to sell out a class they anyway can't do much for in exchange for generous attorneys' fees, and the defendants are happy to pay generous attorneys' fees since all they care about is the bottom line--the sum of the settlement and the attorneys' fees--and not the allocation of money between the two categories of expense")).

Low-value class action settlements where "counsel are awarded large fees, while leaving class members with coupons or other awards of little or no value" were a central legislative motivation of the Class Action Fairness Act (CAFA). 28 U.S.C. § 1711 note § 2(a)(3)(A). 28 U.S.C. § 1712 sets forth CAFA's requirements regarding the calculation of attorneys' fees in coupon settlements:

> (a) Contingent Fees in Coupon Settlements. - If a proposed settlement in a class action provides for a recovery of coupons to a class member, ***the portion of any attorney's fee award to class counsel that is attributable to the award of the coupons*** shall be based on the value to class members of the coupons that are redeemed.

> (b) Other Attorney's Fee Awards in Coupon Settlements. -
> > (1) In general. - If a proposed settlement in a class action provides for a recovery of coupons to class members, ***and a portion of the recovery of the coupons is not used to determine the attorney's fee to be paid to class counsel***, any attorney's fee award shall be based upon the amount of time class counsel reasonably expended working on the action.
> > (2) Court approval. - Any attorney's fee under this subsection shall be subject to approval by the court and shall include an appropriate attorney's fee, if any, for obtaining equitable relief, including an injunction, if applicable. Nothing in this subsection shall be construed to prohibit application of a lodestar with a multiplier method of determining attorney's fees.

> (c) Attorney's Fee Awards Calculated on a Mixed Basis in Coupon Settlements. - If a proposed settlement in a class action provides for an award of coupons to class members and also provides for equitable relief, including injunctive relief -
> > (1) that portion of the attorney's fee to be paid to class counsel that is ***based upon a portion of the recovery of the coupons shall be calculated in accordance with subsection (a)***; and
> > (2) that portion of the attorney's fee to be paid to class counsel that is not based upon a portion of the recovery of the coupons shall be calculated in accordance with subsection (b).

Where the requested fees are based on an award of settlement coupons, Subsection 1712(a) mandates that the fees "***shall***" be based on the value of the redeemed coupons. 28 U.S.C. § 1712(a) (emphasis added). There is no question here that class counsel's fee request is based on the settlement coupons: class counsel argues that the $3 million fee request "constitute[s] approximately 10% of the common benefit achieved by the settlement" ($29 million in settlement coupons). *See* Fee Request at 1. Subsection 1712(a) applies and the fees must be based on the amount of redeemed coupons.

Defendants argue that 1712(b) gives class counsel the option to seek lodestar. Def. Response at 3. Subsection 1712(b) is inapplicable, however, because it authorizes lodestar only when "a portion of the recovery of the coupons ***is not used*** to determine the attorney's fee to be paid to class counsel." 28 U.S.C. § 1712(b) (emphasis added). *In re HP Power Plug and Graphic Card Litigation* is an example of the application of Section 1712(b). No. C-06-02254 RMW, 2008 U.S. Dist. LEXIS 111427 (N.D. Cal. Jul. 8, 2008). In *HP Power Plug*, plaintiffs' counsel requested $1.6 million on a lodestar-with-multiplier in connection with a settlement that provided repairs to the affected graphics cards or power plugs, as well as coupons. *Id.* at *7-8. The court approved the lodestar method and explained:

> The court agrees that the ***main value*** of the settlement is the provision of a repair option, not the provision of a coupon and finds using "a lodestar with a multiplier method" to be appropriate for determining attorney's fees for plaintiffs' counsel in this case.
>
> The Stipulation of Settlement seems to indicate that plaintiffs' counsel are not seeking fees to the extent the recovery to the class under the settlement includes coupons. … The court has not considered the effect of this provision in the Stipulation of Settlement and makes no determination with regard to the propriety of the parties' apparent attempt to cabin their attorney's fees request to the non-coupon portion of the settlement in order to escape the requirements of CAFA.

*Id.* at *7-8 & n.2 (emphasis added); *see also Silberblatt v. Morgan Stanley,* 524 F. Supp. 2d 425, 432 (S.D.N.Y. 2007) (CAFA "permits the use of 'a lodestar with a multiplier method' in awarding fees where injunctive relief is obtained"). *HP Power Plug* instructs that the court should examine the class

relief obtained. Subsection 1712(b)'s lodestar method is reserved for those settlements where the primary class relief is not coupons and the coupons need not serve as the basis for the attorneys' fees requested. Section 1712(b) is inapplicable here because the drink coupons are the primary class relief and because class counsel is basing its fee request on such coupon relief.[1]

Indeed, defendant's reading of 1712 contradicts the plain meaning of the statute. Subsection 1712(a) provides that the court "***shall***" use the redeemed value when the fees are attributable to coupon relief, leaving no room for the parties to choose between lodestar and redemption value methods. *See Exelon Generation Co., LLC v. Local 15, IBEW*, 676 F.3d 566, 571 (7th Cir. 2012) ("'must,' like 'shall,' is mandatory and generally forecloses discretion") (internal citation omitted). Further, if permitted to simply choose between Subsections 1712(a) (redemption value) or 1712(b) (lodestar) in calculating attorneys' fees, then Subsection 1712(c) would be rendered meaningless. Subsection 1712(c) provides that if the settlement offers both coupon and equitable relief, the attorneys' fees based on the coupons "***shall***" be calculated based on redeemed coupons while lodestar would apply to the remaining recovery. 28 U.S.C. 28 U.S.C. § 1712(c)(1). If parties could choose between Subsection 1712(b)'s lodestar method or Subsection 1712(a)'s redemption value method, Subsection (c)'s mandate that fees ***shall*** be based on redeemed coupons would be superfluous as parties could simply choose to apply 1712(b) to the entire settlement. The Seventh Circuit has instructed that courts should "avoid interpretations of statutes that render words, or other sections, superfluous." *Gillespie v. Trans Union Corp.*, 482 F.3d 907, 909 (7th Cir. 2007) (citing *Duncan v. Walker*, 533 U.S. 167, 174 (2001)). Subsections 1712(a), (b) and (c) should be read harmoniously.

---

[1] Plaintiffs do not ascribe any value to the injunctive relief, *see* Settlement (Dkt. 103) at 11-12, in their request for fees, *see* Fee Request. Nor could they, as the settlement's prospective injunctive relief does not compensate class members for past injury. *Synfuel Techs. v. DHL Express*, 463 F.3d 646, 654 (7th Cir. 2006). Moreover, even if class counsel sought fees based on the injunctive relief, Section 1712(c) would still require attorneys' fees based on coupons to be calculated based on the value of the coupons actually redeemed. *See* Section 1712(c)(1).

Finally, any other reading would lead to absurd results. Imagine the hypothetical situation where class counsel spends ten years litigating a class action to reach a settlement that merely provides class members with coupons for a penny off their next purchase. While the coupons aren't worth the paper they're printed on, class lawyers could run up the lodestar—requesting full recovery of their fees under 1712(b)—without regard for the fact that the class members receive nothing of value. If class counsel are able to simply choose between actual value (1712(a)) and lodestar (1712(b)), it would create poor incentives contradicting the very purpose of CAFA.

In short, Subsection 1712(b) does not apply to this case. Defendant (and class counsel) cannot defend the fee request's failure to comply with CAFA by pointing to an inapplicable subsection. Under Subsection 1712(a), class counsel's $3 million fee request must be based on the amount of drink coupons actually redeemed. Because it fails to do so, the fee request must be rejected.

## II. Even If a Lodestar Calculation is Used, Rule 23(h) Requires that the Fee Be Cross-Checked Against the Percentage of Recovery.

Even if class counsel were awarded a lodestar with multiplier (in contravention of CAFA), any fee award should not exceed a reasonable percentage of the class benefit, i.e., the amount of drink coupons actually redeemed. In awarding attorneys' fees, the Seventh Circuit requires the court to award "the market price for legal services, in light of the risk of nonpayment and the normal rate of compensation in the market at the time." *In re Synthroid Mktg. Litig.*, 264 F.3d 712, 718 (7th Cir. 2001). If the court opts to apply a lodestar method, the Seventh Circuit has instructed that "[a]fter establishing the lodestar and multiplier, the judge may find it useful to compare the percentage of the fund to contingent arrangements negotiated in other cases of the same type." *Harman v. Lyphomed, Inc.*, 945 F.2d 969, 974 (7th Cir. 1991). A percentage-of-recovery cross-check ensures that class counsel do not receive a disproportionate distribution of the settlement. "Just as the lodestar method can 'confirm that a percentage of recovery amount does not award counsel an exorbitant hourly rate,' the percentage-of-recovery method can likewise 'be used to assure that counsel's fee

does not dwarf class recovery.'" *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 945 (9th Cir. 2011) (quoting *In re GMC Pick-Up*, 55 F.3d at 821 n.40). *See also Hensley v. Eckerhart*, 461 U.S. 424, 434-37 (1983) (lodestar-based fee awards should be calibrated downward where the degree of success is relatively small).

The degree of success is the *actual* benefit received by the class because of class counsel's efforts, not some hypothetical benefit. *Reynolds v. Beneficial Nat. Bank*, 288 F.3d 277, 286 (7th Cir. 2002) ("class counsel's compensation must be proportioned to the *incremental* benefits they confer on the class" (emphasis in original)). The Third Circuit recently reinforced this principle by squarely holding that it was an abuse of discretion to approve a settlement absent consideration of the actual amount of compensation that would be distributed directly to the class. *See In re Baby Products Antitrust Lit.*, 708 F.3d 163, 169-70 (3d Cir. 2013). There, class counsel negotiated a settlement fund of $35.5 million, and won an award of $14 million in fees. But because the district court failed to consider the disproportion between the $14 million and the $3 million the class received under the settlement's claims process, the settlement approval was reversed because "class counsel, and not their client, may be the foremost beneficiaries of the settlement." *Id.* at 169, 179; *cf. In re Aqua Dots Products Liability Litigation*, 654 F.3d 748 (7th Cir. 2011) (holding that class representatives who permit class counsel to bring class litigation to benefit themselves, rather than their putative class clients, cannot meet adequacy requirements). The Third Circuit held this notwithstanding the plaintiffs' contention that the lodestar method justified the fees, the fee award only amounting to a .37 "negative" lodestar multiplier. 708 F.3d at 180 n.14. Put simply, "courts need to consider the level of ***direct benefit*** provided to the class in calculating attorneys' fees." *Id.* at 170 (emphasis added). Similarly, the Ninth Circuit held it was reversible error when the district court failed to compare fees to results achieved for the class in evaluating fairness of fees, which implicate the settlement's fairness. *In re Bluetooth Headset Prod. Liab. Lit.*, 654 F.3d 935, 945 (9th Cir. 2011).

The reason for the need for an award proportionate to the *actual* recovery of the class is to appropriately incentivize class counsel. If class counsel's fees are determined by the face value of

coupons, no matter how difficult or unlikely they are to be redeemed, then class counsel will have no incentive to ensure that they have "adequately prioritize[d] direct benefit to the class" in the settlement. *Baby Products*, 708 F.3d at 178-79. *Accord* American Law Institute, *Principles of the Law of Aggregate Litigation* §3.13 *Illustration 1* (2010) (fees should be based on actual direct benefit received, not potential benefit that reverts to defendant).

Here, the claims period does not end until September 2, 2013. The settlement coupons will expire one year after issuance. *See* Mem. in Support of Prelim. Approval (Dkt. 85) at 11. Thus, the amount of redeemed coupons cannot yet be determined. But without evidence regarding the redemption of the drink coupons, the court cannot assess the direct benefit to the class. *See Sobel v. Hertz Corp.*, No. 3:06-cv-00545-LRH, 2011 U.S. Dist. LEXIS 68984, at *36 (D. Nev. Jun. 27, 2011) ("Because redemption rates have a direct and potentially devastating impact on the actual value received by the class, such lack of evidence prevents any reasoned assessment of the settlement's actual value to the class."). Class counsel's fee request is not based on the direct benefit to the class—the actual value of coupons redeemed—to permit the required assessment.[2]

In sum, under CAFA's Section 1712(a) (requiring valuation based on redeemed coupons) or under Rule 23(h) precedent (requiring fee awards to be "reasonable" and proportionate to the direct benefit to the class), the result is the same. Class counsel's fee request must be rejected because it is not based on the actual value to the class measured by the amount of redeemed drink coupons.

---

[2] For example, it would have been possible for class counsel to propose a procedure where they would receive 25% of the redeemed value of the coupons at the appropriate time; it even would have been possible for periodic submissions of redemption data to permit interim payments to class counsel before the final expiration date of the coupons.

## CONCLUSION

Even if the Court were to approve the settlement, any fee award should comply with 28 U.S.C. § 1712(a) and be based on the amount of redeemed drink coupons. A fee award based on lodestar must still comply with Rule 23(h), which requires the attorney award to reflect proportionality with the benefit actually realized by the class.


Dated: May 7, 2013.

*/s/ Melissa A. Holyoak*
Melissa A. Holyoak, (DC Bar No. 487759)
Center for Class Action Fairness
1718 M Street NW, No. 236
Washington, DC 20036
Phone: (573) 823-5377
Email: melissaholyoak@gmail.com

*Attorney for Gregory Markow*

## Certificate of Service

The undersigned certifies she electronically filed the foregoing Response via the ECF system for the Northern District of Illinois, thus effecting service on all attorneys registered for electronic filing. Additionally, she placed a copy of the foregoing in the U.S. mail addressed to:

Hon. Matthew F. Kennelly
United States District Court for the Northern District of Illinois, Eastern Division
Everett McKinley Dirksen United States Courthouse
Chambers 2188
219 South Dearborn Street
Chicago, IL 60604

Dated: May 7, 2013.

/s/ Melissa A. Holyoak