# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| *In re Southwest Airlines Voucher Litigation* | ) ) ) ) | No. 11-CV-8176<br><br>Hon. Matthew Kennelly |

## AMENDED STIPULATION OF SETTLEMENT

It is hereby Stipulated and Agreed, by and between Plaintiffs and Defendant (as those terms are hereinafter defined), that the lawsuit captioned above (the "Action"), and the matters raised by the Action, are settled, compromised and dismissed on the merits and with prejudice as to the Defendant on the terms and conditions set forth in this Settlement Agreement and the Release (hereinafter, "Agreement" or "Settlement Agreement" or "Settlement"), subject to the approval of the Court. This Amended Stipulation of Settlement shall replace the Stipulation of Settlement filed by the Parties on December 3, 2012.

## I.   DEFINITIONS

As used in this Agreement and the attached exhibits (which are an integral part of this Agreement and are incorporated in their entirety by reference), the following terms have the following meanings, unless a section or subsection of this Agreement or its exhibits provides otherwise:

**A.**   "*Action*" means the lawsuit captioned *In re Southwest Airlines Voucher Litigation*, Case No. 11-C-8176 (N.D. Ill. Eastern Division).

**B.**   "*Agreement*" or "*Settlement Agreement*" or "**Settlement**" means this Stipulation of Settlement and the attached exhibits.

**C.**     "*Attorneys' Fees and Expenses*" means such funds as may be awarded to Class Counsel by the Court, for distribution to Class Counsel, but subject to appeal, as set forth in more detail in Section X herein.

**D.**     "*Claim*" means a request for Class Benefits that is submitted by a Class Member or his or her authorized representative to the Settlement Administrator in accordance with Section (VI)(C) herein.

**E.**     "*Claim Form*" means the document attached hereto as Exhibit A.

**F.**     "*Claim Form Deadline*" means September 2, 2013.

**G.**     "*Claimant*" is a Class Member, or the legal or authorized representative of a Class Member, who submits a Claim to the Settlement Administrator.

**H.**     "*Claims Process*" means the process and procedure for the submission, evaluation and resolution of Claims, as more particularly described in Section VI of this Agreement.

**I.**     "*Class*" and "*Class Members*" means all Southwest customers who purchased an Eligible Drink Voucher through the purchase of a Business Select ticket or otherwise, during the time period before August 1, 2010, but who did not redeem the Eligible Drink Voucher.  "*Class Member*" means a member of the Class.  The Class does not include Southwest customers who obtained drink vouchers or drink coupons through the Southwest Rapid Rewards program or as a result of being a member of the Southwest Rapid Rewards Program, unless those customers separately purchased, but did not redeem, Eligible Drink Vouchers through the purchase of a Business Select ticket or otherwise.

**J.**     "*Class Benefits*" or "*Class Relief*" means the Replacement Vouchers and injunctive relief provided to Entitled Class Members through this Settlement, as set forth in more detail in Section III herein.

**K.** "*Class Counsel*" means:

> Joseph J. Siprut
> Aleksandra M.S. Vold
> SIPRUT PC
> 17 North State Street
> Suite 1600
> Chicago, Illinois 60602

**L.** "*Class E-mail Notice*" means the notice of settlement sent to the class members on the List of Potential Class Members, as set forth in more detail in Section V, and to be attached as Exhibit B to this Agreement.

**M.** "*Class Notice Package*" means the notice package, as approved in form and content by Class Counsel and Defendants and the Court, and to be attached hereto as Exhibit C, to be provided to potential Class Members as set forth in Section V herein.

**N.** "*Class Representative*" shall mean and refer to Adam J. Levitt and Herbert C. Malone, also referred to as "Plaintiffs" or "Named Plaintiffs," whose names will be submitted to the Court for consideration as adequate representatives of the Class and who will be designated by the Court to appear on behalf of and to represent the Class in the Action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

**O.** "*Court*" means the United States District Court for the Northern District of Illinois, Eastern Division, Judge Matthew F. Kennelly presiding, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604.

**P.** "*Defendant*" means Southwest Airlines Co. or "Southwest".

**Q.** "*Defendant's Counsel*" means all of the following:

> H. Thomas Wells, Jr.
> Lorrie L. Hargrove
> Mitesh Shah
> Gregg McCormick
> Maynard, Cooper & Gale, P.C.

2400 Regions/Harbert Plaza
1901 6th Avenue North
Birmingham, Alabama 35203

Michael W. Drumke
Swanson, Martin & Bell, LLP
330 North Wabash Avenue, Suite 3300
Chicago, IL 60611-3604

**R.** "*Eligible Drink Voucher*" means the voucher purchased by any Class Member prior to August 1, 2010, as part of the Class Member's purchase of a Business Select ticket or otherwise, entitling the Class Member to a free drink while flying on a Southwest flight. "Eligible Drink Voucher" does **not** include drink vouchers or coupons received through the Southwest Rapid Rewards program or as a result of being a member of the Southwest Rapid Rewards program.

**S.** "*Entitled Class Member*" means a Settlement Class Member whose Claim(s) has been adjudged (1) timely, and (2) valid by the Settlement Administrator based upon the Claims Process set forth in Section VI herein, and who will therefore be entitled to one or more Replacement Vouchers as a portion of Class Relief. "Entitled Class Members" are not businesses acting in a capacity as a transaction agent, including but not limited to travel agents or agencies, who only purchased Southwest Business Select tickets on behalf of their customers who were the actual Southwest passengers.

**T.** "*Fairness Hearing*" means the hearing at or after which the Court will make a final decision whether to approve this Agreement as fair, reasonable and adequate. That Fairness Hearing will be held on May 21, 2013, subject to change, as will be reflected on www.southwestvouchersettlement.com.

**U.** "*Final Order and Judgment*" means the Court's Order giving its final approval to the settlement and this Agreement, and the judgment entered pursuant to that Order, as

contemplated in Section XII of this Agreement and as proposed and attached as Exhibit D hereto.

V. "*Final Settlement Date*" means the date on which the Final Order and Judgment approving this Agreement becomes final. For purposes of this definition, the Final Order and Judgment shall become final:

(i) if no appeal is taken from the Final Order and Judgment, ten days after the time to appeal therefrom has expired;

(ii) if any appeal is taken from the Final Order and Judgment, ten days after the date on which all appeals therefrom, including petitions for rehearing or reargument, petitions for rehearing en banc and petitions for certiorari or any other form of review, have been finally disposed of in a manner resulting in an affirmance of the Final Order and Judgment; or

(iii) on a date after entry of the Final Order and Judgment, which date counsel for the Parties agree to in writing.

The Parties agree that the Final Settlement Date is not affected by any appeal of the Attorneys' Fees and Expenses award, provided that the Court enters the 54(b) certification discussed in Section X herein.

W. "*Mediator*" means Wayne R. Andersen, former United States District Judge for the Northern District of Illinois.

X. "*Opt-Out Deadline*" means 120 days after the Preliminary Approval Order, and is the final day by which a Class Member's request for exclusion from the Class must be received by the Settlement Administrator to be valid.

Y. "*Parties*" means Plaintiffs (in their individual and representative capacities) as represented by Class Counsel and Defendant and, where applicable, their respective counsel. "*Party*" means a Class Representative or a Defendant.

**Z.** "*Post-Settlement Drink Voucher*" means, from the date of the Final Order and Judgment forward, the voucher issued to any Southwest customer as part of the customer's purchase of a Southwest Business Select ticket, entitling the customer to a free drink.

**AA.** "*Preliminary Approval Order*" means the Order to be entered by the Court concerning notice, administration and the Fairness Hearing, as contemplated in Section IV of this Agreement.

**BB.** "*Preempted Claims*" means those claims set forth in counts two, three, and four of Plaintiffs' Amended Complaint (D.E. 23).

**CC.** "*Publication Notice*" means the notice published in accordance with the Settlement Notice Plan.

**DD.** "*Replacement Voucher*" means a drink voucher entitling a Southwest Customer to one free drink during a Southwest flight. The Replacement Voucher to be received as Class Relief will be substantially in the same form as Exhibit F to this Settlement Agreement. Replacement Vouchers are transferrable. The Replacement Drink Vouchers will include an expiration date.

**EE.** "*Release*" means the release and waiver set forth in Section IX of this Agreement.

**FF.** "*Released Claims*" means any and all claims that were made or could have been made in this Action, whether foreseen or unforeseen, by any Class Member or anyone acting on his, her, or its behalf.

**GG.** "*Releasees*" or "*Released Parties*" means the Defendant and each of its past, present and future parents (including intermediate and ultimate parents), subsidiaries, predecessors, affiliates, successors and assigns, and each of their respective past, present and future officers, directors, employees, general agents, agents, representatives, attorneys, heirs,

administrators, executors, insurers, predecessors, successors and assigns, or any of them, including any person or entity acting on their behalf or for their benefit or at the direction of any of them.

**HH.** "*Releasor*" or "*Releasors*" means any Class Member who does not timely exclude himself or herself from the Class pursuant to Section VII herein, anyone representing that Class Member or acting on his or her behalf or for his or her benefit, and those Class Members' agents, attorneys, predecessors, successors, insurers, administrators, heirs, executors and assigns.

**II.** "*Settlement Administrator*" means any third-party administrator who the Class Counsel and Defendant's Counsel agree upon with the Court's approval to help implement the terms of this Agreement. Class Counsel and Defendant's Counsel have agreed that the Settlement Administrator shall be Epiq Systems, Inc., subject to Court approval.

**JJ.** "*Settlement Agreement*" or "*Agreement*" means this document and the exhibits attached hereto or incorporated herein, including any subsequently added exhibits or amendments and any exhibits to such amendments.

**KK.** "**Settlement Class**" or "**Settlement Class Members**" means the Class Members who do not timely opt-out of the Class.

**LL.** "*Settlement Notice Plan*" or "*Notice Plan*" means the comprehensive plan approved in form and content by Class Counsel, Defendant's Counsel and the Court, to notify the Class of the proposed settlement of this Action, which articulates the manner and forms of notice. A copy of the Settlement Notice Plan proposed by the Parties for the Court's approval is attached hereto as Exhibit G.

## II.     INTRODUCTION AND STATUS OF LITIGATION

A.     Substantial discovery, document production, motion practice and litigation have been completed in the Action.  The parties fully briefed a complex motion to dismiss raising preemption issues.  There has also been substantial motion practice on Southwest's affirmative defenses, and a protective order.  The depositions of both Class Representatives have been taken in Chicago and Philadelphia, along with depositions of five Southwest employees, which were taken in Dallas and Denver.  The Parties have exchanged and reviewed over a thousand documents.  In addition, the parties have exchanged information informally and frequently, including in the context of mediation.  At the time this Settlement Agreement was negotiated, discovery was almost complete.  The Parties hereto are in a reasonable position to assess the factual and legal merits and weaknesses of their respective claims and defenses.

B.     This Action was originally filed on November 16, 2011, on behalf of: "All persons who reside in the United States and who have been issued unredeemed Southwest Airlines Drink Coupons."  On December 20, 2011, Plaintiffs filed an Amended Complaint in this Action, narrowing the proposed class to:  "[a]ll persons who reside in the United States and who procured unredeemed Southwest Airline Drink Vouchers with the purchase of one or more Business Select tickets from Southwest."  (D.E. 23, at p. 5)

C.     The lawsuit arose out of Southwest's decision, effective August 1, 2010, to no longer accept drink vouchers without a printed expiration date, and to accept drink vouchers purchased with the purchase of a Business Select ticket on the date of the ticketed travel only.  Southwest moved to stay this Action in light of an earlier, first-filed lawsuit pending in Alabama, *Grimsley v. Southwest Airlines Co.*, No. 2:11-cv-3420-LSC, (N.D. Ala.).  Southwest also filed a

motion to dismiss certain counts of the complaint based on federal preemption by the Airline Deregulation Act.

D.     On March 5, 2012, the Court granted in part Defendant's motion to dismiss, dismissing all claims in this case with prejudice except for the breach of contract claim.   This ruling made the prosecution of Plaintiffs' claims against the Defendants significantly more challenging on the merits.  The Court denied Southwest's motion to stay.

E.     As a result of the extensive litigation completed or in progress, as well as the information at hand, the dismissal of the Preempted Claims, and the upcoming briefing schedule on Plaintiffs' motion for class certification, Plaintiffs and Southwest conducted negotiations for a settlement of the Action with the Mediator, taking into account:  (a) the merits of the Complaint or the lack thereof; (b) the strength of Plaintiffs' case compared to the amount of Defendant's settlement offer; (c) the time, expense and effort necessary to litigate the Action to conclusion; (d) possibilities of success weighed against the possibilities of loss; (e) the range of potential judgment values, if any should be awarded; (f) the complexity of the issues in the Action; (g) the risks inherent in protracted litigation; (h) the magnitude of benefits to be gained from immediate settlement in light of both the maximum potential of a favorable outcome with the attendant expense and likelihood of an unfavorable outcome; (i) the possibility of no recovery to any potential Class Members whatsoever; (j) the fairness of benefits from an immediate settlement under all of the foregoing considerations; and (k) the stage of the proceedings.

F.     The Parties engaged in two full days of arm's length – and often spirited – mediation sessions over the course of two weeks with the Mediator in Chicago, Illinois.  In addition to these two in-person sessions, for over a month, the Parties also engaged in numerous telephonic and written communications with the Mediator and among themselves, including the

submission of letter briefs to the Mediator. Substantial time and effort have been expended by the Parties and their counsel in negotiating this Settlement Agreement and the Settlement contemplated herein.

**G.**    In entering into this Settlement Agreement, Southwest has denied, and continues to deny, any liability, wrongdoing or responsibility in connection with the claims made in the Action, and believes that such claims are without merit and that such claims are barred in whole or in part. Southwest further claims that, if contested, class certification would be denied. Southwest has concluded, however, that this Agreement is desirable in order to avoid the time, risk, and expense of defending protracted litigation, and to resolve finally and completely the pending and potential claims of Plaintiffs and the Class Members, and thus to resolve the litigation.

**H.**    Class Counsel has evaluated the claims in the Action from a settlement perspective, considering the nature and extent of the alleged damages and the alleged liability of the Released Parties, the costs of prosecuting claims in light of the risks of zero or limited recovery, and the dismissal of the Preempted Claims.

**I.**    In light of the foregoing, the consensus of the Parties is that the Class Relief proposed in this Settlement Agreement would result in substantial benefit to the potential Class Members in the Action. Accordingly, as more fully described below, the Parties to this Settlement Agreement shall submit this Settlement Agreement and the exhibits attached hereto to the Court for approval, pursuant to a Joint Motion for Preliminary Approval of Proposed Settlement to be heard on the Court's docket as soon as practicable.

### III.    SETTLEMENT RELIEF

A.    **Settlement Administrator.**  The Parties shall jointly agree on and designate a Settlement Administrator for this Settlement.  The availability of Class Relief to a Class Member will be determined by the Settlement Administrator's evaluation of the Claim Form and other materials submitted by the Claimant, as well as any additional materials that the Settlement Administrator may obtain that are related to the Claim, including but not limited to Class Members' Southwest flight histories.  The fees of the Settlement Administrator shall be paid by Southwest.  In the event the Court does not give final approval to this Settlement, the Settlement Administrator shall immediately stop any and all activity on this case, and will not be paid any fees for activity taking place thereafter.

B.    **Class Relief.**  The Class Benefits or Class Relief agreed upon by the Parties are the following:

1.    **Replacement Vouchers.**  Each Entitled Class Member shall receive one (1) Replacement Voucher for *each* Eligible Drink Voucher issued prior to August 1, 2010 to the Entitled Class Member, in connection with the purchase of an Eligible Drink Voucher through the purchase of a Business Select ticket or otherwise, that was not redeemed by the Entitled Class Member, with no artificial limit or cap on the number of Replacement Vouchers per Entitled Class Member.   The process for determining whether a Class Member is entitled to the total Class Relief sought by the Class Member is set forth in Section VI of this Agreement.

2.    **Injunctive Relief.**  With respect to Post-Settlement Drink Vouchers, the following shall apply, without limitation:

a) If Southwest fails to include expiration dates on the Post-Settlement Drink Voucher, then the Post-Settlement Drink Vouchers may be redeemed on a Southwest flight at any point in time;

b) If Southwest includes expiration dates on the Post-Settlement Drink Vouchers, Southwest agrees to honor the expiration dates and not retroactively invalidate them or shorten the expiration period; and

c) If Southwest restricts or limits use of the Post-Settlement Drink Vouchers to the day of the flight for which the ticket was purchased, then Southwest agrees to include express, conspicuous language printed on the Post-Settlement Drink Voucher, stating that the Post-Settlement Drink Voucher may only be redeemed on the day of the flight, or that it is valid only on a specific date.

**C.     Other.**  Any Class Representative's Award, upon Court approval, shall be paid by Southwest and determined by Class Counsel, but will not exceed $15,000 for each of the two Plaintiffs, with such amount submitted to the Court prior to the Fairness Hearing for approval. Class Counsel's Attorneys' Fees and Expenses shall be paid by Southwest, subject to the procedure set forth in Section X of this Agreement.

**D.     No Further Payment From Defendant.** Class Counsel, Plaintiffs, and Southwest further expressly agree that under no circumstances whatsoever shall Southwest be responsible for paying any monies, benefits, costs, administrative costs, expense or attorneys fees in settlement of this Action other than as expressly provided for by this Settlement Agreement, nor will Southwest be required to take any action heretofore or incur any liability or pay any expense or be required to do any other thing, except as expressly provided herein.  If for any reason the Court orders Southwest to pay any monies, benefits, costs, administrative costs, expense or

attorneys' fees in settlement of this Action other than as expressly provided for, Southwest has the right to terminate this Settlement Agreement by giving notice to Class Counsel. This provision shall not apply to any claim arising out of a breach of this Settlement Agreement.

## IV. REQUEST FOR PRELIMINARY APPROVAL OF THE PROPOSED SETTLEMENT.

A.      The Parties shall submit this Settlement Agreement to the Court for preliminary approval. This submission shall be made by means of a Joint Motion for Preliminary Approval of Proposed Class Settlement signed by Class Counsel on behalf of the Class and Defendant, and will submit via electronic mail, pursuant to the Court's Standing Order, a proposed Preliminary Approval Order substantially similar to the form attached hereto as Exhibit E.

B.      Failure of the Court to preliminarily approve the proposed Settlement by entering a Preliminary Approval Order materially similar to the proposed Preliminary Approval Order attached hereto as Exhibit E shall be sufficient cause for the termination of this Settlement Agreement by any Party, but only after a conference is held with Class Counsel, Defendant's Counsel, and the Mediator to attempt to resolve any issue delaying or preventing the Court's approval. Thereafter, if no such resolution occurs, written notification of termination of this Settlement Agreement shall be provided to Class Counsel and Defendant's Counsel by the terminating Party.

## V. CLASS NOTICE.

A.      **List of Potential Class Members.**

By December 10, 2013, Southwest, with the Settlement Administrator's assistance (if necessary), will compile a List of Potential Class Members. The List of Potential Class Members shall include, if the information is reasonably available to Southwest, the Class Member's name and the e-mail address provided by the Class Member to Southwest.

    B.    **Notice Plan.**  The Notice Plan shall include:

        1.  *E-mail Notice.* Subject to the Court granting Preliminary Approval of this Settlement Agreement and no later than thirty days after the Court's Preliminary Approval Order, Southwest or the Settlement Administrator will send via e-mail the Class E-mail Notice to each person named on the List of Potential Class Members for whom an e-mail address is reasonably available.  If Southwest sends the Class E-mail Notice, the Settlement Administrator will assist Southwest with this e-mail notice process, if necessary.  The Class E-mail Notice will among other things inform Class Members of the Settlement, that a Claim Form is available on the website, and of the Class Benefits available.  The Class E-mail Notice will be substantially similar to the form to be attached hereto as Exhibit B.  The Settlement Notice Plan provides a procedure for the Class E-mail Notice and other follow-up notice, if necessary.  The Settlement Notice Plan, agreed to by Class Counsel and Defendant's Counsel, is attached hereto as Exhibit G.

        2.  *Publication Notice.*  Subject to the Preliminary Approval Order and no later than forty-five days after the Court's Preliminary Approval Order, the Settlement Administrator will begin Publication Notice.  The Publication Notice shall inform Class Members that they may obtain a Class Notice Package and Claim Form by any one of several methods including by calling a toll-free telephone number and/or by accessing an Internet website.  The Settlement Notice Plan, attached as Exhibit G, describes the method of Publication Notice.  The written Publication Notice will be attached as Exhibit H.

    C.    **Class Notice Package**

    Within three (3) business days after the Settlement Administrator receives the Class Member's or Claimant's request, provided such request is made at least ten (10) days prior to the

Opt-Out Deadline, the Settlement Administrator shall send a Class Notice Package, including a Claim Form, to each Claimant who requests such package from the Settlement Administrator as a result of receiving Publication Notice or Class E-mail Notice. Furthermore, the Settlement Administrator will notify Class Members of other methods by which this Class Notice Package can be easily obtained, including by downloading from the Settlement website and by toll-free telephone request at 1-888-288-2153.

D.      The Class Notice shall advise Class Members of their rights, including the right to opt-out or object to the Agreement or its terms. The Class Notice shall provide instructions on objections, as described in more detail below.

E.      **Notice Costs.**

All costs for Notice under this Settlement Agreement shall be paid by Southwest.

VI.      **CLAIM PROCESS & SETTLEMENT ADMINISTRATION**

A.      **Payment of Administrative Costs.**  All administrative costs for this Settlement are to be paid by Southwest.

B.      **Settlement Administrator's Duties**.

1.   The Settlement Administrator shall maintain reasonably detailed records of its activities under this Agreement.  The Settlement Administrator shall maintain all such records as required by applicable law in accordance with its business practices and such records will be made available to Class Counsel and Defendant's Counsel upon request. The Settlement Administrator shall also provide reports and other information to the Court as the Court may require. The Settlement Administrator shall provide Class Counsel and Defendant's Counsel upon request with information concerning notice, administration and implementation of the Settlement. Should the Court request, the Parties, in conjunction with the Settlement

Administrator, shall submit a timely report to the Court summarizing the work performed by the Settlement Administrator, including a report of the number of Replacement Vouchers claimed by Class Members. Without limiting the foregoing, the Settlement Administrator shall:

        a) Provide weekly or other periodic reports to Class Counsel and Defendant's Counsel upon request that include, without limitation, reports regarding the number of Claim Forms received, the number thereof approved by the Settlement Administrator, the number of Replacement Vouchers requested by each Claim made, and the categorization and description of Claim Forms rejected by the Settlement Administrator; and

        b) Make available for inspection by Class Counsel and Defendant's Counsel, as well as audit by Southwest, the Claim Forms and any supporting documentation received by the Settlement Administrator at any time upon reasonable notice.

        2. The Settlement Administrator shall cause a website to be created containing relevant documents, including but not limited to, all applicable deadlines; the Class Notices; instructions on how to submit Claims online or by mail or facsimile; FAQs and answers; orders of the Court pertaining to the Settlement; this Agreement and all supporting exhibits; a toll-free telephone number and addresses to contact the Settlement Administrator by e-mail and mail, and other documents and court papers relevant to the proposed settlement. The cost of creating and maintaining this website shall be paid by Southwest. The Parties shall agree on all information and documents to be posted on this website, including the website's URL.

    **C.**    **Claims Process.**

        1. To submit a Claim, a Class Member must submit a valid Claim Form to the Settlement Administrator, according to the instructions contained in the Claim Form. The Claim Form may be submitted to the Settlement Administrator by U.S. Mail, online via the settlement

website, by e-mail to the address established by the Settlement Administrator, or by facsimile to the facsimile number established by the Settlement Administrator. If the Claim Form is mailed by U.S. Mail, it must be postmarked on or before the Claim Form Deadline or will be rejected as untimely. If the Claim Form is submitted online via the settlement website, by e-mail, or by facsimile, it must be submitted to the Settlement Administrator no later than midnight on the Claim Form Deadline, as determined by the Settlement Administrator's records. A Class Member, though otherwise bound by any judgments to be issued by the Court, including the Final Order and Judgment and its release provisions, is not entitled to Class Relief if he or she submits a Claim Form after the Claim Form Deadline. The Settlement Administrator is the lone judge of whether a Claim Form is submitted timely. There shall be no appeal from the Settlement Administrator's denial of Class Benefits based on an untimely Claim Form. Class Members who do not timely opt-out, and who do not submit a Claim Form for Class Relief are not "Entitled Class Members," and shall not receive any Class Relief, but will nonetheless be bound by the Final Order and Judgment of the Court and its release provisions therein.

2. To be an Entitled Class Member, Class Members must submit the following: (1) a timely Claim form, as set forth above ; (2) a completed Claim Form, with full answers to all questions asked therein; (3) either (a) one unredeemed Eligible Drink Voucher for each Replacement Voucher the Class Member seeks to have replaced as Class Relief; or (b) a sworn statement affirming the number of Eligible Drink Vouchers the Class Member purchased but did not redeem, both of which are subject to audit (random or otherwise) by the Settlement Administrator or Southwest. Class Members will not receive Replacement Vouchers for drink vouchers they submit that do not meet the definition of "Eligible Drink Voucher" provided herein, (including, but not limited to, drink vouchers issued in connection with Southwest's

-17-

Rapid Rewards program). The completed Claim Form and required accompanying materials must be submitted to the Settlement Administrator on or before the Claim Form Deadline or the Claim will be denied. The Settlement Administrator's denial of a Claim based on a Class Member's failure to provide any of the items mentioned in this Section is not appealable by the Class Member. The Settlement Administrator shall have discretion in determining whether the requirements for "Eligible Class Member" of this Section are met, with the exception that Southwest reserves the right to determine that any Claim for Class Relief should be denied based on its audit of the Class Member's flight history. Any denial of a Claim based on Southwest's audit of the Class Member's flight history is not appealable.

3. The Settlement Administrator shall notify a Claimant if it concludes that the Claimant is not an Entitled Class Member.

4. The Settlement Administrator shall not mail any Class Relief to Entitled Class Members until after the Final Settlement Date.

## VII. REQUESTS FOR EXCLUSION

A. Any Class Member who wishes to be excluded from the Class must mail a written request for exclusion to the Settlement Administrator at the address provided by the Class Notice. The request for exclusion must include the following to be valid: (i) the Class Member's name, address and phone number, and (ii) a statement that the Class Member wishes to be excluded from the Class. The request for exclusion must be postmarked and sent to the Settlement Administrator on or before the Opt-Out Deadline. The Settlement Administrator's decision as to whether a request for exclusion is or is not timely and received by the Opt-Out Deadline is final and binding. A list reflecting all timely requests for exclusion, identifying the person requesting exclusion, shall be assembled by the Settlement Administrator and filed with

the Court at or before the Fairness Hearing.  The Settlement Administrator shall provide that list to Defendant's Counsel no later than ten (10) days after the Opt-Out Deadline.

B.      Any Class Member who is not excluded by the filing of a timely written request for exclusion by the Opt-Out Deadline shall be bound by all subsequent proceedings, orders and judgment in this Action, including the Final Order and Judgment and its release provisions, even if he or she has pending, or subsequently initiates, litigation, arbitration or any other proceeding against the Defendant for any of the Released Claims.

C.      Should 500 (or more) total requests for exclusion be timely received by the Settlement Administrator, this Settlement Agreement will then become voidable at Defendant's discretion.  Such decision to void the Settlement Agreement must be made by Defendant no later than May 17, 2013,.

## VIII.   OBJECTIONS TO SETTLEMENT

Class Members shall have the right to appear and show cause, if they have any, why the terms of this Settlement should not be given final approval by the Court.

A.      Any objection must be submitted in writing, must be filed with the Court, and must be served by mail to Class Counsel and Defense Counsel at the addresses set forth in the notice to the Class, postmarked no later than 120 days after the Preliminary Approval Order.

B.      Class Members may object either on their own or through an attorney hired at their own expense.  If a Class Member hires an attorney to represent him or her at the Fairness Hearing, he or she must do so at his or her own expense.  No Class Member represented by an attorney shall be deemed to have objected to the Stipulation unless an objection signed by the Class Member is also filed and served, postmarked no later than 120 days after the Preliminary Approval Order.

C.    Any objection regarding or related to the settlement or Settlement Agreement: (1) shall contain a caption or title that identifies it as "Objection to Class Settlement in *In re Southwest Airlines Voucher Litigation* (No. 1:11-cv-8176)"; (2) shall contain information sufficient to identify the objecting Class Member, including the objecting Class Member's name, address, telephone number, e-mail address, and the contact information for any attorney retained by the Class Member in connection with the objection; (3) shall contain a clear, concise, and detailed statement of each objection the Class Member is making, the facts supporting each objection, the legal basis on which each objection is based, and the relief the objecting Class Member is requesting; (4) shall contain a statement of whether the objecting Class Member intends to appear, either in person or through counsel, at the Fairness Hearing; (5) shall contain, if the objecting Class Member objects through or intends to appear through counsel, the counsel's name, address, phone number, e-mail address, state bar(s) to which the counsel is admitted, any points and authorities in support of the objecting Class Member's objections upon which the objecting Class Member will rely, and a list identifying all objections such counsel has filed to class action settlements from January 1, 2008 to the present, the results of each objection, including any Court opinions ruling on the objections, and any sanctions by a Court in connection with filing an objection; and (6) shall contain a list of and copies of all exhibits that the objecting Class Member may seek to use at the Fairness Hearing.  If the objecting Class Member intends to request the Court allow the Class Member to call witnesses at the Fairness Hearing, the objecting Class Member must provide a list of any such witnesses together with a brief summary of each witness' expected testimony no later than 120 days after the Preliminary Approval Order.  If an objecting party chooses to appear at the hearing, then a notice of intention

to appear, either in person or through an attorney, must be filed and list the name, address and telephone number of the attorney, if any, who will appear.

        D.      Any Class Member that files an objection must make themselves available for deposition upon ten days written notice.  The deposition must be taken within forty (40) miles of the objecting Class Member's residence, unless the objecting Class Member and parties agree to a different location.

        E.      Any Class Member who fails to comply with the procedures for presenting objections described above shall waive and forfeit any and all rights he or she may have to appear separately and/or to object, and shall be bound by all the terms of this settlement upon final approval and by all proceedings, orders and judgments, including, but not limited to, the Release and the Final Order and Judgment, in the Action.

        F.      Any Class Member who objects to the settlement shall be entitled to all of the benefits of the settlement upon final approval, as long as the objecting Class Member complies with all requirements of the settlement applicable to Class Members, including the timely submission of Claim Forms and other requirements discussed herein.

## IX.     RELEASE AND WAIVER

        **A.**     **Release and Waiver**

        1. In return for the consideration provided in the Agreement, Plaintiffs and Releasors shall release, acquit and forever discharge the Releasees from the Released Claims, including but not limited to any and all past, present, and future causes of action, claims, damages (including but not limited to compensatory damages and punitive damages), or any other damages, awards, equitable, legal and administrative relief, interest, demands or rights that are based upon, related to, or connected with, directly or indirectly, in whole or in part (1) the

Released Claims; or (2) the allegations, facts, subjects or issues that were, could have been, may be or could be set forth or raised in the Action.

In exchange for the relief provided by this Settlement, Southwest and the Releasees, jointly and severally, shall and hereby do fully release and discharge Plaintiffs and Class Counsel from any past, present, and future causes of action, claims, damages (including but not limited to compensatory damages and punitive damages), or any other damages, awards, equitable, legal and administrative relief, interest, demands or rights that are based upon, related to, or connected with, directly or indirectly, in whole or in part (1) the Released Claims; or (2) the allegations, facts, subjects or issues that were, could have been, may be or could be set forth or raised in the Action.

2.    Plaintiffs, on their own behalf and on behalf of all other Releasors agree, covenant and acknowledge that they shall not now or hereafter initiate, participate in, maintain, or otherwise bring any claim or cause of action, either directly or indirectly, derivatively, on their own behalf, or on behalf of the Class or the general public, or any other person or entity, against the Releasees based on allegations that are based upon or related to, directly or indirectly, in whole or in part:  (1) the Released Claims; (2) the allegations, facts, subjects or issues that have been, could have been, may be or could be set forth or raised in the Action.

3.    Plaintiffs and all other Class Members and all the other Releasors, and anyone acting on their behalf or for their benefit, without limitation, are precluded and estopped from bringing any claim or cause of action in the future, related to in any way, directly or indirectly, in whole or in part:  (1)  the Released Claims, or (2) the allegations, facts, subjects or issues that have been, could have been, may be or could be set forth or raised in the Action.

4.   Plaintiffs and the Class Members, on their behalf and on behalf of all other Releasors, acknowledge that they are releasing both known and unknown and suspected and unsuspected claims and causes of action, and are aware that they may hereafter discover legal or equitable claims or remedies or injuries or damages presently unknown, or facts in addition to or different from those which they now know or believe to be true with respect to the allegations and subject matters in the complaint or other filings in the Action.   Nevertheless, it is the intention of Plaintiffs and the Class Members to fully, finally and forever settle and release all such matters, and all claims and causes of action relating thereto, which exist, hereafter may exist, or might have existed (whether or not previously or currently asserted in the Action).

5.   Plaintiffs and the Class Members, on their behalf and on behalf of all other Releasors, hereby expressly acknowledge certain principles of law applicable in some states, such as Section 1542 of the Civil Code of the State of California, which provides: "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR." Plaintiffs and the Class Members hereby agree that all such federal or state laws, rights, rules, or legal principles of any jurisdiction that may be applicable here, are hereby knowingly and voluntarily waived and relinquished by Plaintiffs and the Class Members, and Plaintiffs and the Class Members agree and acknowledge that this provision is an essential term of the Agreement and this Release.

**B.**   **Order of Dismissal**.   The Parties will seek and obtain from the Court a Final Order and Judgment (for which, as a condition of settlement, the time for appeal must expire without any modifications in the Final Order and Judgment) as further described below in

Section XII.   The Final Order and Judgment shall, among other things: (i) approve this Settlement Agreement as fair, reasonable and adequate, (ii) dismiss the Action with prejudice and on the merits, and (iii) incorporate the terms of the Release as written herein.

## X.   ATTORNEYS' FEES AND EXPENSES

The Parties have not yet been able to reach an agreement on Attorneys' Fees and Expenses.  If the Parties are ultimately unable to reach an agreement as to Attorneys' Fees and Expenses, then the Parties respectfully request the Court decide that issue, after briefing by the Parties, subject to the following:  the Parties agree that Southwest shall pay Class Counsel no more than $7 million in fees (the "Ceiling"), but no less than $1.75 million in fees (the "Floor"), plus reimbursement of costs and expenses not to exceed $30,000, and will request the Court to order an Attorneys' Fees and Expenses award that is either the Ceiling, the Floor, or somewhere in between.  In no event shall Southwest pay fees less than the Floor plus $30,000 in costs,or more than the Ceiling plus $30,000 in costs. The notice to the Class of this Settlement Agreement has notified the Class of Class Counsel's request for fees, giving the Class the opportunity to object to it.  Class Counsel shall file its Motion for Attorneys' Fees and Expenses no later than seven (7) days prior to the deadline for Class Members to file objections to the Settlement.  Southwest shall file any response to that Motion for Attorneys' Fees and Expenses no later than fourteen (14) days after the Motion for Attorneys' Fees and Expenses is filed.  Class Counsel shall file any reply brief no later than seven (7) days after Southwest's response is filed.

Either Party may appeal the Attorneys' Fees and Expenses award, even if between the Floor and Ceiling.  So that the appeal will not delay the Final Settlement Date, the Parties will request that the Court enter a Rule 54(b) order as to the Final Order and Judgment, while separately entering an order on the issue of Attorneys' Fees and Expenses.

## XI.  FAIRNESS HEARING

If the Court enters the Preliminary Approval Order, the Parties shall proceed with due diligence to conduct the Fairness Hearing as ordered by the Court.  At such Fairness Hearing, the Parties shall present such evidence as sufficient to justify the Court's certification of the Class. Further, at such hearing, the Defendant shall not object to (a) the reasonable presentation of evidence in support of the certification of the Class for settlement purposes only or (b) the certification of the Class for settlement purposes only.  However, the Parties acknowledge and agree, and shall stipulate to the Court at the Fairness Hearing, that (a) the Class is being certified for settlement purposes only pursuant to the Settlement Agreement, and (b) the Released Parties reserve the right to object to class certification *de novo* in the event this Agreement is terminated for any reason.

At the Fairness Hearing the Court shall, among other things (a) determine whether the Class should be certified, and (b) if the Court determines that the Class is capable of certification under Rule 23 of the Federal Rules of Civil Procedure, as requested by the Parties, (i) consider any properly filed objections to the proposed settlement, (ii) determine whether the settlement set forth in the Settlement Agreement is fair, reasonable and adequate and entered into in good faith and without collusion and should be approved, and (iii) if appropriate, contemporaneously certify the Class and enter a Final Judgment and Order as to all issues except for the issue of Attorneys' Fees and Expenses pursuant to Fed. Rule P. 54(b) (with the Court ruling on the issue of Attorneys' Fees and Expenses by separate order).

## XII.  FINAL APPROVAL AND FINAL ORDER AND JUDGMENT

The Settlement Agreement is subject to and completely conditional upon (1) the issuance by the Court and subsequent entry, following the Fairness Hearing, of the Final Order and

Judgment certifying the Class and granting final approval of the Settlement Agreement in accordance with Rule 23(e) of the Federal Rules of Civil Procedure, and (2) such Final Order and Judgment becoming final as of the Final Settlement Date. A proposed Final Order and Judgment shall be submitted via electronic mail, pursuant to the Court's standing order, substantially in the form attached hereto as Exhibit D or in a form mutually agreeable to Class Counsel and Defendant and subject to Court approval. The Parties shall take all reasonable and necessary actions to obtain the Final Order and Judgment and to have it made final, as promptly as practicable. The Parties shall file a brief in support of the Final Order and Judgment no later than seven (7) days prior to the Fairness Hearing. The Court will be ruling on the issue of Attorneys' Fees and Expenses by separate Order, and given that an appeal may result therefrom, the Parties shall request the Court to enter a Rule 54(b) certification as to its Final Order and Judgment as to all issues in this Settlement Agreement, including its approval for settlement purposes of a 23(b)(3) Class, and its approval of the settlement terms herein, so as to not delay the settlement.

In the event that any appeal is filed of the Final Order and Judgment, all remaining deadlines set forth herein shall be stayed until the Final Settlement Date. Any appeal of the Court's order as to Attorneys' Fees and Expenses does not affect the finality of the settlement between Southwest and the Class, and does not delay the Final Settlement Date.

XIII.  **CLASS COUNSEL REPRESENTATION**

    A.    Class Counsel covenants, represents and warrants to Defendant that:

        1.  Prior to the Fairness Hearing, Class Counsel shall have explained the terms and effect of this Settlement Agreement to the Class Representatives and their signatures shall

have been obtained in support of this Settlement Agreement; such signatures shall be filed into the record of the Action at the Fairness Hearing.

2. Class Counsel has not and will not make any undisclosed payment or promise to any Class Representative for the direct or indirect purpose of obtaining that Class Representative's consent to the Agreement.

3. Class Counsel will not represent any Class Member requesting exclusion from the Class if to do so would violate the Rules of Professional Conduct.

**B.** Except as otherwise provided herein, without prior written approval of the Court, Class Counsel will not use, distribute, give, sell, or transfer any materials obtained from Defendant as a result of the Action for use in any other litigation or purpose.

**C.** Class Counsel, the Class, and Defendant shall use their best efforts to conclude the settlement and obtain the Final Order and Judgment. Class Counsel, the Class, and Defendant agree that it is essential that this proposed settlement be prosecuted to a successful conclusion in accordance with all applicable provisions of law and the exercise of good faith on the part of Class Counsel, the Class, and Defendant. Class Counsel, the Class, and Defendant agree to be bound by and to the terms of this settlement in any court of competent jurisdiction to the same extent as they agree to be bound herein, to which end Class Counsel, the Class, and Defendant agree that the terms hereof are contractual, binding and enforceable obligations and not merely a recital. In furtherance of this Agreement, Class Counsel, the Class, and Defendant agree to take such action as may be appropriate to secure court approval of the terms of this settlement in a court of competent jurisdiction.

D.      Class Counsel further warrants and represents to Defendant that it has the full authority to enter into this Settlement Agreement on behalf of and bind the Class, other than those who file valid opt-outs in the manner set forth above.

## XIV.  STAY ORDER

Through the draft Preliminary Approval Order attached as Exhibit E, the Parties will request that the Court enjoin and stay, during the pendency of the settlement proceedings contemplated by this Agreement, the commencement or prosecution of this Action or any other action by any Class Member or anyone on his or her behalf against any of the Releasees asserting Released Claims, such stay and injunction to remain effective during the pendency of such settlement proceedings unless modified by further order of the Court.  The Parties shall use their best efforts to obtain this stay order.

## XV.  MISCELLANEOUS

A.      **Entire Agreement.**  The Settlement Agreement contains the entire agreement between the Parties with respect to the subject matter hereof and, except as specifically set forth herein or therein, supersedes and cancels all previous agreements, negotiations, and commitments in writings between the Parties hereto with respect to the subject matter hereof. This Settlement Agreement may not be changed or modified in any manner unless in writing and signed by Class Counsel and Defendant's Counsel.  The terms of this Settlement Agreement may be amended by agreement of the Parties and with approval of the Court without further notice to the Class, if such changes are consistent with the Preliminary Approval Order and do not limit the rights of Class Members.   This Settlement Agreement may be signed in multiple counterparts, each of which shall be deemed to be an original and all of which shall be deemed to be one and the same instrument.

This Settlement Agreement shall be binding on the successors and assigns of the Parties.

**B.    Notice To Counsel.**  Anytime that notice to or delivery of any document to Defendant's Counsel or Class Counsel is required as set forth in this Agreement, such notice and/or documentation shall be mailed to Defendant's Counsel at the addresses listed in Section I(Q) ("Defendant's Counsel" definition) of this Agreement, and to Class Counsel at the address listed in Section I(K) ("Class Counsel" definition) of this Agreement, unless otherwise specified.

**C.    Cooperation.** The Parties represent and acknowledge that each intends to implement the Settlement.  The Parties shall, in good faith, cooperate and assist with and undertake all reasonable actions and steps in order to accomplish all required events on the schedule set by the Court, and shall use their best efforts to implement all terms and conditions of the Settlement Agreement.

**D.    CAFA.**  Defendant agrees to give the notice required by the Class Action Fairness Act, 28 U.S.C. § 1715(b).

Agreed to this 7th day of December, 2012.


/s/ H. Thomas Wells, Jr.
H. Thomas Wells, Jr. (admitted *Pro Hac Vice*)
One of the Attorneys for SOUTHWEST
AIRLINES CO.

OF COUNSEL:
**MAYNARD, COOPER & GALE**
Regions/Harbert Plaza
1901 6th Avenue North
Suite 2400
Birmingham, AL  35203
(205) 254-1000
twells@maynardcooper.com

/s/ Joseph J. Siprut
Joseph J. Siprut
One of the Attorneys for Plaintiffs
and the Class

**SIPRUT** PC
17 North State Street
Suite 1600
Chicago, IL 60602
(312) 236-0000
jsiprut@siprut.com

# EXHIBIT A

CLAIM FORM

IN RE SOUTHWEST AIRLINES VOUCHER LITIGATION

CLASS ACTION SETTLEMENT

| CLASS MEMBER OR CLAIMANT INFORMATION |
|---|
| Write any name and address corrections below or if there is no pre-printed data to the left, you must provide your name and address here: |
| Full Name |
| Mailing Address |
| City          State          Zip |

[PRE-ADDRESSED LABEL TO POTENTIAL
CLASS MEMBER OR REPRESENTATIVE APPEARS HERE]

You may be entitled to Replacement Drink Voucher(s), entitling you to a free drink on a Southwest flight, if you are someone who received a Southwest drink coupon through the purchase of a Southwest Business Select ticket prior to August 1, 2010, but did not redeem the drink coupon for a free drink. You are not a member of the Class if you only received drink coupons through the Southwest Rapid Rewards program.

You may be a member of the Class to which this settlement applies. A class action lawsuit is pending in the United States District Court, Northern District of Illinois, Plaintiffs and Southwest have reached a proposed class action settlement. The Class notice describes the proposed settlement of this class action lawsuit, and can be viewed at www.southwestvouchersettlement.com. You may be a member of the Class and must make a decision about whether to remain in the Class. If you remain in the Class, you will be entitled to make a claim for the Class Benefits afforded by this settlement.

If you have any questions, please call 1-888-288-2153, or visit www. southwestvouchersettlement.com.

To be fully informed about the benefits and implications of the proposed settlement you may review the full settlement materials on www.southwestvouchersettlement. com, including the Settlement Agreement.

CLAIM FORM

**You need to submit this Claim Form, either by U.S. mail postmarked by _____, 2013, or via online, by facsimile, or by e-mail by _____, 2013, to receive Replacement Drink Vouchers under this settlement**. If you are a Class Member and you do not timely submit a Claim Form, you will not be eligible for Replacement Drink Vouchers under this settlement. Unless you timely exclude yourself from the Class by _____, 2013, you cannot sue Southwest over the claims settled in this case, even if you do not receive Replacement Drink Vouchers because your Claim Form was untimely.

This Claim Form asks specific questions about you, the Class Member. Please complete the Claim Form to the best of your ability. If you do not provide the information requested and you do not opt-out of the settlement, you will still be bound by the Settlement Agreement and its release even though you will not be eligible to receive Replacement Drink Vouchers from the settlement.

Please supply the following information, along with the Class Member or Claimant Information above:

Full Name of Class Member: _____

Address of Class Member _____

_____

Telephone Number of Class Member: _____

* Capitalized terms used in this Claim Form are defined in the Settlement Agreement, which can be found on www.-southwestvouchersettlement.com.

**DOCUMENTS:** To receive Replacement Drink Vouchers, you must either: (1) attach to this Claim Form all unredeemed drink coupons that you received as part of purchasing a Business Select ticket from Southwest; **or** (2) Fill out the verification below. Your request for Replacement Drink Vouchers is subject to audit by Southwest pursuant to its records, and your Claim for Replacement Drink Vouchers may be denied if Southwest's records do not support the Replacement Drink Vouchers, or number of Replacement Drink Vouchers, that you request.

Check one of the following and fill out the information requested:

(1) _____        I hereby attach to this Claim Form ___ [fill in number] unredeemed drink coupons that I received as part of purchasing a Business Select ticket.

(2) _____        I hereby verify that I have received, and did not redeem, _____ drink coupons as part of purchasing a Business Select ticket.  Note:  Your request for Replacement Drink Vouchers is subject to audit by Southwest pursuant to its records, and your Claim for Replacement Drink Vouchers may be denied if Southwest's records do not support the Replacement Drink Vouchers, or number of Replacement Drink Vouchers, that you request.

_____
Signature of Class Member

## CLASS MEMBER DECLARATION FORM

I certify that I have read this Claim Form; I believe I am a member of the Class, that I am eligible for Class Benefits; all of the information on this Claim Form is true and correct to the best of my knowledge; I have attached to, or enclosed with this Claim Form all documents that I have been able to locate; I have not assigned any of my rights in this Action to anyone else.

_____
Signature of Class Member

If you are a representative filing this Claim Form on behalf of a Class Member, please have that Class Member sign the "Signature of Class Member" line, and in addition, please fill out the following information:

Claimant/Representative:        _____

Address:        _____

Phone Number:        _____

Relationship to Class Member :        _____

Claim Forms and supporting documents, if submitted by U.S. Mail,  must be postmarked by _____, 2013.  Please mail to:

SWA Business Select Settlement Administrator
PO Box 3656
Portland, OR  97208-3656

In the alternative, you can submit this Claim Form via weblink by going to www.southwestvouchersettlement.com, and filing out the Claim Form online.  Such online submission must be completed by _____, 2013 to be timely.  Also in the alternative, you can submit a claim form by e-mail to administrator@southwestvouchersettlement.com, or by facsimile to 1-855-602-2913;  such submission must be made by _____, 2013 to be timely.

**Questions? Call 1-888-288-2153 TOLL FREE, OR VISIT www.southwestvouchersettlement.com**

# EXHIBIT B

*In Re Southwest Airlines Voucher Litigation,* No. 11-CV-8176

---

<u>Legal Notice</u>

# Did you receive a Southwest Airlines drink coupon through the purchase of a Business Select ticket prior to August 1, 2010, and never redeem it?

---

## If yes, a legal settlement provides a Replacement Drink Voucher, entitling you to a free drink aboard a Southwest flight, for every such coupon you did not redeem.

*A court authorized this notice. This is not a solicitation from a lawyer.*

A settlement has been proposed in a class action lawsuit about drink coupons received by customers of Southwest Airlines in connection with their purchase of Business Select tickets. The settlements will provide Replacement Drink Vouchers to Entitled Class Members.

The United States District Court for the Northern District of Illinois will have a hearing to decide whether to give final approval to the settlement so that Replacement Drink Vouchers can be distributed. The people in the Class may submit Claim Forms to request Replacement Drink Vouchers, may exclude themselves from the settlement, may object to the settlement, or may ask to speak at the hearing. Get a <u>Detailed Notice</u> by calling toll free the number below, or by visiting the website below.

**WHO'S INCLUDED?** **Southwest's records indicate that you may be a member of the Settlement Class.** The Class includes anyone who received a drink coupon from Southwest prior to August 1, 2010, through the purchase of a Business Select ticket, but did not redeem the drink coupon. The Class does not include those who only obtained drink coupons through the Southwest Rapid Rewards program or as a result of being a member of the Southwest Rapid Rewards program.

**WHO IS SUED?** Southwest Airlines Co. is the company sued.

**WHAT DOES THE SETTLEMENT PROVIDE**? The settlement provides one Replacement Drink Voucher for every drink coupon received by a Southwest customer prior to August 1, 2010, through the purchase of a Business Select ticket, but never redeemed, subject to audit by Southwest. The Settlement also provides injunctive relief. The Settlement Agreement, available at <u>www.southwestvouchersettlement.com</u> or by calling 1-888-288-2153, has the details about the proposed settlement.

**HOW DO YOU ASK FOR REPLACEMENT DRINK VOUCHERS?** You must submit a Claim Form.

*In Re Southwest Airlines Voucher Litigation,* No. 11-CV-8176

You can file a Claim online by clicking this online claim link, or you may call 1-888-288-2153 to request a paper Claim Form be mailed to you. You can mail, fax, e-mail, or submit your Claim Form online. If you mail it, it must be post-marked by _____, 2013 to the address on the Claim Form. If you submit it any other way, it must be submitted to the Settlement Administrator by midnight on _____, 2013.

YOUR OTHER OPTIONS. If you don't want Class Relief from this settlement, and you don't want to be legally bound by it, you must exclude yourself by _____, 2013 or you won't be able to sue, or continue to sue, Southwest about the claims in this case. If you ask to be excluded, you can't get Class Relief from this settlement. If you stay in the settlement, you may object to it by _____, 2013. The detailed written notice available on the website below explains how to exclude yourself or object. You can also call the number below to hear about how to exclude yourself or object.

The Court will hold a hearing in this case, called *In Re Southwest Airlines Voucher Litigation,* No. 11-CV-8176, on _____, 2013 to consider whether to approve the settlement and a request by the lawyers for fees, costs and expenses. You will not pay the lawyers representing the Class; they will be paid by Southwest. Class Counsel will be requesting attorneys' fees of up to $7,000,000. Southwest will not object to a fee of $1,750,000. If the Settlement is approved, Southwest will be released from all liability for the claims. The Settlement Agreement, located on the website below, explains this fully. You or your own lawyer may ask to appear and speak at the hearing, at your own cost, but you don't have to. For more information call toll free or visit www.southwestvouchersettlement.com.

SOURCE: United States District Court for the Northern District of Illinois

# EXHIBIT C

# Did you receive a Southwest Airlines drink coupon through the purchase of a Business Select ticket prior to August 1, 2010, and never redeem it?

### If yes, a legal Settlement provides a Replacement Drink Voucher, entitling you to a free drink aboard a Southwest flight, for every such drink coupon you did not redeem.

*A court authorized this notice. This is not a solicitation from a lawyer.*

| | |
|---|---|
| Included in this Settlement are Southwest customers who received a drink coupon with the purchase of a Business Select ticket prior to August 1, 2010, and did not redeem the drink coupon. | • A Settlement has been proposed in a class action lawsuit seeking damages for Class Members who received Southwest drink coupons through the purchase of a Business Select ticket prior to August 1, 2010, but did not redeem those drink coupons for a free drink. |

Not included in this Settlement are Southwest customers who only obtained drink coupons through the Southwest Rapid Rewards program.

• The Settlement will provide Class Benefits, including Replacement Drink Vouchers, to Class Members who submit timely and valid Claim Forms.

• Your legal rights are affected whether you act, or don't act. Read this notice carefully.

## Your Legal Rights and Options in this Settlement:

| | |
|---|---|
| **Submit a Claim Form** | **The only way to ask for Replacement Drink Vouchers** |
| **Ask to be Excluded** | **Get no Class Benefits. This is the only option that allows you to sue Southwest over the claims resolved by this Settlement.** |
| **Object** | **Write to the Court about why you don't like the Settlement. You still need to submit a valid Claim Form to ask for Replacement Drink Vouchers and receive Class Benefits.** |
| **Go to a Hearing** | **Ask to speak in Court about the fairness of the Settlement. You still need to submit a valid Claim Form to ask for Replacement Drink Vouchers and receive Class Benefits.** |

**QUESTIONS? CALL 1-888-288-2153 TOLL FREE, OR VISIT
WWW.SOUTHWESTVOUCHERSETTLEMENT.COM**

| Do Nothing | Get no Replacement Drink Vouchers and give up your right to sue Southwest over the same claim later. |
|---|---|

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. Replacement Drink Vouchers will be distributed if the Court does so, and after any appeals are resolved. Please be patient.

# WHAT THIS NOTICE CONTAINS

**Basic Information**.......................................................................Page 3
    1.   Why was this notice issued?
    2.   What is this lawsuit about?
    3.   Why is this a class action?
    4.   Why is there a Settlement?

**Who is in the Settlement**..........................................................Page 4
    5.   How do I know if I am part of the Settlement?

**The Settlement Benefits—What You Get** ..................................Page 4
    6.   What does the Settlement provide?
    7.   How many Replacement Drink Vouchers will I receive?

**How to Get Replacement Drink Vouchers—Submitting A Claim Form Page 4**
    8.   How can I get Replacement Drink Vouchers?
    9.   When will I get my Replacement Drink Vouchers?
    10.  What am I giving up to get Replacement Drink Vouchers or stay in the Class?

**Excluding Yourself From the Settlement** ...................................Page 5
    11.  How do I get out of the Settlement?
    12.  If I don't exclude myself, can I sue Southwest for the same thing later?
    13.  If I exclude myself, can I get Replacement Drink Vouchers from this Settlement?

**The Lawyers Representing You** ................................................Page 6
    14.  Do I have a lawyer in this case?

**Objecting to the Settlement**......................................................Page 6
    15.  How do I tell the Court if I don't like the Settlement?
    16.  What's the difference between objecting and asking to be excluded?
    17.  Do I need to make an appearance to talk about my objections?

**The Court's Fairness Hearing** .................................................Page 7
    18.  When and where will the Court decide whether to approve the Settlement?
    19.  Do I have to come to the hearing?
    20.  May I speak at the hearing?

**If You Do Nothing**....................................................................Page 8

QUESTIONS?  CALL 1-888-288-2153 TOLL FREE, OR VISIT
WWW.SOUTHWESTVOUCHERSETTLEMENT.COM

21. What happens if I do nothing?

**Getting More Information** ........................................................................**Page 8**
22. How do I get more information about the Settlement?

# Basic Information

## 1. Why was this notice issued?

A Court authorized this notice because you have a right to know about a proposed Settlement of this class action, including the right to claim Class Benefits, and about all of your options, before the Court decides whether to give "final approval" to the Settlement. If the Court approves the Settlement, and after any appeals are resolved, Replacement Drink Vouchers will be mailed to Eligible Class Members who submitted a timely and valid Claim. This notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who may be eligible for them, and how to get them.

Judge Matthew F. Kennelly, of the United States District Court for the Northern District of Illinois, is presiding over this class action. The case is known as *In re Southwest Airlines Voucher Litigation,* No. 11-cv-8176 (N.D. Ill.). The people who sued are called the "Plaintiffs" and the company they sued (Southwest) is called the "Defendant."

## 2. What is this lawsuit about?

This Action arose out of Southwest's decision, effective August 1, 2010, to only accept drink coupons received by Business Select customers with the purchase of a Business Select ticket on the date of the ticketed travel. The Plaintiffs in this case allege Southwest, in making that decision, breached its contract with Class Members who previously received drink coupons through prior purchases of Business Select tickets, and they should have been able to redeem them at any point in the future, with no expiration date or limitations. This case applies only to those persons who received a drink coupon prior to August 1, 2010, through the purchase of a Business Select ticket, and who did not redeem that drink coupon. If you received drink coupons from Southwest only as part of the Southwest "Rapid Rewards" frequent flyer program, you are not included in this Class.

## 3. Why is this a class action?

In a class action, one or more people called "Class Representatives" sue on behalf of people who have similar claims, who are the "Class" or "Class Members." One court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

## 4. Why is there a Settlement?

The Court did not decide in favor of the Plaintiffs or Defendant. Instead, both sides agreed to settle. That way, they avoid the costs and risks of a trial, and the people affected will get relief. The Class Representatives and their attorneys think the Settlement is best for all Class Members. The Settlement is not an admission by Southwest that it did anything wrong.

# Who is in the Settlement?

To see if you can get benefits from this Settlement, you first have to determine if you are a Class Member

## 5.   How do I know if I am part of the Settlement?

If you received a drink coupon through the purchase of a Business Select Southwest ticket prior to August 1, 2010, and did not redeem it, you are part of the Class.  If you received drink coupons from Southwest only through or as a result of being a member of the Southwest "Rapid Rewards" frequent flyer program, you are not included in this Class.  Even if you are unsure whether you are a Class Member, you should submit a timely Claim Form if you do not wish to be excluded from the Class.

# The Settlement Benefits—What You Get

## 6.   What does the Settlement provide?

This Settlement will provide Replacement Drink Vouchers to Class Members who submit timely and valid Claim Forms.   The Settlement also provides injunctive relief.   A Settlement Agreement, available at www.southwestvouchersettlement.com or by calling 1-888-288-2153, describes all of the details about the proposed Settlement.

## 7.   How many Replacement Drink Vouchers will I receive?

You are entitled to one Replacement Drink Voucher for every drink coupon that you report on your Claim Form that you received, but did not redeem, through your purchase of a Business Select Southwest ticket prior to August 1, 2010, subject to audit by Southwest pursuant to its records.  **You do not need to still have the actual unredeemed drink coupons in your possession in order to submit a Claim.**  If you no longer have your unredeemed drink coupons, you can still submit a Claim, verifying the number of drink coupons that you did not redeem.   You will not receive Replacement Drink Vouchers for Rapid Rewards drink coupons that you received, but did not redeem.

# How to Get Replacement Drink Vouchers—Submitting A Claim Form

## 8.   How can I get Replacement Drink Vouchers?

To ask for Replacement Drink Vouchers, you must complete and submit a Claim Form.  A Claim Form is included with this Notice.  You can also get a Claim Form at www.southwestvouchersettlement.com or by calling 1-888-288-2153.  Please read the instructions carefully and fill out the Claim Form entirely.  You can mail your claim form by U.S. Mail, or submit it online, by facsimile, or by e-mail.  If you are mailing your Claim Form by U.S. Mail, it must be postmarked by _____, **2013**, to:

SWA Business Select Settlement Administrator
P.O. Box 3656
Portland, OR 97208-3656

Page 4

QUESTIONS?  CALL 1-888-288-2153 TOLL FREE, OR VISIT
WWW.SOUTHWESTVOUCHERSETTLEMENT.COM

Alternatively, you can fill out a Claim Form online at www.southwestvouchersettlement.com, or e-mail it to administrator@southwestvouchersettlement.com, or fax it to 1-855-602-2913, each of which must be submitted by _____, 2013 to be timely.

## 9. When will I get my Replacement Drink Vouchers?

The Replacement Drink Vouchers will be mailed to Class Members who send in timely and valid Claim Forms, after the Court grants "final approval" of the Settlement, and any appeals are resolved. If Judge Kennelly approves the Settlement after an upcoming hearing (*see* the section "The Court's Fairness Hearing" below), there may be appeals. If there are any appeals, resolving them can take time. Please be patient.

## 10. What am I giving up to get Replacement Drink Vouchers or stay in the Class?

If the Settlement becomes final, you will be releasing Southwest for all the claims identified in Section IX of the Settlement Agreement. These are called "Released Claims." The Settlement Agreement is available at www.southwestvouchersettlement.com. The Settlement Agreement describes the Released Claims with specific descriptions, in necessarily accurate legal terminology, so read it carefully. Talk to your attorneys (*see* the section on "The Lawyers Representing You" below) or your own lawyer if you have questions about the Released Claims or what they mean.

# Excluding Yourself From the Settlement

If you don't want Class Benefits from this Settlement, but you want to keep the right to sue Southwest about the issues in this case, then you must take steps to get out. This is called excluding yourself from—or is sometimes referred to as "opting out" of—the Settlement.

## 11. How do I get out of the Settlement?

To exclude yourself from the Settlement, you must send a letter by mail saying that you want to be excluded from *In re Southwest Airlines Voucher Litigation*. You must include the case number (No. 11-cv-8176), your full name, address, and telephone number, and sign the request, stating your desire to be excluded from the Class. Your exclusion request will not be valid, and you will be bound by the Settlement, if you do not include this information in your exclusion request. You must mail your request for exclusion so that it is postmarked by _____, 2013, to:

SWA Business Select Settlement Administrator
P.O. Box 3656
Portland, OR 97208-3656

You can't exclude yourself on the phone or at the website.

## 12. If I don't exclude myself, can I sue Southwest for the same thing later?

No. Unless you exclude yourself, you give up any right to sue Southwest for the claims that this Settlement resolves. You must exclude yourself from this Class to start your own lawsuit. Remember, any exclusion requests must be postmarked (or if submitted via online, by facsimile, or e-mail, submitted) by _____, 2013.

Page 5

## 13. If I exclude myself, can I get Replacement Drink Vouchers from this Settlement?

No.  If you exclude yourself, do not submit a Claim Form to ask for Replacement Drink Vouchers.

# The Lawyers Representing You

## 14. Do I have a lawyer in this case?

Yes.  The Court appointed certain attorneys, known as Class Counsel, to represent you and other Class Members.  You do not have to pay them.  They will be paid directly by Southwest in an amount to be determined by the Court.  Class Counsel are requesting up to $7,000,000 in fees, costs and expenses in this case. Southwest does not object to attorneys' fees $1,750,000.  If you want to be represented by your own lawyer, and have that lawyer appear in court for you in this case, you may hire one at your own expense.

# Objecting To The Settlement

You can tell the Court if you don't agree with the Settlement or some part of it.

## 15. How do I tell the Court if I don't like the Settlement?

You can object to the Settlement if you don't like some part of it.  The Court will consider your views.  To do so, you must file a written objection in the case, *In re Southwest Airlines Voucher Litigation,* No. 11-cv-8176, (N.D. Ill.) titled "Objection to Class Settlement in *In re Southwest Airlines Voucher Litigation* (No. 1:11-cv-8076)."  You must include your full name, address, e-mail address, telephone number, the contact information for any attorney retained by you in connection with your objection, and your signature.  You must also include the specific reasons why you object to the Settlement and the facts supporting your objection, any legal support or evidence to support your objection, the relief you are requesting, and whether you or your attorney, or any other witness, will be attending the hearing, along with a description of any witness's testimony, and a list of any exhibits you may offer at the hearing along with copies of those exhibits.  (*See* "The Court's Fairness Hearing" below).  You must file your objection by _____, 2013 to the Court's address below, and mail your objection so that it is postmarked by _____, 2013 to the addresses listed below for Class Counsel and Defendant's Counsel:

| Court | Class Counsel | Defendant's Counsel |
|---|---|---|
| Clerk of Court<br>Northern District of Illinois,<br>Eastern Division<br>Everett McKinley Dirksen<br>United States Courthouse<br>219 South Dearborn Street<br>Chicago, Illinois  60604. | Joseph J. Siprut<br>Aleksandra M.S. Vold<br>SIPRUT PC<br>17 North State Street<br>Suite 1600<br>Chicago, Illinois 60602 | H. Thomas Wells, Jr.<br>Maynard Cooper & Gale, P.C.<br>1901 Sixth Avenue North<br>2400 Regions/Harbert Plaza<br>Birmingham, Alabama  35203 |

The Court may overrule your objection.  If you want Replacement Drink Vouchers from the Settlement, even if you object to it, you must file a timely Claim Form.

## 16. What's the difference between objecting and asking to be excluded?

Objecting is telling the Court that you oppose approval of the Settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## 17. Do I need to make an appearance to talk about my objection?

No.

# The Court's Fairness Hearing

The Court will hold a hearing to decide whether to approve the Settlement. You may attend and you may ask to speak at the hearing, but you don't have to.

## 18. When and where will the Court decide whether to approve the Settlement?

The Court has scheduled a Fairness Hearing at _____ on _____, 2013, at the Everett McKinley Dirksen United States Courthouse for the United States District Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois 60604. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. Judge Kennelly will listen to people who have asked to speak about an objection. The Court may also decide how much to award Class Counsel as fees for representing the Class. At or after the hearing, the Court will decide whether to approve the Settlement. We do not know how long this decision will take. The hearing may be moved to a different date without additional notice, so it is a good idea to check www.southwestvouchersettlement.com for updated information.

## 19. Do I have to come to the hearing?

No. You do not have to attend the Fairness Hearing. Class Counsel will answer questions that Judge Kennelly may have. But, you are welcome to come at your own expense. If you send an objection, you don't have to come to the Fairness Hearing to talk about it. As long as you filed and mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary.

## 20. May I speak at the hearing?

If you submitted an objection to the Settlement (*see* Questions 15-17), you may ask the Court for permission to speak at the Fairness Hearing. If you or your attorney intends to speak at the Fairness Hearing, you must file a "Notice of Intention to Appear" in *In re Southwest Airlines Voucher Litigation* (No. 1:11-cv-8176) stating such intention. Your Notice of Intention to Appear must be received no later than _____, **2013**, and must be sent to the addresses listed in question 15 along with the following information:

- name of the case (*In re Southwest Airlines Voucher Litigation,* No. 11-cv-8176);
- your full name, address, telephone number, and signature;
- detailed statement of the specific legal and factual basis for each objection;
- list of any witnesses you intend to call at the Fairness Hearing, and a description of the testimony to be offered; and

Page 7

- list of exhibits and copies of all exhibits you intend to introduce at the Fairness Hearing.

If your attorney you have hired to represent you and your objection will speak at the Fairness Hearing, your notice of appearance must also include: (1) your attorney's name, address, phone number, e-mail address, and state bar(s) to which the attorney is admitted; (2) any points and authorities in support of the objection the attorney will rely upon; and (3) a list identifying all objections such attorney has filed in class action Settlements from January 1, 2008 to the present, the results of such objection, including any court opinions ruling on the objections, and any sanctions by a Court in connection with filing an objection.

# If You Do Nothing

## 21. What happens if I do nothing at all?

If you do nothing, you'll get no Replacement Drink Vouchers from this Settlement. And, unless you exclude yourself, you won't be able to sue Southwest for the claims resolved in this case.

# Getting More Information

## 22. How do I get more information about the Settlement?

This notice summarizes the proposed Settlement. More details are in a Settlement Agreement, which is available at www.southwestvouchersettlement.com.

Page 8

# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| *In re Southwest Voucher Litigation* | ) <br> )   Case No. 11-CV-8176 <br> ) <br> )   Hon. Matthew F. Kennelly <br> ) |

**FINAL ORDER AND JUDGMENT**

WHEREAS Plaintiffs, Class Counsel, and Defendant entered into a Settlement Agreement, with exhibits (collectively, the "Settlement Agreement"), dated December 3, 2012, as amended on December 7, 2012, to settle this Action; and

WHEREAS the Court entered a Preliminary Approval Order dated December 12, 2012, preliminarily certifying the proposed Class in this Action for settlement purposes under Fed. R. Civ. P. 23(b)(3) ("Settlement Class"), ordering notice to all Class Members listed on the List of Potential Class Members as set forth in Settlement Notice Plan, scheduling a Fairness Hearing for _____, 2013, and providing Class Members with an opportunity either to exclude themselves from the settlement class or object to the proposed settlement;

WHEREAS the Court held a Fairness Hearing on _____, 2013, to determine whether to give final approval to the proposed settlement; and

WHEREAS the Court hereby grants final certification of the Settlement Class, approves the proposed Settlement, and dismisses the Action with prejudice (among other things).

Based on (i) the Joint Motion for Preliminary Approval of Class Action Settlement signed by or on behalf of the Class and the Defendants (the "Joint Motion"), (ii) the memorandum of law in support thereof submitted by the Plaintiffs, (iii) the Settlement Agreement and all exhibits thereto, (iv) the evidence and arguments submitted at the Fairness

02466305.1

Hearing, and (v) the relevant law, including, without limitation, Rule 23 of the Federal Rules of Civil Procedure, it is hereby **ORDERED, ADJUDGED AND DECREED** as follows:

1.  **Incorporation of Other Documents.** This Final Order and Judgment incorporates and makes a part hereof:

    a)  the Settlement Agreement submitted to this Court on December 3, 2012, as amended on December 7, 2012, and any other amendments thereto (with all capitalized terms herein having the same meaning as that given to them in the Settlement Agreement);

    b)  the exhibits to the Settlement Agreement;

    c)  the Court's Preliminary Approval Order;

    d)  the Motion and Memorandum In Support of Final Approval of Class Certification; and

    e)  the exhibits to the Motion and Memorandum In Support of Final Approval of Class Certification.

2.  **Jurisdiction.** The Court has personal jurisdiction over all Plaintiffs and has subject-matter jurisdiction over this Action including, without limitation, jurisdiction to approve the proposed Settlement, to grant final certification of the Settlement Class, and to dismiss this Action on the merits and with prejudice.

3.  **Factors Considered.** The Court rigorously applied the analysis set forth by the Seventh Circuit in *Synfuel Technologies, Inc. v. DHL Express (USA), Inc.,* 463 F. 3d 646, 653 (7th Cir. 2006), to determine whether the class action settlement is fair, adequate, and reasonable, and thus worthy of final approval. In *Synfuel,* the Seventh Circuit required that the following factors be considered: (1) the strength of plaintiffs' case compared to the amount of

the settlement offer; (2) an assessment of the likely complexity, length and expense of the litigation; (3) an evaluation of the amount of opposition to settlement among affected parties; (4) the opinion of competent counsel; (5) the stage of the proceedings and the amount of discovery completed at the time of settlement. *Id., citing Isby v. Bayh,* 75 F. 3d 1191 (7th Cir. 1996).

After consideration of the evidence, arguments, and objections, if any, the Court concludes: (1) the Settlement, when compared to the strength of Plaintiffs' case, is fair and reasonable; (2) while discovery was almost completed at the time of Settlement, this case still would have entailed lengthy summary judgment proceedings, followed by, if necessary, a costly complex and expensive trial; (3) Class Counsel, with significant experience in class action litigation, believes this settlement is extremely beneficial to the Settlement Class – a position also voiced by the mediator in this case, Wayne R. Andersen, former United States District Judge for the Northern District of Illinois; and (4) discovery was virtually complete at the time of Settlement, and thus both Class Counsel and Defendants' Counsel were able to make informed decisions as to the merits of Plaintiffs' claims vis-à-vis the fairness and adequacy of the proposed Settlement Agreement.

    4.    **Rule 23 Requirements are Met.**

The Court finds that the prerequisites of Rule 23 of the Federal Rules of Procedure are satisfied for the Settlement Class. Specifically:

    a) The Settlement Class was sufficiently ascertainable from Southwest's records, and the Settlement Class Members are so numerous that their joinder before the Court would be impracticable.

    b) The commonality requirement of Fed. R.Civ. P. 23(b)(3) generally is satisfied when members of the Settlement Class share at least one common factual or legal

issue. Here, Plaintiffs allege numerous questions of fact and law purportedly common to the Settlement Class, including whether Southwest's refusal to honor drink vouchers after the date of travel constituted a breach of contract. Considering the allegations of the Complaint, the Court finds that the allegedly common questions of fact and law predominate over questions of fact and law affecting only individual members of the Settlement Class.

c) The Court finds that the claims of the Plaintiffs are typical of the claims of the other Settlement Class Members, and that the Plaintiffs will fairly and adequately protect the interests of the Settlement Class, in that: (i) the interests of the Plaintiffs and the nature of their alleged claims are consistent with those of the other Settlement Class Members, (ii) there appear to be no conflicts between or among the Plaintiffs and the other Settlement Class Members, (iii) the Plaintiffs have been and appear to be capable of continuing to be active participants in both the prosecution and the settlement of the Action, and (iv) the Plaintiffs and the other Settlement Class Members are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated class actions, particularly those cases involving the type of claims alleged in the Complaint.

d) The Court finds that common issues predominate over individual issues among Settlement Class Members because (1) the Class involves a common contract – the purchase of a Southwest airlines ticket; (2) the Settlement Class involves a common question of law – whether Southwest's refusal to honor drink vouchers obtained by Business Select customers by purchasing a Business Select ticket

other than on the day of travel constitutes a breach of contract; (3) any individual differences stemming from the different state laws of the potentially fifty states in issue have more import in the context of litigation rather than settlement; (4) in light of the dismissal of the Preempted Claims, the sole remaining claim is a breach of contract claim; and (6) this case involves a relatively small time period – from November 8, 2007, when Southwest instituted its Business Select program, to August 1, 2010.

e) The Court finds that a resolution of the Action in the manner proposed by the Settlement Agreement is superior or equal to other available methods for a fair and efficient resolution of the Action, in that, among other reasons, it will avoid the need for costly individual adjudications of Settlement Class Members' claims, the management of the class action settlement will be much less difficult than the management of a mass joinder of actions, and, in the present circumstances, there will be no further litigation of the issues and no trial of the litigation. The Court also notes that, because the Action is being settled, rather than litigated, the Court need not consider manageability issues that might be presented by the trial of a regional class action involving the issues in this case. *See Amchem Prods., Inc. v. Windsor*, 117 S. Ct. 2231, 2248 (1997).

5.     **Final Certification of Class.** After careful consideration, and in light of the conclusions stated above, the Settlement Class previously certified preliminarily is hereby finally certified for settlement purposes under Fed. R.Civ. P. 23(b)(3). The Settlement Class consists of:

> All Southwest customers who purchased an Eligible Drink Voucher through the purchase of a Business Select ticket or otherwise, during the time period before August 1, 2010, but who did not redeem the Eligible Drink Voucher.

> The Class does not include Southwest customers who obtained drink vouchers or drink coupons through the Southwest Rapid Rewards program or as a result of being a member of the Southwest Rapid Rewards program, unless those customers separately purchased, but did not redeem, Eligible Drink Vouchers through the purchase of a Business Select ticket or otherwise.

Excluded from the Settlement Class are those persons listed on Exhibit _____ hereto, each of which filed a valid and timely request to opt out of the Settlement Class.

6. **Adequacy of Representation.** Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, and after considering the requisites set forth therein, the Court confirms its prior appointment of Class Counsel to represent the interests of the Settlement Class in the Action. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and after considering the requisites set forth therein, the Court confirms its prior appointment of the persons listed on Exhibit ____ hereto as Settlement Class representatives, to appear on behalf of and to represent the Settlement Class in the Action. After conducting a rigorous analysis of the requirements of Fed. R.Civ. P. 23(a)(4), the Court finds that Class Counsel have fully and adequately represented the Settlement Class for purposes of entering into and implementing the settlement and have satisfied the requirements of Fed. Rule Civ. P. 23(a)(4).

7. **Class Notice.** As part of the Joint Motion for and Memorandum in Support of Final Approval of Class Certification, the Parties submitted the Declaration of _____, who supervised the implementation of the Settlement Notice Plan. After completing the necessary rigorous analysis, including careful consideration of this Declaration of _____, the Court finds that the individual notice to the List of Potential Class Members, Publication Notice and distribution of the notice in accordance with the Settlement Notice Plan, the terms of the Settlement Agreement, and this Court's Preliminary Approval Order:

a) constituted the best practicable notice to Class Members under the circumstances of this action;

b) provided Class Members with adequate instructions and a variety of means to obtain information pertaining to their rights and obligations under the settlement so that a full opportunity has been afforded to Class Members and all other persons wishing to be heard;

c) was reasonably calculated, under the circumstances, to apprise Class Members of: (i) the pendency of this class action, (ii) their right to exclude themselves from the Settlement Class and the proposed Settlement, (iii) their right to object to any aspect of the proposed Settlement (including final certification of the Settlement Class, the fairness, reasonableness, or adequacy of the proposed Settlement, the adequacy of representation by Plaintiffs and Class Counsel, and/or the award of attorneys' fees), (iv) their right to appear at the Fairness Hearing – either on their own or through counsel hired at their own expense – if they did not exclude themselves from the Settlement Class, and (v) the binding effect of the Preliminary Approval Order and Final Order and Judgment in this action, whether favorable or unfavorable, on all persons who do not timely request exclusion from the Settlement Class;

d) was calculated to reach a large number of Class Members, and the prepared notice documents adequately informed Class Members of the class action, properly described their rights, and clearly conformed to the standards generally governing modern notice programs;

e) focused on the effective communication of information about the class action, were couched in plain and easily understood language, and were written and designed to the highest communication standards;

f) afforded sufficient notice and time to Class Members to receive notice and decide whether to request exclusion or to object to the settlement;

g) was reasonable and constituted due, adequate, effective, and sufficient notice to all persons entitled to be provided with notice; and

h) fully satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, including the Due Process Clause, and any other applicable law.

8. **Claims Process.** The Court concludes that the Claim Form was well designed with clear and prominent information that is easily understandable to Class Members. Any Settlement Class Member who wished to receive Class Relief must have signed and returned a valid and timely Claim Form to the Settlement Administrator in compliance with the Claims Process set forth in the Settlement Agreement and no later than _____, 2013. Any Settlement Class member who does not submit a valid and timely Claim Form in compliance with the Claims Process is not entitled to Class Relief, but nonetheless is barred by the Release and provisions of the Settlement Agreement and the Final Order and Judgment.

9. **Final Settlement Approval.** The terms and provisions of the Settlement Agreement, including all exhibits, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable and adequate as to, and in the best interests of, each of the Parties and the Settlement Class Members, and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including

-8-

the Due Process Clause), and any other applicable law. The Parties and Class Counsel are hereby directed to consummate the Settlement Agreement according to its terms and provisions.

10. **Binding Effect.** The terms of the Settlement Agreement and of this Final Order and Judgment shall be forever binding on Plaintiffs and all other Settlement Class Members and any other Releasor, and those terms shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits or other proceedings maintained by or on behalf of any such persons, to the extent those claims, lawsuits or other proceedings involve matters that were or could have been raised in this Action or are otherwise encompassed by the Release.

11. **Release and Waiver.** The Release, which is set forth in the Settlement Agreement in Section IX, is expressly incorporated herein in all respects and is effective as of the date of this Final Order and Judgment. In return for the consideration provided in the Agreement:

a) Plaintiffs and Releasors release, acquit and forever discharge the Releasees from the Released Claims, including but not limited to any and all past, present, and future causes of action, claims, damages (including but not limited to compensatory damages and punitive damages), or any other damages, awards, equitable, legal and administrative relief, interest, demands or rights that are based upon, related to, or connected with, directly or indirectly, in whole or in part (1) the Released Claims; or (2) the allegations, facts, subjects or issues that were, could have been, may be or could be set forth or raised in the Action.

b) Southwest and the Releasees, jointly and severally, shall and hereby do fully release and discharge Plaintiffs and Class Counsel from any past, present, and future causes of action, claims, damages (including but not limited to

-9-

compensatory damages and punitive damages), or any other damages, awards, equitable, legal and administrative relief, interest, demands or rights that are based upon, related to, or connected with, directly or indirectly, in whole or in part (1) the Released Claims; or (2) the allegations, facts, subjects or issues that were, could have been, may be or could be set forth or raised in the Action.

c) Plaintiffs, on their own behalf and on behalf of all other Releasors shall not now or hereafter initiate, participate in, maintain, or otherwise bring any claim or cause of action, either directly or indirectly, derivatively, on their own behalf, or on behalf of the Class or the general public, or any other person or entity, against the Releasees based on allegations that are based upon or related to, directly or indirectly, in whole or in part: (1) the Released Claims; (2) the allegations, facts, subjects or issues that have been, could have been, may be or could be set forth or raised in the Action.

d) Plaintiffs and all other Settlement Class Members and all the other Releasors, and anyone acting on their behalf or for their benefit, without limitation, are precluded and estopped from bringing any claim or cause of action in the future, related to in any way, directly or indirectly, in whole or in part: (1) the Released Claims, or (2) the allegations, facts, subjects or issues that have been, could have been, may be or could be set forth or raised in the Action.

e) Plaintiffs and the other Settlement Class Members, on their behalf and on behalf of all other Releasors, are releasing both known and unknown and suspected and unsuspected claims and causes of action, and are aware that they may hereafter discover legal or equitable claims or remedies or injuries or damages presently

-10-

unknown, or facts in addition to or different from those which they now know or believe to be true with respect to the allegations and subject matters in the complaint or other filings in the Action. Plaintiffs and the other Settlement Class Members to fully, finally and forever settle and release all such matters, and all claims and causes of action relating thereto, which exist, hereafter may exist, or might have existed (whether or not previously or currently asserted in the Action).

f) There are certain principles of law applicable in some states, such as Section 1542 of the Civil Code of the State of California, which provides: "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR." All such federal or state laws, rights, rules, or legal principles of any jurisdiction that may be applicable here, are hereby knowingly and voluntarily waived and relinquished by Plaintiffs and the other Settlement Class Members.

g) The Release may be raised as a complete defense to and will preclude any action or proceeding that is encompassed by this Release.

12. **Permanent Injunction**. All Settlement Class Members who have not been timely excluded from the Settlement Class and all Releasors, and anyone acting on their behalf or for their benefit, are hereby permanently barred and enjoined from: (a) filing, commencing, prosecuting, maintaining, intervening in, participating in (as class members or otherwise), or receiving any benefits or other relief from any other lawsuit, arbitration, or administrative, regulatory or other proceeding or order in any jurisdiction based on or relating to the claims and

causes of action that have been, may be or could have been set forth or raised in the Action, the Released Claims and/or the acts and circumstances relating thereto; (b) organizing or soliciting the participation of any Settlement Class Members in a separate class for purposes of pursuing as a purported class action (including by seeking to amend a pending complaint to include class allegations, or by seeking class certification in a pending action) any lawsuit or other proceeding based on or relating to the claims and causes of action that have been, may be or could have been set forth or raised in the Action, the Released Claims and/or the acts and circumstances relating thereto; or (c) filing or commencing any action on behalf of the general public based on or relating to the claims and causes of action that have been, may be or could have been set forth or raised in the Action, the Released Claims and/or the acts and circumstances relating thereto. The Court finds that issuance of this permanent injunction is necessary and appropriate in aid of the Court's jurisdiction over the action and to protect and effectuate the Court's Final Order and Judgment. Any person found in contempt of this injunction will be subject to sanctions. Any Releasee who must seek from the Court the compliance of this injunction is entitled to reimbursement of his or her or its attorneys' fees incurred as a result of seeking such compliance from the person or entity in violation of this injunction.

13. **Objections to Settlement.** The Court provided all Settlement Class Members and their representatives, who complied with the requirements for objections and appearance at the Fairness Hearing set forth in the Preliminary Approval Order, a fair and adequate opportunity to object to the proposed settlement. The objections, if any, lack merit and are hereby overruled.

14. **Enforcement of Settlement.** Nothing in this Final Order and Judgment shall preclude any action to enforce the terms of the Settlement Agreement.

15. **Attorneys' Fees and Expenses.** The Court will separately decide Plaintiffs' Motion for Attorney's Fees and Expenses, and will enter a separate order thereon. Any appeal from this Court's order on Plaintiffs' Motion for Attorneys' Fees and Expenses shall not delay the finality of this Final Order and Judgment, pursuant to the Fed. R. Civ. P. 54(b) certification below.

16. **Incentive Award.** The Named Plaintiffs are hereby awarded individual incentive awards in the amount of $_____ each. Such award is to be paid by Southwest within ten (10) days of the Final Settlement Date.

17. **Modification of Settlement Agreement.** The Parties are hereby authorized, without needing further approval from the Court and without further notice to the Settlement Class, to agree to and adopt such amendments to, and modifications and expansions of the Settlement Agreement as are consistent with this Order and that do not limit the rights of Settlement Class Members under the Settlement Agreement.

18. **Retention of Jurisdiction.** The Court has jurisdiction to enter this Final Order and Judgment. Without in any way affecting the finality of this Final Order and Judgment, this Court expressly retains jurisdiction as to all matters relating to the administration, consummation, enforcement and interpretation of the Settlement Agreement and of this Final Order and Judgment, and for any other necessary purpose, including, without limitation:

   a) enforcing the terms and conditions of the Settlement Agreement and resolving any disputes, claims or causes of action that, in whole or in part, are related to or arise out of the Settlement Agreement and this Final Order and Judgment (including, without limitation, whether claims or causes of action allegedly related to this case are or are not barred by this Final Order and Judgment, etc.);

b) entering such additional orders as may be necessary or appropriate to protect or effectuate the Court's Final Order and Judgment approving the Settlement Agreement, dismissing all claims on the merits and with prejudice, and permanently enjoining Class Members and Releasors and anyone acting on their behalf or for their benefit from initiating or pursuing related proceedings, or to ensure the fair and orderly administration of this settlement; and

c) entering any other necessary or appropriate orders to protect and effectuate this Court's retention of continuing jurisdiction; provided, however, that nothing in this paragraph is intended to restrict the ability of the parties to exercise their rights under the Settlement Agreement.

19. **No Admissions.** Neither this Final Order and Judgment nor the Settlement Agreement (nor any other document referred to herein) nor any action taken to carry out this Final Order and Judgment is, may be construed as, or may be used as an admission or concession by or against the Defendant, as to the validity of any claim or any actual or potential fault, wrongdoing or liability whatsoever, or as to the certification of the Settlement Class herein for litigation purposes. Entering into or carrying out the Settlement Agreement, and any negotiations or proceedings related to it, shall not in any event be construed as, or deemed evidence of, an admission or concession as to the Defendant's denials or defenses and shall not be offered or received in evidence in any action or proceeding against any party hereto in any court, administrative agency or other tribunal for any purpose whatsoever, except as evidence of the settlement or to enforce the provisions of this Final Order and Judgment and the Settlement Agreement; provided, however, that this Final Order and Judgment and the Settlement Agreement may be filed in any action against or by the Defendant or Releasees to support a

defense of *res judicata*, collateral estoppel, release, waiver, good-faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion or similar defense or counterclaim.

20. **Capitalized Terms.** Capitalized terms used in this Order but not defined shall have the meaning ascribed to them in the Settlement Agreement.

21. **Dismissal of Action and Immediate Appeal.** Having determined there is no just reason for delay, the Court determines this Order is a Final Order and Judgment as to all claims in this case pursuant to Fed. R. Civ. P. 54(b), that this Final Order and Judgment shall be immediately appealable, and that any appeal from this Court's order on Plaintiffs' Motion for Attorneys' Fees and Expenses shall not affect the finality of this Final Order and Judgment. This Action, and all individual and Class claims resolved in it, are hereby DISMISSED ON THE MERITS AND WITH PREJUDICE against Plaintiffs and all other Settlement Class Members.

22. **CAFA Compliance.** The Class Action Fairness Act, 28 U.S.C. § 1715 ("CAFA"), requires that certain federal and state governmental officials be given notice of a proposed class action settlement. Defendant gave CAFA notice to Attorney Generals of the fifty (50) states. This Court finds that the Defendant's notice obligations under CAFA, and specifically 28 U.S.C. § 1715(b), have been satisfied and any notice required thereunder has been provided.

IT IS SO ORDERED:

_____
The Honorable Matthew F. Kennelly, United States District Court Judge Northern District Of Illinois, Eastern Division

# EXHIBIT E

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| ) | Case No. 11-CV-8176 |
| *In re: Southwest Airlines Voucher Litigation* ) | |
| ) | Hon. Matthew F. Kennelly |
| ) | |

**PRELIMINARY APPROVAL ORDER**

This matter, having come to be heard on the Parties' Joint Motion for Preliminary Approval of Proposed Class Action Settlement; the Court being fully advised and having duly considered the papers and arguments of Counsel; the Court hereby finds as follows:

1.      Except as otherwise expressly provided below or as the context otherwise requires, all capitalized terms used in this Preliminary Approval Order shall have the meanings and/or definitions given them in the Settlement Agreement as amended, ("Settlement Agreement") entered into by or on behalf of Class Counsel, the Class, and the Defendant.

2.      This Court has jurisdiction over the subject matter and all Parties to this proceeding and venue is proper in this District.

3.      For the purpose of the settlement of the Action (and only for such purpose, and without an adjudication of the merits), after conducting a rigorous analysis of the requirements set forth in Fed. R. Civ. P. 23(b)(3) and taking into consideration factors including, but not limited to:  (a) the opinions of the participants, including Class Counsel and Defendant's Counsel; (b) the complexity, expense and likely duration of further litigation; (c) the extent of discovery completed and the state of the proceedings; and (d) the strength of Plaintiffs' case compared to the amount of Defendant's settlement offer, the Court preliminarily finds that the

requirements of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law have been met for settlement purposes only in that:

    (a)    The Class is sufficiently ascertainable, and the Class Members are so numerous that their joinder before the Court would be impracticable.

    (b)    The commonality requirement of Fed. R. Civ. P. 23(b)(3) generally is satisfied when members of the proposed Class share at least one common factual or legal issue. Here, Plaintiffs alleged numerous questions of fact and law purportedly common to the Class, including claims based on a uniform decision by Southwest, effective August 1, 2010, to no longer accept drink vouchers without an expiration date, and to accept drink vouchers purchased with the purchase of a Business Select ticket only on the date of the ticketed travel. Considering the allegations of the Amended Complaint, the Court preliminarily finds that the allegedly common questions of fact and law predominate over questions of fact and law affecting only individual members of the Class.

    (c)    The Court preliminarily finds that the claims of the Plaintiffs are typical of the claims of the other Settlement Class Members, and that the Plaintiffs and Class Counsel will fairly and adequately protect the interests of the other Settlement Class Members, in that: (i) the interests of the Plaintiffs and the nature of their alleged claims are consistent with those of the other Settlement Class Members, (ii) there appear to be no conflicts between or among the Plaintiffs and the other Settlement Class Members, (iii) the Plaintiffs have been and appear to be capable of continuing to be active participants in both the prosecution and the settlement of the Action, and (iv) the Plaintiffs and the other Settlement Class Members are

represented by qualified, reputable counsel who are experienced in prosecuting class action litigations.

(d)     The Court preliminarily finds that a resolution of the Action in the manner proposed by the Settlement Agreement is superior or equal to other available methods for a fair and efficient adjudication of the Action.  The Court notes that because the Action is being settled, rather than litigated, the Court need not consider manageability issues that might be presented by the trial of a nationwide class action involving the issues in this case, including possible choice of law issues that arise with a nationwide class action.  *See Amchem Prods., Inc. v. Windsor*, 117 S. Ct. 2231, 2248 (1997).

4.      In making these preliminary findings, the Court has considered, among other factors, (i) the interest of Settlement Class Members in individually controlling the prosecution or defense of separate actions; (ii) the impracticability or inefficiency of prosecuting or defending separate actions; (iii) the extent and nature of any litigation concerning these claims already commenced; and (iv) the desirability of concentrating the litigation of the claims in a particular forum.

5.      The requirements of Rule 23 of the Federal Rules of Civil Procedure for the certification of the proposed Settlement Class are thus met so as to allow the Court to preliminarily certify the proposed Settlement Class and hold a certification hearing on the date of the Fairness Hearing.

6.      The Settlement Agreement and the settlement set forth therein, and all exhibits attached thereto or to the Joint Motion, are preliminarily approved by the Court as being fair, reasonable, and adequate, entered into in good faith, free of collusion to the detriment of the

Settlement Class, and within the range of possible judicial approval, such that the terms and conditions thereof shall be considered by the Class. The Court thus preliminarily certifies the Class for settlement purposes under Fed. R. Civ. P. 23(b)(3). The Court finds that (a) the proposed Settlement resulted from extensive arm's-length negotiations and was concluded only after Class Counsel conducted broad discovery; and (b) the proposed settlement evidenced by the Settlement Agreement is sufficiently fair, reasonable and adequate to warrant sending notice of the Action and the proposed Settlement to the other Settlement Class Members and holding a full hearing on the proposed Settlement.

7.      Pursuant to Federal Rule of Civil Procedure 23(b)(3), and for settlement purposes only, the Court is exercising its discretion in preliminarily certifying a Settlement Class defined as:

> All Southwest customers who purchased an Eligible Drink Voucher through the purchase of a Business Select ticket or otherwise, during the time period before August 1, 2010, but who did not redeem the Eligible Drink Voucher.
>
> The Settlement Class does not include Southwest customers who obtained drink vouchers or drink coupons through the Southwest Rapid Rewards program or as a result of being a member of the Southwest Rapid Rewards program, unless those customers separately purchased, but did not redeem, Eligible Drink Vouchers through the purchase of a Business Select ticket or otherwise.

8.      The Court recognizes that the Released Parties have preserved all of their defenses and objections against and rights to oppose certification of the Settlement Class if the proposed Settlement is not finally approved by the Court following the Fairness Hearing.

9.      The Court finds that the Settlement Class warrants certification for settlement purposes, and that Plaintiffs Adam J. Levitt and Herbert C. Malone, III shall be designated as class representatives.

10. For settlement purposes only, the Court hereby preliminarily approves the appointment of the following as Settlement Class Counsel:

> Joseph J. Siprut
> Aleksandra M.S. Vold
> SIPRUT PC
> 17 North State Street
> Suite 1600
> Chicago, Illinois  60602

11. The form and content of both the written notice to Class Members (the Class E-mail Notice and Class Notice Package, including Claim Form, and any other notice to the Class contemplated by the Settlement Notice Plan including but not limited to the Publication Notice to Class Members) are hereby approved.  Such notices are fair and reasonable, and shall be disseminated to putative Class Members as due process and Rule 23 of the Federal Rules of Civil Procedure require in accordance with the Settlement Notice Plan.

12. The Court finds that the Settlement Notice Plan, the Class E-mail Notice, the Class Notice Package, the postcard notice, and the Publication Notice to Class Members meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all potential members of the Settlement Class.  Such notices are reasonably calculated, under the circumstance, to apprise the Class Members: (a) of the pendency of this Action, (b) of their right to exclude themselves from the Settlement Class and the proposed Settlement, (c) that any judgment, whether favorable or not, will bind all Class Members who do not request exclusion, and (d) that any Class Member who does not request exclusion may object to the settlement and, if he or she desires, enter an appearance personally or through counsel.  The Court further finds that the notices are written in plain English and are readily understandable by Class Members.  In sum, the Court finds that the proposed notice texts and methodology are reasonable, that they

constitute due, adequate and sufficient notice to all persons entitled to be provided with notice, and that they meet the requirements of federal law (including Fed. R.Civ. P. 23) and the United States Constitution, and any other applicable law.

13.     The Court approves the appointment of Epiq Systems, Inc. as the Settlement Administrator.

14.     No later than January 28, 2013, the Settlement Administrator shall begin Publication Notice as set forth in the Settlement Notice Plan.   Publication Notice shall be completed by February 11, 2013.  No later than January 11, 2013, Defendant or the Settlement Administrator shall begin E-mail Notice pursuant to the Settlement Notice Plan.  Any follow-up first-class mailing of the Class Notice Package shall be made pursuant to the Settlement Notice Plan.  No later than February 11, 2013, the Settlement Administrator shall file a declaration with the Court attesting to the completion of Publication Notice and the completion of individual notice to those listed on the List of Potential Class Members, as set forth in the Settlement Notice Plan.

15.     A hearing to determine: (1) whether the Class should be finally certified as a class under Rules 23(b)(3) of the Federal Rules of Civil Procedure; and (2) whether the proposed Class Settlement is fair, reasonable and adequate, shall be conducted in the United States Courthouse, United States District Court for the Northern District of Illinois, Eastern Division, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, 60604, Courtroom no. 2103, commencing on the 21st day of May, 2013 at 9:30 A.M

16.     Any Settlement Class Member who wishes to receive Class Relief must sign and return a complete and timely Claim Form in compliance with the Claims Process set forth in the Settlement Agreement, no later than September 2, 2013 (if mailed by U.S. Mail, postmarked no

later than that date). Any Settlement Class Member who does not submit a complete and timely Claim Form in compliance with that Claims Process shall not be entitled to Class Relief, but nonetheless shall be barred by the Release and provisions of the Settlement Agreement and the Final Order and Judgment.

17.     Any Settlement Class Member who does not file a timely request for exclusion from the Settlement Class by the Opt-Out Deadline may file an objection to the Settlement. Any Settlement Class Member who objects to any of the terms of the proposed Settlement must mail to the Clerk of Court a concise written statement describing the specific reason(s) for his or her objections. The concise written statement of objections must be filed with the Court by April 11, 2013, at the following address:

> Clerk of Court
> United States District Court for the Northern District of Illinois
> 219 South Dearborn Street
> Chicago, Illinois  60604
> Attention:  "*In re Southwest Airlines Voucher Litigation,* No. 11-CV-8176"

The Class Member must also mail, by April 11, 2013, a copy of the objection to the following counsel:

> H. Thomas Wells, Jr.
> Lorrie L. Hargrove
> Mitesh Shah
> Gregg McCormick
> Maynard, Cooper & Gale, P.C.
> 2400 Regions/Harbert Plaza
> 1901 6th Avenue North
> Birmingham, Alabama  35203
>
> Joseph J. Siprut
> Aleksandra M.S. Vold
> SIPRUT PC
> 17 North State Street
> Suite 1600
> Chicago, Illinois  60602

18.     Any objection regarding or related to the Settlement or Settlement Agreement: (1) shall contain a caption or title that identifies it as "Objection to Class Settlement in *In re Southwest Airlines Voucher Litigation* (No. 1:11-cv-8176)"; (2) shall contain information sufficient to identify the objecting Settlement Class Member, including the objecting Settlement Class Member's name, address, telephone number, e-mail address, and the contact information for any attorney retained by the Settlement Class Member in connection with the objection; (3) shall contain a clear, concise, and detailed statement of each objection the Settlement Class Member is making, the facts supporting each objection, the legal basis on which each objection is based, and the relief the objecting Settlement Class Member is requesting; (4) shall contain a statement of whether the objecting Settlement Class Member intends to appear, either in person or through counsel, at the Fairness Hearing; (5) shall contain, if the objecting Settlement Class Member objects through or intends to appear through counsel, the counsel's name, address, phone number, e-mail address, state bar(s) to which the counsel is admitted, any points and authorities in support of the objecting Settlement Class Member's objections upon which the objecting Settlement Class Member will rely, and a list identifying all objections such counsel has filed to class action settlements from January 1, 2008 to the present, the results of each objection, including any Court opinions ruling on the objections, and any sanctions by a Court in connection with filing an objection; and (6) shall contain a list of and copies of all exhibits that the objecting Settlement Class Member may seek to use at the Fairness Hearing. If the objecting Settlement Class Member intends to request the Court allow the Settlement Class Member to call witnesses at the Fairness Hearing, the objecting Settlement Class Member must provide a list of any such witnesses together with a brief summary of each witness's expected testimony no later than 120 days after this Preliminary Approval Order. If an objecting party chooses to appear at

the hearing, then a notice of intention to appear, either in person or through an attorney, must be filed and list the name, address and telephone number of the attorney, if any, who will appear. The objection must be postmarked no later than April 11, 2013.

19.     No person shall be heard and no paper or brief submitted by any objector shall be received or considered by the Court unless such person has filed with the Clerk of Court and timely mailed to Settlement Class Counsel and Defendant's Counsel, as provided above, the concise written statement of objections as described above, together with copies of any supporting materials, papers or briefs.  If a witness is not identified in the concise written statement of objections, such witness shall not be permitted to object or appear at the Fairness Hearing.  Any Settlement Class Member who does not file a written objection in the time and manner described above shall be (a) deemed to have waived and forfeited any objections to the proposed Settlement, (b) foreclosed from raising any objection to the proposed settlements at the Fairness Hearing, and (c) bound by all of the terms of the Settlement Agreement and by all proceedings, orders and judgments by the Court.

20.     The Court, within its discretion and at the request of Class Counsel or Defendant's Counsel, may order the deposition prior to the Fairness Hearing of any Settlement Class Member who has not filed a timely written request for exclusion and objects to the fairness, reasonableness or adequacy of the Settlement Agreement or the proposed Settlement (or any witness identified in the written objection).  If the objecting Settlement Class Member fails to appear for any such deposition ordered by the Court, the objection will not be considered by the Court.  If any witness fails to appear for deposition, that witness's testimony will not be considered by the Court in considering the objection.  Any Settlement Class Member who fails to comply with the orders of the Court or provisions of this Section shall waive and forfeit any and

all rights he or she may have to appear separately and/or object, and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders, and judgments in this Action.

21.     If a Settlement Class Member hires an attorney to represent him or her at the Fairness Hearing, the attorney must (a) file a notice of appearance with the Clerk of Court; (b) deliver a copy of that notice to Joseph J. Siprut and H. Thomas Wells at the addresses set forth in paragraph 17 herein; and (c) otherwise comply with any order of the Court regarding depositions of objecting Settlement Class Members.  The Court, Joseph J. Siprut, and H. Thomas Wells must receive such notices of appearance by April 11, 2013, or the attorney shall be barred from appearing at the Fairness Hearing.

22.     Any Settlement Class Member who files and serves a timely, written objection pursuant to the terms herein and complies with the requirements of this Paragraph may also appear at the Fairness Hearing either in person or through counsel retained at the Settlement Class Member's expense.  Settlement Class Members or their attorneys intending to appear at the Fairness Hearing must deliver to Joseph J. Siprut and H. Thomas Wells and file with the Court, at the addresses specified above, a notice of intention to appear, setting forth the case number and the name, address and telephone number of the Settlement Class Member (and, if applicable, the name of the Settlement Class Member's attorney).  Notices of intention to appear must be received by the Clerk of Court, Joseph J. Siprut, and H. Thomas Wells by April 11, 2013.  Any Settlement Class Member or attorney who does not timely file and serve a notice of intention to appear pursuant to the terms of this paragraph shall not be permitted to appear at the Fairness Hearing.

23.     If any objection is deemed frivolous, the Court reserves the right to award appropriate costs and fees to Class Counsel and/or Defendant's Counsel.

-10-

24.     Any Settlement Class member who fails to comply with the orders of the Court, including the requirements set forth herein, shall waive and forfeit any and all rights he or she may have to appear separately and/or object, and shall be bound by all the terms of this Agreement and by all proceedings, orders and judgments in this Action.

25.     Any proposed Settlement Class member may opt out of the Settlement Class by mailing to the Settlement Administrator a written request to do so, to the address provided in the Publication Notice, E-mail Notice and Class Notice Package, and to be postmarked by no later than April 11, 2013.  The opt-out request must:  (i) identify the Settlement Class Members name, address, and phone number, and (ii) state that the Settlement Class Member wishes to be excluded from the Settlement Class.  A timely and valid request to opt out of the Settlement Class shall preclude such proposed Settlement Class member from participating in the proposed settlements, and such proposed Settlement Class member will be unaffected by the Settlement Agreement.  Any proposed Settlement Class member who does not submit a timely and valid written request for exclusion shall be bound by all subsequent proceedings, orders and judgments in this matter, regardless of whether such proposed Settlement Class member is currently, or subsequently becomes, a plaintiff in any other lawsuit against any of the Released Parties asserting any of the Released Claims.

26.     The Settlement Administrator must provide a list of all Settlement Class Members who timely opted out of the settlement to Defendant's Counsel by April 22, 2013.  Such list shall include the name and address of each Settlement Class member who timely opted out.  Class Counsel shall also file that list with the Court at or before the Fairness Hearing.

27.     All Settlement Class Members, and anyone acting on their behalf or for their benefit, are hereby enjoined from filing, commencing, prosecuting, maintaining, intervening in,

-11-

participating in (as class members or otherwise), or receiving any benefits or other relief from, any other lawsuit, arbitration, or administrative, regulatory or other proceeding or order in any jurisdiction, based on or relating to directly or indirectly, in whole or in part: (a) the Released Claims; or (b) the allegations, facts, subjects or issues that have been, could have been, may be or could be set forth or raised in the Action. In addition, all persons are hereby preliminarily enjoined from filing, commencing, prosecuting or maintaining any other lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations, or by seeking class certification in a pending action in any jurisdiction), a California Bus. and Prof. Code § 17200 action, a private attorney general action, or any other action on behalf of Class Members, if such other action is based on or relates to directly or indirectly, in whole or in part: (a) the Released Claims; or (b) the allegations, facts, subjects, or issues that have been, could have been, may be or could be set forth or raised in the Action. The Court finds that issuance of this preliminary injunction is necessary and appropriate in aid of the Court's jurisdiction over the Action. Any person found in contempt of this section will be subject to sanctions. Any Party who must seek from the Court the compliance of any Settlement Class member, or anyone acting on a Settlement Class member's behalf or for his or her benefit, is entitled to reimbursement of the Party's attorneys' fees incurred as a result of seeking such compliance.

28.     The Commencement and/or prosecution of the Action or any new action (including discovery) by Settlement Class Members and third persons against any of the Released Parties, by, on behalf of or through any Settlement Class Members and/or third persons, is hereby enjoined and stayed during the pendency of these settlement proceedings and until further ordered by this Court.

29.     This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if (i) the proposed settlement is not finally approved by the Court, or does not become final, pursuant to the terms of the Settlement Agreement; or (ii) the proposed settlement is terminated in accordance with the Settlement Agreement or does not become effective as required by the terms of the Settlement Agreement for any other reason.  In such event, the proposed Settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders, including this Order, shall be used or referred to for any purpose whatsoever.

30.     Neither the Settlement Agreement, nor any of its terms or provisions, nor any of its exhibits, nor any of the negotiations or proceedings connected with it, nor this Preliminary Approval Order shall be construed as an admission or concession by the Defendant of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind, or of the appropriateness of the certification of the Settlement Class.  This Order shall not be construed or used as an admission, concession or declaration by or against any of the Releasees of any fault, wrongdoing, breach, or liability.

31.     The Court reserves the right to continue the Fairness Hearing without further written notice.  If the Fairness Hearing is continued from the currently scheduled date of May 21, 2013, information regarding a rescheduled Fairness Hearing will be posted on the settlement website (www.southwestvouchersettlement.com).

32.     The terms and provisions of the Settlement Agreement may be amended by agreement of the Parties in writing and approval of the Court without further notice to Settlement

Class Members, if such changes are consistent with this Order and do not limit the rights of Settlement Class Members.

33.     The Class Action Fairness Act, 28 U.S.C. § 1715 ("CAFA"), requires that certain federal and state governmental officials be given notice of a proposed class action settlement. Defendant shall give the notice required by 28 U.S.C. § 1715(b) within ten (10) days.  Should the governmental authorities, to whom the said CAFA notice is given, wish to file any objection to the proposed Settlement, such objection must be filed with the Court by March 27, 2013.  The objection must include:  (a) the name, address, and telephone number of the person filing the objection, and the name of the governmental authority for whom the objection is being filed; (b) a statement of each objection being made; (c) a detailed description of the legal authorities underlying each such objection; (d) a statement of whether the objector or anyone else on behalf of the governmental authority intends to appear at the Fairness Hearing; and if so, the name, address and telephone number of the person who will be appearing; (e) a list of witnesses whom the objector may call by live testimony, oral deposition testimony or affidavit during the Fairness Hearing; (vi) a description of the testimony to be offered; and (vii) a list of the exhibits which the objector may offer during the Fairness Hearing, along with copies of those exhibits.

34.     Class Counsel's Petition for Attorneys' Fees and Expenses must be filed no later than April 4, 2013.  Southwest must file its response to that Petition by April 18, 2013.  Any reply brief by Class Counsel shall be filed by April 25, 2013.

IT IS SO ORDERED:


_____
The Honorable Matthew F. Kennelly, United States District Court Judge Northern District Of Illinois, Eastern Division

# EXHIBIT F



*The Replacement Drink Vouchers will include an expiration date.



This coupon has no cash value. Drink Coupon is void if altered, sold, purchased, brokered, or bartered. Non-exchangeable for other goods or services. Southwest Airlines® reserves the right to discontinue its drink coupon program at any time. Coupon is invalid after expiration date and cannot be updated or replaced. Must be 21 to consume alcoholic beverages.

Copyright 2012

# EXHIBIT G

## SETTLEMENT NOTICE PLAN

### *In re Southwest Airlines Voucher Litigation*

The following notice plan will be implemented as part of the Settlement in this case: Southwest Airlines ("Southwest") can identify from its business records the contact information for virtually all customers who may be included in the Settlement Class. Because e-mail addresses were provided by the vast majority of all Class Members to Southwest for the purpose of receiving online confirmation of their reservation, notice sent by email is particularly appropriate in this case. For those Class Members for whom e-mail notice is returned as undeliverable, or for whom only a physical mailing address is available, a Summary Postcard Notice will be sent by USPS first-class mail.

The E-mail Notice has been developed to draw appropriate reader attention to an important legal communication. The sender of the e-mail address will be "SouthwestVoucherSettlement.com." Because the intended recipients are Southwest customers who provided their email address to Southwest in order to have confirmation of the reservation sent to them, they will likely recognize "Southwest Airlines" in the sender address and be much more likely to view the email as important. Further, the E-mail Notice will have the following subject line:

> Subject: Legal Settlement Notice about replacement drink vouchers for eligible Southwest Airlines customers.

This subject line identifies that this message is a legal notice and not commercial advertising.

The E-mail Notice will include an embedded link to the case website. By clicking this link, the reader will be able to easily access the Class Notice Package, Settlement Agreement, Claim Form, and other information about the settlement. The E-mail Notice will be provided using an embedded html text format. This format will provide text that is easy to read without graphics, tables, images and other elements that would increase the likelihood that the message is blocked by Internet Service Providers (ISP's) and/or SPAM filters.

For all potential Class Members for whom an E-mail Notice was ultimately undeliverable, or for whom only a physical mailing address is available, a Summary Postcard Notice will be sent via First-Class mail. The Summary Postcard Notice is attached to this Settlement Notice Plan as Exhibit A. Prior to mailing, all physical addresses will be initially checked against the National Change of Address ("NCOA") database maintained by the United States Postal Service ("USPS").[1] If a record is returned by NCOA as invalid, the address will be updated through

---

[1] The NCOA database contains records of all permanent changes of address submissions received by the USPS for the last four years. The USPS makes this data available to mailing firms and lists submitted to it are automatically updated with any reported move based on a comparison with the person's name and known address.

third-party address search services which tie the name and address associated with the record with personally identifiable information available for the individual. Then the most recent address for that individual is returned. In order to ensure the most accurate mailings possible, addresses will then be certified using the Coding Accuracy Support System ("CASS") and verified through Delivery Point Validation ("DPV").[2]

Summary Postcard Notices returned as undeliverable will be re-mailed to any new address available through postal service information, for example, to the address provided by the postal service on returned pieces for which the automatic forwarding order has expired, but which is still during the period in which the postal service returns the piece with the address indicated, or to better addresses that may be found after reasonable, additional third-party source lookups. Upon successfully locating better addresses, Summary Postcard Notices will be promptly re-mailed.

Additionally, Publication Notice will appear two times on consecutive weeks in the national newspaper *USA Today* which has a circulation of 1,577,058. The Publication Notice will direct readers to the settlement website and toll-free number to access detailed information about the settlement.

---

[2] Coding Accuracy Support System is a certification system used by the United States Postal Service to ensure the quality of ZIP + 4 coding systems. Records that are ZIP + 4 coded are then sent through Delivery Point Validation to verify the address and identify Commercial Mail Receiving Agencies. DPV verifies the accuracy of addresses, and tells you exactly what is wrong with incorrect addresses.

# EXHIBIT A

# Did you receive a Southwest Airlines drink coupon through the purchase of a Business Select ticket, prior to August 1, 2010, and never redeem it?

A settlement has been proposed in a class action lawsuit about drink coupons received by customers of Southwest Airlines in connection with their purchase of Business Select tickets. The settlement will provide Replacement Drink Vouchers to Entitled Class Members. Southwest Airlines Co. ("Southwest") is the company sued.

**Who's Included?  Southwest's records indicate that you may be a member of the Settlement Class.** The Class includes anyone who received a drink coupon from Southwest prior to August 1, 2010, through the purchase of a Business Select ticket, but did not redeem the drink coupon. The Class does not include those who only obtained drink coupons through the Southwest Rapid Rewards program or as a result of being a member of the Southwest Rapid Rewards program.

**What Are the Settlement Terms?** The Settlement provides one Replacement Drink Voucher for every drink coupon received by a Southwest customer prior to August 1, 2010, through the purchase of a Business Select ticket, but never redeemed. The Settlement also provides injunctive relief. You must submit a Claim Form. You can submit your claim by mail, fax, e-mail, or online. If you mail it, it must be post-marked by **Month Day, 2013** to the address on the Claim Form. If you submit it any other way, it must be submitted to the Settlement Administrator by midnight on **Month Day, 2013**. Call or visit the website for information on filing a Claim.

**Your Other Options.** If you do not want to be bound by the Settlement, you must exclude yourself by **Month Day, 2013**. If you do not exclude yourself, you will release your claims against Southwest. You may object to the Settlement by **Month Day, 2013**. The Detailed Notice available at the website explains how to exclude yourself or object. The Court will hold a hearing on **Month Day, 2013**, to consider whether to approve the Settlement and a request for attorneys' fees up to $7,000,000, to be paid directly by Southwest. Southwest does not object to Class Counsel receiving attorneys' fees of $1,750,000.You or your own lawyer may ask to appear and speak at the hearing, at your own cost, but you don't have to. For more information, call toll free or visit the website.

**www.SouthwestVoucherSettlement.com          1-888-288-2153**

# EXHIBIT H

<u>LEGAL NOTICE</u>

# Did you receive a Southwest Airlines drink coupon through the purchase of a Business Select ticket, prior to August 1, 2010, that you never redeemed?

## If yes, a legal settlement provides a Replacement Drink Voucher, entitling you to a free drink aboard a Southwest flight, for every such coupon you did not redeem.

A settlement has been proposed in a class action lawsuit about drink coupons received by customers of Southwest Airlines through their purchase of Business Select tickets. The settlements will provide Replacement Drink Vouchers to Class Members who submit valid claims.

The United States District Court for the Northern District of Illinois will have a hearing to decide whether to give final approval to the settlement so that Replacement Drink Vouchers can be distributed. The people in the Class may submit Claim Forms to request Replacement Drink Vouchers, may exclude themselves from the settlement, may object to the settlement, or may ask to speak at the hearing. You can get a detailed notice by calling 1-888-288-2153 or by visiting the Settlement website: www.southwestvouchersettlement.com.

### WHO'S INCLUDED?

If you received a drink coupon from Southwest prior to August 1, 2010, through the purchase of a Business Select ticket, but did not redeem the drink coupon, you are included. The Class does not include those who only obtained drink coupons through the Southwest Rapid Rewards program or as a result of being a member of the Southwest Rapid Rewards program.

### WHO IS BEING SUED?

Southwest Airlines Co. is the company being sued in this action.

### WHAT DOES THE SETTLEMENT PROVIDE?

The Settlement provides one Replacement Drink Voucher for every drink coupon received by a Southwest customer prior to August 1, 2010, through the purchase of a Business Select ticket, but never redeemed. The Settlement also provides injunctive relief. The Settlement Agreement, available at www.southwestvouchersettlement.com or by calling 1-888-288-2153, has the details about the proposed Settlement.

### HOW DO YOU GET YOUR REPLACEMENT DRINK VOUCHERS?

You must submit a Claim Form. Call 1-888-288-2153 or go to www.southwestvouchersettlement.com for a Claim Form. You can mail it, fax it, e-mail it, or submit it online. If you mail it, it must be post-marked by _____, 2013 to the address on the Claim Form. If you submit your claim form by any other acceptable transmittal method, it must be received by the Settlement Administrator no later than midnight on _____, 2013.

### YOUR OTHER OPTIONS.

If you don't want Class Relief from this Settlement, and/or IF you don't want to be legally bound by it, you must exclude yourself by _____, 2013 or you won't be able to sue, or continue to sue, Southwest about the claims in this case. If you ask to be excluded, you can't get Class Relief from this settlement. If you stay in the Settlement, you may object to it by _____, 2013. The detailed written notice available on the website below, or by calling the number below, explains how to exclude yourself from or object to the Settlement.

The Court will hold a hearing in this case, called *In Re Southwest Airlines Voucher Litigation,* No. 11-CV-8176, on _____ to consider whether to approve the Settlement and a request by the lawyers for fees, costs and expenses up to $7,000,000. Southwest does not object to Class Counsel receiving $1,750,000 in attorneys' fees. You will not pay the lawyers representing the Class; they will be paid directly by Southwest.

You can object to the Settlement if you don't like some part of it. To do so, you must file a written objection in the case. If the settlement is approved, Southwest will be released from all liability for the claims. The Settlement Agreement, located on the website below, explains this fully. You or your own lawyer may ask to appear and speak at the hearing, at your own cost, but you don't have to. Again, for more information, please visit www.southwestvouchersettlement.com or call 1-888-288-2153.