# EXHIBIT 6

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| *In re Southwest Airlines Voucher Litigation* | ) No. 11-CV-8176 )<br>) Hon. Matthew Kennelly ) |

**DECLARATION OF HON. WAYNE ANDERSEN (RET.)**

I, Hon. Wayne Andersen (Ret.), declare:

1. I have personal knowledge of and am competent to testify to the facts stated in this declaration.

2. I am a former federal judge for the United States District Court for the Northern District of Illinois. I am now a mediator with JAMS

3. In August 2012, I was asked by the parties – and agreed – to serve as a mediator in this case.

4. The first mediation session occurred at the Chicago office for JAMS on August 27, 2012. Joseph Siprut and Aleksandra M.S. Vold attended for the Plaintiff, along with their client, Adam Levitt. Tommy Wells and Michael Drumke attended for Southwest. Southwest's in-house counsel, Stacy Cozad, also participated telephonically.

5. Prior to the first mediation session, the parties submitted written materials outlining their positions. When the mediation began, I facilitated spirited negotiations between both sides lasting almost an entire day. Near the end of the day, based on viewpoints and recommendations I shared with both sides, the parties reached an agreement in principle on the terms of class-wide relief, but did not reach an agreement on attorneys' fees. The material terms of the settlement agreement relating to class-wide relief were memorialized by a Memorandum of Understanding during the mediation.

6. At no time during negotiations on the terms of class-wide relief did the parties discuss attorneys' fees. The parties began discussing the amount of attorneys' fees to be paid by Southwest to Plaintiffs' Counsel only after the parties had agreed in principle on the class-wide relief. However, as explained above, the parties were not able to reach agreement on attorneys' fees during the first mediation session.

7. On September 17, 2012, I mediated another session between the parties, this time for the sole purpose of attempting to reach agreement on attorneys' fees. Joseph Siprut and Aleksandra M.S. Vold attended for Plaintiffs, and Tommy Wells and Michael Drumke attended for Southwest. Prior to the session, each side submitted written materials supporting their positions.

8. By the end of the day, despite very active, hard fought and spirited negotiations lasting almost another full day, the parties had still not reached complete agreement on fees, but did agree to "bracket" fees with a floor and ceiling. However, this agreement on bracketing included the right of either party to appeal the fees awarded even if the award was within the bracket. Counsel on both sides were zealous in their positions, and very capable.

9. Following that mediation session, I continued to communicate with each side separately in further attempts to aid the parties in reaching agreement on fees. Those communications consisted of numerous phone calls and written communications with both sides over the course of several months.

10. Finally, on January 13, 2013, with my active involvement and based on viewpoints and recommendations I shared with both sides, the parties reached a deal in which Southwest agreed to pay Plaintiffs' Counsel $3.0 million in fees, plus $30,000 in costs and expenses.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 7th day of May, 2013

/s/ Hon. Wayne Andersen (Ret.)

4819-6438-6579, v. 1