# EXHIBIT 7

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| *In re Southwest Airlines Voucher Litigation* | )<br>)<br>)<br>) | No. 11-CV-8176<br><br>Hon. Matthew Kennelly |

**DECLARATION OF PROFESSOR GEORGENE M. VAIRO**

I, Georgene M. Vairo, declare:

1. I have personal knowledge of and am competent to testify to the facts stated in this declaration.

2. I am the David P. Leonard Professor of Law at Loyola of Los Angeles Law School.

3. I wrote, and periodically update, the "Removal," "Venue," and "Multidistrict Litigation" chapters of MOORE'S FEDERAL PRACTICE. I have also written several books and articles about class action jurisprudence. My complete *curriculum vitae*, including a listing of those book and articles, is attached as Exhibit A to this Declaration.

4. I am considered to be one of the nation's leading authorities on the Class Action Fairness Act ("CAFA"). Among my publications is an article entitled, Georgene M. Vairo, MOORE'S FEDERAL PRACTICE: *The Complete CAFA: Analysis and Developments Under the Class Action Fairness Act of 2005*, (Matthew Bender 2011),. In that article, I discuss the issue of "coupon settlements" within the meaning of CAFA, and consider several different types of class action settlements and analyze whether those settlements would properly be considered "coupon settlements" under CAFA.

5. I have been retained by Joseph Siprut, Plaintiffs' counsel in the case captioned *In re Southwest Airlines Voucher Litigation*, No. 11-cv-08176 (N.D. Ill.), to opine on whether the

-1-

-2-

settlement framework agreed on by the parties in this case would constitute a "coupon settlement" within the meaning of CAFA.

6. As I understand it, the crux of Plaintiffs' claims in this case is that Southwest breached its contracts with Plaintiffs and each of the other Class members by refusing to honor drink coupons, which had no expiration date, that Southwest issued and which Plaintiffs allege that they and the other Class members paid for with their purchases of Southwest airline tickets.

7. As I understand it, the settlement framework that the parties have agreed on allows Class members to submit claims to receive new drink coupons for whatever number of coupons each Class member previously received when they purchased their tickets and never redeemed.

8. In my opinion, this is not a "coupon settlement" under CAFA. Based on my scholarship interpreting CAFA and the court decisions that have analyzed CAFA (including class action settlements), a "coupon settlement" is one in which class members' claims are settled through the receipt of coupons for the purchase of products or services *other than* whatever products or services are at issue in the underlying complaint.

9. One clear example of a coupon settlement would be if class members brought claims for antitrust violations against television manufacturers for price collusion in the television manufacturing industry, and the claims were settled for coupons giving class members a discount on their purchase(s) of additional television sets from those manufacturers.

10. Another example of a coupon settlement would be if class members brought claims against a credit card company for improper fees assessed to class members' accounts, and the claims were settled for coupons or credits for the purchase of additional services sold by the credit card company.

11. CAFA's legislative history makes clear that the types of coupon settlements described in the previous two paragraphs of my declaration concerned Congress because, in those instances, class members' claims were released, and yet in exchange, those class members received only coupons for products that they might not actually want, and would be forced to do more business with the same defendant in order to use the settlement benefits.

12. Moreover, a typical feature of many coupon settlements is that they require class members to *spend* money in order to utilize their settlement benefits, either because the coupons are for such a small amount that the defendant does not actually sell any products at prices less than the coupon value, or because the coupons by their terms only provide for a percentage off any future purchase of a good or service from that defendant.

13. The settlement framework that the parties have agreed on in the Southwest litigation, however, contains none of these features. Indeed, the case *itself* is about coupons, and – as Plaintiffs have alleged – Southwest's failure to honor the coupons according to their terms. Because the parties' settlement here allows Class members to recover the very thing they allege was wrongfully dishonored, it is not a "coupon settlement" within the meaning of CAFA.

14. In addition, as I understand it, the coupons here are freely transferrable and can be used on a single flight, thus eliminating the need to purchase future airfare from Southwest in order to redeem the coupons.

15. But even to the extent that Class members "redeem" their drink coupons by purchasing additional Southwest airline tickets, that was *already true* to begin with. That is, Class members who possessed unredeemed drink coupons before Southwest began refusing to honor them are in the same position as any Class member who receives new coupons pursuant to the settlement. This also distinguishes the parties' settlement here from a "coupon settlement" in

which class members are forced to do business with the defendant in order to use their coupons when the class members might otherwise prefer not to. Rather, the proposed settlement is a traditional class action settlement in which a common fund is established in principle to pay Class members' claims.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 7th day of May, 2013.

/s/ Professor Georgene M. Vairo

4844-8077-5699, v. 1