IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE SOUTHWEST AIRLINES | ) | No. 1:11-CV-8176 |
| VOUCHER LITIGATION | ) | |
| | ) | Hon. Matthew Kennelly |

## REPLY OF SOUTHWEST AIRLINES CO.
## TO GREGORY MARKOW'S RESPONSE
## REGARDING CAFA § 1712

Plaintiffs filed their Motion for Attorneys' Fees, Costs and Incentive Awards on April 4, 2013. (Doc. # 103). In that Motion, Plaintiffs asked the Court to award $3 million in fees, calculated either under the percentage of recovery method, or, alternatively, under the lodestar method.

Southwest Airlines Co. ("Southwest") filed its response to Plaintiffs' Motion on April 15, 2013. (Doc. # 113). In its Response, Southwest submitted that the $3 million in fees, agreed upon in spirited and sometimes contentious mediation between Southwest and Plaintiffs, should be approved under the lodestar with multiplier method in accordance with the Class Action Fairness Act, 28 U.S.C. § 1711, *et seq.* ("CAFA"). Objector Markow requested an opportunity to respond, and after the Court granted leave for Markow to file his response by May 7, 2013, Markow filed a response. The Court also allowed Plaintiffs and Southwest to reply

to Markow by May 14, 2013. (Doc. # 119). Southwest hereby replies to Markow's arguments.

Markow argues: (1) CAFA, which governs "coupon settlements", and specifically CAFA § 1712's limitations on attorneys' fees, applies to this Settlement; and (2) "CAFA *requires* that any attorneys' fee award in a coupon settlement be 'based on the value to class members of the coupons that are *redeemed.*'" Markow Response, p. 1 (emphasis in original) (Doc. # 120).

Markow is correct as to his first argument, but dead wrong on his second.

Markow's argument that the pending application for attorneys' fees, assuming this Settlement is covered by CAFA, may only be considered under the limitations set forth in CAFA § 1712(a) strains statutory construction and wholly ignores both CAFA's legislative history and extant caselaw.

## CAFA SPECIFICALLY ALLOWS THE "LODESTAR WITH MULTIPLIER" METHOD OF DETERMINING FEES

Markow hangs his statutory construction hat on the mandatory language of CAFA § 1712(a), which states that it governs "Contingent Fees in Coupon Settlements." He argues: "Where requested fees are based on an award of settlement coupons, Subsection 1712(a) mandates that the fees '*shall* be based on the value to the class members of the coupons that are redeemed.'" Markow Response, p. 1 (Doc. 120). Southwest agrees with this argument so long as an

award of fees is based upon a percentage of a common fund on a contingent fee basis. However, Subsection 1712(b) also unambiguously mandates (with its own "shall").

> (b)     Other Attorney's Fee Awards in Coupon Settlements
>
> (1) In general.
> If a proposed settlement in a class action *provides for a recovery of coupons to class members,* and *a portion of the recovery of the coupons is not used to determine the attorney's fee* to be paid to class counsel, any attorney's fee award *shall* be based upon the amount of time class counsel reasonably expended working on the action.

Thus, on its face, CAFA states that if the value of the coupons is *not* used to determine fees, then the time reasonably expended (lodestar method) *shall* be used.[1]  If this were not clear enough to allow the Court the option to employ the lodestar with multiplier method of calculating fees, the next provision of the statute puts any alleged ambiguity to rest by stating:

> Nothing in this subsection shall be construed to prohibit application of a lodestar with a multiplier method of determining attorney's fees.

---

[1] Markow argues, without any textual support in the wording of the statute, that "Subsection 1712(b)'s lodestar method is reserved for those settlements where the primary class relief is not coupons and the coupons need not serve as the basis for the attorneys' fees requested." Markow Response, p. 5 (Doc #120). Not only does the statute fail to state this, but such an interpretation would directly contradict the specific legislative history. *See* S. Rep.109-14 (2005), discussed *infra.*

Southwest views the fees proposed, as agreed upon after vigorous debate in mediation, to be in compliance with CAFA under the lodestar with multiplier method.

## CAFA'S LEGISLATIVE HISTORY
## SUPPORTS THIS READING OF THE STATUTE

CAFA's legislative history provides ample support for this reading of CAFA § 1712 as allowing alternative approaches to fee calculation. In its section-by-section analysis of CAFA, the Senate Report states, in dealing specifically with § 1712:

> In some cases, the proponents of a class settlement involving coupons may decline to propose that attorney's fee be based on the value of the coupon-based relief provided by the settlement. Instead, the settlement proponents may propose that counsel fees be based upon the amount of time class counsel reasonably expended working on the action. Section 1712(b) confirms the appropriateness of determining attorneys' fees on this basis in connection with a settlement based in part upon coupon relief. As is stated on its face, nothing in this section should be construed to prohibit using the "lodestar with multiplier" method of calculating attorney's fees.

S. Rep. 109-14 (2005), at 30.

The Settlement before the Court is indeed "based in part upon coupon relief" as there is also an injunctive relief aspect to the Settlement. And, as a proponent of the Settlement, Southwest proposes that fees requested be approved based on the

"lodestar with multiplier" approach sanctioned by CAFA, should the Court determine that CAFA applies to this Settlement.

## CASES INVOLVING CAFA
## SUPPORT THIS INTERPRETATION

Caselaw supports the view that the Court retains an option in a "coupon settlement" covered by CAFA to use the lodestar with multiplier method of calculating fees. Objector Markow wholly ignores this caselaw, rather than attempting to distinguish any of the relevant cases.[2] Recently in *Blessing v. Sirius XM Radio*, 2012 WL 6684572, at *2, 2012 U.S. App. LEXIS 25987 (2d Cir. Dec. 20, 2012), the Second Circuit was considering whether a "price freeze" was the equivalent of a "coupon settlement", and if so, what the effect was on the requested attorneys' fees. In pertinent part, the Circuit Court stated:

> Even assuming that the coupon provisions of CAFA were applicable, the district court's approval of the proposed settlement and the attorneys' fee award was appropriate. As noted, the attorneys' fees were negotiated only after the terms of the settlement were reached, and the fee award comes directly from Sirius XM, rather than from funds (or coupons) earmarked for the class.

> Thus, even assuming the price freeze was the equivalent of a coupon, no "portion of [the] attorney's fee award ... is attributable to the award of the coupons." § 1712(a). Where "a portion of

---

[2] Markow did cite *Silberblatt v. Morgan Stanley*, 524 F. Supp. 2d 425, 432 (S.D.N.Y. 2007) for the proposition that CAFA permits use of a lodestar where injunctive relief is also obtained. Injunctive relief is part of the instant Settlement.

the recovery of the coupons is not used to determine the attorney's fee to be paid to class counsel, any attorney's fee award shall be based upon the amount of time class counsel reasonably expended working on the action." § 1712(b)(1); *see also* S.Rep. No. 109-14, at 30 (2005) ("[T]he proponents of a class settlement involving coupons may decline to propose that attorney's fees be based on the value of the coupon-based relief provided by the settlement. Instead, the settlement proponents may propose that counsel fees be based upon the amount of time class counsel reasonably expended working on the action."). *The district court approved the fee award after determining it was reasonable under the lodestar method, which reflects "the amount of time class counsel reasonably expended working on the action," and is therefore consistent with CAFA.* § 1712(b), (c)(2).

*Id.* (emphasis added). The similarities to the instant case are obvious. The fees in the instant case were negotiated only after the settlement terms were agreed to, and the entire fee comes not from any common fund, but directly from Southwest.

Likewise, in *Fleury v. Richemont North America, Inc.*, 2008 WL 3287154 (N.D. Cal. 2008), the Court, having approved a class settlement, turned to the issue of attorney's fees where there was an agreement not to contest fees of up to $2 million. Plaintiffs had proposed using the percentage of recovery method, arguing that $100 credits issued to most of the class should be valued at $9,791,900, such that fees would represent less than 20% of the claimed valuation. As here, Plaintiffs in *Fleury* argued the settlement was not covered by CAFA.

The Court, however, not knowing how many of the $100 credits would ultimately be redeemed, opted instead to employ the lodestar method, stating:

> The Court therefore applies the lodestar method. *Its decision to do so is not inconsistent with CAFA. CAFA allows for use of the lodestar method. See* 28 U.S.C. § 1712(b)(1). (citations omitted).

2008 WL 3287154, at \*3; *accord Perez v. Asurion Corp.,* 2007 WL 2591180 at \*2 (S.D. Fla. 2007) (". . . CAFA gives the Court the discretion to award fees using the lodestar method. CAFA also provides that the Court may award a multiplier of the lodestar to enhance the fee award under the appropriate circumstances. *See* 28 U.S.C. § 1712(b)(2)"); *Radosti v. Envision EMI, LLC,* 760 F. Supp. 3d 73, 77-78 (D.D.C. 2011) ("In this case, the agreed upon award was separately negotiated and therefore was not based on the value of the coupons redeemed. Section 1712 provides that where the value of redeemed coupons is not used to determine the fee award, 'any attorney's fee award shall be based upon the amount of time class counsel reasonably expensed working on the action.' 28 U.S.C. § 1712(b)(1). The statute explicitly contemplates application of the lodestar method with a multiplier.")

Thus, should the Court conclude that this Settlement is covered by CAFA, it still has the option of awarding attorneys' fees in this case using the lodestar with multiplier method under CAFA. Regardless of whether CAFA applies to this

02563312.1

"coupon settlement about coupons", the requested fee, as agreed to by the parties in mediation, should be awarded.

/s/ H. Thomas Wells, Jr.
H. Thomas Wells, Jr.
One of the Attorneys for
SOUTHWEST AIRLINES CO.
Admitted *Pro Hac Vice*

OF COUNSEL:
**MAYNARD, COOPER & GALE**
Regions/Harbert Plaza
1901 6th Avenue North
Suite 2400
Birmingham, AL 35203
(205) 254-1000
twells@maynardcooper.com

/s/ Michael W. Drumke
Michael W. Drumke
One of the Attorneys for
SOUTHWEST AIRLINES CO.

OF COUNSEL
**SWANSON, MARTIN & BELL, LLP**
330 North Wabash Avenue, Suite 3300
Chicago, Illinois 60611-3604
312-222-8523 (direct)
312-560-3012 (cell)
312-321-0990 (fax)
mdrumke@smbtrials.com

02563312.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this the 13th day of May, 2013, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system which will send notification of such filing to all parties of record.

/s/ H. Thomas Wells, Jr.
OF COUNSEL

02563312.1