# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE SOUTHWEST AIRLINES VOUCHER LITIGATION | Case No. 11-CV-8176 |
| | Hon. Matthew Kennelly |
| GREGORY MARKOW, Objector. | |

## GREGORY MARKOW'S NOTICE OF PERTINENT AUTHORITY

Objector Gregory Markow submits this Notice of Pertinent Authority regarding the recent decision in *In re HP Inkjet Printer Litigation*, No. 11-16097, Dkt. 50-1 (9th Cir. May 15, 2013) (slip op.) (attached at Exhibit 1). In *HP Inkjet*, the Ninth Circuit reversed a class action settlement for a class of consumers who had purchased HP inkjet printers. *Id.* at 3-4. The settlement provided coupon relief ("e-credits" redeemable for printers and printer supplies) and injunctive relief (additional disclosures on website and manuals). *Id.* at 5. While class counsel had submitted bills for a $7 million lodestar, they requested $2.3 million in fees, and the district court decreased to $1.5 million. *Id.* at 7-8. The district court reasoned that the fee award should not outstrip the "ultimate value" of the settlement to the class, which the court had valued at roughly $1.5 million. *Id.*

Despite the district court's reduction, the Ninth Circuit nevertheless held that the attorneys' fee award violated the Class Action Fairness Act (CAFA). *Id.* at 27-28. CAFA applied to the settlement that involved e-credits, which were a "euphemism for coupons." *Id.* at 6. The Ninth Circuit found that because the fee award was not based on the number of redeemed coupons, that the award did not comply with 1712(a) of CAFA. The Ninth Circuit analyzed the statutory language of Section 1712(a):

> Subsection 1712(a) states, in relevant part, that "the portion of any attorney's fee award to class counsel that is attributable to the award of coupons shall be based on the value to class members of the coupons that are redeemed." Congress's use of the words "any" and "shall" indicate that subsection (a) is not permissive. *See Alabama v. Bozeman*, 533 U.S. 146, 153 (2011) ("The word 'shall' is ordinarily 'the language of command.'") (quoting *Escoe v. Zerbst*, 295 U.S. 490, 493 (1935)). If the district court awards "any" attorney's fees, and those attorney's fees are "attributable to the award of coupons," then the fees award must be calculated in the manner prescribed by § 1712(a) (i.e., using the redemption value of the coupons).

*Id.* at 16; *accord* Markow Response to Southwest's Response to Fee Request ("Markow Response"), Dkt. 120, at 6. The Court held that a fee award is "attributable to the award of coupons" under § 1712(a) when "the attorneys' fees award is a 'consequence' of the award of coupons." *Id.* at 17. "Or, put differently, attorneys' fees are 'attributable to' an award of coupons where '*the* [singular] award of the coupons' is the condition precedent to the award of attorneys' fees." *Id.* (quoting § 1712(a)) (emphasis in original).

The Ninth Circuit made clear that attorneys' fees are "**never** 'attributable to' an attorney's work on the action." *Id.* at 18 (emphasis added).

> [Attorneys' Fees] are "attributable to" the relief obtained for the class. *See Class Plaintiffs v. Jaffe & Schlesinger, P.A.*, 19 F.3d 1306, 1308 (9th Cir. 1994). An attorney who works incredibly hard, but obtains nothing for the class, is not entitled to fees calculated by any method. For although class counsel's hard work on an action is presumably a necessary condition to obtaining attorney's fees, it is never a sufficient condition. Plaintiffs attorneys don't get paid simply for working; they get paid for obtaining results. **Because it is the class relief that is both a necessary and a sufficient condition to an award of attorney's fees, it follows that an attorney's fees award can only be "attributable to," or the consequence of, the class relief, not the attorney's hard work**. Hence, returning to the language of § 1712(a), where the "portion" of the attorneys' fees that are "attributable to the award of the coupons" is necessarily one hundred percent—as in a case where the settlement provides only coupon relief—"any attorney's fee award to class counsel . . . shall be based on the value to class members of the coupons that are redeemed."

*Id.* (emphasis added); *accord* Markow Response at 4-5.

The Court rejected the notion that § 1712(b) (describing the use of the lodestar method in coupon settlements) permitted a district court to award lodestar for coupon or non-coupon relief. *Id.*

at 21. Otherwise, "§ 1712(b) would read § 1712(a) completely out of the statute." *Id.* at 22 (citing *Boise Cascade Corp. v. United States EPA*, 942 F.2d 1427, 1432 (9th Cir. 1991) (courts must avoid interpreting a "provision in a manner that renders other provisions of the same statute inconsistent, meaningless or superfluous"); *accord* Markow Response at 5. The Court further reasoned that § 1712(c) resolved any question regarding the application of § 1712(a) and § 1712(b):

> Section 1712(c) directs the district court to calculate fees in mixed settlements "in accordance with" subsections (a) and (b). And the language of § 1712(a) does "exclude the possibility" that lodestar fees may be awarded in exchange for coupon relief. By incorporating the standard of § 1712(a) into its own, then, **§ 1712(c) dictates that lodestar fees may only be awarded where class counsel obtains non-coupon relief.**

*Id.* at 25 (emphasis added); *accord* Markow Response at 6. The Court reasoned that permitting lodestar for coupon relief would run contrary to the purposes of CAFA because it would permit an award of attorneys' fees without requiring the district court to consider the *actual value* of the class relief. *Id.* at 26; *accord* Markow Response at 7.

Indeed, permitting an attorneys' fee award without considering the actual value would violate "the Supreme Court's established attorneys' fees jurisprudence as well." *Id.* at 26 n.18. The Court further reasoned:

> Even under the lodestar method, the district court must adjust the amount of any fees award "to account for the degree of success class counsel attained." *In re Bluetooth*, 654 F.3d at 944; *see also Hensley*, 461 U.S. at 436. But a court cannot judge counsels' success without first calculating the value of the class relief. And in a coupon class action, the court cannot value the class relief without knowing the redemption value of the coupons. Thus under *Hensley* and its progeny, any lodestar cross-check should be performed in reference to the redemption value of the coupons ….

*Id.* at 26 n.18 (citing *Hensley v. Eckerhart*, 461 U.S. 424 (1983); *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935 (9th Cir. 2011)); *accord* Markow response at 6-7. The district court's fee award was based on the court's "rough estimate of the ultimate value" and thus violated CAFA's requirement (and Supreme Court precedent and progeny) that the fee award be based on the redemption value of the coupons. *Id.* at 27.

Dated: May 17, 2013.                /s/ Melissa A. Holyoak
                                    Melissa A. Holyoak, (DC Bar No. 487759)
                                    Center for Class Action Fairness
                                    1718 M Street NW, No. 236
                                    Washington, DC 20036
                                    Phone: (573) 823-5377
                                    Email: melissaholyoak@gmail.com

                                    *Attorney for Gregory Markow*

## Certificate of Service

The undersigned certifies she electronically filed the foregoing Notice via the ECF system for the Northern District of Illinois, thus effecting service on all attorneys registered for electronic filing. Additionally she placed a courtesy copy of the foregoing via UPS overnight addressed to:

Hon. Matthew F. Kennelly
United States District Court for the Northern District of Illinois, Eastern Division
Everett McKinley Dirksen United States Courthouse
Chambers 2188
219 South Dearborn Street
Chicago, IL 60604

Dated: May 17, 2013.

/s/ Melissa A. Holyoak