**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE SOUTHWEST AIRLINES VOUCHER LITIGATION | Case No. 11-CV-8176 |
| | Hon. Matthew Kennelly |
| GREGORY MARKOW, | |
| Objector. | |

**GREGORY MARKOW'S NOTICE OF PERTINENT AUTHORITY**

Objector Gregory Markow respectfully brings to this Court's attention a recent appellate court decision. *See In re Dry Max Pampers Litigation*, -- F.3d --, No. 11-4156 (6th Cir. Aug. 2, 2013) (slip opinion attached as Exhibit 1). *Pampers* reversed approval of a class action settlement involving a class of purchasers of Dry Max diapers. *Id.* at 1. The *Pampers* decision bears upon a number of issues raised in Markow's objection to this settlement and plaintiffs' request for attorneys' fees.

While class counsel's fee request here does not ascribe any value to this settlement's injunctive relief, *see* Fee Request, Dkt. 103, *Pampers* confirms that class counsel cannot rely on fictive valuations of prospective injunctive relief to justify their fee request: "The fairness of the settlement must be evaluated primarily based on how it *compensates class members*—not on whether it provides relief to other people." Slip Op. at 10 (quoting *Synfuel Techs. Inc v. DHL Express (USA), Inc.*, 463 F.3d 646, 654 (7th Cir. 2006) and adding emphasis). *Accord* Markow Objection ("Obj."), Dkt. 105, at 11; Markow Notice of Pertinent Authority, Dkt. 131 at 2 (quoting *In re HP Inkjet Printer Litigation*, 716 F.3d 1173, 1182 (9th Cir. 2013) ("Plaintiffs attorneys don't get paid simply for working; they get paid for obtaining results.")).

*Pampers* also reaffirms the essential fiduciary roles of courts, class counsel and the class representatives. Slip Op. at 1, 6; *accord* Obj. at 3-4. The burden of proving fairness resides squarely with the proponents. Slip Op. at 8; Obj. at 4. The ratio of fees to class award is an intimate part of that inquiry, even where the settlement is not structured as a traditional common fund. Slip Op. at 6-7 ("preferential treatment" in fees vis-à-vis class relief renders settlement unfair); *accord* Obj. at 7-9. "[T]he adversarial process" between the parties can only assure fairness with respect to the total sum paid, "not the manner in which that amount is *allocated* between the class representatives, class counsel, and unnamed class members." Slip Op. at 6; *accord* Obj. at 4, 7.

*Pampers* further supports Markow's argument that the incentive awards undermine adequacy of representation. Obj. at 11-12. "These requirements are scrutinized more closely, not less, in cases involving a settlement class." Slip Op. at 12. The court held that the $1000 per child incentive awards divorced named representative incentives from absent class members because the incentive awards had more than made them whole. *Id.* at 13. Thus, the representatives had "no reason to care whether the mechanisms available to unnamed class members can provide adequate relief." *Id.* The named representatives here are each petitioning for $15,000—well more than any actual damages they could hope to obtain—and deprives the representatives of any incentive to ensure an equitable settlement.

Dated: August 9, 2013.

/s/ Melissa A. Holyoak
Melissa A. Holyoak, (DC Bar No. 487759)
Center for Class Action Fairness
1718 M Street NW, No. 236
Washington, DC 20036
Phone: (573) 823-5377
Email: melissaholyoak@gmail.com

*Attorney for Gregory Markow*

**Certificate of Service**

The undersigned certifies she electronically filed the foregoing Notice via the ECF system for the Northern District of Illinois, thus effecting service on all attorneys registered for electronic filing. Additionally she placed a copy of the foregoing in the U.S. Mail addressed to:

Hon. Matthew F. Kennelly
United States District Court for the Northern District of Illinois, Eastern Division
Everett McKinley Dirksen United States Courthouse
Chambers 2188
219 South Dearborn Street
Chicago, IL 60604

Dated: August 9, 2013.

/s/ Melissa A. Holyoak