**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| **In re Southwest Airlines Voucher Litigation** | ) ) ) | **No. 11-CV-8176** |

## FINAL JUDGMENT

WHEREAS Plaintiffs, Class Counsel, and Defendant entered into a Settlement Agreement, with exhibits (collectively, the "Settlement Agreement"), dated December 3, 2012, as amended on December 7, 2012, to settle this Action; and

WHEREAS the Court entered a Preliminary Approval Order dated December 12, 2012, preliminarily certifying the putative Class in this Action for settlement purposes under Fed. R. Civ. P. 23(b)(3), ordering notice to all Class Members listed on the List of Potential Class Members (or to their attorneys) as set forth in Settlement Notice Plan, scheduling a Fairness Hearing, and providing Class Members with an opportunity either to exclude themselves from the settlement class or object to the proposed settlement;

WHEREAS the Court held a Fairness Hearing on May 21, 2013, to determine whether to give final approval to the proposed settlement; and

WHEREAS the Court entered a Memorandum Opinion and Order on August 26, 2013, granting final approval to the Settlement Agreement, including certification of the settlement Class;

WHEREAS, the Court entered a Memorandum Opinion and Order on October 3, 2013, granting Plaintiffs' counsel's fee petition in part (the "October 3, 2013") Order.

It is hereby **ORDERED, ADJUDGED AND DECREED** as follows:

1.     **Incorporation of Other Documents.**   This Final Judgment incorporates and makes a part hereof:

(a)     the Settlement Agreement and any amendments thereto (with all capitalized terms herein having the same meaning as that given to them in the Settlement Agreement);

(b)     the exhibits to the Settlement Agreement;

(c)     the Court's Preliminary Approval Order;

(d)     the Motion and Memorandum In Support of Final Approval of Class Certification;

(e)     the exhibits to the Motion and Memorandum In Support of Final Approval of Class Certification; and

(f)     the August 26, 2013 Order and the October 3, 2013 Order.

2.     **Jurisdiction.**   The Court has personal jurisdiction over all Plaintiffs and has subject-matter jurisdiction over this Action.

3.     **Class Notice.**   The Court finds that the individual notice to the List of Potential Class Members, Publication Notice and distribution of the notice in accordance with the Settlement Notice Plan, the terms of the Settlement Agreement, and this Court's Preliminary Approval Order:

(a)     constituted the best practicable notice to Class Members under the circumstances of this action;

(b)     provided Class Members with adequate instructions and a variety of means to obtain information pertaining to their rights and obligations under the settlement

so that a full opportunity has been afforded to Class Members and all other persons wishing to be heard;

(c)     was reasonably calculated, under the circumstances, to apprise Class Members of: (i) the pendency of this class action, (ii) their right to exclude themselves from the Class and the proposed settlement, (iii) their right to object to any aspect of the proposed settlement (including final certification of the settlement class, the fairness, reasonableness or adequacy of the proposed settlement, the adequacy of representation by Plaintiffs and Class Counsel, and/or the award of attorneys' fees), (iv) their right to appear at the Fairness Hearing - either on their own or through counsel hired at their own expense - if they did not exclude themselves from the Class, and (v) the binding effect of the Preliminary Approval Order and Final Judgment in this action, whether favorable or unfavorable, on all persons who do not timely request exclusion from the Class;

(d)     was calculated to reach a large number of Class Members, and the prepared notice documents adequately informed Class Members of the class action, properly described their rights, and clearly conformed to the high standards for modern notice programs;

(e)     focused on the effective communication of information about the class action, were couched in plain and easily understood language, and were written and designed to the highest communication standards;

(f)     afforded sufficient notice and time to Class Members to receive notice and decide whether to request exclusion or to object to the settlement;

(g)      was reasonable and constituted due, adequate, effective, and sufficient notice to all persons entitled to be provided with notice;

(h)      fully satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, including the Due Process Clause, and any other applicable law.

4.      **Claims Process.**  The Court concludes that the Claim Form was well designed with clear and prominent information that is easily understandable to Class Members. Any Class Member who wished to receive Class Relief must have signed and returned a valid and timely Claim Form to the Settlement Administrator in compliance with the Claims Process set forth in the Settlement Agreement and no later than the Claim Form Deadline. Any Class Member who does not submit a valid and timely Claim Form in compliance with the Claims Process is not entitled to Class Relief, but nonetheless is barred by the Release and provisions of the Settlement Agreement and the Final Judgment.

5.      **Binding Effect.**  The terms of the Settlement Agreement and of this Final Judgment shall be forever binding on Plaintiffs and all other Class Members and any other Releasor, and those terms shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits or other proceedings maintained by or on behalf of any such persons, to the extent those claims, lawsuits or other proceedings involve matters that were or could have been raised in this Action or are otherwise encompassed by the Release.

6.      **Release and Waiver.**  The Release, which is set forth in the Settlement Agreement in Section IX, is expressly incorporated herein in all respects and is effective as of the date of this Final Judgment. In return for the consideration provided in the Agreement:

A.     Plaintiffs and Releasors release, acquit and forever discharge the Releasees from the Released Claims, including but not limited to any and all past, present, and future causes of action, claims, damages (including but not limited to compensatory damages and punitive damages), or any other damages, awards, equitable, legal and administrative relief, interest, demands or rights that are based upon, related to, or connected with, directly or indirectly, in whole or in part (1) the Released Claims; or (2) the allegations, facts, subjects or issues that were, could have been, may be or could be set forth or raised in the Action.

B.     Southwest and the Releasees, jointly and severally, shall and hereby do fully release and discharge Plaintiffs and Class Counsel from any past, present, and future causes of action, claims, damages (including but not limited to compensatory damages and punitive damages), or any other damages, awards, equitable, legal and administrative relief, interest, demands or rights that are based upon, related to, or connected with, directly or indirectly, in whole or in part (1) the Released Claims; or (2) the allegations, facts, subjects or issues that were, could have been, may be or could be set forth or raised in the Action.

C.     Plaintiffs, on their own behalf and on behalf of all other Releasors shall not now or hereafter initiate, participate in, maintain, or otherwise bring any claim or cause of action, either directly or indirectly, derivatively, on their own behalf, or on behalf of the Class or the general public, or any other person or entity, against the Releasees based on allegations that are based upon or related to, directly or indirectly, in whole or in part:  (1) the Released Claims; (2) the allegations, facts, subjects or issues that have been, could have been, may be or could be set forth or raised in the Action.

D.     Plaintiffs and all other Class Members and all the other Releasors, and anyone acting on their behalf or for their benefit, without limitation, are precluded and estopped

from bringing any claim or cause of action in the future, related to in any way, directly or indirectly, in whole or in part: (1) the Released Claims, or (2) the allegations, facts, subjects or issues that have been, could have been, may be or could be set forth or raised in the Action.

E. Plaintiffs and the Class Members, on their behalf and on behalf of all other Releasors, are releasing both known and unknown and suspected and unsuspected claims and causes of action, and are aware that they may hereafter discover legal or equitable claims or remedies or injuries or damages presently unknown, or facts in addition to or different from those which they now know or believe to be true with respect to the allegations and subject matters in the complaint or other filings in the Action. Plaintiffs and the Class Members to fully, finally and forever settle and release all such matters, and all claims and causes of action relating thereto, which exist, hereafter may exist, or might have existed (whether or not previously or currently asserted in the Action).

F. There are certain principles of law applicable in some states, such as Section 1542 of the Civil Code of the State of California, which provides: "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR." All such federal or state laws, rights, rules, or legal principles of any jurisdiction that may be applicable here, are hereby knowingly and voluntarily waived and relinquished by Plaintiffs and the Class Members.

G. The Release may be raised as a complete defense to and will preclude any action or proceeding that is encompassed by this Release.

7.     **Permanent Injunction**.  All Class Members who have not been timely excluded from the Class and all Releasors, and anyone acting on their behalf or for their benefit, are hereby permanently barred and enjoined from: (i) filing, commencing, prosecuting, maintaining, intervening in, participating in (as class members or otherwise), or receiving any benefits or other relief from any other lawsuit, arbitration, or administrative, regulatory or other proceeding or order in any jurisdiction based on or relating to the claims and causes of action that have been, may be or could have been set forth or raised in the Action, the Released Claims and/or the acts and circumstances relating thereto; (ii) organizing or soliciting the participation of any Class Members in a separate class for purposes of pursuing as a purported class action (including by seeking to amend a pending complaint to include class allegations, or by seeking class certification in a pending action) any lawsuit or other proceeding based on or relating to the claims and causes of action that have been, may be or could have been set forth or raised in the Action, the Released Claims and/or the acts and circumstances relating thereto; or (iii) filing or commencing any action on behalf of the general public based on or relating to the claims and causes of action that have been, may be or could have been set forth or raised in the Action, the Released Claims and/or the acts and circumstances relating thereto. The Court finds that issuance of this permanent injunction is necessary and appropriate in aid of the Court's jurisdiction over the action and to protect and effectuate the Court's Final Judgment.  Any person found in contempt of this injunction will be subject to sanctions.  Any Releasee who must seek from the Court the compliance of this injunction is entitled to reimbursement of his or her or its attorneys' fees incurred as a result of seeking such compliance from the person or entity in violation of this injunction.

8.      **Enforcement of Settlement.**  Nothing in this Final Judgment shall preclude any action to enforce the terms of the Settlement Agreement.

9.      **Modification of Settlement Agreement.**  The Parties are hereby authorized, without needing further approval from the Court and without further notice to the Class, to agree to and adopt such amendments to, and modifications and expansions of the Settlement Agreement as are consistent with this Order and that do not limit the rights of Class Members under the Settlement Agreement.

10.      **Retention of Jurisdiction.**  The Court has jurisdiction to enter this Final Judgment. Without in any way affecting the finality of this Final Judgment, this Court expressly retains jurisdiction as to all matters relating to the administration, consummation, enforcement and interpretation of the Settlement Agreement and of this Final Judgment, and for any other necessary purpose, including, without limitation:

A.      enforcing the terms and conditions of the Settlement Agreement and resolving any disputes, claims or causes of action that, in whole or in part, are related to or arise out of the Settlement Agreement and this Final Judgment (including, without limitation, whether claims or causes of action allegedly related to this case are or are not barred by this Final Judgment, etc.);

B.      entering such additional orders as may be necessary or appropriate to protect or effectuate the Court's Final Judgment approving the Settlement Agreement, dismissing all claims on the merits and with prejudice, and permanently enjoining Class Members and Releasors and anyone acting on their behalf or for their benefit from initiating or pursuing related proceedings, or to ensure the fair and orderly administration of this settlement; and

C.    entering any other necessary or appropriate orders to protect and effectuate this Court's retention of continuing jurisdiction; provided, however, that nothing in this paragraph is intended to restrict the ability of the parties to exercise their rights under the Settlement Agreement.

11.    **No Admissions.**  Neither this Final Judgment nor the Settlement Agreement (nor any other document referred to herein) nor any action taken to carry out this Final Judgment is, may be construed as, or may be used as an admission or concession by or against the Defendant, as to the validity of any claim or any actual or potential fault, wrongdoing or liability whatsoever, or as to the certification of the Class herein for litigation purposes.  Entering into or carrying out the Settlement Agreement, and any negotiations or proceedings related to it, shall not in any event be construed as, or deemed evidence of, an admission or concession as to the Defendant's denials or defenses and shall not be offered or received in evidence in any action or proceeding against any party hereto in any court, administrative agency or other tribunal for any purpose whatsoever, except as evidence of the settlement or to enforce the provisions of this Final Judgment and the Settlement Agreement; provided, however, that this Final Judgment and the Settlement Agreement may be filed in any action against or by the Defendant or Releasees to support a defense of *res judicata*, collateral estoppel, release, waiver, good-faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion or similar defense or counterclaim.

12.    **Capitalized Terms.**  Capitalized terms used in this Order but not defined shall have the meaning ascribed to them in the Settlement Agreement.

13.    **Dismissal of Action and Immediate Appeal.**  The Court determines this Order is a Final Judgment as to all claims in this case.  This Action, and all individual and Class claims

resolved in it, are hereby DISMISSED ON THE MERITS AND WITH PREJUDICE against Plaintiffs and all other Class Members.

14. **CAFA Compliance.** The Class Action Fairness Act, 28 U.S.C. § 1715 ("CAFA"), requires that certain federal and state governmental officials be given notice of a proposed class action settlement. Defendant gave CAFA notice to Attorney Generals of the fifty (50) states. This Court finds that the Defendant's notice obligations under CAFA, and specifically 28 U.S.C. § 1715(b), have been satisfied and any notice required thereunder has been provided.

It is hereby **ORDERED, ADJUDGED** and **DECREED** that **FINAL JUDGMENT** is hereby entered this 10th day of October, 2013.

_____

**UNITED STATES DISTRICT JUDGE**