## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| IN RE SOUTHWEST AIRLINES VOUCHER LITIGATION | Case No. 11-CV-8176 |
| | Hon. Matthew Kennelly |
| GREGORY MARKOW, | |
| Objector. | |

---

## OBJECTOR GREGORY MARKOW'S MOTION TO INTERVENE AND MEMORANDUM OF LAW IN SUPPORT

Melissa A. Holyoak
CENTER FOR CLASS ACTION FAIRNESS
1718 M Street NW, No. 236
Washington, DC 20036
Phone: (573) 823-5377
Email: melissaholyoak@gmail.com

Kirstin B. Ives
WILLIAMS MONTGOMERY & JOHN
233 South Wacker Drive, Suite 6100
Chicago, Illinois 60606
Phone: (312) 443-3878
Fax: (312) 630-8538
Email: KBI@willmont.com

*Attorneys for Objector Gregory Markow*

## INTRODUCTION

On October 10, 2013, this court entered Final Judgment (Dkt. 156). Objector Markow appealed the final judgment and all other opinions and orders that merge therein. *See* Amended Notice of Appeal (Dkt. 157). In its Response to Supplemental Jurisdiction Memorandum filed with the Seventh Circuit, Southwest questioned whether the Seventh Circuit had jurisdiction because Objector Markow had not sought to intervene in the district court. *See* Response to Supplemental Jurisdiction Memorandum, No. 13-3109 (Dkt. 20). Accordingly, Markow is moving to intervene for the limited purpose of preserving his appellate rights. Although the Supreme Court has ruled that appeal without intervention was permissible for Rule 23(e) objectors, *Devlin v. Scardelletti*, 536 U.S. 1 (2002), the Seventh Circuit has left unanswered whether intervention is necessary in 23(b)(3) class actions.[1] Markow thus moves to intervene to preserve his appellate rights for belt-and-suspenders reasons. Markow's proposed pleading is attached as Exhibit 1. Plaintiffs do not oppose this motion. Defendant refused to consent to the motion.

As Judge Easterbrook emphasized in *Crawford v. Equifax Payment Services*, "it is vital that district courts **freely** allow the intervention of unnamed class members who object to proposed settlements and want an option to appeal an adverse decision." 201 F.3d 877, 881 (7th Cir. 2000) (emphasis added); *see also Robert F. Booth Trust v. Crowley*, 687 F.3d 314, 318 (7th Cir. 2012) (holding that intervention should also be granted freely in derivative settlements because "[a] district judge ought not try to insulate his decisions from appellate review by preventing a person from acquiring a status essential to that review"). Markow is entitled to intervene as a matter of right under Fed. R.

---

[1] Every court of appeals to explicitly consider and rule on the question has held otherwise. "*Devlin*, after all, is about party status and one who could cease to be a party is still a party until opting out." *Nat'l Ass'n of Chain Drug Stores v. New England Carpenters Health Benefits Fund*, 582 F.3d 30, 39-40 (1st Cir. 2009). *Accord In re Rite Aid Corp. Securities Litigation*, 396 F.3d 294, 299 (3rd Cir. 2005); *Fidel v. Farley*, 534 F.3d 508, 512-13 (6th Cir. 2008); *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 572-73 (9th Cir. 2004); *In re Integra Realty Res., Inc.*, 354 F.3d 1246, 1257 (10th Cir. 2004).

Civ. Proc. 24(a) because this motion is timely[2] and because Markow's interests are not adequately represented. Markow is challenging approval of the settlement and award of attorneys' fees, a position plaintiffs would not possibly advance as they would have to acknowledge their own inadequacy in the litigation, and a position the defendant can no longer take because of its commitment to the settlement. Because Markow's position regarding rejection of the settlement and fee request is "entirely incompatible with the stance taken by" plaintiffs, Markow is entitled to intervention as of right. *See Robert F. Booth Trust*, 687 F.3d at 318.

In the alternative, the court should grant permissive intervention under Rule 24(b) because the motion is timely and will not cause any prejudice as it is sought solely to preserve Markow's appellate rights. Fed. R. Civ. Proc. 24(b).

## ARGUMENT

### I.     Markow is Entitled to Intervene as of Right.

Markow is entitled to intervene in this action as a matter of right pursuant to Fed. R. Civ. Proc. 24(a). Rule 24(a)(2) mandates intervention as a matter of right for anyone who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Under Rule 24(a), a party moving to intervene must show that: (1) the motion is timely brought, (2) the intervenor has an interest relating to the subject of the pending action; (3) there is potential that the intervenor's interests will be impaired by disposition of the action in their absence; and (4) the intervenor's interests are not adequately represented by existing parties. *See Heartwood, Inc. v. U.S. Forest Serv., Inc.,* 316 F.3d 694

---

[2] On November 7, 2013, plaintiffs filed a Motion to Alter the Judgment. *See* Pls. Mot. to Alter (Dkt. 173). Markow's Motion to Intervene is timely because the time to appeal is postponed until the Motion to Alter is ruled upon. *See* Fed. R. Civ. Proc. 4(a)(4).

(7th Cir. 2003); *Shea v. Angulo*, 19 F.3d 343, 346 (7th Cir. 1994). Each of these elements is present here.

First, the motion is timely. "The requirement of timeliness is not a tool of retribution to punish the tardy would-be intervenor, but rather a guard against prejudicing the original parties by the failure to apply sooner. Federal courts should allow intervention 'where no one would be hurt and greater justice could be attained." *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1250 (10th Cir. 2001) (quoting *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994)). Markow is moving to intervene to preserve his appellate rights because the Seventh Circuit has not yet ruled whether *Devlin v. Scardeletti*, 536 U.S. 1 (2002)—which permits Rule 23(e) objectors to appeal without intervention—applies to Rule 23(b)(3) class actions. In *Flying J., Inc. v. Van Hollen*, the Seventh Circuit reversed a district court's denial of a motion to intervene where the motion was, as here, intended to preserve appellate rights, even though the motion to intervene did not come until after the district court had issued his final judgment. 578 F.3d 569, 572 (7th Cir. 2009) ("Nor do we think the association's motion to intervene, even though not filed until the district judge had entered his final judgment, was untimely — assuming that all the association wants is to take an appeal.")

So too here. Although final judgment has been issued none of the parties will be prejudiced by Markow's intervention. Indeed, the parties cannot claim prejudice by having to proceed with the appeal. In *Crawford*, the Seventh Circuit reversed the denial of a motion to intervene where the objectors intended to appeal because "[t]he possibility that we would see merit to their appeal cannot be called 'prejudice'; appellate correction of a district court's errors is a benefit to the class." 201 F.3d at 881. Because Markow is seeking intervention to preserve his appellate rights, the parties will not be prejudiced by intervention and the motion to intervene is timely.

Markow satisfies both the second and third requirements for intervention as of right. A party's interest is sufficient to justify intervention if it is "direct, significant [and] legally protectable." *Sec. Ins. Co. v. Schipporeit, Inc.,* 69 F.3d 1377, 1380 (7th Cir. 1995). This is true here, where Markow is a class member and disposition of the appeal affects his rights as a class member under the settlement. *See In re Cmty. Bank of N. Va.,* 418 F.3d 277, 314 (3d Cir. 2005) (holding that "the second and third prongs of the Rule 24(a)(2) inquiry are satisfied by the very nature of Rule 23 representative litigation").

And finally, Markow satisfies the fourth requirement for intervention as of right: his interests are not adequately protected by the existing parties. This requirement is met by a "minimal" showing "that representation of his interest 'may be' inadequate." *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972); *see also Kansas Pub. Emps. Ret. Sys. v. Reimer & Koger Assocs.,* 60 F.3d 1304, 1308 (8th Cir. 1995). In determining whether Markow satisfies this prong, it is important to note the distinction between Rule 23(a)(4) adequacy and Rule 24(a) adequacy determinations. They are "two separate and distinct" inquiries. *Cf. Woolen v. Surtran Taxicabs,* 684 F.2d 324, 331 (5th Cir. 1982) (comparing Rule 24 "adequacy" inquiry to Rule 23(a)(4) "adequacy" inquiry). If it were the case that Rule 23(a)(4) adequacy required a finding of Rule 24 adequate representation, then objectors could never intervene to preserve appellate rights, contradicting *Crawford v. Equifax Payment Services* and common sense. The reason that plaintiffs are inadequate representatives under Rule 24(a) is because no plaintiff would be willing to make Markow's appellate arguments. Clearly, Markow's legal position (that the settlement approval and fee award should be reversed) would not be advocated by plaintiffs. Markow's and plaintiffs' "incompatible" legal positions entitle Markow to intervention as of right under Fed. R. Civ. Proc. 24(a). *See Robert F. Booth Trust*, 687 F.3d at 318 (finding proposed

intervenor's position (opposing derivative settlement) incompatible with plaintiffs that had proposed the settlement).

## II. In the Alternative, Markow Should Be Permitted To Intervene Under Rule 24(b).

Rule 24(b) provides for permissive intervention as long as a timely application is made and the "applicant's claim . . . and the main action have a question of law or fact in common." Fed. R. Civ. Proc. 24(b). As part of this determination, the courts consider "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." *Id.* Both prongs are satisfied.

*First*, the motion is timely. As described above, Markow's motion for intervention is timely because it is filed for the sole purpose of preserving Markow's appellate rights. *See Flying J.*, 578 F.3d at 572. *Second*, the questions of law and fact Markow raised in his objection (and will raise on appeal) regarding the fairness of the settlement and class counsel's fee request are coterminous with those considered by the court at the fairness hearing and contained in plaintiffs' Motion to Alter the Judgment. Finally, no delay or prejudice to the existing parties will occur if the motion to intervene is granted. Markow will appeal regardless of whether the motion to intervene is granted. As such, Markow's participation will not prejudice the rights of existing parties. *Flying J., supra.*

## CONCLUSION

For the foregoing reasons, Markow's motion to intervene should be granted for the limited purpose of preserving his appellate rights.

Dated: November 14, 2013.

/s/ Melissa A. Holyoak
Melissa A. Holyoak, (DC Bar No. 487759)
CENTER FOR CLASS ACTION FAIRNESS
1718 M Street NW, No. 236
Washington, DC 20036
Phone: (573) 823-5377
Email: melissaholyoak@gmail.com


Kirstin B. Ives
WILLIAMS MONTGOMERY & JOHN
233 South Wacker Drive, Suite 6100
Chicago, Illinois 60606
Phone: (312) 443-3878
Fax: (312) 630-8538
Email: KBI@willmont.com

*Attorneys for Gregory Markow*

## CERTIFICATE OF SERVICE

The undersigned certifies she electronically filed the foregoing Motion to Intervene and Memo in Support via the ECF system for the Northern District of Illinois, thus effecting service on all attorneys registered for electronic filing. Additionally she caused to be served via First-Class mail a copy of this Motion to Intervene and Memo in Support upon the following:

Hon. Matthew F. Kennelly
United States District Court for the Northern District of Illinois, Eastern Division
Everett McKinley Dirksen United States Courthouse
Chambers 2188
219 South Dearborn Street
Chicago, IL 60604

Dated: November 14, 2013.

/s/ Melissa A. Holyoak