IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE SOUTHWEST AIRLINES VOUCHER LITIGATION | ) ) ) ) ) ) ) ) No. 11-cv-8176 |

## RESPONSE TO OBJECTOR GREGORY MARKOW'S MOTION TO INTERVENE

Southwest Airlines Co. ("Southwest"), defendant in the above-referenced case, responds to Objector Gregory Markow's ("Mr. Markow") Motion to Intervene and Memorandum of Law in Support ("Motion to Intervene") as follows:

Mr. Markow's Motion to Intervene states that "Defendant refused to consent to the motion." (Doc. 185 at p. 2.) Mr. Markow is mistaken. Southwest repeatedly informed Mr. Markow's counsel that Southwest does not oppose Mr. Markow's intervention "for the purposes of challenging the incentive awards to the class representatives and the attorneys' fee." (*See* email chain at Exh. A.) Southwest was not, however, willing to provide its unconditional consent to Mr. Markow's motion, which was not provided to Southwest for review despite numerous requests. As Southwest stated in its emails with Mr. Markow's counsel, Southwest could not provide its unconditional consent to Mr. Markow's motion to intervene, without being provided an opportunity to review the motion, because Mr. Markow has waived his right to pursue any issue on appeal other than the attorneys' fees and the incentive awards. (*See Id.*)

During the May 23, 2013 fairness hearing, in response to a direct inquiry from the Court, Mr. Markow's counsel explicitly stated that Mr. Markow does not object to the coupons being

{02732138.1}

given in the settlement, but only to the incentive awards and the attorneys' fees. (*See* Transcript of Fairness Hearing, pp. 14-15, at Exhibit B.) The exchange was as follows:

> THE COURT: In other words, do you have a view on anything other than the attorney's fees on the part that the class members are getting?
>
> MS. HOLYOAK: We did, and I can rely on the papers for that, but, yes, I did – we did object to the incentive awards. Oh, to the amount?
>
> THE COURT: Yes. Forget the incentives. I'm just talking about the whole thing about giving them a coupon.
>
> MS. HOLYOAK: No, not to that.
>
> THE COURT: You don't have a problem with that. You object to the incentive awards and you object to the fees.
>
> MS. HOLYOAK: Yes.
>
> THE COURT: Okay, thanks.

(*See Id.*)

The Seventh Circuit has held "on numerous occasions" that "a party [who] fails to press an argument before the district court . . . waives the right to present that argument on appeal." *Taubenfeld v. Aon Corp.*, 415 F. 3d 597, 599 (7th Cir. 2005) (holding that objector to attorneys' fee portion of class settlement had waived her argument regarding a fee-setting methodology after she did not raise the argument in response to the Court asking her "point blank" for an elaboration of her objection to the attorneys' fees).

Thus, although Southwest has no objection to Mr. Markow intervening in this matter, Southwest could not provide its unconditional consent to the motion sight unseen because Mr. Markow's right to appeal is limited by his representation to the Court that his only objections are to the incentive awards and the attorneys' fees.

WHEREFORE, Southwest respectfully requests that, when it grants Objector Markow's motion to intervene, the Court clarify that the intervention is limited to appealing the attorneys' fee award and the incentive awards and that Objector Markow has waived all other objections to the settlement approval.

Respectfully submitted by,

/s/ H. Thomas Wells, Jr.
H. Thomas Wells, Jr.
One of the Attorneys for
SOUTHWEST AIRLINES CO.

OF COUNSEL:
**MAYNARD, COOPER & GALE**
1901 6th Avenue North
Suite 2400
Birmingham, AL 35203
(205) 254-1000
twells@maynardcooper.com

/s/ Michael W. Drumke
Michael W. Drumke
One of the Attorneys for
SOUTHWEST AIRLINES CO.

OF COUNSEL:
**SWANSON, MARTIN & BELL, LLP**
330 North Wabash, Suite 3300
Chicago, IL 60611
(312) 321-9100
mdrumke@smbtrials.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 15th day of November, 2013, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system which will send notification of such filing to counsel of record registered on the CM/ECF system. In addition, service was made by U.S. Mail to the following:

Theodore Frank
Center for Class Action Fairness
1718 M Street, No. 236
Washington, D.C. 20036

/s/ H. Thomas Wells, Jr.
OF COUNSEL