**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE SOUTHWEST AIRLINES VOUCHER LITIGATION | Case No. 11-CV-8176 |
| | Hon. Matthew Kennelly |
| GREGORY MARKOW, | |
| Objector. | |

**OBJECTOR GREGORY MARKOW'S REPLY IN SUPPORT OF
MOTION TO INTERVENE**

On November 14, 2013, Markow filed a Motion to Intervene for the limited purpose of preserving his appellate rights. *See* Motion to Intervene (Dkt. 185) at 1. On November 15, 2013, defendant Southwest filed its Response to Objector Markow's Motion to Intervene. *See* Response to Objector Markow's Motion to Intervene (Dkt. 189) ("Response"). In its Response, defendant does *not* argue that Markow does not satisfy the requirements of Federal Rule of Civil Procedure 24(a), nor that intervention would be inappropriate under Rule 24(b). Instead, defendant's sole argument is that Markow's intervention should be limited to appealing the attorneys' fee award and the incentive awards because Markow has waived any objection to the settlement approval. *See* Response (Dkt. 189) at 3.

As an initial matter, Objector Markow has not waived his objections to the settlement approval. That Markow is not objecting to the coupons *qua* coupons does not mean that the structure of the allocation of the settlement is not unfair, and that argument is preserved in the papers as well as counsel's colloquy. *See In re HP Inkjet Printer Litigation*, 716 F.3d 1173, 1175-76 (9th Cir. 2013); *In re Dry Max Pampers Litigation*, 724 F.3d 713, 717 (6th Cir. 2013); Markow Objection (Dkt. 105) at 5-7.

But more important, whether an issue on appeal has been waived is not relevant in determining intervention. Whether an issue was waived should be decided by the Seventh Circuit because the question of the merits of the appeal "is best left to the courts of appeals." *Azizian v. Federated Dept. Stores*, 499 F.3d 950, 961 (9th Cir. 2007) (reversing appeal bond imposed by district court that found appeal would be frivolous because such determination "'effectively preempt[s] this court's prerogative' to make its own frivolousness determination" (quoting *In re Am. President Lines, Inc.*, 779 F.2d 714, 717 (D.C. Cir. 1985))). "[A]ny attempt by a court at preventing an appeal is unwarranted and cannot be tolerated." *Clark v. Universal Builders, Inc.*, 501 F.2d 324, 341 (7th Cir. 1974). If this Court limits intervention to appealing those issues defendant claims were not "waived," the court would be improperly usurping the Seventh Circuit's role of deciding the merits of Markow's appeal.

The Seventh Circuit has made clear that intervention should be granted "freely" to those objecting class members who "want an option to appeal an adverse decision." *Crawford v. Equifax Payment Servs.*, 201 F.3d 877, 881 (7th Cir. 2000); *see also Robert F. Booth Trust v. Crowley*, 687 F.3d 314, 318 (7th Cir. 2012) (holding that intervention should also be granted freely in derivative settlements because "[a] district judge ought not try to insulate his decisions from appellate review by preventing a person from acquiring a status essential to that review"); *Flying J., Inc. v. Van Hollen*, 578 F.3d 569, 572-74 (7th Cir. 2009) (reversing district court's denial of a motion to intervene where the motion was intended to preserve appellate rights). None of those cases required the district court to scour the record to determine which specific issues and arguments were or were not preserved or waived. That is because seeking intervention provides the intervenor with party status and the ability to appeal an adverse judgment. *See Stringfellow v. Concerned Neighbors In Action*, 480 U.S. 370, 375-77 (1987) (holding that intervenor "will have the same rights of appeal from a final judgment as all other parties"). Like any party appealing an adverse judgment, the party need only file a notice of appeal and is not required to prove to the district court the issues not waived. *See* Fed. R. App. Proc. 3(c) (describing contents of notice of appeal).

For the foregoing reasons, Markow's motion to intervene should be granted for the limited purpose of preserving his appellate rights without any limitation as to which issues he may appeal.

Dated: November 18, 2013.  /s/ Melissa A. Holyoak
Melissa A. Holyoak, (DC Bar No. 487759)
CENTER FOR CLASS ACTION FAIRNESS
1718 M Street NW, No. 236
Washington, DC 20036
Phone: (573) 823-5377
Email: melissaholyoak@gmail.com

Kirstin B. Ives
WILLIAMS MONTGOMERY & JOHN
233 South Wacker Drive, Suite 6100
Chicago, Illinois 60606
Phone: (312) 443-3878
Fax: (312) 630-8538
Email: KBI@willmont.com

*Attorneys for Gregory Markow*

## CERTIFICATE OF SERVICE

The undersigned certifies that she electronically filed the foregoing Reply in Support of Motion to Intervene via the ECF system for the Northern District of Illinois, thus effecting service on all attorneys registered for electronic filing. Additionally, she caused to be served via hand delivery a copy of this Reply in Support of Motion to Intervene upon the following:

Hon. Matthew F. Kennelly
United States District Court for the Northern District of Illinois, Eastern Division
Everett McKinley Dirksen United States Courthouse
Chambers 2188
219 South Dearborn Street
Chicago, IL 60604

Dated: November 18, 2013.

/s/ Melissa A. Holyoak