UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE SOUTHWEST AIRLINES VOUCHER LITIGATION | Case No. 11-CV-8176 |
| | Hon. Matthew Kennelly |
| GREGORY MARKOW, Objector. | |

**GREGORY MARKOW'S RESPONSE TO
PLAINTIFFS' MOTION TO ALTER OR AMEND FINAL JUDGMENT**

Melissa A. Holyoak
CENTER FOR CLASS ACTION FAIRNESS
1718 M Street NW, No. 236
Washington, DC 20036
Phone: (573) 823-5377
Email: melissaholyoak@gmail.com

*Attorneys for Objector Gregory Markow*

## INTRODUCTION

On November 7, 2013, plaintiffs filed a Motion to Alter or Amend Final Judgment Pursuant to Fed. R. Civ. P. 59(e) ("Motion to Alter"). *See* Motion to Alter (Dkt. 173). Objector Gregory Markow hereby responds to the Motion to Alter and incorporates by reference his previous objection, as well as all filings previously submitted by Objector Markow to this Court. *See* Objection to Proposed Settlement and Opposition to Motion for Attorneys' Fees, Costs and Incentive Awards (Dkt. 105), Markow's Response to Defendant's Response to Plaintiffs' Motion for Attorneys' Fees, Costs and Incentive Awards (Dkt. 120), Markow's Notice of Pertinent Authority (Dkt. 131), Markow's Response to Defendant's Notice of Pertinent Authority (Dkt. 134), Markow's Notice of Pertinent Authority (Dkt. 137), Markow's Notice of Pertinent Authority (Dkt. 138), Markow's Notice of Filing Claim (Dkt. 142), Markow's Notice of Appeal (Dkt. 145), Markow's Docketing Statement (Dkt. 146), Markow's Amended Notice of Appeal (Dkt. 157), Markow's Motion to Intervene (Dkt. 185), and Markow's Reply in Support of Motion to Intervene (Dkt. 192).

To prevail on their Rule 59 motion, plaintiffs must present newly discovered evidence or demonstrate a manifest error. *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). "A manifest error is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Id.* (internal quotations omitted). Plaintiffs' Motion to Alter does not include newly discovered evidence, nor does it demonstrate manifest error.

*First*, plaintiffs wrongly argue that the Court failed to give heightened deference to the parties' agreed upon fee. *See* Motion to Alter (Dkt. 173) at 7-8. A district court acts as a fiduciary for the rights and interests of absent class members. *Mirfasihi v. Fleet Mortg. Corp.*, 450 F.3d 745, 748 (7th Cir. 2006). Indeed, because the settlement contains clear-sailing and kicker provisions, the district court was required to provide careful scrutiny—not heightened deference—to the parties' agreed upon fee. *See In re Bluetooth Headset Products Liab. Litig.*, 654 F. 3d 935, 948-49 (9th Cir. 2011).

*Second*, plaintiffs' argument that the Court improperly relied on published fee awards contradicts Seventh Circuit law permitting the district court to look to what other attorneys in the community charge for the type of work performed. *See Schlacher v. Law Ofcs. of Phillipe J. Roche & Assocs., P.C.*, 574 F.3d 852, 858 (7th Cir. 2009).

And *third*, plaintiffs' new request to be compensated for hours to defend Markow's appeal is procedurally improper because the appeal is not "new evidence" under Rule 59. More important, class counsel's request is improper because it seeks compensation for *future* work that *may not* benefit the class. *See In re HP Inkjet Printer Litigation,* 716 F.3d 1173, 1182 (9th Cir. 2013) ("Plaintiffs attorneys don't get paid simply for working; they get paid for obtaining results.")

## ARGUMENT

I.  **The Court Was Not Required to Provide "Heightened Deference" to the Parties' Fee Agreement.**

Plaintiffs wrongly argue that the Court was required to provide "heightened deference" to the parties' fee agreement negotiated in front of a neutral mediator and that the Court "must start with the presumption that the fees should be approved unless they are completely unreasonable." Motion to Alter (Dkt. 173) at 7-8. This is not the law.

A district court must act as a "fiduciary of the class," for the rights and interests of absent class members. *Mirfasihi v. Fleet Mortg. Corp.*, 450 F.3d 745, 748 (7th Cir. 2006) (quoting *Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277, 280 (7th Cir. 2002)). This duty extends to class counsel's request for attorneys' fees: "To properly fulfill its Rule 23(e) duty, the district court must not cursorily approve the attorney's fees provision of a class settlement or **delegate that duty** to the parties." *Strong v. BellSouth Telecomms., Inc.*, 137 F.3d 844, 850 (5th Cir. 1998) (emphasis added) (constructive common fund). Most recently, in *In re Dry Max Pampers Litigation*, the Sixth Circuit recognized the importance of the court's scrutiny:

> In class-action settlements, the adversarial process—or what the parties here refer to as their "hard-fought" negotiations—extends only to the amount the defendant will

> pay, not the manner in which that amount is allocated between the class representatives, class counsel, and unnamed class members. For "the economic reality [is] that a settling defendant is concerned only with its total liability[,]" *Strong v. BellSouth Telecomms., Inc.*, 137 F.3d 844, 849 (5th Cir. 1998); and thus a settlement's "allocation between the class payment and the attorneys' fees is of little or no interest to the defense." *In re Gen. Motors Corp. Pick–Up Truck Fuel Tank Prods. Liab. Litig.* ("*Gen. Motors Pick–Up Litig.*"), 55 F.3d 768, 820 (3d Cir. 1995) (internal quotation marks omitted). Hence-unlike in virtually every other kind of case—in class-action settlements the district court cannot rely on the adversarial process to protect the interests of the persons most affected by the litigation—namely, the class.

724 F.3d 713, 717-18 (6th Cir. 2013).

The fact that the fees were separately negotiated or segregated from the settlement does not relieve the court of this duty, nor warrant heightened deference to the parties' agreement. *See Staton v. Boeing Co.*, 327 F.3d 938, 964 (9th Cir. 2003) ("That the defendant in form agrees to pay the fees independently of any monetary award or injunctive relief provided to the class in the agreement does not detract from the need carefully to scrutinize the fee award."). As described in Markow's Objection (Dkt. 105 at 3), allocational issues cannot be avoided simply by structuring the settlement as a constructive common fund, rather than a traditional common fund. *See Pampers*, 724 F.3d at 717-18; *Bluetooth*, 654 F. 3d at 943; *Richardson v. L'Oreal United States, Inc.*, No. 13-cv-508 (JDB), 2013 U.S. Dist. LEXIS 158599, at *13, 52 (D.D.C. Nov. 6, 2013) ("Negotiations regarding the terms of the settlement and the fee award appear to have been properly segregated—though that does not necessarily cure any allocation problems."). The settling parties are rational economic actors. Even when the negotiations over fees are severed, the parties know in advance that those negotiations are coming, that the defendants have a reservation price based on their internal valuation of the litigation, and that every dollar negotiated for the class members reduces the amount the defendants are willing to pay plaintiffs' counsel. The defendants can further reasonably estimate in advance what plaintiffs will claim their lodestar to be from their own defense costs. Because these future fee negotiations are not an unexpected surprise, and because the parties know a settlement will not occur unless the parties agree to an attorney-fee clause, the overhang of the future fee negotiations necessarily infects the earlier settlement negotiations.

"Even if the plaintiff's attorney does not consciously or explicitly bargain for a higher fee at the expense of the beneficiaries, it is very likely that this situation has indirect or subliminal effects on the negotiations." *Court Awarded Attorney Fees*, Report of the Third Circuit Task Force, 108 F.R.D. 237, 266 (1985). Such separation does nothing to allay any conflict unless "fee negotiations [are] postponed until the settlement has been judicially approved, not merely until the date the parties allege to have reached an agreement." *In re Cmty. Bank of N. Va. & Guar. Nat'l Bank of Tallahassee Second Mortg. Litig.*, 418 F.3d 277, 308 (3d Cir. 2005) (quoting *GM Trucks*, 55 F.3d at 804). "In other words, the negotiation of class counsel's attorneys' fees is not exempt from the truism that there is no such thing as a free lunch." *Staton*, 327 F.3d at 964.

Neither does the presence of a mediator relieve the court of its fiduciary duty. In *Kakani v. Oracle Corp.*, the court explained why the mediator cannot replace the district court's scrutiny:

> There is no substitute for the requirement of district courts vetting the proposed settlement under Rule 23(e). It is also no answer to say that a private mediator helped frame the proposal. Such a mediator is paid to help the immediate parties reach a deal. Mediators do not adjudicate the merits. They are masters in the art of what is negotiable. It matters little to the mediator whether a deal is collusive as long as a deal is reached. Such a mediator has no fiduciary duty to anyone, much less those not at the table.

2007 U.S. Dist. LEXIS 47515, at *31 (N.D. Cal. Jun. 19, 2007); *see also* James Richard Coben, Creating a 21st Century Oligarchy: Judicial Abdication to Class Action Mediators, 5 Penn St. Y.B. Arb. & Mediation 162. 163 (2013) (deference to mediators "is an abdication of judicial fiduciary duty to ensure that proposed class action settlements are fair to absent class members").

Finally, plaintiffs' argument that the order "take[s] $1.7 million away from Plaintiffs' counsel and put it back directly into the pocket of Southwest" demonstrates why court scrutiny of the fee request was vital. *See* Motion to Alter (Dkt. 173) at 9. In *Bluetooth*, the Ninth Circuit recognized numerous warning signs of a self-dealing settlement including the presence of a "clear-sailing" agreement (whereby defendant consents not to challenge the award of fees to plaintiffs' counsel) and a "kicker" (whereby any excess fees reduction by the court reverts back to the defendant rather than

to the class), *see* 654 F. 3d 948, both of which are present in this settlement, *see* Markow Objection (Dkt. 105) at 7. A clear-sailing provision "by its very nature deprives the court of the advantages of the adversary process" and "suggests, strongly" that its associated fee request should go "under the microscope of judicial scrutiny." *Weinberger v. Great Northern Nekoosa Corp.*, 925 F.2d 518, 525 (1st Cir. 1991). A "kicker arrangement reverting unpaid attorneys' fees to the defendant rather than to the class amplifies the danger" that is "already suggested by a clear sailing provision." *Bluetooth*, 654 F.3d at 949. "The clear sailing provision reveals the defendant's willingness to pay, but the kicker deprives the class of that full potential benefit if class counsel negotiates too much for its fees." *Id*. This settlement's clear-sailing and kicker provisions underscore why the court was required to scrutinize the fee request rather than give "heightened deference" to the parties' fee agreement as plaintiffs suggest.

## II. The Court Properly Relied on Published Fee Awards in Analyzing Class Counsel's Hourly Rates.

Plaintiffs contend that the Court's lodestar analysis is based on "evidence outside the record." *See* Motion to Alter (Dkt. 173) at 9. In analyzing a fee petition, the Seventh Circuit permits a district court to look at what other attorneys in the community charge for the type of work performed if the attorney does not provide evidence of her billing rate for comparable work. *See Schlacher v. Law Ofcs. of Phillipe J. Roche & Assocs., P.C.*, 574 F.3d 852, 858 (7th Cir. 2009) (citing *Mathur v. Bd. of Trs. of S. Ill. Univ.*, 317 F.3d 738, 743 (7th Cir. 2003). Here, the Court properly looked at published fee awards in other cases to determine the appropriate hourly rates. *See* Memorandum Opinion and Order (Dkt. 152) at 18-21.

Plaintiffs' reliance on *Pickett v. Sheridan Health Care Center*, 664 F.3d 632 (7th Cir. 2011) is misplaced. *See* Motion to Alter (Dkt. 173) at 9. There, the district court had reduced the attorneys' hourly rate—not because of evidence of what other attorney in the community charge for that type of work—but based on the existence of a contingent fee agreement. *Pickett*, 664 F.3d at 645. In *Pickett*, although the plaintiff had presented "substantial evidence" to support the requested fee

award, the district court erred by not permitting plaintiff to respond to the Consumer Price Index and Laffey Matrix. *Id.* at 650-51. Here, by contrast, plaintiffs provided little support for their hourly rates and the Court properly looked to published fee awards reflecting market rates for similar work. *Schlacher*, 573 F.3d at 858.

Indeed, while plaintiffs' major complaint is that they did not have an opportunity to respond to the hourly rates in *Jablonski, In re Trans Union, Jones, Hamm*, and *Jiminez*, their Motion to Alter does not provide any meaningful response to such rates. *See* Motion to Alter (Dkt. 173) at 14. Plaintiffs provide a conclusory response differentiating the Edelman firm from class counsel, but fail to discuss or distinguish the specific hourly rates awarded in those cases. *See id.* Instead, the majority of plaintiffs' briefing is devoted to arguing why they have received or been awarded their requested rates in other cases, which information could have been included in their original fee petition. *See* Motion to Alter (Dkt. 173) at 12-18. Plaintiffs' Motion is merely an inappropriate second bite at the apple. *See King v. Cooke*, 26 F.3d 720, 726 (7th Cir. 1994) (holding that Rule 59 motion cannot be used to "present new theories, request additional discovery time or submit ***previously available evidence***" (emphasis added)).

### III. Plaintiffs Improperly Request to be Compensated for Future Work that May Not Benefit the Class.

Plaintiffs contend that Objector Markow's appeal is "new evidence" affecting the Court's lodestar modification. *See* Motion to Alter (Dkt. 173) at 19. Yet any future time spent on an appeal *after* final judgment is not "new evidence" that would have affected the Court's lodestar calculation *prior* to final judgment. Further, a request for fees of "future work" is improper. *See Nat'l Alliance for Accessability, Inc. v. Hull Storey Retail Group, LLC*, No. 10-cv-778-J-34JBT, 2012 U.S. Dist. LEXIS 125160, at *14 (M.D. Fla. Jun 28, 2012) ("Plaintiffs provide no legal support for recovering fees based on anticipated future time. The law is settled that in calculating the lodestar, the Court must use 'the number of hours reasonably expended on the litigation,' and the movant 'should submit

evidence supporting the hours worked.'") (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) and adding emphasis).[1]

More important, plaintiffs have not—and cannot—demonstrate that defense of that appeal will actually benefit the class. Indeed, if Markow is successful on appeal, "appellate correction of [the] district court's errors is a **benefit** to the class." *Crawford v. Equifax Payment Servs., Inc.*, 201 F.3d 877, 881 (7th Cir. 2000) (emphasis added). Accordingly, class counsel cannot be compensated for defending an appeal in which Markow is successful. *See In re HP Inkjet Printer Litigation,* 716 F.3d 1173, 1182 (9th Cir. 2013) ("Plaintiffs attorneys don't get paid simply for working; they get paid for obtaining results."); *In re Citigroup Inc. Securities Litigation*, No. 07-cv-9901, 2013 U.S. Dist. LEXIS 108115, at *56 (S.D.N.Y. Aug. 1, 2013) (holding that class counsel cannot be compensated for work *intended* to benefit class because "the work must have actually benefitted the class"). It would be improper for the Court to prejudge Markow's appeal and award counsel for *future* work that *may or may not* benefit the class.

---

[1] *See also 7-Eleven, Inc. v. Etwa Enter.*, No. DKC 12-3336, 2013 U.S. Dist. LEXIS 83961, at *14 (D. Md. Jun. 12, 2013) ("Plaintiff has not identified any authority that would entitle it to an award of 'anticipated legal fees and costs,' nor is the court aware of any."); *Hannon v. Cach, LLC*, No.11-CV-01629-T-AEP. 2012 U.S. Dist. LEXIS 175413, at *21 (M.D. Fla. May 24, 2012) (rejecting fee request for "anticipated time to close out the case" because request based on "speculation as to the time it will take to close the case, and, more importantly, [there is] no support for such a request"); *St. Hilaire v. Indus. Roofing Co.*, 346 F. Supp. 2d 212, 215 (D. Me. 2004) (rejecting "Plaintiff's bald projection of reasonable future fees without corroborating support in the record").

## CONCLUSION

For the foregoing reasons, plaintiffs' Motion to Alter should be denied.

Dated: November 26, 2013.  /s/ *Melissa A. Holyoak*
Melissa A. Holyoak, (DC Bar No. 487759)
Center for Class Action Fairness
1718 M Street NW, No. 236
Washington, DC 20036
Phone: (573) 823-5377
Email: melissaholyoak@gmail.com

*Attorneys for Gregory Markow*

## Certificate of Service

The undersigned certifies she electronically filed the foregoing Response to Plaintiffs' Motion to Alter via the ECF system for the Northern District of Illinois, thus effecting service on all attorneys registered for electronic filing. Additionally, she placed a copy of the foregoing in the U.S. mail addressed to:

> Hon. Matthew F. Kennelly
> United States District Court for the Northern District of Illinois, Eastern Division
> Everett McKinley Dirksen United States Courthouse
> Chambers 2188
> 219 South Dearborn Street
> Chicago, IL 60604

Dated: November 26, 2013.

/s/ Melissa A. Holyoak