**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

In re: SOUTHWEST AIRLINES ) Case No. 11 C 8176
VOUCHER LITIGATION )

**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

Gregory Markow, a class member who objected to the attorney's fee and incentive award elements of the class-wide settlement in this case, has moved to intervene. The Court grants the motion with certain limitations, as described below.

The history of the case is discussed extensively in the Court's decisions approving the settlement and awarding attorney's fees. *See In re Southwest Airlines Voucher Litig.*, No. 11 C 8176, 2013 WL 4510197 (N.D. Ill. Aug. 26, 2013) ("*Southwest I*"); *In re Southwest Airlines Voucher Litig.*, No. 11 C 8176, 2013 WL 5497275 (N.D. Ill. Oct. 3, 2013). The Court will review the history only to the extent required to provide the background for Markow's motion.

The lawsuit concerned Southwest's unilateral decision to stop honoring drink vouchers that it had given to travelers who purchased certain premium-priced tickets. The plaintiffs contended that this constituted a breach of contract. After a significant period of contested litigation, the parties engaged in mediation, conducted by retired judge Wayne Andersen. They first agreed to a class-wide settlement of the plaintiffs' claims, including a process for class members to obtain replacement drink vouchers, incentive awards for the two named plaintiffs, and injunctive relief regarding future

voucher programs. After the parties concluded negotiations on the class members' claims, they attempted to mediate the issue of attorney's fees for class counsel. They were unable to reach agreement on a figure to propose but ultimately agreed that class counsel could request a fee of as much as $7,000,000 and that Southwest would not object to a fee of $1,750,000.

The Court preliminarily approved the settlement and a form of notice to the class. The notice described the settlement and told class members that they could object by filing a written objection with the court, including the specific reasons for the objection. The notice also provided the date and time for the hearing regarding whether the Court should approve the settlement. See Pls.' Mot. for Final Approval (dkt. no. 125), Ex. 3.

At a later date, class counsel and Southwest reached a further agreement regarding attorney's fees. Specifically, Southwest agreed not to oppose a fee request of up to $3,000,000. Plaintiffs then filed a fee petition seeking that amount. See Pls.' Mot. for Attorneys' Fees (dkt. no. 103).

Markow, represented by counsel, filed an objection. See Obj. to Proposed Settlement (dkt. no. 105). In his objection, Markow challenged the proposed attorney's fee award and incentive awards to the named plaintiffs. Markow further argued that the Court should not infer approval of the settlement from the low number of objections, contending that the procedure for objections was unnecessarily onerous. He did not contend, however, that the relief proposed for class members was inadequate. Markow's later written submissions likewise focused on the fee request and included no contention that the relief proposed for class members was inadequate. See Markow's Resp. to Def.'s Resp. to Pl.'s Mot. for Attorney's Fees (dkt. no. 120); Markow's Not. of

Pertinent Authority (dkt. no. 131); Resp. to Markow to Southwest Airline Co.'s Not. of Pertinent Authority (dkt. no. 134-135); Markow's Nots. of Pertinent Authority (dkt. nos. 137 & 138).

At the fairness hearing, Markow's counsel Melissa Holyoak made an oral presentation that focused entirely on the proposed fee award. *See* May 21, 2013 Tr. at 5-15. Indeed, Markow's counsel specifically stated, in response to a direct question by the Court, that Markow objected only to the proposed fee award and incentive awards, but not to the relief proposed for the class:

> THE COURT: . . . [D]o you have a view on anything other than the attorney's fees on the part that the class members are getting?
>
> MS. HOLYOAK: We did, and I can rely on the papers for that, but, yes, I did – we did object to the incentive awards.
>
> Oh, to the amount?
>
> THE COURT: Yes. Forget the incentives. I'm just talking about the whole thing about giving them a coupon.
>
> MS. HOLYOAK: No, not to that.
>
> THE COURT: You don't have a problem with that. You object to the incentive awards and you object to the fees.
>
> MS. HOLYOAK: Yes.
>
> THE COURT: Okay, thanks.
>
> MS. HOLYOAK: Okay.

*Id.* at 14-15.

Following the Court's approval of the proposed settlement and incentive awards, and its later approval of a fee award lower than what class counsel and Southwest proposed, Markow filed a notice of appeal. On October 29, Southwest filed in the court

3

of appeals a response to Markow's jurisdictional statement. Southwest cited *In re Navigant Consulting, Inc. Securities Litig.*, 275 F.3d 616 (7th Cir. 2001), stating that in that case the Seventh Circuit held that an unnamed member of a Rule 23(b)(3) class "who did not timely seek to intervene could not obtain the status of 'parties' which would allow them to appeal the district court's approval of a class action settlement . . . ." Southwest Airline Co.'s Resp. to Suppl. Juris. Mem., 7th Cir. Case No. 13-3264, at 2 (dkt. no. 10). Southwest also noted that the Supreme Court had later held in *Devlin v. Scardelletti*, 536 U.S. 1 (2002), a mandatory class action under Rule 23(b)(1), that an unnamed class member can appeal settlement approval directly because he is otherwise bound by the settlement. *Id.* at 2-3. Southwest discussed later authorities on the question of whether *Devlin* applies in Rule 23(b)(3) class actions, in which a class member may opt out. Southwest noted that the Seventh Circuit had not yet decided that question and therefore asked the court to decide whether it had jurisdiction over Markow's appeal. *Id.* at 3-7. In plaintiffs' response to Markow's jurisdictional statement, also filed on October 29, they essentially adopted Southwest's submission. *See* Pls.' Resp. to Appellant's Suppl. Juris. Mem., 7th Cir. Case No. 13-2364 (dkt. no. 12). Markow filed a reply the next day, October 30, arguing that *Devlin* should apply and that he has appellate standing despite not having sought intervention in the district court. *See* Markow Reply to Resp. to Suppl. Juris. Mem., 7th Cir. Case No. 13-2364 (dkt. no. 14).

On November 7, 2013, class counsel filed a motion to alter the judgment, seeking a greater fee award. Around the same time, Markow's counsel evidently decided to return to this Court to seek intervention.

4

On November 8, Ted Frank, one of Markow's attorneys, sent an e-mail to counsel for the class and for Southwest asking them to state whether they would oppose a motion by Markow to intervene for the limited purpose of preserving appellate rights, or whether they would stipulate to his right to intervene. In that initial request, Frank threatened sanctions, saying that there was "binding" Seventh Circuit precedent supporting Markow's position and saying that he would "view opposition as a violation of Section 1927 entitling us to attorney's fees." *See* Southwest Resp. to Markow's Mot. to Intervene, Ex. A, Frank e-mail of Nov. 8, 2013, 6:45 p.m. Southwest's counsel responded on November 11, stating that "[w]ithout actually seeing your proposed motion to intervene, it is difficult to take a position on it. However, Southwest will not oppose Mr. Markow's intervention for the purposes of challenging awards to the class representatives and the attorneys' fees." *Id.*, Wells e-mail of Nov. 11, 2013, 12:34 p.m.

In response, attorney Frank did not offer to show attorney Wells the motion he was asking Wells to agree to, essentially said he was going to file the motion and would "quote your position verbatim" in it. Frank again threatened a sanctions motion "if we do not see a statement of non-opposition." *Id.*, Frank e-mail of Nov. 12, 2013, 4:55 p.m. Southwest's attorney replied by providing a statement of position for Frank to quote as promised:

> Southwest does not oppose intervention by Markow. However, based upon the response to a direct inquiry from the Court at the Fairness Hearing (Tr. p. 14-15), Markow's counsel explicitly stated there was no objection to the coupons being given in the settlement, but only to the incentive awards and the attorneys' fees. Thus, any intervention by Markow should be limited to the issues of the incentive awards and the attorneys' fees.

*Id.*, Wells e-mail of Nov. 12, 2013, 5:26 p.m. Attorney Frank replied just a few minutes

5

later by making a further threat of a sanctions motion:

> That's a misrepresentation of the record (that Mr. Markow does not object to the presence of coupons in the settlement *per se* does not mean that he does not object to the fairness of a self-dealing settlement that set aside more money for class counsel than for the class – *see, e.g., In re Pampers Dry Max Litig.* and *In re HP Inkjet Printer Litig.*), and we will simply state that you refused to support the motion. We will then seek sanctions, and we will appeal any denial of sanctions. That you made us draft a motion at all instead of simply stipulating to our right to intervene is frankly vexatious and sanctionable by itself.

*Id.*, Frank e-mail of Nov. 12, 2013, 5:39 p.m.

Southwest's attorney replied the next day. He stated that Rule 24(c) requires a motion for intervention to set out the claim for which intervention is sought, and he repeated his earlier statement that Southwest could not say whether it would consent to intervention without seeking Markow's proposed motion. He also reiterated Southwest's position that Markow had waived any objection to contest anything other than the incentive awards and attorney's fees and said that he would not abandon this argument despite Markow's sanctions threat. After noting that Markow was going to have to file a motion one way or the other, Southwest's attorney repeated that he did not oppose intervention but reserved the right to argue that intervention should be limited as he had contended in his earlier e-mail. Southwest's attorney closed by stating that if Markow's attorney told the court, as indicated in his earlier e-mail, that Southwest "refused to support the motion" for intervention, that would be a misrepresentation of Southwest's position and itself a violation of section 1927. *Id.*, Wells e-mail of Nov. 13, 2013.

The e-mail by Southwest's attorney prompted a rather intemperate response from Markow's attorney Frank, who said, "Your argument is tendentious and designed solely to run up your client's bill and our expenses," accused Southwest's counsel of

6

intellectual dishonesty and "game-playing," and said he would just file his motion, because "I'm not going to bang my head against the wall." *Id.*, Frank e-mail of Nov. 13, 2013, 11:13 a.m.

Markow filed his motion to intervene before this Court on November 14, 2013, including it in arguments for why he should be granted leave to intervene as a matter of right or permissively. He attached to the motion a document entitled "Proposed Pleading of Objector / Intervenor Gregory Markow" in which he cited his previous filings. *See* dkt. no. 185-1 ¶ 5, In that document, Markow noted that Southwest's jurisdictional statement filed in the court of appeals questioned appellate jurisdiction on the ground that he had not sought to intervene in the district court. *Id.* ¶ 7. He asked to intervene "for the limited purpose of preserving his appellate rights." *Id.* Markow's prayer for relief sought intervention for the purpose of preserving his right to appeal the Court's order granting final approval of the settlement and incentive awards, the order awarding attorney's fees, and the final judgment, as well as any other final order the Court might issue. *Id.*, Prayer for Relief. In response, Southwest asked the Court, "when it grants Objector Markow's motion to intervene," to clarify that this is limited to appealing the fee and incentive awards and that Markow has waived all other objections to settlement approval. Southwest's response quoted Markow's attorney's comments at the fairness hearing and attached the previously-described e-mail correspondence between counsel.

The Court held a hearing on Markow's motion, during which it opined that attorney Frank's sanctions threats were groundless. In fact, it is not clear that Markow should be permitted to intervene now, long after the matters he challenges were

7

decided by this Court. If the Seventh Circuit requires intervention by a class member in this situation – a question that court, not this one, will have to answer – it stands to reason that the class member must seek intervention in timely fashion, which in this case would have been many months ago. Rule 24 expressly requires a "timely motion." See Fed. R. Civ. P. 24(a) & (b).

In short, if the procedural hurdle established in *Navigant Consulting* survives *Devlin*, the odds are that Markow had to clear the hurdle before getting to the finish line, not afterward. None of the cases that Markow relied on in his repeated sanctions threats to Southwest's counsel or in his motion filed here says otherwise. In particular, in *Crawford v. Equifax Payment Servs., Inc.*, 201 F.3d 877 (7th Cir. 2000), the class members who challenged the settlement moved to intervene in the district court before the deadline for objections to the proposed settlement; in *Robert F. Booth Trust v. Crowley*, 687 F.3d 314 (7th Cir. 2012), a shareholder derivative suit, the non-party shareholder who opposed the settlement moved to intervene in a timely fashion before the settlement was approved; and in *Flying J, Inc. v. Van Hollen*, 578 F.3d 569 (7th Cir. 2009), which was not a class action, a non-party impacted by a judgment in a case that the state attorney general decided not to appeal moved promptly to intervene once that decision became known. None of those cases involved a party who had notice of a proposed settlement and yet did not formally move to intervene to oppose it. Thus if the Seventh Circuit continues to require intervention as a procedural prerequisite to appeal, there is a good argument that Markow did not act in timely fashion. At a minimum, Southwest had, and has, a viable argument that a belated intervention cannot be used to wipe away any previous waivers or forfeitures of particular contentions or to start over

again from scratch. That is why attorney Frank's threats of sanctions were groundless.

All of that aside, however, no party opposes intervention by Markow, so long as it is made clear that intervention does not allow him to undo, after the fact, whatever waivers or forfeitures he previously made. It will be up to the court of appeals, of course, to determine what, if anything, Markow waived or forfeited. The Court believes that the appropriate course is to grant Markow leave to intervene but strike his "Proposed Pleading" that accompanied his motion to intervene and instead grant him leave to intervene pursuant to the documents he previously, and timely, filed, as cited at pages 2-3 of this memorandum opinion. It is so ordered.

                                                                            _____
                                                                             MATTHEW F. KENNELLY
                                                                             United States District Judge

Date: December 6, 2013