UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE SOUTHWEST AIRLINES VOUCHER LITIGATION | Case No. 11-CV-8176 |
| | Hon. Matthew Kennelly |
| GREGORY MARKOW, <br><br> Objector. | |

**GREGORY MARKOW'S RESPONSE TO
PLAINTIFFS' DISCLOSURES IN CONNECTION
WITH EVIDENTIARY HEARING ON FEE PETITION**

Melissa A. Holyoak
CENTER FOR CLASS ACTION FAIRNESS
1718 M Street NW, No. 236
Washington, DC 20036
Phone: (573) 823-5377
Email: melissaholyoak@gmail.com

*Attorneys for Objector Gregory Markow*

On November 7, 2013, plaintiffs filed a Motion to Alter or Amend Final Judgment Pursuant to Fed. R. Civ. P. 59(e) ("Motion to Alter"). *See* Motion to Alter (Dkt. 173). The Court has requested additional information from plaintiffs in support of the Motion to Alter and has set an evidentiary hearing for June 16, 2014 at 10:00 am. *See* Dkts. 218 and 219. On June 4, 2014, plaintiffs filed Plaintiffs' Disclosures in Connection With Evidentiary Hearing on Fee Petition ("Plaintiffs' Disclosures"), *see* Dkt. 221, as well as Declaration of Colin B. Weir ("Weir Declaration"), *see* Dkt. 220.

Objector Gregory Markow hereby responds to Plaintiffs' Disclosures and the Weir Declaration and incorporates by reference his previous objection and response to the Motion to Alter, as well as all filings previously submitted by Objector Markow to this Court. *See* Objection to Proposed Settlement and Opposition to Motion for Attorneys' Fees, Costs and Incentive Awards (Dkt. 105), Markow's Response to Defendant's Response to Plaintiffs' Motion for Attorneys' Fees, Costs and Incentive Awards (Dkt. 120), Markow's Notice of Pertinent Authority (Dkt. 131), Markow's Response to Defendant's Notice of Pertinent Authority (Dkt. 134), Markow's Notice of Pertinent Authority (Dkt. 137), Markow's Notice of Pertinent Authority (Dkt. 138), and Markow's Response to Plaintiffs' Motion to Alter or Amend Final Judgment (Dkt. 196).

To prevail on their Rule 59 motion, plaintiffs must present newly discovered evidence or demonstrate a manifest error of law or fact. *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). The Rule 59 motion may only be granted if the new evidence is "material and could not have been discovered previously." *Figgie Int'l Inc. v. Miller*, 966 F.2d 1178, 1180 (7th Cir. 1992). Plaintiffs' submissions cannot satisfy this burden. Plaintiffs' Disclosures contain prior hourly engagements and fee awards for Siprut PC. *See* Dkt. 221 at 2-6. By its very nature, this information—fee arrangements *with* plaintiffs' counsel or fee awards *to* plaintiffs' counsel—was previously available to plaintiffs'

counsel.[1] Further, the Weir Declaration is no different as it is based on information obtained from Siprut PC and other publicly-available information. *See* Dkt. 220, Ex. 2.

Hourly rates awarded or paid in other cases is information that could have been included in plaintiffs' original fee petition. If so, it would have afforded class members an opportunity for plenary 23(h) review and objection. Rule 59 cannot be used as a second bite at the apple, let alone as a privileged first bite. *See King v. Cooke*, 26 F.3d 720, 726 (7th Cir. 1994) (holding that Rule 59 motion cannot be used to "present new theories, request additional discovery time or submit previously available evidence"); *accord Police Ass'n v. City of Chicago*, 76 F.3d 856, 867 (7th Cir. 1996) ("A Rule 59(e) motion cannot be used to present evidence that could and should have been presented prior to the entry of final judgment."). Accordingly, plaintiffs' Motion to Alter should be denied.

Dated: June 10, 2014                    */s/ Melissa A. Holyoak*
                                        Melissa A. Holyoak, (DC Bar No. 487759)
                                        Center for Class Action Fairness
                                        1718 M Street NW, No. 236
                                        Washington, DC 20036
                                        Phone: (573) 823-5377
                                        Email: melissaholyoak@gmail.com

                                        *Attorneys for Gregory Markow*

---

[1] Plaintiffs submitted their fee petition in this action on April 4, 2013. *See* Dkt. 103. Plaintiffs' Disclosures cite to court orders entered *after* April 4, 2013: *In re: UltraMist Sunscreen Litigation,* No. 13-cv-131 (N.D. Ill. May 16, 2014); *Foos v. Ann, Inc., d/b/a/ Ann Taylor Retail, Inc.*, No. 11-cv-2794, 2013 U.S. Dist. LEXIS 136918, 2013 WL 5352969 (S.D. Cal. Sept. 23, 2013) *Pietrantonio v. Ann Inc. d/b/a Ann Taylor, Inc.*, 13-cv-12721 (May 2, 2014); *In Re Imprelis Herbicide Mktg., Sales Practices and Prods. Liab. Litig.*, 296 F.R.D. 351 (E.D. Pa. 2013). *See* Dkt. 221, Exs. C, G, K, Q. While these orders were not "available" at the time plaintiffs submitted their fee petition, they cannot support plaintiffs' Rule 59 motion now. Newly created evidence is not newly "discovered" evidence. *See Repurchase Corp. v. Bodenstein*, No. 05 C 7075, 2008 U.S. Dist. LEXIS 23504, at *23-26 (N.D. Ill. Mar. 24, 2008) ("Rule 59 motions are not intended to give parties the opportunity to relitigate issues with newly created evidence."). Indeed, such future orders would not reflect plaintiffs' counsel's current market rate at the time their fee request was submitted. A fee request should include the hourly rate the attorney currently receives, not a rate the attorney hopes to obtain in future cases.

## Certificate of Service

The undersigned certifies she electronically filed the foregoing Response to Plaintiffs' Disclosures via the ECF system for the Northern District of Illinois, thus effecting service on all attorneys registered for electronic filing. Additionally, she placed a copy of the foregoing in the U.S. mail addressed to:

> Hon. Matthew F. Kennelly
> United States District Court for the Northern District of Illinois, Eastern Division
> Everett McKinley Dirksen United States Courthouse
> Chambers 2188
> 219 South Dearborn Street
> Chicago, IL 60604

Dated: June 10, 2014.

/s/ Melissa A. Holyoak