UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE SOUTHWEST AIRLINES VOUCHER LITIGATION<br><br>GREGORY MARKOW,<br><br>          Objector. | Case No. 11-CV-8176<br><br>Hon. Matthew Kennelly |

## GREGORY MARKOW'S RESPONSE TO DEFENDANT'S MOTION TO CORRECT AND/OR MODIFY THE RECORD ON APPEAL

Southwest's motion is a vexatious multiplication of proceedings for multiple reasons:

*First*, the motion is a bald misapplication of Fed. R. App. Proc. 10(e). "[T]he purpose of Rule 10(e) is to make the record accurately reflect events, not to provide an opportunity for retroactive alteration of those events." Wright & Miller, 16A Federal Practice & Procedure § 3956.4 (4th ed. 2012). Southwest "is simply attempting to add new material that was never considered by the district court. This is not permitted under the rule." *Inland Bulk Transfer Co. v. Cummins Engine Co.*, 332 F.3d 1007, 1012 (6th Cir. 2003). *Cf. also Justice v. Town of Cicero*, 682 F.3d 662 (7th Cir. 2012) (nunc pro tunc).

*Second*, even if FRAP 10 permitted such retroactive alteration, Southwest claims they wish to introduce this evidence in support of an argument against the standing of one of the appellants. But in *Eubank v. Pella Corp.*, 753 F.3d 718 (7th Cir. 2014), plaintiffs-appellees made exactly the same standing argument in the exact same procedural posture against all of the objector-appellants, none of whom had filed claims. *See* Exh. 1 at 11-13 (motion to dismiss for lack of standing) (citing same standing case as Southwest motion). The Seventh Circuit called the argument "frivolous." 753 F.3d at

729. (Appellate counsel for Markow represented appellant Schulz in *Pella*.)

*Third*, even if the standing argument were meritorious, rather than "frivolous," its sole effect would be to dismiss the appeal of one of the two appellants who filed a joint brief, leaving the other appellant, our client, Greg Markow, with no effect on the ultimate disposition of the appeal.

For these reasons, Markow will not be sending counsel to attend the September 11 hearing. It seems to have no purpose other than to run up counsel's expenses.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Correct and/or Modify the Record on Appeal should be denied.


Dated: September 8, 2014.         */s/ Melissa A. Holyoak*
                                  Melissa A. Holyoak, (DC Bar No. 487759)
                                  Center for Class Action Fairness
                                  1718 M Street NW, No. 236
                                  Washington, DC 20036
                                  Phone: (573) 823-5377
                                  Email: melissaholyoak@gmail.com

                                  *Attorneys for Gregory Markow*

**Certificate of Service**

  The undersigned certifies she electronically filed the foregoing Response to Defendant's Motion to Correct and/or Modify the Record on Appeal via the ECF system for the Northern District of Illinois, thus effecting service on all attorneys registered for electronic filing. Additionally, she placed a copy of the foregoing in the U.S. mail addressed to:

> Hon. Matthew F. Kennelly
> United States District Court for the Northern District of Illinois, Eastern Division
> Everett McKinley Dirksen United States Courthouse
> Chambers 2188
> 219 South Dearborn Street
> Chicago, IL 60604

Dated: September 8, 2014.

                          /s/ Melissa A. Holyoak