```
                    IN THE UNITED STATES DISTRICT COURT
                   FOR THE NORTHERN DISTRICT OF ILLINOIS
                              EASTERN DIVISION

IN RE.:                           ) No. 11 CV 08176
                                  ) Chicago, Illinois
SOUTHWEST AIRLINES VOUCHER        ) December 23, 2015
LITIGATION.                       ) 9:37 a.m.

                        TRANSCRIPT OF PROCEEDINGS

               BEFORE THE HONORABLE MATTHEW F. KENNELLY


APPEARANCES:

For the Plaintiffs:        SIPRUT, P.C.
                           BY:  MR. JOSEPH J. SIPRUT
                                MR. JOHN S. MARRESE
                           17 North State Street, Suite 1600
                           Chicago, Illinois 60602
                           (312) 236-0000
                           jsiprut@siprut.com
                           jmarrese@siprut.com

For Southwest Airlines:    MAYNARD, COOPER & GALE, P.C.
                           BY:  MR. H. THOMAS WELLS, JR.
                           1901 Sixth Ave North, Suite 2400
                           Birmingham, Alabama 35203
                           (205) 254-1062
                           twells@maynardcooper.com

Court Reporter:            Judith A. Walsh, CSR, RDR, CRR
                           Official Court Reporter
                           219 South Dearborn Street, Room 1944
                           Chicago, Illinois 60604
                           (312) 702-8865
                           judith_walsh@ilnd.uscourts.gov
```

```
 1      (Proceedings heard in open court:)
 2              THE CLERK:  11 Civil 8176, In Regards Southwest
 3   Airlines Voucher Litigation.
 4              MR. SIPRUT:  Good morning, your Honor.  Joe Siprut on
 5   behalf of the settlement class along with my colleague, John
 6   Marrese.
 7              MR. MARRESE:  Good morning, your Honor.
 8              MR. WELLS:  And Tommy Wells for Southwest Airlines,
 9   your Honor.
10              THE COURT:  So let me ask you this question.  I mean,
11   this may seem obvious.  I'm assuming you're asking for the
12   additional money to be paid by Southwest.
13              MR. SIPRUT:  Oh, absolutely, yes.
14              THE COURT:  Okay.
15              MR. SIPRUT:  This has no effect --
16              THE COURT:  So where do you see in my ruling that
17   I've already awarded you fees for this because I remember what
18   I did, and then I looked back just in case I didn't remember
19   it, and I remembered it right, and I didn't.  I just said you
20   can petition for it or that you might be able to petition for
21   it.
22              MR. SIPRUT:  That's right.
23              THE COURT:  I didn't make a decision on it yet.
24              MR. SIPRUT:  Understood.  I agree with that, and I
25   didn't mean to overstate it in the motion.  I'm not saying
```

1 that any of this is a foregone conclusion. The Court
2 absolutely is at liberty to do whatever it wants at this
3 stage, but one of those options would be awarding me the time
4 that has been spent in the two-plus years --
5     THE COURT: Okay.
6     MR. SIPRUT: -- since the time that our lodestar was
7 first submitted.
8     THE COURT: So do you want to file anything in
9 response to this, Mr. Wells?
10     MR. WELLS: No, your Honor, because, Mr. Siprut, his
11 filing is within the agreement --
12     THE COURT: It's within -- okay. And you've seen,
13 I'm assuming, the filing by the objector?
14     MR. SIPRUT: I have, yes.
15     THE COURT: Okay.
16     MR. SIPRUT: And here --
17     THE COURT: So I'm going to want you to file
18 something, and there's -- I'm -- you address whatever you
19 think you need to address, but the two things I want you to
20 address specifically are, number one, does there have to be a
21 remand period in order for me to deal with something like this
22 and, number two, more specifically, does there have to be a
23 remand that says you're entitled to fees or you're entitled to
24 petition for fees. So the Seventh Circuit's award was
25 essentially silent about remand and about additional fees.

1                And part of what I understand the objector,
2    Mr. Markow, to be saying is that, well, that means that's the
3    end of the story.  And they may not have said it quite exactly
4    that way, but that's how I took it.  There's got to be law on
5    this.  There's got to be law on whether a remand is required.
6                You know, in the situation where there was a -- there
7    was an award of fees, there was an objection to it which was
8    largely overruled, it's appealed, you defend the class
9    settlement and the fees on appeal, parts of it get reversed
10   but largely it gets upheld, so the question is, does the court
11   of appeals actually have to affirmatively send it back for me
12   to be able to entertain a petition for additional fees or not.
13               MR. SIPRUT:  Understood.
14               THE COURT:  Like I said, there's got to be law on
15   that, and it may not be -- it's probably not under the
16   statute.  You're probably going to find most of the cases
17   under Section 1988, Title 42 which is, you know, where most of
18   the fee petitions get done.
19               MR. SIPRUT:  Well, understood.  The short answer is,
20   yes, we will get you something in writing in response to the
21   objector and specifically addresses this point.  However, in
22   the meantime, as long as we're all here, to provide a little
23   context if I might, I just want to flag to the Court that I
24   have a fundamentally, I think, different view of what this
25   should be characterized as.

1          It's not, in my view, an instance where we're seeking
2    post-appeal fees as though it were some sort of separate act.
3    Rather, what we are seeking is simply the implementation of
4    the order as entered by this court and as affirmed by the
5    Seventh Circuit.
6          The key point is that within the four corners of this
7    Court's order was the provision that given that various hours
8    were inevitably going to be spent on appeal dealing with the
9    objector which was known to everyone at that time --
10         THE COURT:  Mr. Siprut, I get all that, but you're
11   going to need to tell me that in writing.
12         MR. SIPRUT:  Sure.  I understand.
13         THE COURT:  Honestly, one of my questions, and you
14   might want to address this, too, is seeing as how you're not
15   asking for anything, anything from the objector -- although if
16   it were me, I might ask them to pay the fees, but whatever.
17   You're not asking for anything from them.  It's not reducing
18   what the class is going to get.
19         MR. SIPRUT:  Right.
20         THE COURT:  You might want to address whether they
21   even have standing to object at this point.
22         MR. SIPRUT:  Absolutely.  Another --
23         THE COURT:  I pretty seriously question it.  And they
24   certainly don't have standing to be intemperate which per
25   their usual practice --

```
 1              MR. SIPRUT:  "Per their usual" is a good way of
 2   saying it so, yes, agreed and understood on all those points.
 3   We'll get you something --
 4              THE COURT:  So anyway, how long would you like?
 5              MR. SIPRUT:  Well, given the holidays, may I have 21
 6   days?
 7              THE COURT:  Just -- yes, that's fine.  So the reply
 8   to the -- on the motion for attorney's fees is to be filed, I
 9   think that's the -- that's the 12th or 13th of January?
10   That's the 13th of January, 1/13.  All right.
11              MR. SIPRUT:  Very good.
12              THE COURT:  All right.  Take care.
13              MR. SIPRUT:  Thank you, your Honor.
14              MR. WELLS:  Thanks, Judge.
15       (Proceedings adjourned at 9:42 a.m.)
16                      C E R T I F I C A T E
17       I, Judith A. Walsh, do hereby certify that the
18   foregoing is a complete, true, and accurate transcript of the
19   proceedings had in the above-entitled case before the
20   Honorable MATTHEW F. KENNELLY, one of the judges of said
21   Court, at Chicago, Illinois, on December 23, 2015.
22   /s/ *Judith A. Walsh, CSR, RDR, CRR*          December 23, 2015
23   Official Court Reporter
24   United States District Court
25   Northern District of Illinois, Eastern Division
```