**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

In re: SOUTHWEST AIRLINES ) Case No. 11 C 8176
VOUCHER LITIGATION )

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

In this ruling, the Court considers plaintiffs' petition for an additional award of attorney's fees following an appeal from the Court's approval of a class action settlement and fee award. The Court concludes that an additional fee award is appropriate, though far less than plaintiffs have requested.

## Background

The Court previously approved a class-wide settlement in this action. *In re Southwest Airlines Voucher Litig.*, No. 11 C 8176, 2013 WL 4510197 (N.D. Ill. Aug. 26, 2013). Plaintiffs then moved for an award of attorney's fees and costs, as well as incentive awards for the named plaintiffs. Following negotiations over attorney's fees, Southwest had agreed not to oppose a fee request of up to $3,000,000 plus out of pocket expenses of up to $30,000. Plaintiffs sought an award in those amounts. The Court awarded fees of $1,332,206.25 plus $18,522.32 in expenses. *In re Southwest Airlines Voucher Litig.*, No. 11 C 8176, 2013 WL 5497275 (N.D. Ill. Oct. 3, 2013). After the Court entered final judgment, plaintiffs moved to amend the judgment to increase the award of fees and expenses. The Court granted the motion in part, increasing plaintiffs' fee award to $1,649,118. *See In re Southwest Airlines Voucher Litig.*, No. 11 C 8176, 2014 WL 2809016 (N.D. Ill. June 20, 2014).

Two class members who had objected to the settlement and fee award, Gregory Markow and Alison Paul, appealed. Plaintiffs filed a cross-appeal seeking an increase in the fee award. The Seventh Circuit affirmed this Court's approval of the settlement and the fee award but eliminated the $15,000 incentive award for one named plaintiff because of a previously undisclosed conflict of interest and reduced plaintiffs' lead attorney's award by the same amount . *See In re Southwest Airlines Litig.*, 799 F.3d 701 (7th Cir. 2013).

Following issuance of the Seventh Circuit's mandate, plaintiffs' counsel moved for an additional award of fees and costs related to the amended judgment and the appeal. Class member Markow has objected. Familiarity with the details of the Court's earlier rulings is assumed.

## Discussion

**1. Authority to consider the fee petition**

Plaintiffs' motion appears to suggest that the Court's June 20, 2014 order on their motion to amend the judgment established an entitlement to additional fees following appeal. Markow—whose standing the Court will address in a later section—argues that the Court merely noted the possibility of awarding plaintiffs' fees for a successful defense of the settlement on appeal. Markow is correct. The Court simply noted that plaintiffs could petition for additional fees if they were successful on appeal. *See id.* The Court did not guarantee an additional fee award.

Plaintiffs' reliance on *Barrington Press, Inc. v. Morey*, 816 F.2d 341 (7th Cir. 1987) (*Barrington Press II*), is misplaced. In the *Barrington Press* cases, the Seventh Circuit ruled that the district court must award fees if they have been ordered and the

2

decision has been affirmed on appeal. *See Barrington Press v. Morey*, 752 F.2d 307 (7th Cir. 1985) (*Barrington Press I*); *see also Barrington Press II*, 816 F.2d at 344. In *Barrington Press I*, the Seventh Circuit affirmed the lower court's decision, which—in addition to its ruling on the merits—stated that attorney's fees would be proper once the appeal was concluded. When the Seventh Circuit remanded the case for the district court to determine the proper amount of attorney's fees to be awarded, the district court ruled that the plaintiff was not entitled to attorney's fees, after all. In *Barrington Press II*, the Seventh Circuit ruled that the district court could not stray from its initial ruling that attorney's fees were appropriate and overturned the second decision. In contrast to the *Barrington Press* cases, the Court here never awarded plaintiffs attorney's fees related to the appellate proceedings—rather it said only that plaintiffs could seek them.

On the flip side, the fact that the Seventh Circuit affirmed (with some modifications) the Court's decision approving the settlement and fee award without remanding the case is of no consequence, despite Markow's suggestion to the contrary. District courts have taken up the issue of attorney's fees on appeal even without a formal remand. *See Burzlaff v. Thoroughbred Motorsports, Inc.*, 758 F.3d 841, 850 (7th Cir. 2014) (affirming lower court and noting that the plaintiff may pursue a supplemental award of appellate attorney fees before the district court); *see also James Michael Leasing Co., LLC v. Paccar Inc.*, No. 11 C 0747, 2015 WL 1128630 (E.D. Wis. Mar. 12, 2015) (granting supplemental appellate attorney's fees after a Seventh Circuit affirmance); *Hughes v. Terry*, No. 02 C 1038, 2005 WL 1963001 (E.D. Wis. Aug. 15, 2005) (same). More broadly, it is well-established that a petition for attorney's fees on appeal may be filed either in the district court or in the court of appeals. *See, e.g.*,

*Jannotta v. Subway Sandwich Shops, Inc.*, 225 F.3d 815, 820 (7th Cir. 2000); *Ekanem v. Health and Hosp. Corp. of Marion Cty.*, 778 F.2d 1254, 1257 (7th Cir. 1985).

Markow also notes that the Court's previous decision was a final judgment, suggesting that this means it is too late for plaintiffs to seek additional fees. But "[l]egal work performed in seeking the award of fees, and defending them on appeal, constitutes a separate post-decision category that is not barred by" a conclusion that a prior decision was final. *Robinson v. City of Harvey*, 617 F.3d 915, 918 (7th Cir. 2010). Plaintiffs filed their petition in a timely fashion following the court of appeals' entry of judgment. Northern District of Illinois Local Rule 54.3(b) provides that motions for attorney's fees shall be filed and served no later than ninety days after the entry of the judgment or settlement agreement on which the motion is founded. The Seventh Circuit entered judgment on September 24, 2015, and plaintiffs filed their motion for final lodestar calculation eighty-eight days later, on December 21, 2015.

For these reasons, the Court concludes that it has the authority to consider plaintiffs' fee petition.

**2.    Markow's standing**

As indicated earlier, Markow is a member of the plaintiff class who objected to the proposed settlement and fee award and then prosecuted an appeal from the Court's judgment approving the settlement and reduced fee award. Plaintiffs argue that Markow lacks standing because he can neither benefit nor be harmed by the outcome of the current fee dispute: any additional award would come from Southwest and would not affect the class members' recovery at all.

In general, a class member lacks standing if he does not have an interest in the

outcome. *Silverman v. Motorola Solutions, Inc.*, 739 F.3d 956, 957 (7th Cir. 2013). After class relief has been fashioned, class members can continue to have an interest in the existence or amount of an award of attorney's fees if payments to counsel come at class members' expense. *See In re Synthroid Marketing Litig.*, 325 F.3d 974, 976 (7th Cir. 2003) (class members "stand to receive more from the settlement fund if they win on this appeal than if they lose; payments to counsel come at their expense, and this loss is redressable by a favorable judicial decision").

As matters now stand, however, Markow does not face any harm from an award of additional fees, nor does he stand to benefit if additional fees are denied or reduced. The settlement awarding relief to the class was affirmed on appeal, and it is not subject to alteration at this point. No part of the amount sought by counsel would have any impact whatsoever on the class. For these reasons, Markow lacks an interest in the outcome of the fee petition, so the Court overrules his objection for lack of standing.

The absence of proper opposition does not mean, however, that plaintiffs' counsel get whatever they want. The Court has an independent obligation to determine whether fees are appropriately awarded and, if so, how much. In doing so, the Court has considered Markow's memorandum as the equivalent of an *amicus* brief.

**3.     Merits of the fee petition**

   **a.     Prevailing party**

The first question is whether plaintiffs may be considered to have prevailed on appeal. A party prevails if it "succeed[s] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983). Plaintiffs were successful on appeal in that they successfully

5

defended the Court's approval of the class settlement and fee award, with the exception of the removal of the $15,000 incentive award for one plaintiff and a corresponding amount of attorney's fees. On the other hand, plaintiffs were unsuccessful in their cross-appeal seeking additional fees. The Court also notes that the Seventh Circuit took plaintiffs' counsel to task for their use of deceptive ellipses in their brief.

If the plaintiffs had been only nominally successful on appeal, they would not be entitled to any additional fee award. *See Montanez v. Simon*, 755 F.3d 547, 556-57 (7th Cir. 2014). But that is not the case here. Though plaintiffs were not completely successful on appeal, they obtained a favorable ruling on the primary arguments made by the objectors against approval of the settlement and the fee award. These are matters of considerable significance, particularly in view of the fact that the appeal involved a significant legal issue on which, at the time of this Court's decision, the only appellate precedent was adverse. Accordingly, the Court concludes that plaintiffs were, on balance, prevailing parties on appeal. But this does not mean that they are automatically entitled to everything they seek. "[T]he extent of a plaintiff's success is a crucial factor in determining the proper amount of an award of attorney's fees." *Hensley*, 461 U.S. at 440. The Court therefore will take into account the fact that plaintiffs were somewhat less than one hundred percent successful on appeal.

**b.     Reasonableness of rates and hours**

Having determined that plaintiffs prevailed on appeal, the Court must determine whether the claimed fees are reasonable under the circumstances. *See Linda T. v. Rice Lake Area Sch. Dist.*, 417 F.3d 704, 709 (7th Cir. 2005). This requires multiplying the time reasonably spent by a reasonable hourly rate. *See, e.g., Hensley*, 461 U.S. at

6

433.

Counsel have requested compensation at the same hourly rates that the Court previously approved. The Court finds these rates reasonable for the reasons discussed in its earlier ruling.

The real issue concerns the reasonableness of the time claimed. In this regard, the first question involves sufficiency of the fee petition itself. The petition consists of a four-page motion that primarily recites the history of the litigation, plus a two-page affidavit by the principal attorney for plaintiffs. The affidavit purports to list all of the work performed by class counsel in this case since its inception—more than $2,000,000 worth, prior to application of the initial fee award's multiplier. The affidavit does not include any detail to speak of. Instead, plaintiffs' counsel opted to list only broad categories such as "review of Seventh Circuit decision and preparation of next steps, motions before district court"—a group of tasks for which counsel requests compensation for 146.2 hours at a $585 hourly rate ($85,410) and 83.9 hours at a $225 hourly rate ($18,877.50)—a total of $104,287.50, on which counsel requests a multiplier of 1.5. *See* Pl.'s Mot., Siprut Affid., Ex. 1. The affidavit includes no information indicating what the "review" entailed, what the "next steps" were, and exactly what "motions" are referenced. More importantly, it provides no information regarding how long it took for each task within this broad category or when each task was performed. The manner in which plaintiffs' counsel have presented the time they claim to have spent essentially prevents review of the reasonableness of each task performed and the time spent on it.

Although "block billing"—the lumping of disparate tasks into a single time entry—

is not prohibited, it is somewhat frowned upon in the Seventh Circuit. *See Farfaras v. Citizens Bank and Trust of Chicago*, 433 F.3d 558, 569 (7th Cir. 2006). Plaintiffs' fee petition is even less informative than block billing. There are no specific tasks listed at all—only vaguely-worded categories. The Court is wholly unable to determine whether the hours cited are appropriately compensable or not, because it cannot tie the hours to particular tasks. "When a fee petition is vague or inadequately documented, a district court may either strike the problematic entries or (in recognition of the impracticalities of requiring courts to do an item-by-item accounting) reduce the proposed fee by a reasonable percentage." *Harper v. City of Chicago Heights*, 223 F.3d 593, 605 (7th Cir. 2000).

The point just made intertwines with the fact that plaintiffs achieved less than complete success on the aspects of the case covered by the fee petition. For example, the unsuccessful cross-appeal raised arguments that were distinct from those raised by the objectors—specifically, plaintiffs' counsel argued that this Court abused its discretion by making an award lower than the fee award plaintiffs had negotiated with Southwest. And, as noted, the court of appeals eliminated the incentive award for one plaintiff and reduced counsel's fees by a corresponding amount. But because counsel have made no effort to break down the time spent, there is no way for the Court to discern the amount of time spent on these points. "When the judge cannot easily separate the successful and unsuccessful work, there is nothing to do but make an across-the-board reduction that seems appropriate in light of the ratio between winning and losing claims." *Montanez v. Simon*, 755 F.3d at 557 (quoting *Richardson v. City of Chicago*, 740 F.3d 1099, 1103 (7th Cir. 2014)).

8

The most significant problem with the supplemental fee petition, however, is the overall amount of attorney time claimed for the phases of the case that the petition covers: the motion to amend the fee award; preparation of appellate briefs; preparation for and attendance at oral argument on appeal; and tasks performed after the court of appeals issued its decision. First of all, lead attorney Joseph Siprut claims to have spent a total of about 280 hours (152.4 plus 127.4) for work on the motion to amend the fee award, and he claims that associate attorney Gregg Barbakoff spent 292 hours and paralegal Kristina Pearson 99 hours. The total amount claimed for this work, at the approved hourly rates, is $241,905. If one applies the 1.5 multiplier sought by counsel, the total fee award for this work would be about $363,000. But the motion to amend resulted in an increased fee award of about $317,000, which is considerably less than the amount of fees counsel seeks for the work involved.

Putting aside whether a request along these lines would be reasonable based purely on a comparison of investment and return, the Court is quite confident in saying that 572 hours in attorney time for the motion to amend is grossly excessive. The Court acknowledges that some significant amount of work went into the motion to amend, but the time claimed for this work exceeds the time counsel spent on preparing the fee petition in the first instance. The Court is, however, precluded from identifying exactly where the excesses occurred due to the inappropriately broad brush with which plaintiffs' counsel have painted in describing the tasks performed.

The Court is also quite confident that the time claimed for work on appeal is grossly excessive. Plaintiffs' counsel seek compensation for 512.6 hours for drafting an preparing two appellate briefs, 84.7 hours for "various court-mandated and other

9

settlement conferences with objectors and preparation for same," 134.9 hours (!!) to prepare for and attend oral argument, and a whopping 230.1 hours for "[r]eview and analysis of Seventh Circuit decision and preparation of next steps . . . ." *See* Pl.'s Mot., Siprut Affid., Ex. 1. The total is over 970 hours, which the Court is constrained to say would be excessive even for an appeal far more complex than the appeal in this case. And again, the time is presented in a way that prevents examination, and plaintiffs have offered precious little by way of explanation of why any of these tasks took this long.

One is left with the overall impression that the fee petition boils down to this: some of the originally hoped-for $3,000,000 that Southwest agreed not to oppose is still on the table, and plaintiffs' counsel are trying to find a way to get the rest of it. A further illustration of this is counsel's apparent assumption that the Court will apply the same 1.5 multiplier to post-judgment attorney time that it applied to the initial fee award; that is the way that plaintiffs get the overall fee award up to the $3,000,000 level. But a multiplier may be applied "to reflect exceptionally good results," *Richardson*, 740 F.3d at 1103; it is not due and owing as a matter of course. Plaintiffs got this Court to increase their fee award by a little over $300,000, but they say they spent over $240,000 in attorney time to do that. That is hardly an exceptional result. In addition, they achieved a favorable result in upholding the settlement on appeal against the objectors' attack, but they failed in their effort to get the Seventh Circuit to overturn this Court's reduction of the fee award, and they also suffered a partial defeat due to the previously-undisclosed conflict involving one of the plaintiffs and class counsel. Given these somewhat mixed results, the Court sees no appropriate basis to award a multiplier for plaintiffs' post-judgment work

Plaintiffs are asking for a supplemental fee award of $1,365,882. They do not include this amount in their petition. The Court has calculated it by subtracting the fees previously awarded less than $15,000 reduction ordered on appeal—$1,634,118—from the $3,000,000 that Southwest agreed not to oppose. As the Court has found, the request is grossly excessive. For this reason; given the mixed results for the attorney work at issue; and due to plaintiffs' failure to provide an adequate breakdown of the time claimed, the Court is permitted to make an overall percentage reduction of the fee request. The Court concludes that plaintiffs are appropriately awarded one-third of the amount just listed--$455,294. This amount is amply sufficient compensation for the work reasonably done to increase the fee award via the motion to amend and the work reasonably done to defend the settlement and fee award on appeal.

Plaintiffs also seek an additional $46,813 in out of pocket expenses. Some of these are unexceptional even without explanation (which plaintiffs do not offer): $505 for the appellate filing fee, $1,307 for computer-assisted legal research; $516.30 for transcript costs; $1,016.80 for printing and binding; and $184.58 for express delivery and messenger fees. *See* Pls.' Mot., Siprut Affid., Ex. 2. The Court will award plaintiffs these expenses. It declines to award the others, however, including nearly $13,000 described only as "expert testimony / consultation / declaration," $11,920 for "JAMS Fee for Moot Court Service," and a small charge for travel and meal expenses. These expenses require at least some explanation, which plaintiffs have failed to offer. In sum, the Court awards plaintiffs additional expenses in the total amount of $3,529.68.

The Court also advises that given the patent deficiencies in plaintiffs' supplemental fee petition and the other factors the Court has noted, it will not award any

additional attorney's fees or expenses connected with prosecuting it before this Court.

## Conclusion

For the foregoing reasons, the Court grants plaintiff's motion for additional attorney's fees [dkt. no. 287] in part, awarding plaintiffs an additional $455,294 in attorney's fees and $3,529.68 in out of pocket expenses, for a total of $458,823.68.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: April 25, 2016