# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE SOUTHWEST AIRLINES VOUCHER LITIGATION | Case No. 11-CV-8176 |
| | Hon. Matthew Kennelly |
| GREGORY MARKOW, | |
| Objector. | |

## GREGORY MARKOW'S MOTION TO RECONSIDER SUPPLEMENTAL FEE ORDER AND TO ALTER OR AMEND FINAL JUDGMENT

Melissa A. Holyoak
COMPETITIVE ENTERPRISE INSTITUTE
CENTER FOR CLASS ACTION FAIRNESS
1899 L Street NW, 12th Floor
Washington, DC 20036
Phone: (573) 823-5377
Email: melissaholyoak@gmail.com

Kirstin B. Ives
WILLIAMS MONTGOMERY & JOHN
233 South Wacker Drive, Suite 6100
Chicago, Illinois 60606
Phone: (312) 443-3878
Fax: (312) 630-8538
Email: KBI@willmont.com

*Attorneys for Objector Gregory Markow*

# INTRODUCTION

In 2013, this Court finally approved the parties' proposed settlement, and entered final judgment granting class counsel's fee motion in part. *See* Dkt. 141 ("Final Approval Order"); Dkt. 151 ("Fee Order"); Dkt. 156 ("Final Judgment"). The Court later granted class counsel's motion for reconsideration, adjusting the fee award upward by roughly $300,000. Dkt. 232. Markow appealed and plaintiffs cross-appealed to the Seventh Circuit. The Seventh Circuit affirmed the settlement but rejected plaintiffs' cross-appeal for a larger fee. *In re Southwest Airlines Voucher Litig.*, 799 F.3d 701, 713 (7th Cir. 2015). Based on class counsel's failure to disclose a conflict of interest, the Seventh Circuit eliminated a $15,000 named plaintiff incentive award and mandated that class counsel's fee "should be reduced by the same amount." *Id.* at 716. Although the Seventh Circuit rejected plaintiffs' cross-appeal for more fees and *sanctioned* class counsel $15,000 for the conflict of interest, class counsel interpreted the Seventh Circuit's opinion as an invitation to request an additional $1.35 million in fees with this Court. Dkt. 287 ("Supplemental Fee Motion"). Markow opposed. Dkt. 289 ("Markow Opp."). But it is antithetical for class counsel to be *sanctioned* by the Seventh Circuit based on Markow's appeal and now receive *more* fees than if Markow had never appealed.

On April 25, 2016, the Court issued an order granting in part class counsel's Supplemental Fee Motion and awarded $455,294 in additional fees and $3,528 in additional expenses. Dkt. 302 ("Supplemental Fee Order"). Markow now moves the Court under Fed. R. Civ. P. 59(e) to reconsider its Supplemental Fee Order. Markow also moves the Court to vacate its initial Final Approval Order, Fee Order and Final Judgment under Fed. R. Civ. P. 60(b)(4) and (b)(6). Class counsel's Supplemental Fee Motion sought $1.35 million because Southwest had agreed to pay up to $3,000,000. Supplemental Fee Motion, Dkt. 287 at 4. Both the amount that was awarded ($455,294) plus the amount they sought that was not awarded ($895,588) should be disgorged to

the class. In the alternative, if the Court finds disgorgement unavailable as a remedy, it should vacate its Final Approval Order and Final Judgment and fee orders.

## ARGUMENT

**I.     Reconsideration of the Supplemental Fee Order is warranted.**

A core function of Rule 59(e) reconsideration motions is to correct manifest errors of law or fact. *Caisse Nationale de Credit Agricole v. CBE Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996). The Supplemental Fee Order contains multiple manifest errors of law.

*First*, the Supplemental Fee Order does not consider class counsel's facial violation of Fed. R. Civ. P. 23. Rule 23(h)(1) requires that notice of fee motions by class counsel "must be…directed to class members in a reasonable manner." *Accord Redman v. RadioShack Corp.*, 768 F.3d 622, 637-38 (7th Cir. 2014). Class counsel directed no notice of their supplemental fee petition to the class. The website still makes no mention of it. *See* https://www.southwestvouchersettlement.com/ (last visited May 3, 2016). By failing to notify the class of its Supplemental Fee Motion, class counsel ignored the "short and simple" message from the Seventh Circuit: "when in doubt, disclose." *Southwest*, 799 F.3d at 716.

The Supplemental Fee Order does not address the Rule 23(h) argument raised in Markow's opposition (Markow Opp. 6),[1] and none of the authorities relied on by the Court in awarding supplemental fees involved a case subject to the strictures of Rule

---

[1] Relatedly, the Supplemental Fee Order errs in concluding that Markow does not have standing to object to class counsel's fee award. *See* Supplemental Fee Order, Dkt. 302 at 4-5.  In doing so, it imports the Article III doctrine of constitutional standing to pursue an appeal into the context of standing to file an objection at the district court level where there is an extant controversy. *See Stetson v. Grissom*, 2016 U.S. App. LEXIS 8638, at *7 (9th Cir. May 11, 2016) (distinguishing between standing to object to fees and standing to appeal that award). The latter form of participation is covered only by prudential standing; and Fed. R. Civ P. 23(h)(2) provides Markow that prudential standing. *See* R. 23(h)(2) ("A class member…may object.").

23(h). *See* Supplemental Fee Order, Dkt. 302 at 3-4. Each case justified fees on either the Seventh Circuit's pre-remand mandate or the substantive statute underlying the case. *See Robinson v. City of Harvey*, 617 F.3d 915 (7th Cir. 2010) (awarding supplemental fees under 42 U.S.C. § 1988, 23(h) inapplicable); *Hughes v. Terry*, No. 02 C 1038, 2005 WL 1963001 (E.D. Wis. Aug. 15, 2005) (awarding fees to prevailing defendant under § 1988; 23(h) inapplicable).

In *Burzlaff v. Thoroughbred Motorsports*, the Seventh Circuit expressly allowed the prevailing appellees to seek supplemental fees before the district court. 758 F.3d 841, 850 (7th Cir. 2014) ("Burzlaff may pursue a supplemental award of appellate attorney fees before the district court."). By contrast, the Seventh Circuit here *reduced* attorneys' fees by $15,000 and rejected class counsel's cross-appeal, which contended that this Court "should have awarded the full $3 million in fees that Southwest agreed to pay." Principal and Response Brief of Plaintiffs-Appellees, Cross-Appellants, No. 13-3264, Dkt. 66 at 17 (7th Cir. Nov. 14, 2014). The Seventh Circuit refused to award class counsel any of the additional $1.35 million they sought. Under "the most elementary application of [law of the case] doctrine… the district court is required to comply with the express or implied rulings of the appellate court." *Creek v. Village of Westhaven*, 144 F.3d 441, 445 (7th Cir. 1998) (internal quotation omitted). The Supplemental Fee Order fails to account for the Seventh Circuit's mandate rejecting the cross-appeal and modifying downward the fee award by $15,000. This is error. *See Piambino v. Bailey*, 757 F.2d 1112, 1119 (11th Cir. 1985) ("The trial court must implement both the letter and the spirit of the mandate, taking into account the appellate court's opinion, and the circumstances it embraces.") (internal citations omitted).

*James Michael Leasing v. Paccar*, like *Burzlaff* involved a litigated judgment, not a Rule 23(h) class settlement award. No. 11 C 0747, 2015 WL 1128630 (E.D. Wis. Mar. 12, 2015). The statute underlying both *Burzlaff* and *James Michael Leasing*, the Wisconsin Lemon Law, authorizes fees for successful appellate work. *Chmill v. Friendly Ford-*

*Mercury of Janesville, Inc.*, 144 Wis. 2d 796, 809 (Wis. Ct. App. 1988); *see generally Nelson v. Carle Clinic Ass'n, P.C.*, 328 F.3d 915, 919 (7th Cir. 2003) ("When fees have been awarded in the district court on the authority of a fee-shifting statute, the costs of appellate work are automatically shifted."). No fee-shifting statute authorizes class counsel's request here.

***Second***, the Supplemental Fee Order does not sufficiently respond to class counsel's lodestar exaggerations. As the Court observed, class counsel's proclaimed lodestar hours and costs in the Supplemental Fee Motion are wildly exaggerated and not sufficiently-documented. *See* Supplemental Fee Order, Dkt. 302 at 7-11; *compare also Ustrak v. Fairman*, 851 F.2d 983, 987 (7th Cir. 1988) (reducing hours reasonably spent preparing for appellate oral argument from 38 to 16), *with* Supplemental Fee Order 10 (noting class counsel claimed "134.9 hours (!!)" to prepare for and attend oral argument."). But the Court proceeded to award roughly what would have been a full lodestar award if class counsel had tendered reasonable billing records in the first instance. Supplemental Fee Order 11. "To discourage such greed a severer reaction is needful." *Brown v. Stackler*, 612 F.2d 1057, 1059 (7th Cir. 1980); *accord Budget Rent-A-Car Sys. v. Consol. Equity LLC*, 428 F.3d 717, 718 (7th Cir. 2005) ("When an award of fees is permissive, denial is an appropriate sanction for requesting an award that is not merely excessive, but so exorbitant as to constitute an abuse of the process of the court asked to make the award."). Otherwise, "claimants would be encouraged to make unreasonable demands, knowing that the only unfavorable consequence of such misconduct would be reduction of their fee to what they should have asked for in the first place." *Brown*, 612 F.2d at 1059; *see also Commonwealth Electric Co. v. Woods Hole*, 754 F.2d 46, 49 (1st Cir. 1985) ("Outside-chance opportunity for a megabucks prize must cost to play.")

It would be one thing if class counsel's excessive billing was an isolated lapse in judgment, but it is but one of a series of dubious tactics throughout the litigation. *E.g. Southwest*, 799 F.3d at 713, n.4 (chastising class counsel for distorting Ninth Circuit case);

*id*. at 715 (chastising class counsel for failing to disclose to the Court or class members his preexisting relationship with named plaintiff Levitt). Mr. Siprut has previously disowned any notion that he is an "indentured servant to the class." *Grok Lines, Inc. v. Paschall Truck Lines, Inc*., No. 14-cv-08033, 2015 U.S. Dist. LEXIS 124812, at *30 (N.D. Ill. Sept. 18, 2015) (Chang, J.) (remonstrating Mr. Siprut for proposing settlement that would allow him as class counsel to capture the entirety of the cash fund while leaving class members with only feeble injunctive relief). Nonetheless, as long as Mr. Siprut is appointed under Fed. R. Civ. P. 23(g)(4), "[h]e is a lawyer to the class, with all its attendant professional responsibilities." *Id*. at *31.[2]

*Third*, the Supplemental Fee Order inappropriately awards fees for class counsel's Rule 59 motion and for class counsel's cross appeal. This Court observed that the 572 hours ($241,905 lodestar) spent on the Rule 59 motion and the 970 hours on the appeal was "grossly excessive." Supplemental Fee Order, Dkt. 302, at 9-11. But because class counsel failed to adequately breakdown their time, the Court simply awarded one-third of the lodestar. *See* Supplemental Fee Order, Dkt. 302 at 9-11. But *none* of the time spent on the Rule 59 motion or the cross-appeal should have been included. In *Robinson*, the Seventh Circuit rejected the fee request for post-judgment motions because the appellees had failed to comply with N.D. Ill. R. 54.3(b), which limits an applicant's time to file a fee petition to 90 days from the entry of judgment. *Robinson*, 617 F.3d at 918; *see also Doe v. Chao*, 511 F.3d 461, 466-67 (4th Cir. 2007) (reversible error to award attorneys' fees on remand attributable to pre-appeal work); *United States v. Morris*, 259 F.3d 894, 898 (7th Cir. 2001) ("Parties cannot use the accident of remand as an opportunity to reopen waived issues."). Here, the Court granted plaintiffs' Rule 59 motion on June 20, 2014. *See* Order, Dkt. 232. Therefore, plaintiffs' Supplemental Fee Motion (filed

---

[2] Counsel's fiduciary duties continue post-settlement. *See In re Trans Union Corp. Privacy Litig*., 741 F.3d 811, 816 (7th Cir. 2014); *Lurz v. Panek*, 527 N.E.2d 663, 671 (Ill. App. Ct. 1988).

December 21, 2015) is 459 days too late and cannot include time spent on the Rule 59 motion or any other pre-appeal work. *See* Supplemental Fee Motion, Dkt. 287.

Further, any lodestar that includes class counsel's unsuccessful cross-appeal should be excluded. *Robinson*, 617 F.3d at 916. Class counsel cannot avoid these limitations with their sloppiness by simply lumping time spent on the cross-appeal together with the other exaggerated time on the appeal. The Court's blanket percentage reduction is error because the Court could not confirm whether these categories of time were correctly excluded.

## II. This Court should order disgorgement of the fees to the class.

Class counsel's attendant professional responsibilities include the responsibility to ensure that client class members receive the notice they are entitled to under Rule 23 and the Constitution. *Zimmer Paper Products, Inc. v. Berger & Montague, P.C.*, 758 F.2d 86, 91 (3d Cir. 1985) ("[T]he bounds of a class counsel's fiduciary duty with respect to notice are determined in large part by due process and Rule 23 requirements."). They also include a duty to refrain from secret side settlements with the defendant, especially any side agreements related to attorneys' fees. *In re Hager*, 812 A.2d 904 (D.C. 2002); *In re Ungar*, 25 So. 3d 101, 103 (La. 2009); *Fla. Bar v. Adorno*, 60 So. 3d 1016 (Fla. 2011); *accord* Fed. R. Civ. P. 23(e)(3). On appeal, Southwest argued: "There is no "clear sailing agreement" or "kicker" in the Settlement Agreement in this case." Brief of Appellee Southwest Airlines Co., No. 13-3264, Dkt. 65 at 34 (7th Cir. Nov. 7, 2014). The Seventh Circuit held that the settlement did include a clear-sailing clause. *Southwest*, 799 F.3d at 712. The fact that Southwest did not oppose class counsel's $1.35 million supplemental fee request gives rise to an inference that a second illicit undisclosed "clear-sailing" agreement was reached at some point during these proceedings.

When class counsel breaches its fiduciary duties to absent class members, the "court has broad equitable power to deny attorneys' fees (or to require an attorney to

disgorge fees already received)." *Rodriguez v. Disner*, 688 F.3d 645, 653 (9th Cir. 2012); *see also* RESTATEMENT (THIRD) OF THE LAW GOVERNING LAWYERS § 37. Given Southwest's clear-sailing agreement and the Seventh Circuit's serious skepticism of fee reversions,[3] Markow requests that the Court disgorge the entire amount of the $1.35 million supplemental fee request for the benefit of client class members, instead of simply zeroing it out and benefitting the defendant.

Fee disgorgement owing to a breach of counsel's fiduciary duties is an equitable rule "founded both on principle and pragmatics." *Burrow v. Arce*, 997 S.W.2d 229, 237 (Tex. 1999). As a matter of principle, the attorney "is not entitled to be paid when he has not provided the loyalty bargained for and promised." *Id.* at 237-38. As a matter of pragmatics, "the possibility of forfeiture of compensation discourages an agent from taking personal advantage of his position of trust in every situation no matter the circumstances, whether the principal may be injured or not." *Id.* at 238. Even where the clients suffer no monetary harm from the breach, the fee should be disgorged to deter future misconduct; it is not a "windfall" for the clients to receive that disgorgement. *Id.* at 240.[4]

---

[3] *Pearson v. NBTY, Inc.*, 772 F.3d 778, 786-87 (7th Cir. 2014) (fee reversion has "strong presumption" of "invalidity"); *Eubank v. Pella Corp.*, 753 F.3d 718, 723 (7th Cir. 2014) (fee reversion is "questionable provision" which should have been "delete[d]"); *In re General Motors Corp. Engine Interchange Litigation*, 594 F.2d 1106, 1131 (7th Cir. 1979) (fee segregation is "questionable provision").

[4] Disgorgement could take any of several forms. For instance, the administrator could establish a claims fund against which class members could claim a share of the $1.35 million available. Alternatively, the administrator could randomly sample some percentage (say 1/3) of the 503,000 claims made, and directly remit a check to those individuals along with their drink vouchers. *See* Shay Levie, *Reverse Sampling: Holding Lotteries to Allocate the Proceeds of Small-Claims Class Actions*, 79 GEO. WASH. L. REV. 1065 (2011).

The Court should reconsider its Supplemental Fee Order, and order the entire amount of the fee request ($1.35 million) disgorged to the class.

### III. In the alternative, if the Court does not order disgorgement, the settlement approval and accompanying fee orders should be vacated under Rule 60(b).

Fed. R. Civ. P. 60(b) permits the Court, on motion, to vacate any earlier judgment because, *inter alia*, the initial "judgment is void" or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(4), (b)(6). A judgment is void when "the court that rendered it lacked jurisdiction or acted in a manner inconsistent with due process of law." *Blaney v. West*, 209 F.3d 1027, 1031 (7th Cir. 2000); *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 273 (2010) ("jurisdictional and notice failings…define void judgments that qualify for relief under Rule 60(b)(4)"). "[F]or a Rule 60(b)(4) motion, district courts have little leeway. Once a district court decides the underlying judgment is void, the trial judge has no discretion and must grant the appropriate 60(b) relief." *Blaney*, 209 F.3d at 1031.

In the context of class action settlements, absent class members' due process rights include the right to constitutionally sufficient notice and adequate representation. *E.g., Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985). Here, the notice of the settling parties' agreement on attorneys' fees stated that "Plaintiffs will file their motion in support of the requested fee award consistent with the schedule previously adopted by the Court." Dkt. 90 at 1. That schedule required Plaintiffs' fee motion to be filed seven days before the objection deadline. Preliminary Approval Order (Dkt. 89) ¶¶ 18, 34. *Accord* Settlement Agreement (Dkt. 88) § X ("Class Counsel shall file its Motion for Attorneys' Fees and Expenses no later than seven (7) days prior to the deadline for Class Members to file objections to the Settlement."). In fact, scheduling the fee motion deadline before the objection deadline is necessary to comply with Fed. R. Civ. P. 23(h).

*See Redman*, 768 F.3d at 637-38 (following *In re Mercury Interactive Corp. Secs. Litig.*, 618 F.3d 988, 993-95 (9th Cir. 2010)).

But class counsel only filed one of its two fee motions by that deadline. Dkt. 103. Its later motion was filed more than two and a half years *after* that deadline, without notice to the class. Dkt. 287. Not only did this violate class members' procedural right of notice under *Redman* and Rule 23(h), it violated their due process rights by rendering the initial class notice inaccurate. *Hege v. Aegon USA, LLC*, 780 F. Supp. 2d 416, 430 (D.S.C. 2011) ("due process does require that the notice not be materially misleading"); *Lightfoot v. District of Columbia,* 355 F. Supp. 2d 414, 427 (D.D.C. 2005) ("Inaccurate notice is equivalent to no notice at all"); 18A Charles Alan Wright *et al., Federal Practice and Procedure* § 1796.6 (3d ed. 2005) ("A proposed notice that is incomplete or erroneous or that fails to apprise the absent class members of their rights will be rejected as it would be ineffective to ensure due process."); *see generally Eubank v. Pella Corp.*, 753 F.3d 718, 728 (7th Cir. 2014) (faulting "incomplete and misleading" notice). If class counsel's second fee motion is permitted to stand, class members were deprived of their constitutional right to adequate notice; and thus, the Court's order and related judgment approving the settlement are void. *See Robinson Eng'g Co. Pension Plan & Trust v. George*, 223 F.3d 445, 448 (7th Cir. 2000) (reversing denial of 60(b)(4) motion where service of process was insufficient); *In re Hanson*, 397 F.3d 482, 486-87 (7th Cir. 2005) (underlying judgment void where Due Process notice baseline of *Mullane* not satisfied), *overruled on other grounds by United Student Aid Funds*, 559 U.S. at 272.

Due process is lacking for yet another reason: the breach of class counsel's fiduciary duty described above[5] means that they cannot satisfy Fed. R. Civ. P. 23(g)(4). "Misconduct by class counsel that creates a serious doubt that counsel will represent the class loyally requires denial of class certification." *Creative Montessori Learning Ctrs. v.*

---

[5] *See* supra 5-6.

*Ashford Gear LLC*, 662 F.3d 913, 917-18 (7th Cir. 2011) (noting that counsel's "lack of integrity…casts serious doubt on their trustworthiness" and that there was "no basis for confidence that they would prosecute the case in the interest of the class…rather than just in their interest as lawyers."). In addition to flouting the Seventh Circuit's directive to "disclose" "when in doubt," by failing to provide the class the notice they are entitled under Rule 23(h), there is strong evidence that class counsel at some point entered into a clandestine second clear-sailing agreement with Southwest.

The evidence consists of the fact that although Southwest stood to realize $1.3 million from opposing class counsel's fee request, they filed no opposition. Compounding the clear sailing from Southwest, the "gimmick" of a kicker agreement led the Court to conclude that Markow had no standing to object to the fee request. *Pearson*, 772 F.3d at 786. At the same time, in violation of Fed. R. Civ. P. 23(e)(3),[6] the second clear-sailing agreement was never disclosed to the class, to this Court, or to the Seventh Circuit on direct appeal. The omission is material because there is a substantial difference between the right to move the court unopposed on one occasion for the fee requested, and the right to move the court unopposed several times until the fee is awarded in full. The latter is far more valuable to class counsel, and correspondingly far more costly for class members. *See Redman*, 768 F.3d at 637 ("the defendant won't agree to a clear-sailing clause without compensation—namely a reduction in the part of the settlement that goes to the class members…").

Viewed another way, class counsel has now requested a total of $4.35 million ($3 million from its initial request and another $1.35 million in its second fee motion). This total exceeds the $3 million that it was authorized to request under the settlement and accompanying class notice. It is a central tenet that "[a]ll amounts to be paid by the

---

[6] Rule 23(e)(3) reads as follows: "The parties seeking approval must file a statement identifying any agreement made in connection with the proposal."

defendant(s) are properly part of the settlement funds and should be known and disclosed at the time the fairness of the settlement is considered." *In re GMC Engine Interchange Litig.*, 594 F.2d 1106, 1130 (7th Cir. 1979) (quoting Manual for Complex Litigation § 1.46 (4th ed)).

The settlement itself looks much different now. In contrast to the 503,000 claims made for $5 drink vouchers, which sell for $3 in the secondary market (Dkt. 266-1 ¶7), class counsel's combined requests of $4.35 million are now almost three times the value bestowed upon absent class members. *Pearson*, 772 F.3d 778 (nixing selfish deal where class counsel sought 84% of the constructive common fund and were awarded 69% of it). This is no longer the same arrangement that the Seventh Circuit approved last August (or that class members had notice of prior to the deadline to object or opt out). The *Southwest* decision notes that "[c]lear-sailing and kicker clauses weigh substantially against the fairness of a settlement and call for intense scrutiny by the district court." 799 F.3d at 712 (internal quotation omitted), only approving the first clear-sailing agreement because this Court had reduced the fees award to $1.63 million. If the Seventh Circuit had known that it was reviewing not a simple one-off clear-sailing provision, the outcome may have been different.

Regardless of whether the Seventh Circuit would have reached a different outcome on Markow's direct appeal though, the second unopposed fee motion entails that the settlement is now void under 60(b)(4). Class members had no notice of the second clear-sailing agreement, and thus were deprived of their due process right to the best notice practicable. Beyond that, "[a] judgment may be void…if the court, although having jurisdiction over the parties and subject matter, entered a decree not within the powers granted to it by law." *United States v. Indoor Cultivation Equip. from High Tech Indoor Garden Supply*, 55 F.3d 1311, 1316 (7th Cir. 1995). The parties' contravention of 23(e)(3) stripped this Court of its authority to approve the settlement, at least where that violation entails that the Court was not aware of the facts necessary "intelligently to

approve the settlement." *In re Literary Works in Elec. Databases Copyright Litig.*, 654 F.3d 242, 264-65 (2d Cir. 2011) (Straub J., concurring and dissenting in part) (internal quotation omitted); *cf. also Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277, 284 (7th Cir. 2002) (maligning "a pattern of withholding information likely to undermine the settlement.")

Finally, if the Court disagrees that the above issues render the settlement void for purposes of (b)(4), Markow moves to set aside the judgment under Rule 60(b)(6)'s catch-all provision. The Seventh Circuit has indicated that disgruntled class members should seek relief under this provision. *Safeco Ins. Co. of Am. v. American Int'l Group, Inc.*, 710 F.3d 754, 758 (7th Cir. 2013). Although 60(b)(6) only applies to extraordinary circumstances, this is one such instance.

## CONCLUSION

For the foregoing reasons, Markow's motion to reconsider the Supplemental Fee Order, or in the alternative, to vacate Final Judgment and all previous fee awards, should be granted.

Dated: May 23, 2016
/s/ Melissa A. Holyoak
Melissa A. Holyoak, (DC Bar No. 487759)
COMPETITIVE ENTERPRISE INSTITUTE
CENTER FOR CLASS ACTION FAIRNESS
1899 L Street NW, 12th Floor
Washington, DC 20036
Phone: (573) 823-5377
Email: melissaholyoak@gmail.com

*Attorneys for Gregory Markow*

## CERTIFICATE OF SERVICE

The undersigned certifies she electronically filed the foregoing Motion to Reconsider via the ECF system for the Northern District of Illinois, thus effecting service on all attorneys registered for electronic filing.

Dated: May 23, 2016

/s/ Melissa A. Holyoak