IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE SOUTHWEST AIRLINES ) <br> VOUCHER LITIGATION, ) <br> )     CASE NO. 11-cv-8176 <br> ) | |

SOUTHWEST AIRLINE CO.'S RESPONSE
TO GREGORY MARKOW'S MOTION TO RECONSIDER
SUPPLEMENTAL FEE ORDER AND TO ALTER
OR AMEND FINAL JUDGMENT

Southwest Airlines Co., Inc. ("Southwest") hereby responds to Objector Gregory Markow's ("Markow") motion to reconsider supplemental fee order and to alter or amend final judgment.

Where do we begin? After having full and fair opportunity to air his objections to the settlement in this case, both here in the District Court and in the Seventh Circuit Court of Appeals, Markow again attacks this fully vetted and approved settlement with a series of apparently stream of consciousness *non sequiturs*, which can only be viewed as a quixotic quest to further delay distribution of the settlement to the Class. It also has the effect, intended or not, of increasing the costs to Southwest, which must once again respond.

In support of his motion, Markow attempts to manufacture out of thin air an illusory "second clear sailing agreement" and, using disingenuous math, a claim that class counsel is now seeking $4.35 million in total fees. With this background, Markow asks that this Court alter to amend the judgment to "disgorge" fees not awarded, presumably from Southwest, and to overturn the approval of this fair and adequate settlement, which has already been approved by this Court and the Seventh Circuit.

03641704.1

## I. Markow lacks standing to bring this motion

In its Memorandum Opinion and Order dated April 25, 2016, this Court found that "Markow lacks standing because he can neither benefit nor be harmed by the outcome of the current fee dispute: any additional award would come from Southwest and would not affect the class members' recovery at all." Doc. #302, p. 4. Thus, Markow lacks standing to bring this motion.

## II. "Disgorgement" of fees not awarded to class counsel, presumably to be paid by Southwest, is wholly unwarranted and would be unprecedented

Despite his lack of standing to bring this motion, Markow argues that the entire amount of the additional fees requested by class counsel, $1.35 million[1], should be "disgorged" from class counsel. However, it would appear that the only source for the portion of the requested fees not awarded subject to the requested "disgorgement" would be Southwest. None of the authority cited by Markow supports such an unprecedented request, as none exists.

The only reference to Southwest in Markow's argument on disgorgement is to the fact that Southwest did not oppose class counsel's additional fee request, arguing that it "gives rise to an inference that a second illicit undisclosed 'clear sailing' agreement was reached at some point during these proceedings." Markow Br., Doc. #303, p.7. Such a statement defies both logic and common sense.

Southwest agreed not to oppose class counsel's fee petition up to $3 million, an agreement that was disclosed to the Court and to the Class. *See* Notice of Parties' Agreement on Attorneys' Fees, Doc. #90. Class counsel's supplemental request for $1.35 million in fees, when added to the $1.65 million already awarded, simply reflects that agreement. Whatever the agreement is

---

[1] Class counsel requested an additional $1.35 million in fees. This court only awarded $455,294 in additional fees. It is unclear how the other $880,000 which was requested but not awarded would be "disgorged" from class counsel.

denominated, it was neither illicit nor undisclosed, and indeed was specifically noted by the Seventh Circuit in affirming the approval of the settlement in this case. *In re Southwest Airlines Voucher Litigation*, 799 F.3d 701, 712 (7th Cir. 2015) ("Southwest agreed not to contest a fee request not exceeding $3 million (clear-sailing), and any reduction from the requested fee (roughly $1.35 million in this case) benefits Southwest rather than the class (the kicker)." The supplemental request by class counsel for an additional $1.35 million in fees simply fell within the agreement Southwest had entered earlier.

### III.  There are no grounds to vacate the settlement

As a last ditch maneuver, Markow finally requests that the approval of the settlement be vacated under Rule 60(b). Here his arguments take a turn to the bizarre. Essentially, Markow argues that class counsel's supplemental fee petition for work done on Markow's appeal of the approval of the settlement should have been disclosed to the class <u>prior to the fairness hearing</u>, and long before his appeal was even filed.

The notice sent to the class was prepared and sent before there was any final agreement on fees. Thus, it reflected the "floor" and "ceiling" that had been agreed upon, indicating that fees would not be less than $1.75 million nor more than $7 million. Doc. #85-1, pp. 24-25. When later the parties reached an agreement on fees, it was properly noticed. Doc. #90. Class counsel then filed his fee petition requesting the maximum agreed upon fee, $3 million, and the fairness hearing was held. The class was adequately informed that class counsel was seeking $3 million in fees.

Here Markow injects his fantasy of an inferred second "clear sailing" agreement, which he says was never disclosed to the class, this Court or the Seventh Circuit. One cannot disclose what does not exist. There is but one agreement on fees, reflected in the Notice of Parties'

Agreement on Attorneys' Fees. Doc. #90. That agreement was fully disclosed to the class, to this Court and to the Court of Appeals. It was pursuant to that agreement that Southwest did not oppose class counsel's request for supplemental fees, which in total remained within the agreed amount of $3 million. This Court, the Court of Appeals and the class were all fully aware that class counsel would seek $3 million in fees, which he did.

Markow's final argument may be the most bizarre. He argues that because class counsel sought $3 million in fees, but was awarded $1.35 million less, and then requested $1.35 million in supplemental fees for work on Markow's appeal, but was again awarded less, the fee request is really $4.35 million. In actuality, class counsel has been awarded $2,104,412 in fees, or nearly one million dollars less than the maximum agreed upon amount properly disclosed to the class and to the Court.

Markow's motion is due to be denied.

                                              Respectfully submitted,

                                              /s/ H. Thomas Wells, Jr.
                                              H. Thomas Wells, Jr.
                                              One of the Attorneys for Southwest
                                              Airlines Co.

OF COUNSEL:

MAYNARD, COOPER & GALE
1901 6th Avenue North
2400 Regions/Harbert Plaza
Birmingham, AL 35203
Telephone: 205.254.1000
Fax: 205.254.1999
Email: twells@maynardcooper.com

/s/ Michael W. Drumke
Michael W. Drumke
One of the Attorneys for Southwest
Airlines Co.

OF COUNSEL:

SWANSON, MARTIN & BELL, LLP
330 North Wabash, Suite 3300
Chicago, IL 60611
Telephone: 312.321.9100
Fax: 312.321.0990
Email: mdrumke@smbtrials.com

03641704.1

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this the 26th day of May, 2016, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system, which will send notification of such filing to counsel of record registered on the CM/ECF system. In addition, service was made by U.S. Mail to the following:

Joseph J. Siprut
Siprut PC
17 North State Street
Suite 1600
Chicago, Illinois 60602

Melissa Holyoak
Center for Class Action Fairness
1718 M Street, No. 236
Washington, D.C. 20036

               /s/ H. Thomas Wells, Jr.
               OF COUNSEL