**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In Re: SOUTHWEST AIRLINES | ) | Case No. 11 C 8176 |
| VOUCHER LITIGATION | ) | |

**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

Litigation in this case has spanned over four years. Class member Gregory Markow has moved the Court to reconsider its approval (in a reduced amount) of attorney's fees for class counsel for work done after the original fee award and on appeal. Markow argues that the Court made legal errors in making the fee award. Markow also argues that notice should have gone out to the class prior to the approval of the supplemental fee award so that class members had an opportunity to object. For the reasons stated below, the Court vacates the fee award and orders notice to be provided to the class regarding the request for fees.

**Background**

The Court assumes familiarity with its prior rulings in this case and will only summarize them briefly here. The issue currently before the Court involves plaintiffs' request for and approval of post-fee award and appellate attorney's fees. Upon its initial approval of the settlement, the Court approved an award of attorney's fees for class counsel. *In re Southwest Airlines Voucher Litig.*, No. 11 C 8176, 2013 WL 5497275 (N.D. Ill. Oct. 3, 2013) . Shortly thereafter, class counsel moved for reconsideration of the award, and the Court granted an increase. *In re Southwest Airlines Voucher Litig.*, No. 11 C 8176, 2014 WL 2809016 (N.D. Ill. June 20, 2014) . In that ruling, the Court

denied prospective fees related to the impending appeal, noting that class counsel could petition the Court for those fees later. *Id.* at *7.

The Seventh Circuit upheld the Court's approval of the class settlement but imposed a monetary sanction on class counsel and a named plaintiff for an undisclosed relationship. *In re Southwest Airlines Voucher Litig.*, 799 F.3d 701 (7th Cir. 2013) . Class counsel then filed before this Court a motion for a further fee award for work done following the initial fee award and on appeal. The Court approved one-third of the requested amount. *In re Southwest Airlines Voucher Litig.*, No. 11 C 8176, 2016 WL 1623191 (N.D. Ill. Apr. 25, 2016). One of the class members who filed the previous appeal, Gregory Markow, has moved for reconsideration.

## Discussion

A motion to alter or amend a judgment serves a limited function: correction of manifest errors of law or fact, or presentation of newly discovered evidence. *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 955 (7th Cir. 2013). Markow argues that this Court made manifest errors of law in its approval of the appellate attorney's fees settlement, including among other things the Court's failure to comply with the notice requirements of Federal Rule of Civil Procedure 23(h) before making the award. Markow asks the Court to reject class counsel's motion for fees and—as a sanction for class counsel's alleged breach of his fiduciary duty—order disgorgement and distribution of the requested funds to the class. He argues in the alternative that the Court should retroactively vacate the entire settlement—in other words, the settlement that the Seventh Circuit approved almost in its entirety—on various grounds.

For the reasons stated below, the Court concludes that the supplemental fee

award should be vacated so that notice and an opportunity to object may be provided to the class.  The Court will however, address Markow's other arguments in the interest of completeness.

## I.      Standing

In the Court's previous decision, it determined that Markow lacked standing to object to the proposed fee award because he did not stand to gain or lose anything from the outcome of class counsel's motion.  The Court may well have erred.  Federal Rule of Civil Procedure 23(h)(2) provides that "[a] class member, or a party from whom payment is sought, may object to [a] motion" for attorney's fees in a class action.  Fed. R. Civ. P. 23(h)(2).  In addition, after the Court's ruling, the Ninth Circuit concluded that "an objector need not establish standing to object to an award of attorney's fees by the district court [because] [t]he district court has the authority and duty to pass upon the fairness of the attorney's fees settlement independently of whether there was objection." *Stetson v. Grissom*, --- F.3d ----, Nos. 13—57061, 13—57159, 2016 WL 2731587, *3 (9th Cir. May 11, 2016).  To be sure, *Stetson* is distinguishable.  There, the settling parties moved for a $9.5 million gross settlement fund, with $1.9 million in fees— "approximately 20 percent of the common fund." *Id.* at *2.  Thus the award had an impact on the amount to be paid to the class.  In the present case, by contrast, the fee awards had no impact on the relief received by the class, which, as the Seventh Circuit said, "provide[d] class members with essentially complete relief." *In re Southwest Airlines Voucher Litig.*, 799 F.3d at 704.  But the Court acknowledges that Markow, as a class member, likely is able to challenge the appellate fee award by virtue of Rule 23(h)(2).  Ultimately, however, the dispute over standing is immaterial, because the

Court considered Markow's arguments in its previous ruling, and it will do so again.

## II. The supplemental fee award

The Court is a fiduciary of the class and is subject to the high duty of care that the law requires of fiduciaries. *Pearson v. NTBY, Inc.*, 772 F.3d 786, 780 (7th Cir. 2014). As a result, the Court must "exercise the highest degree of vigilance in scrutinizing proposed settlements of class actions to determine whether the settlement is fair, adequate, and not a product of collusion." *Mirfasihi v. Fleet Mortg. Corp.*, 450 F.3d 745 (7th Cir. 2006). The Court examined the previous settlement in this case, including the earlier proposed fee award, with this duty in mind, and it does so again. Class counsel owes a fiduciary duty to the class as well. *Eubank v. Pella Corp.*, 753 F.3d 718, 723 (7th Cir. 2014). Class counsel's fiduciary duty requires it to refrain from misconduct and prosecute the case with loyalty to the class. *See Creative Montessori Learning Ctrs. v. Ashford Gear LLC*, 662 F.3d 913, 917-18 (7th Cir. 2011).

Much of Markow's motion rests on a contention that the Court and class counsel breached their fiduciary duties. At the outset, Markow argues that the Court failed to sufficiently address class counsel's inflation of the fee request. In particular, Markow argues that the Court "proceeded to award roughly what would have been a full lodestar award if class counsel had tendered reasonable billing records in the first instance." Objector's Mot. for Recons. at 5. There is no merit to this argument. As the Court noted in its previous decision, the vagueness of the fee petition made it difficult for the Court to identify the baseline "reasonable" amount of fees. The Court's opinion highlighted the deficiencies in counsel's fee petition and took those deficiencies into account in reducing the requested amount by two-thirds. It is highly likely that the amount the

Court awarded was lower than the amount that counsel would have been able to justify if he "had tendered reasonable billing records in the first place."

Markow's motion also highlights class counsel Joseph Siprut's general professional character, by citing both the Seventh Circuit's admonishment of him in this case and another judge's comments in a separate matter. Neither of these is a basis to deny or reduce the supplemental fee award. The Seventh Circuit sanctioned Siprut to the extent it found necessary; there is no basis to believe that it intended to preclude him from obtaining an award of fees for post-fee award work or the appeal. The Court also fails to see how Siprut's actions in a different case before a different judge appropriately has anything to do with the amount of fees he should recover here.

Finally, Markow argues that the Court erred by awarding class counsel fees for his work in seeking (successfully) to increase the original award on the ground that the request for these fees is untimely. The Court addressed this argument in its earlier decision and sees no basis to reconsider the point. *See In re Southwest Voucher Litig.*, 2016 WL 1623191, at *2.

The Court has also considered Markow's other arguments and finds them lacking in merit.

## III.    Disgorgement

The Seventh Circuit has referred to the settlement in this case as "complete relief." *In re Southwest Voucher Litig.*, 779 F.3d at 711. Indeed, "[t]his is not a case where coupons of dubious value will be provided to compensate for a loss of cash. The class lost the value of drink coupons. The settlement provides replacement drink coupons, on a one-for-one basis." *Id.* As such, class members received "everything

they could have hoped for" under the settlement, and "no class members have legitimate or even plausible claims to more than they will receive." *Id.* at 712.

Despite the Seventh Circuit's endorsement of the settlement and the comments just quoted, Markow argues that class members are entitled to more. He argues that Southwest and class counsel must have colluded in their efforts to finalize the settlement and all associated fees. Based on this accusation, he claims that class counsel breached its fiduciary duty to the class and that, as a result, the appellate fee award should be not only vacated but disgorged.

In support of his disgorgement request, Markow points to the Seventh Circuit's skepticism regarding fee reversions. *See Pearson*, 772 F.3d at 786-87. But the type of reversion addressed in *Pearson* is, once again, distinguishable from what it as issue in this case. In *Pearson,* the class stood to benefit from a reduction in attorney's fees. The same is not true here. Were the Court to deny a supplemental fee award to class counsel, Southwest would keep its money, and the class would get nothing more. (Markow has not identified any proper legal basis to require Southwest, at this point in the case, to pay to the class more than it agreed to pay or to pay to the class funds that it agreed not to oppose paying to class counsel.) That aside, the Court sees no basis to award anything more to the class, particularly in light of the Seventh Circuit's conclusion that class members were made whole by settlement and "do not have legitimate or plausible claims to more than" the one-for-one drink coupons that they have been awarded. *In re Southwest Airlines Voucher Litig.*, 779 F.3d at 712.

In any event, Markow's contention that class counsel breached his fiduciary duty to the class and that there was collusion between counsel and Southwest is baseless.

6

Class counsel first negotiated a settlement for the class, which the Seventh Circuit ultimately approved, with the exceptions previously noted.  Counsel then negotiated a fee award, with Southwest agreeing—after lengthy discussions and mediation—not to oppose an award up to $1.75 million, later increased to $3 million.  The Court awarded class counsel considerably less than this when it approved the settlement, but it later increased the award on reconsideration, though by less than counsel sought.  Class counsel did additional work, both to obtain the increased award and in defending the settlement on appeal, that is legitimately compensable.  He then returned to the Court seeking compensation for this work, all within the original $3 million cap that Southwest agreed not to oppose.  Class counsel did not act in the least bit inappropriately in making this request.

Southwest's non-opposition is in no way indicative of collusion.  Rather, Southwest was simply living up to its original agreement not to oppose fees up to $3 million.  It is that simple.  Markow's accusations, which are made in an unwarranted accusatory tone consistent with the way that his counsel, Ted Frank and Melissa Holyoak of the Class Action Fairness Center, have conducted themselves since their first appearance in this case, are without foundation.  There is no basis in the record to require disgorgement of the requested fee award.  Nor is there any basis to vacate the original settlement; as the Court has just stated, the record does not even begin to hint at any undisclosed agreement between Southwest and class counsel.  Rather, the only agreement involving fees is the one that the Court has described, specifically Southwest's agreement not to oppose up to $3 million in attorney's fees.

**V.    Rule 23(h)**

In its original ruling, the Court did not address Markow's argument that Federal Rule of Civil Procedure 23(h) requires notice to the class and an opportunity to object before a supplemental fee award can be made. Fed. R. Civ. P. 23(h); *See Redman v. Radioshack Corp.*, 768 F.3d 622, 637 (7th Cir. 2014). Markow presses this point in his motion to reconsider. He argues that the rule requires notice each time a party files a new motion for attorney's fees, even if the total amount (the original award plus what is requested in the new motion) is less than what was contemplated in the initial notice to the class. Class counsel and Southwest argue that the initial notice distributed to the class on January 1, 2013 provided all that was required under Rule 23(h) because it disclosed the possibility of a higher request far in excess of the total that class counsel would get even if the Court had approved the full amount requested as a supplemental fee award .

Markow argues that the 2013 notice to the class is insufficient because, among other reasons, the parties have now moved beyond the figures cited in the class notice, a and beyond Southwest's later agreement not to oppose an award up to $3 million. The math Markow uses to support this argument makes no sense. He takes the total from each of the two fee petitions and adds these figures together, saying that the grand total exceeds what the class notice described. This ignores the fact that the current fee request is made after a partial denial of the initial request and is made and unopposed by Southwest only because of that partial denial. One way or another, the only math that actually has any relationship with reality is to add what was actually awarded before to what is requested now. The total, as the Court has indicated, is $3 million, no more than what was disclosed in Southwest's prior agreement. In short, the figures involved

are not in the least bit indicative that there must have been another agreement, as Markow contends.

Markow's alternative math, as the Court has indicated, makes no sense. An example will illustrate this. A hypothetical child asks his mother for $100 ten times. She says no the first nine times, but after the tenth request she relents and hands the child a $100 bill. Were one to use Markow's math, one would say that the child asked his mother for $1000. That, however, would be ridiculous. The child in the hypothetical has asked only for $100, as many times as it took for his request to be granted. This case is similar. Class counsel has repeatedly requested a $3 million award but has been granted lesser amounts. Just as in the hypothetical, counsel's multiple attempts to recover $3 million cannot sensibly be combined to say that he has requested a greater amount.

In short, class counsel's current request was within the scope of what the original class notice contemplated. The notice to the class stated that class counsel would seek a fee award anywhere from $1 million to $7 million. The current request, when added to the amount previously approved, is within those same limits.

That said, prudence counsels in favor of providing an additional notice to the class in connection with the request for post-fee award and appellate fees. Class members may have understood the original notice to contemplate only a single request for fees, not a subsequent request based upon later litigation in the same case. The Court also notes that the notice said that Southwest would not object to an award up to $1.75 million. Southwest's agreement not to object to an award up to $3 million came after notice had been given to the class. Class counsel's current request would make

the total award exceed the amount the class was told Southwest would not oppose. For these reasons, the Court now concludes that further notice should have been given in advance of any supplemental award. The Court will therefore vacate its order awarding additional fees and will require notice of counsel's request to be provided to the class.

Markow's contention that any opportunity to cure the claimed Rule 23(h) violation has been waived borders on the frivolous. Markow made a Rule 23(h) objection in his original briefing, and in response class counsel argued, as they do now, that there was no Rule 23(h) problem. Had the Court agreed with Markow then, it would have ordered notice under Rule 23(h), and there would have been no Rule 23(h) issue. Instead what happened was that the Court did not address the issue. So Markow's real argument has to be that *the Court* waived the issue by failing to address it. This, too, makes no sense. Markow filed a motion to reconsider, saying up front—correctly—that the Court had not addressed his Rule 23(h) argument. *See* Markow's Mot. to Reconsider at 3-4. The Court is doing exactly what Markow asked it to do; it is reconsidering how it dealt with the Rule 23(h) argument. Markow cannot viably complain that the Rule 23(h) issue is off the table when he himself included it in his motion to reconsider.

### Conclusion

For the foregoing reasons, the Court grants Markow's motion for reconsideration [dkt. no. 303] and vacates its order of April 25, 2016 awarding class counsel additional fees. Class counsel and Southwest are directed to confer and are to provide a proposed form of notice, as well as a proposal for the manner of giving notice, by no later than July 6, 2016. Markow is given until July 13, 2016 to respond, and class counsel and Southwest are given until July 20, 2016 to reply. The case is set for a

status hearing on August 8, 2016 at 9:30 a.m., though the Court reserves the right to

enter an order before that date approving a notice plan.

_____
MATTHEW F. KENNELLY
United States District Judge

Date:  June 22, 2016