**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

In re: SOUTHWEST AIRLINES ) Case No. 11 C 8176
VOUCHER LITIGATION )

**ORDER REGARDING FURTHER NOTICE TO THE CLASS**

In this case, the Court approved a class-wide settlement and an award of attorney's fees that was significantly below what class counsel had requested and defendant Southwest Airlines had agreed not to oppose. Following entry of final judgment, the Court partially granted a motion to amend, increasing the fee award by somewhat, but still less than class counsel had originally requested. Two class members (including Gregory Markow) appealed, and on appeal, plaintiffs sought an increase of the fee award. The court of appeals affirmed this Court's approval of the settlement but eliminated a $15,000 incentive award to one of the named plaintiffs and reduced the fee award by a like amount due to a previously undisclosed conflict of interest. *See In re Southwest Airlines Voucher Litig.*, 799 F.3d 701 (7th Cir. 2013).

After the court of appeals issued its mandate, plaintiffs' counsel moved before this Court for a supplemental award of fees and costs related to the amended judgment and the appeal. Markow objected. In late April 2016, the Court overruled Markow's objections and awarded additional fees and costs, but far less than plaintiffs' counsel had requested. *See In re Southwest Airlines Voucher Litig.*, No. 11 C 8176, 2016 WL 1623191 (N.D. Ill. Apr. 25, 2016).

Markow moved for reconsideration on various grounds and also to vacate the underlying judgment. The Court overruled most of Markow's arguments but granted reconsideration and vacated the supplemental fee award so that additional notice could be given to the plaintiff class regarding the proposed supplemental award. *See In Re Southwest Airlines Voucher Litig.*, No. 11 C 8176, 2016 WL 3418565 (N.D. Ill. June 22, 2016). The Court then asked for a proposed form of notice and received that as well as objections from Markow and further briefing on those objections.

In July 2016, while the process of briefing the notice issue was ongoing, Markow filed a notice of appeal. The notice said that Markow was appealing the Court's June 22 decision partially denying his motion for reconsideration and to vacate the judgment. As a result, the Court became concerned regarding its continuing jurisdiction. In mid-August 2016, because the matter of appellate jurisdiction was being briefed as a result of an order entered by the court of appeals, the Court decided to pause its consideration of the issue of notice, hoping that the jurisdictional issue would get sorted out shortly.

At present, the matter of appellate jurisdiction remains undetermined by the court of appeals. It appears from the appellate docket (Case No. 16-3002) that in mid-October, the court of appeals asked the parties to provide status reports regarding the proceedings before this Court. Those reports were filed in late October. The court of appeals has not taken further action since then.

Although the Court remains somewhat concerned about the issue of its jurisdiction, Markow's counsel largely cleared the matter up at a hearing in mid-August during which his counsel advised that Markow was appealing only from the denial of the Court's motion to vacate the approval of the class settlement. Counsel characterized this ruling by the Court as the denial of a Rule 60 motion, which is immediately appealable, and said she had not wanted to take the risk of being unable to appeal that decision. Counsel further noted that in her view, the appeal did not divest this Court of jurisdiction because the matter of attorney's fees is considered ancillary to the underlying judgment.

For this reason, and to avoid further undue delay, the Court proceeds to address the pending dispute relating to further notice to the class.

The Court overrules, again, Markow's unsupported contention that class counsel and Southwest have entered into a second, undisclosed agreement regarding fees. The Court addressed this sufficiently in its June 22 decision, and there is no need to rehash that discussion in detail here. There is no *new* settlement and no *new* "clear sailing" agreement. As the Court stated in its June 22 decision, "Southwest [is] simply living up to its original agreement not to oppose fees up to $3 million. It is that simple." *In re Southwest*, 2016 WL 3418565, at *4. And there is likewise no "reversion," contrary to Markow's contention. This is not a situation in which there is a settlement pot that will

go back to Southwest if not claimed. Any supplemental fee award will come from money already in Southwest's hands.

Rule 23(h)(1) requires directing notice of the fee request to class members "in a reasonable manner." The Court agrees with Markow that e-mail notice to class members, which would cost around $35,000, is appropriate. The Court acknowledges that $35,000 is nothing to sneeze at, but it is a small fraction of the additional fees requested, and the Court will take the administrative expense into account in determining what, if any, supplemental fees to award and will ensure that any supplemental award, when combined with the cost of administration, does not exceed the total Southwest agreed not to oppose.

Markow has expressly disavowed any request for postal notice, and the Court agrees that the cost would render that unreasonable under the circumstances. In declining to require postal notice, the Court notes that the requested supplemental fees will have no effect on the financial interests of any of the class members. Specifically, granting additional fees will not decrease recovery by the class members, and denying additional fees will not increase their recovery.

The Court also agrees with Markow that it is appropriate to permit class members to submit objections electronically. There is no practical way for electronic objections to go directly to the Court, so they should go to the previously-appointed settlement administrator. The Court will also take into account this additional cost of administration—whatever it turns out to be—when addressing the supplemental fee petition.

Counsel for the class and Southwest are to promptly confer to set up a mechanism on the settlement website for providing electronic objections to the administrator. The Court's preference is to have a link on the website, similar to the previous link for claim forms, that would permit class members to type in an objection or link a separately-prepared objection and then transmit the objection to the settlement administrator, who will be required to file a submission with the Court that includes all objections. If this is not practicable, then counsel for the class and Southwest are to promptly propose an alternative mechanism for submitting objections electronically.

Class counsel and Southwest proposed a notice to be posted on the settlement website saying the following:

> Notice is hereby given to all Class Members that Class Counsel have applied for an additional attorney fee award, arising from their work in connection with the appeal of the settlement in this case. Plaintiff has requested a supplemental fee of $1,350,882, which, when added to fees already awarded, would bring total fees to $3,000,000. The Court will make an independent review of the supplemental fee request.
>
> Plaintiffs' Motion for Final Lodestar Calculation Pursuant to the Court's June 20, 2014 Order ("Motion"), seeking the additional attorney fee award, can be accessed by linking on "Important Documents" above. Pursuant to Federal Rule of Civil Procedure 23(h)(2), a Class Member may object to the Motion.
>
> **The Court has established a deadline of _____ by which any objection to the Motion by any Class Member must be filed with the Court.**

Having considered Markow's objections, the Court considers the contents of this notice to be deficient in some respects. The e-mail notice will need to include a subject line that identifies the e-mail as relating to the Southwest Airlines Drink Voucher Settlement, and the notice should read as follows:

> This Notice concerns the settlement in *In re Southwest Airlines Voucher Litigation,* pending before the U.S. District Court for the Northern District of Illinois, Case No. 11-cv-8176. You previously received notice regarding the settlement because you have been identified as a person entitled to receive one or more drink vouchers under the settlement. For this reason, you are a Class Member.
>
> Notice is hereby given to all Class Members that Class Counsel have applied for an additional attorney fee award, relating to their work following approval of the settlement in this case and in connection with the appeal of the settlement. Class Counsel have requested a supplemental attorney fee of $1,350,882, which, when added to attorney fees already awarded, would bring total fees to $3,000,000. Part of the attorney fee request involves work that Class Counsel did to attempt to increase the attorney fees that were awarded to Class Counsel. Southwest Airlines, which previously agreed not to oppose an attorney fee award up to $3,000,000, does not oppose Class Counsel's request for a supplemental fee. The Court will make an independent review of the supplemental fee request.

For further information regarding the request for an additional attorney fee award, Class Members may consult the settlement website, https://www.southwestvouchersettlement.com.

Pursuant to Federal Rule of Civil Procedure 23(h)(2), a Class Member may object to the Motion for an additional attorney fee award. Objections may be submitted electronically by following instructions on the settlement website.

**The Court has established a deadline of [INSERT DATE 21 DAYS AFTER E-MAIL NOTICE IS SENT] by which any objection to the Motion by any Class Member must be submitted.**

The notice on the website should read as follows:

Notice is hereby given to all Class Members that Class Counsel have applied for an additional attorney fee award, relating to their work following approval of the settlement in this case and in connection with the appeal of the settlement. Plaintiff has requested a supplemental fee of $1,350,882, which, when added to fees already awarded, would bring total fees to $3,000,000. Part of the fee request involves work that Class Counsel did to attempt to increase the attorney fees that were awarded to Class Counsel. Southwest Airlines, which previously agreed not to oppose an attorney fee award up to $3,000,000, does not oppose Class Counsel's request for a supplemental fee. The Court will make an independent review of the supplemental fee request.

Plaintiffs' Motion for Final Lodestar Calculation Pursuant to the Court's June 20, 2014 Order ("Motion"), seeking the additional attorney fee award, can be accessed by linking on "Important Documents" above. In addition, the decision by the U.S. Court of Appeals for the Seventh Circuit regarding the settlement and the original attorney fee award can be access by linking on "Important Documents" above. In that decision, the Court of Appeals approved the settlement and the original attorney fee award, but the Court eliminated a $15,000 incentive award for Adam Levitt, one of the named plaintiffs in this case, and reduced Class Counsel's fees by $15,000 because of a previously undisclosed conflict of interest involving Class Counsel and Mr. Levitt.

Pursuant to Federal Rule of Civil Procedure 23(h)(2), a Class Member may object to the Motion for an additional attorney fee award. An objection may be submitted by linking on "Submit Objection to Additional Fee Award" above.

**The Court has established a deadline of [INSERT DATE 21 DAYS AFTER E-MAIL NOTICE IS SENT] by which any objection to the Motion by any Class Member must be submitted.**

Counsel for the class and Southwest are to file a joint status report by no later than December 21, 2016.

It is so ordered.

```
                                            _____
                                                  MATTHEW F. KENNELLY
                                                  United States District Judge
```

Date: December 11, 2016