```
                    IN THE UNITED STATES DISTRICT COURT
                       NORTHERN DISTRICT OF ILLINOIS
                              EASTERN DIVISION


 IN RE:                              )  Docket No. 11 C 8176
 SOUTHWEST AIRLINES VOUCHER          )
 LITIGATION,                         )
                                     )
                                     )
                                     )
                                     )  Chicago, Illinois
                                     )  January 25, 2017
                                     )  10:00 o'clock a.m.


                 TRANSCRIPT OF PROCEEDINGS - MOTION
            BEFORE THE HONORABLE MATTHEW F. KENNELLY


 APPEARANCES:


 For the Plaintiffs:   SIPRUT PC
                       BY:  MR. JOSEPH J. SIPRUT
                       17 North State Street, Suite 1600
                       Chicago, IL  60602
                       (312) 236-0000



 For the Defendant:    MASSEY & GAIL LLP
                       BY:  MR. ELI JOHNSON KAY-OLIPHANT
                       50 East Washington Boulevard, Suite 400
                       Chicago, IL  60602
                       (312) 283-1590






 Court Reporter:       MS. CAROLYN R. COX, CSR, RPR, CRR, FCRR
                       Official Court Reporter
                       219 S. Dearborn Street, Suite 2102
                       Chicago, Illinois  60604
                       (312) 435-5639
```

1    (The following proceedings were had in open court:)
2            THE CLERK: Case No. 11 C 8176, In Re: Southwest
3    Airlines litigation.
4            MR. SIPRUT: Good morning, your Honor. Joe Siprut on
5    behalf of the plaintiff and the long national nightmare.
6            THE COURT: Hang on a second. I want to do something
7    here. I think -- I was actually looking for the YouTube
8    video. I am going to play it.
9            Oh, I can't get the sound to come up. Dang. There
10   is a little short YouTube video of Gerald Ford saying, Our
11   long national nightmare is over.
12           Is, in fact, my long national nightmare over? Is it
13   close.
14           MR. SIPRUT: I dare say that we have basically gotten
15   there.
16           MR. KAY-OLIPHANT: Good morning, your Honor. Eli
17   Kay-Oliphant for Southwest.
18           THE COURT: Your pro hac motion is granted, by the
19   way.
20           MR. KAY-OLIPHANT: Thank you very much, your Honor.
21           MR. SIPRUT: It appears the objector is not here, but
22   basically, as you saw from our filing, the upshot is that we
23   have managed to reach an agreement that not only resolves the
24   supplemental fee issue but along with it the Seventh Circuit
25   appeal. That's the best news we have had in a long time I

1  think.
2  THE COURT: Yeah. What happens from here? Has it
3  been reduced to writing? What do I need to do? Do I wait on
4  you? What happens?
5  MR. SIPRUT: As I see it, I think that the Court can
6  just issue an order saying, you know, what's been described
7  sounds good, and then assuming the Court still believes that
8  notice of some sort has to go out to the class about this
9  resolution and the supplemental fee request, we would then
10 require perhaps seven days at the most in order to put the
11 word out. Now, that is the wrinkle. I don't mean to
12 re-litigate issues, but as your Honor knows, our position was
13 that --
14 THE COURT: Your position was it wasn't necessary.
15 MR. SIPRUT: -- it wasn't necessary, and so,
16 therefore, that's still our position. On the other hand, the
17 Court did seem to think this through and --
18 THE COURT: Yeah. I made a ruling. Honestly,
19 because I'm just concerned about the potential next objector.
20 MR. SIPRUT: Well, I'll say this, if it helps.
21 Again, not to re-litigate issues, but the difference between
22 the Court's ruling on the notice issue before and perhaps what
23 we're faced with now is that now we have an agreement. In
24 other words, before there was a supplemental fee request of
25 $400,000.

1         THE COURT: Right.

2         MR. SIPRUT: Or actually, it was more than that, but
3 the Court awarded 400,000, Markow was objecting at the time.
4 There were still things happening that perhaps could have
5 impacted the analysis. Now we have a resolution on all
6 possible fronts, and that may --

7         THE COURT: If I can just back up for a second just
8 for purposes of the record. And so the history of this was
9 when the case -- after the case got resolved in the Seventh
10 Circuit, it came back. You filed a supplemental fee petition.
11 Markow or Markow, or however you pronounce it, objected. I
12 made a ruling on the fee petition. There was a motion -- I
13 may be botching a little bit of the details. There was a
14 motion to reconsider. I concluded that I should have sent out
15 notice before granting the motion for the fee petition, the
16 supplemental fee petition. Am I right so far?

17         MR. SIPRUT: That's correct. Markow opposed the fee
18 request --

19         THE COURT: I overruled it.

20         MR. SIPRUT: -- in whole except for one argument, and
21 that was the idea that notice should have gone out.

22         THE COURT: Right. So I then ordered that notice be
23 sent out. And no one else had come in to object at that
24 point.

25         MR. SIPRUT: Correct.

1  THE COURT: All right. So what I'm sort of grappling
2  with here is I just need -- I need to look back at the order
3  that I entered that said that notice needed to go out. Bear
4  with me just one second here.
5  The state of affairs right now is I vacated the fee
6  award. That's what I did back in June. On June the 22nd of
7  last year, seven months ago, on the motion to reconsider, I
8  entered an order -- I entered an order -- it's docket number
9  312 -- in which I said that the fee award was vacated.
10  MR. SIPRUT: That's okay, actually. That's
11  consistent with what's going on now because the number that we
12  have agreed on is a lesser number.
13  THE COURT: And it's an agreed upon number.
14  MR. SIPRUT: Correct.
15  THE COURT: So the question is this. I guess I'm
16  looking for both sides to weigh in on this here. I don't want
17  anything else filed in this case, unless there's no other
18  reasonable alternative.
19  So it's a lower amount. The question is whether if I
20  were to simply bless what I'll call for want of a better word
21  the settlement that's been made with the one person who
22  objected and approve the lesser amount of attorneys' fees, is
23  there exposure to somebody else coming in later and saying,
24  hey, wait a second, Judge, you know, you vacated the fee
25  award, you vacated it because notice didn't go out, and the

fact that you then approved a settlement, even though it's a lesser amount without letting notice go out to the class members so that they could weigh in on it really impairs somebody's rights in some way.

MR. SIPRUT: I think the answer is no for two reasons.

THE COURT: Okay.

MR. SIPRUT: Number one, you'll recall the argument that we made before is that the sum total of fees that's being awarded inclusive of this final amount --

THE COURT: Still within the cap.

MR. SIPRUT: -- is still within the cap. So when notice went out at the time of the original settlement and we said counsel is asking for up to 3 million, whoever had a problem with that said whatever they were going to say. One person out of those objectors actually took it to the Seventh Circuit, and now years later, the award that is about -- could be entered today is still going to be less than that. So there's nothing really that anyone could object to that they hadn't already objected to.

The other reason why I think sort of as a practical matter to illustrate why that has to be correct is because if it weren't, that would mean that if notice were to go out right now and someone did get notice and then objected, that person would then have standing to appeal this order.

1         THE COURT: Yeah.

2         MR. SIPRUT: And then this case is around for two
3 more years. That just can't be right to my way of thinking.
4 And if there were any doubt, I think it's resolved by the fact
5 that everyone who is in this case right now has agreed with
6 what's happening.

7         THE COURT: Do you disagree with what he said?

8         MR. KAY-OLIPHANT: I don't disagree with anything he
9 just said. The only thing that I would add, and I don't think
10 it's directly dispositive of the question of whether or not --
11 the exact question you just asked about whether or not there
12 would be a potential objector out there, but within the
13 framework of the agreement that we are describing, the fees
14 are half of what you originally awarded and Southwest is
15 giving three vouchers for every one that is legitimate.

16         THE COURT: They are actually getting more now.

17         MR. SIPRUT: Yes.

18         THE COURT: That's right.

19         MR. KAY-OLIPHANT: To the extent that it is helpful
20 for your analysis.

21         THE COURT: I had forgotten that part. I agree.

22         Okay. So I think -- first of all, I think that the
23 resolution that's been made of the objection is eminently
24 reasonable without commenting on the merits of Mr. Markow's
25 objection. It's a litigated issue that people would have to

1  decide, so he's giving up something by dropping his objection,
2  the extent of it remains here in the appeal to the extent in
3  the Seventh Circuit.
4            The class members are benefitting as was just
5  described.  The class counsel is giving up something because,
6  I mean, a reasonable observer looking at this could say, well,
7  the odds are the judge is probably going to approve the same
8  fees he approved before, and I wouldn't have to, but class
9  counsel is giving up something by agreeing to a lower amount.
10 I think it's reasonable all around.  I think it benefits the
11 class.  I don't think there's any other way of looking at it.
12 The class is now getting actually more than they were
13 originally entitled to.  I mean, as Judge Hamilton -- was it
14 Judge Hamilton who wrote the decision?
15           MR. SIPRUT:  I think it was --
16           THE COURT:  Whoever it was -- I think it was Judge
17 Hamilton.  Whoever it was that wrote the decision basically
18 said that class members were getting full value.  Now they are
19 getting more than full value.  It's unimaginable that anybody
20 would have any kind of a legitimate objection to it.  It's
21 true.
22           Here's what I need you to do.  Draft an order.
23           MR. SIPRUT:  Yes.
24           THE COURT:  Confer on the order, get it to my
25 proposed order email address once you get it done.  If I have

1 any problems, I'll get back to you. If I don't, I'll just
2 enter it.
3       MR. SIPRUT: Sounds good.
4       THE COURT: Thank you very much.
5       MR. SIPRUT: Thank you, your Honor.
6  (Which were all the proceedings had in the above-entitled
7 cause on the day and date aforesaid.)
8  I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.
9
10 Carolyn R. Cox                         Date
   Official Court Reporter
11 Northern District of Illinois
12 /s/Carolyn R. Cox, CSR, RPR, CRR, FCRR
13
14
15
16
17
18
19
20
21
22
23
24
25