UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE SOUTHWEST AIRLINES VOUCHER LITIGATION | Case No. 11-CV-8176 |
| GREGORY MARKOW, <br><br> Objector. | Hon. Matthew Kennelly |

**OBJECTOR MARKOW'S REPLY IN SUPPORT OF MARKOW'S MOTION FOR ATTORNEYS' FEES AND INCENTIVE AWARD**

## INTRODUCTION

On June 7, 2017, the Court granted Markow's motion to file a Reply in support of Markow's Motion for Attorneys' Fees and Incentive Award. Dkt. 384. The Court further ordered that Markow's Reply should discuss the need for an evidentiary hearing. *Id.* Markow's Reply responds to class counsel's second opposition to Objector Markow's fee request ("Plaintiffs' Second Opp."). *See* Dkt. 379. Plaintiffs' Second Opposition sets forth alternative facts that are not only false, they create a new version of events that objectively do not make sense. It is unnecessary to resolve those factual disputes with an evidentiary hearing, however, because the objective terms of the agreement between Markow and the parties demonstrate that Markow's modest fee request should be granted.

Markow also responds to Southwest's Opposition to Objector Gregory Markow's Motion for Attorney's Fees ("Southwest Opp."). *See* Dkt. 380. Southwest argues that it would be inequitable for Southwest to pay attorneys' fees to Markow. *See* Southwest Opp., Dkt. 380 at 7-10. While Markow is indifferent to whether Markow's attorneys' fees are paid by plaintiffs or Southwest, Markow agrees with Southwest that the equities require that Markow's attorneys' fees be paid by plaintiffs. Contrary to Southwest's arguments, however, Markow's request for fees is timely and Markow is entitled to fees under Seventh Circuit law.

I. **An evidentiary hearing is not required because the factual disputes need not be resolved for the Court to rule on Markow's fee request.**

There are two major factual disputes, but an evidentiary hearing is unnecessary to resolve those disputes. *First*, there is a possible factual dispute regarding an alleged oral agreement that CCAF would not request fees:

| Siprut Declaration, Dkt. 379-1 ¶ 8 (emphasis added) | Frank Declaration dated May 30, 2017 (attached at Ex. 1), ¶ 10 (emphasis added) |
|---|---|
| 8. In connection with negotiating the revised Settlement with Southwest, in early January 2017, I spoke with one of the attorneys for the Objector Markow, Ted Frank. Mr. Frank told me that any supplemental attorneys' fees should correspond to additional relief to the Class. Mr. Frank said he would withdraw his objection in such a situation. I then asked Mr. Frank about his fees so that I could take that into account in my negotiations with Southwest, as I was considering giving up a substantial amount of attorneys' fees that this Court had already approved in order to effectuate the Settlement. **Mr. Frank said he was not making a fee request**, and in fact wanted that set forth in the written status report the parties made to the Court. *See* Dkt. No. 374, Ex. A. | I explained that we would not discuss negotiations where we would recover attorneys' fees. Ms. Holyoak then explained to Mr. Siprut that we could not negotiate attorneys' fees because the Center for Class Action Fairness does not dismiss objections or appeals in exchange for payments including attorneys' fees. **At no time in that conversation, did either I or Ms. Holyoak state that the Center for Class Action Fairness would never seek fees in this case**; we simply communicated that we could not condition a dismissal of the appeal or objection upon a request for fees, a promise we kept. |

As an initial matter, it is not clear whether there is a factual dispute. Siprut's declaration is ambiguous: is he claiming that Frank made a specific oral representation, or is he asserting that the sentence added to the written status report means that no fee request would be made? The lack of specificity in his declaration makes it unclear whether he is making an allegation that there was a separate assertion from that in the Frank email that no one disputes exists. To the extent that Siprut is making a new allegation that he never made before, the factual dispute is further discussed below. *See infra* Section II.

Even if there is a real factual dispute, an evidentiary hearing would be unnecessary because the Court need not resolve this dispute in order to grant Markow's request for fees. Instead, the Court need only look to the written agreement between Markow and the parties. Markow's agreement with plaintiffs and Southwest—that Markow would dismiss his appeal in exchange for additional coupons to the class and plaintiffs' reduced fee request—is set forth in the report filed on

Reply in Supp. of Motion for Attorneys' Fees    2

January 20, 2017. Status Report Concerning Settlement ("Markow Settlement"), Dkt. 353, ¶¶ 14-15. The Markow Settlement does not discuss CCAF's fees and does not state that CCAF agreed to waive any request for attorneys' fees: it was simply not part of the bargained-for exchange between Markow and the parties.

In both of class counsel's oppositions to Markow's request, class counsel does not contend that the Markow Settlement is ambiguous. *See* Plaintiffs' Opp., Dkt. 374; Plaintiffs' Second Opp., Dkt. 379. The parole evidence rule prevents class counsel from pointing to an alleged oral statement when the clear language of the Markow Settlement controls. *Bourke v. The Dun & Bradstreet Corp.*, 159 F.3d 1032, 1036 (7th Cir. 1998) (noting that a court may only turn to parole evidence when the contractual language is ambiguous); *see also Consolidated Bearings Co. v. Ehret-Krohn Corp.*, 913 F.2d 1224, 1233 (7th Cir. 1990) ("A contract is not ambiguous merely because it fails to address some contingency; the general presumption is that 'the rights of the parties are limited to the terms expressed' in the contract."). And even if parole evidence were permitted, Mr. Frank's email demonstrates that rather than reaching a meeting of the minds regarding CCAF's waiver of fees, an agreement on fees was "*not*…part of these discussions." Dkt. No. 374, Ex. A (emphasis added).

Indeed, even if there was a *separate* oral agreement where CCAF agreed that it would not make a fee request, class counsel has not indicated what consideration CCAF received in exchange for such waiver of fees. *See Williams v. Office of the Chief Judge,* 839 F.3d 617, 623 (7th Cir. 2016) ("For an oral contract to exist, the parties must have a meeting of the minds with respect to the terms of the agreement and must intend to be bound by the agreement."). And more important, if such an oral agreement had been reached, the appropriate remedy for class counsel would be a breach of contract claim, not dismissal of CCAF's fee motion.

*Second*, there is a factual dispute regarding how the additional coupons were negotiated.

| Plaintiffs' Second Opp., Dkt. 379 at 2 (emphasis added) | Frank Declaration dated May 30, 2017, ¶ 11 |
|---|---|
| Mr. Siprut then continued to negotiate with Southwest, and ultimately reached an agreement by which Southwest | On January 18, 2017, Mr. Siprut, Ms. Holyoak, and I had a phone conversation with counsel for Southwest, Eli Kay-Oliphant regarding potential settlement. Southwest and |

| | |
|---|---|
| provided additional relief to the Class, and in exchange for that relief, Class Counsel agreed to forego half of the supplemental fees previously awarded by the Court. (*Id.* at ¶9.) **Mr. Frank had nothing to do with any of that.** | Mr. Siprut initially proposed the following: Mr. Siprut would seek half of what the Court had ordered (50% of $458,823), Dkt. 302, Southwest would award an additional coupon for each coupon claimed, and Objector Markow would dismiss the appeal. Mr. Kay-Oliphant revealed that although Southwest had previously represented that there were approximately 500,000 coupons claimed, that there were only approximately 137,000 valid claims for coupons. I explained that because the coupons had a market value of about $3 each, that an additional 137,000 coupons (approximately $410,000) was not sufficient compared to the approximate $230,000 that Mr. Siprut would receive in supplemental fees because we did not want supplemental fees to exceed 25% of total supplemental relief (supplemental fees + supplemental coupons). We agreed that if Southwest would provide two coupons per each coupon claimed (approximately $820,000 additional relief), we could agree to Siprut receiving $230,000 because that would be less than 25%. Southwest agreed to provide two additional coupons for each coupon claims, or to triple the relief provided under the original settlement. At no time during that conversation did I state that Objector Markow would not seek attorneys' fees. |

An evidentiary hearing resolving this factual dispute is unnecessary because the Court need not determine the who and the how of the settlement negotiations in order to grant Markow's fee request.

Instead, the Court need only look to the Markow Settlement that describes that the settlement was resolving *Markow's* objections and thus Markow should be partially credited with the additional relief received for the class:

> 12. After the Court Ordered that the parties provide supplemental notice to the class regarding Class Counsel's supplemental fee request, **the Parties (including Objector Markow) discussed possible frameworks to resolve Markow's still-pending objections** to both the supplemental fee request and the settlement itself (the latter objection also being the subject of the pending appeal before the Seventh Circuit).
>
> 13. On January 7, 2017, the Court "[gave] **the parties and Mr. Markow the requested 14 days to try to come to a resolution**, but no more than that (barring unforeseen circumstances) given the age of the case and the long-approved settlement." Dkt. No. 350.

Reply in Supp. of Motion for Attorneys' Fees     4

> 14. **The Parties conferred with Objector Markow and have a tentative agreement for which they seek the Court's approval**. The Parties also request that the Court Order a slightly modified supplemental notice be provided to the class, to comport with the tentative agreement.

Markow Settlement, Dkt. 353 ¶ 12 (emphasis added). As the Markow Settlement describes, the settlement provided resolution of Markow's objections: the consideration provided by the parties (reduced fee request and additional coupons) was *in exchange for* Markow's dismissal of his appeal. Thus, Markow should be credited for the additional class relief that justifies his moderate fee request.[1]

As further explained below, class counsel's argument that "Mr. Frank had nothing to do with" negotiation of the additional relief objectively makes no sense. *See infra* Section III. Southwest had already agreed to pay up to $1.35 million in supplemental fees. Dkt. 305 at 2-3. There was nothing for Southwest and class counsel to bargain or settle. There was no reason for class counsel to independently negotiate additional coupons because the only thing preventing class counsel from collecting their fees was Markow's pending appeal.

## II. Markow was not required to seek fees as part of the settlement and did not waive his right to seek fees.

Class counsel's recent opposition now disputes that Markow is entitled to fees under Seventh Circuit law. *See* Plaintiffs' Second Opp., Dkt. 379 at 1. But class counsel's only argument is that fees are not permitted because the Court "already approved the settlement" and that "Markow previously stated that he was not seeking attorneys' fees." *See id.* Southwest also argues that Markow's request is untimely because Markow's request should have been made during the settlement negotiations.

*First*, class counsel and Southwest provide no authority or any reason why Markow cannot seek fees after approval of the settlement. Indeed, Local Rule 54 specifically contemplates requests

---

[1] As Markow explains in is fee request, Markow does not seek 100% credit for the additional relief because Markow recognizes that 50% of the improvement should be credited to class counsel who negotiated the initial settlement. *See* Markow Fee Request, Dkt. 371 at 6. Thus, while the Markow Settlement tripled class recovery from $412,815 to $1,238,445, Markow seeks credit for only $412,815 of that improvement. *Id.*

for attorneys' fees made subsequent to entry of settlement. *See* L.R. 54.3(b) ("the motion shall be…filed and served no later than 91 days after the entry of the judgment or settlement agreement on which the motion is founded."). Objector fee requests are often made *after* settlement. In *Pearson v. NBTY*—a case in which Mr. Siprut's colleague Stewart Weltman served as class counsel—the Center for Class Action Fairness ("CCAF") sought and was awarded $180,000 *after* the court approved the revised settlement. *See Pearson v. NBTY*, No. 11-cv-7972, Dkt. 286 (N.D. Ill. July 28, 2016). In fact, CCAF has always applied for fees *after* a material benefit was achieved for the class, either after the parties submitted a revised settlement to the court or after the court ordered an increased class benefit. *See* Declaration of Theodore H. Frank, "Frank Decl." (attached at Ex. 1), ¶ 14. Parties' suggestion that attorneys' fees should have been part of the January settlement faults Markow for not securing agreement (clear sailing) for his fee request. But it would be perverse to require settling parties to negotiate clear sailing for attorneys' fees given that "such a clause should be subjected to intense critical scrutiny by the district court." *Redman v. Radioshack Corp.*, 768 F.3d 622, 637 (7th Cir. 2014). Traditionally, courts assess attorneys' fees after settlement. Markow's adherence to this tradition does not disqualify him from fees.

*Second*, class counsel and Southwest also argue that Markow is not entitled to fees because Mr. Frank purportedly stated that he would not seek fees. *See* Plaintiffs' Second Opp., Dkt. 379 at 1. In class counsel's declaration in support of Plaintiffs' Second Opposition, class counsel states:

> In connection with negotiating the revised Settlement with Southwest, in early January 2017, I spoke with one of the attorneys for the Objector Markow, Ted Frank. Mr. Frank told me that any supplemental attorneys' fees should correspond to additional relief to the Class. Mr. Frank said he would withdraw his objection in such a situation. I then asked Mr. Frank about his fees so that I could take that into account in my negotiations with Southwest, as I was considering giving up a substantial amount of attorneys' fees that this Court had already approved in order to effectuate the Settlement. **Mr. Frank said he was not making a fee request**, and in fact wanted that set forth in the written status report the parties made to the Court. See Dkt. No. 374, Ex. A.

Siprut Declaration, Dkt. 379-1 ¶ 8 (emphasis added). Class counsel's declaration is false. As explained in the attached declarations of Mr. Frank and Ms. Holyoak, Mr. Frank did not state that he was not making a fee request or would not make a fee request. *See* Frank Decl. ¶ 10; Declaration of Melissa Holyoak "Holyoak Decl." (attached at Ex. 2), ¶ 10. Mr. Frank and Ms. Holyoak explained that they could not negotiate fees for dismissal of an objection or appeal, but did not state that they would not make a fee request and did not waive any right to seek fees. *Id.*

Class counsel and Southwest again cite to an email in which Mr. Frank states: "I'd like to add [to the status report] 'Markow and his attorneys are not asking for payment to themselves as part of these discussions.'" Dkt. No. 374, Ex. A. As the email states, Markow was not seeking fees as part of the settlement negotiations, but Markow did not waive any right to fees. *Id.* Indeed, as Mr. Frank's declaration explains, that phrase was specifically included so that if Markow later sought fees, there would be no question that the fee award was not negotiated as an improper *quid pro quo* arrangement to dismiss the appeal and objections. Frank Decl. ¶ 13. Moreover, Markow held up his end of the bargain: Markow did not request fees as part of the settlement and dismissed his appeal *without* any promise of fees and with the risk that any future fee request could be challenged and denied outright.

Finally, if class counsel contends that there was some oral agreement where CCAF agreed not to seek fees, the proper remedy would be breach of contract and not dismissal of Markow's motion. *See Williams,* 839 F.3d at 623. Or, if Mr. Frank somehow duped class counsel into entering a settlement by promising not to seek fees, then the proper remedy is rescission of the settlement. *See, e.g., Grujich v. Catamaran Inc.*, 4 F. Supp. 3d 994, 1003 (N.D. Ill. Dec. 12, 2013) (noting elements of rescission of contract that "anyone acting on defendant's behalf made a knowingly false statement of material fact, or that plaintiff reasonably relied, to his detriment, on any such statement"). The parties would return to the *status quo* and proceed with litigating the propriety of class counsel's supplemental fee request and settlement.

**III.     Class counsel's new version of events—that class counsel "spearheaded" the settlement—is false and objectively doesn't make sense because plaintiffs had no reason to independently negotiate additional relief from Southwest.**

Class counsel argues that Markow is not responsible for tripling recovery because "Class Counsel spearheaded the revised terms of the settlement that provided additional relief to the class, which was done in order to remove the last remaining impediment to the Class getting the agreed upon relief." Plaintiffs' Second Opp., Dkt. 379 at 1. Class counsel argues that "Mr. Siprut then continued to negotiate with Southwest, and ultimately reached an agreement by which Southwest provided additional relief to the Class, and in exchange for that relief, Class Counsel agreed to forego half of the supplemental fees previously awarded by the Court. … Mr. Frank had nothing to do with any of that." *Id.* at 1-2.

Class counsel's account is completely inaccurate and objectively doesn't make sense. It was Markow's counsel (Ms. Holyoak) that first reached out to class counsel (Mr. Siprut) to discuss a possible settlement. *See* Holyoak Decl. ¶ 9. During that conversation, Ms. Holyoak and Mr. Frank proposed a "walk away" where Markow would dismiss his appeal and class counsel would abandon their request for supplemental fees. *Id.* ¶ 10. Class counsel would not agree and instead proposed a settlement where Markow would dismiss the pending appeal in exchange for attorneys' fees for Markow. *Id.* Counsel for Markow explained that CCAF does not dismiss objections or appeals in exchange for payments, including attorneys' fees. *Id.*; Frank Decl. ¶ 10. Counsel for Markow explained that Markow would be open to a settlement that provided Mr. Siprut supplemental fees if there was additional relief for class members. *Id.*; Frank Decl. ¶ 10. Mr. Siprut said that he would reach out to Southwest regarding a potential settlement and coordinated settlement discussions with Southwest, plaintiffs and Markow. Holyoak Decl. ¶¶ 10-11; Frank Decl. ¶¶ 10-11.

On January 18, 2017, Mr. Frank, Mr. Siprut, Ms. Holyoak and counsel for Southwest, Mr. Kay-Oliphant had a conference call discussing settlement negotiations. Holyoak Decl. ¶ 11; Frank Decl. ¶ 11. At that time, Southwest proposed providing one additional coupon to class members for each coupon already claimed. *Id.* Mr. Frank explained that one additional coupon would mean that the supplemental fee request would be disproportionate but that two additional coupons would

provide proportionate relief. Frank Decl. ¶ 11; Holyoak Decl. ¶ 11. Southwest agreed to provide two additional coupons for each coupon claimed. Frank Decl. ¶ 11; Holyoak Decl. ¶ 11. Class counsel's argument that "Mr. Frank had nothing to do with any of that" has no basis in reality.

Indeed, class counsel's recent version of events objectively doesn't make sense. Class counsel argues that they were "spearheading" settlement discussions for additional class relief to "remove the last remaining impediment to the Class getting the agreed upon relief." Plaintiffs' Second Opp. at 1. Before Markow reached out to plaintiffs for settlement discussions, the settlement was approved, the supplemental fee request was partially granted, and Markow's appeal was pending. There was no incentive for plaintiffs to negotiate *with* Southwest because independently negotiating additional relief with Southwest would not have advanced the litigation. As explained in Markow's Motion for Fees, Markow recognizes that Markow and class counsel are *jointly* responsible for the additional relief obtained with the recent Markow Settlement. *See* Markow's Fee Motion, Dkt. 371 at 6. And based on Markow's efforts, Markow is responsible for *at least* 50% of the $825,630 additional relief. *Id.* Markow's $80,000 request is just 19% of the $412,815 improvement credited to Markow. *Id.* Markow's request for $80,000 of class counsel's $1.88 million is reasonable given that class recovery tripled.

### IV. Markow is entitled to fees from plaintiffs under the common law doctrine regardless of whether this was a claims-made settlement.

Southwest argues that no fees may be awarded under common fund doctrine, but the argument incorrectly confines common fund awards to settlements with a common fund structure. While Southwest correctly notes that the American Rule forbids fee shifting absent an authorizing statute, Markow does not seek fees from Southwest.[2] Instead, Markow moves under L.R. 54.3 for payment "out of a fund already created by judgment or by settlement," namely the fund for

---

[2] As explained above, Markow is indifferent as to whether plaintiffs or Southwest is responsible for paying Markow's attorneys' fees, but Markow agrees with Southwest that equities require plaintiffs to pay.

attorneys' fees created by the settlement. The Seventh Circuit has affirmed such attorney fee pooling, which comports with common fund doctrine.

Common fund doctrine provides the basis for all class action attorneys' fee awards absent a fee-shifting statute, including the fees that class counsel negotiated for itself in this case. Class counsel's agreement to receive "separate" attorneys' fees was negotiated in the shadow of the American Rule:

> The reasonableness of any fee award must be considered against the backdrop of the "American Rule," which provides that courts generally are without discretion to award attorneys' fees to a prevailing plaintiff unless (1) fee-shifting is expressly authorized by the governing statute; (2) the opponents acted in bad faith or willfully violated a court order; or (3) 'the successful litigants have created a common fund for recovery or extended a substantial benefit to a class.'

*In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011).

It does not matter whether a settlement creates a common fund; the same equitable principles apply to separate funds as well. "Courts have relied on 'common fund' principles and the inherent management powers of the court to award fees to lead counsel in cases that do not actually generate a common fund." *In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 821 (3d Cir. 1995) (evaluating separate negotiated fee award as part of a "constructive common fund").

Here, like the named plaintiff, Markow seeks attorneys' fees for the common benefit he has provided the class. *See*, *e.g.*, Plaintiffs' Mot. for Attorneys' Fees, Dkt. 103 at 10 (arguing for award of $3 million, which supposedly constituted "Only 10.3% of the Common Benefit Provided to the Class"). Markow's motion differs from class counsel's award chiefly because Markow did not negotiate clear sailing for his fee request and because he seeks *less* in fees than the benefit he provided to the class (whereas class counsel will walk away with $1.8 million in fees when they are credited with creating $825,630 class benefit). In contrast, Markow's efforts tripled coupon recovery to class members. Even if only a portion of these are attributed to his efforts, Markow's fee motion better comports with common fund doctrine than the disproportionate award to class counsel.

While no statute authorizes payment of fees from Southwest, Markow seeks a portion of the settlement's attorney fee fund, a practice contemplated by L.R. 54.3 and affirmed by the Seventh Circuit. *See In re Trans Union Corp. Privacy Litigation*, 629 F.3d 741, 748 (7th Cir. 2011) (apportioning objectors' fee from total attorneys' fees).

Settling parties cannot prevent payment of meritorious objectors' fees simply by refusing to employ a common fund structure. *Great Neck* illustrates the broad availability of objectors' fees. In *Great Neck*, the district court could have awarded objectors fees from the common fund, but chose not to do so, and instead made the settling parties jointly responsible for paying objectors' fees. *Great Neck Capital Appreciation Inv. P'ship, L.P. v. PriceWaterhouseCoopers, L.L.P.*, 212 F.R.D. 400, 417 (E.D. Wis. 2002). Exactly such an order may issue here because Markow has "improved the settlement, assisted the court, and/or enhanced the recovery in [a] discernible fashion." *Id.* at 413.[3]

## CONCLUSION

For the foregoing reasons, Objector Markow respectfully requests the Court to award Competitive Enterprise Institute $80,000 in attorneys' fees and an incentive award of $1,000 to Gregory Markow, with all amounts deducted from the Rule 23(h) award to class counsel.

Dated: June 12, 2017
/s/ Melissa A. Holyoak
Melissa A. Holyoak, (DC Bar No. 487759)
COMPETITIVE ENTERPRISE INSTITUTE
CENTER FOR CLASS ACTION FAIRNESS
1310 L Street NW, 7th Floor
Washington, DC 20005
Phone: (573) 823-5377
Email: melissaholyoak@gmail.com

*Attorneys for Gregory Markow*

---

[3] Markow agrees "[i]t is not entirely clear whether [the Court] may order defendants to pay a portion of the objector's attorneys' fees." *Great Neck*, 212 F.R.D. at 417. Since the equities favor charging class counsel for the fee award regardless, the Court should award fees from the attorneys' fee fund established under the settlement agreement pursuant to L.R. 54.3.

**Certificate of Service**

The undersigned certifies she electronically filed the foregoing Reply via the ECF system for the Northern District of Illinois, thus effecting service on all attorneys registered for electronic filing.

Dated: June 12, 2017

/s/ Melissa A. Holyoak