# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

IN RE:  SOUTHWEST AIRLINES    )
VOUCHER LITIGATION         )               Case No. 11 C 8176

## <u>MEMORANDUM OPINION AND ORDER</u>

MATTHEW F. KENNELLY, District Judge:

In 2013, the Court approved a class-wide settlement in this case. *In re Southwest Airlines Voucher Litig.*, No. 11 C 8176, 2013 WL 4510197 (N.D. Ill. Aug. 26, 2013). The case involved Southwest Airlines's decision to stop honoring drink vouchers that it had distributed to certain ticket purchasers even though the vouchers did not have an expiration date when issued. Under the settlement, Southwest agreed to issue replacement vouchers to class members who submitted claims.

Plaintiffs then moved for an award of attorney's fees and costs, as well as incentive awards for the named plaintiffs. Following negotiations over attorney's fees, Southwest agreed not to oppose a fee request of up to $3,000,000. Plaintiffs sought a fee award in that amount, $3,000,000. The Court declined this request and awarded fees of $1,332,206.25 plus $18,522.32 in expenses. *In re Southwest Airlines Voucher Litig.*, No. 11 C 8176, 2013 WL 5497275 (N.D. Ill. Oct. 3, 2013). After the Court entered final judgment, plaintiffs moved to amend the judgment to increase the award of fees and expenses. The Court granted the motion in part, increasing plaintiffs' fee award to $1,649,118. *See In re Southwest Airlines Voucher Litig.*, No. 11 C 8176, 2014 WL 2809016 (N.D. Ill. June 20, 2014).

An appeal was filed by Gregory Markow and Alison Paul, two class members

who had objected to the settlement and fee award. Plaintiffs filed a cross-appeal seeking an increase in the fee award. The Seventh Circuit overruled Markow and Paul's objections to the settlement and class counsel's objections to the fee award, but the court eliminated the $15,000 incentive award for one plaintiff due to a previously undisclosed conflict of interest and reduced class counsel's fee award by the same amount. *See In re Southwest Airlines Voucher Litig.*, 799 F.3d 701 (7th Cir. 2015).

After the Seventh Circuit issued its mandate, class counsel moved this Court for an additional award of fees and costs related to the amended judgment and the appeal. Counsel requested $1,365,882, which if approved would have brought the total fee award for the case up to the $3,000,000 cap that Southwest had originally agreed not to oppose. Markow objected on various grounds. Among other things, he argued that it was too late for plaintiffs to seek additional fees and that the Court lacked authority to consider the fee petition. The Court overruled this argument, finding the petition appropriately filed and timely. *See In re Southwest Airlines Voucher Litig.*, No. 11 C 8176, 2016 WL 1623191, at *2 (N.D. Ill. Apr. 25, 2016). Markow next argued that plaintiffs could not be considered prevailing parties on appeal. The Court overruled this argument as well, noting that plaintiffs had successfully defended the Court's approval of the settlement and fee award—with the exception of the $15,000-plus-$15,000 reduction—and "obtained a favorable ruling on the primary arguments made by the objectors . . . ." *Id.* at *3. The Court declined, however, to approve fees in the amount sought by class counsel, reducing the requested amount by two-thirds, to $455,294. *Id.* at *5.

Markow then moved for reconsideration, arguing that the Court had made legal

errors and that notice should have gone out to the class before approval of any supplemental fee award.  Markow also sought "disgorgement" of the supplemental amount class counsel had sought—essentially an order directing Southwest to turn $1.35 million over to the class—or, alternatively, an order vacating approval of the class settlement, even though the Seventh Circuit had already approved it in the earlier appeal.  The Court overruled each of Markow's arguments attacking the merits of the Court's ruling, including the "disgorgement" argument and the request to vacate the approved settlement.  The Court concluded, however, that it had erred in failing to direct notice to the class before deciding class counsel's supplemental fee petition.  The Court therefore vacated the supplemental fee order and directed notice to be sent to the class in a manner to be determined.  *See In re Southwest Airlines Voucher Litig.*, No. 11 C 8176, 2016 WL 3418565 (N.D. Ill. June 22, 2016).

While the Court and the parties were engaged in the process of determining the nature and contents of notice to the class, Markow filed a notice of appeal.  The Court determined that it could continue with the process of sending notice and litigating class counsel's supplemental fee petition while the appeal was pending.  In December 2016, the Court approved a process of giving notice to the class.  The Court anticipated conducting a further hearing on the supplemental fee petition once it ascertained whether any additional class members objected.

Shortly after this, however, the parties and Markow reached a settlement that resolved Markow's appeal and resulted in an agreed-upon dismissal of the appeal.  The Court will discuss the terms of the settlement momentarily.  The Seventh Circuit dismissed the appeal pursuant to the settlement; its mandate issued on February 2,

3

2017.

On April 27, 2017, Markow filed a motion seeking an incentive award and fees for his attorneys. He has been represented throughout by Theodore Frank and Melissa Holyoak of the Center for Class Action Fairness (CCAF). Markow argued in his motion that he had obtained a material benefit for the class, specifically tripling of the number of drink vouchers to be distributed by Southwest. He requested a fee award of $80,000 for his counsel and an incentive award for himself of $1,000. Markow argued that the fee award "should be funded from class counsel's fee award," dkt. no. 371 at 10, contending that class counsel "had complete responsibility for the inadequate [original] settlement proposal," *id.*—again, the class settlement that the Seventh Circuit approved in the earlier appeal.

Class counsel objected, arguing that Markow's motion was untimely and that, via the settlement, Markow had given up the ability to ask for fees to be awarded from class counsel's fee award. Dkt. no. 374. Markow replied, arguing among other things that he had not given up his right to seek a fee award. Dkt. no. 376. The Court then directed Southwest to file a position paper regarding Markow's request for a fee award and an incentive award, and "whether and to what extent any such awards should be paid by Southwest." Dkt. no. 377. Southwest argued: a) Markow's request was untimely because it should have been raised during the settlement negotiations; b) the request was forfeited because Markow did not seek fees as part of the settlement and then said he would not seek payment; c) payment by Southwest would run afoul of the original settlement, which allowed Southwest to back out if ordered to pay any additional amounts; and d) the request lacked merit. Dkt. no. 380. Class counsel also filed a

4

further reply contesting, among other things, Markow's contention that his counsel was responsible for the enhancement of the original settlement. Dkt. no. 379.

At this point, the Court tentatively concluded that an evidentiary hearing would be needed to resolve what had taken place during the settlement negotiations that led to the dismissal of Markow's appeal, and it so advised the parties. Dkt. no. 384. The parties' final briefs, filed after this, made it clear to the Court that it needed to hear evidence regarding the settlement negotiations. *See* dkt. nos. 385, 386, 387. The Court also notes that in Markow's submission, he stated that he was not seeking to recover fees from Southwest, while stating in a footnote that he was "indifferent as to whether plaintiffs or Southwest is responsible for paying Markow's attorneys' fees, but Markow agrees with Southwest [sic] that equities require plaintiffs to pay." Dkt. no. 385 at 9 & n.2.

The Court held an evidentiary hearing on June 29, 2017. At the outset of the hearing, the Court asked Markow's counsel to clarify the statement in their reply regarding who should pay a fee award. Counsel responded:

> COUNSEL: When we initially filed our request, we requested from the plaintiff's counsel and we don't believe that fees, the equities, that Southwest should be required to pay, but we put that position in the paper because I think . . . you requested what our position was, and I guess the point is we're indifferent, you know, we just want to be paid, so if at the end of the day Southwest said, hey, we will just pay the 80,000 and get it over with, we are not going to tear up the check.

> THE COURT: Which they are not doing.

> COUNSEL: Yes.

> THE COURT: So really the question is whether [. . .]

> COUNSEL: *We are not pursuing fees from Southwest*.

After further discussion, the Court asked Markow's counsel her position regarding Southwest's contention that it would be entitled to terminate the original class settlement if it was ordered to pay anything more. Markow's counsel replied: "I agree that's what the settlement says."

Markow's attorney Theodore Frank was the first witness at the hearing. Mr. Frank testified that in late December 2016 (while Markow's appeal was pending), he and his co-counsel spoke with class counsel Joseph Siprut. Mr. Frank proposed a "walk-away," by which he meant dismissal of his appeal in return for Mr. Siprut's withdrawal of his supplemental fee request. Mr. Siprut counter-offered to reduce his fees and to pay fees to the CCAF. Mr. Frank said he "rejected that out of hand," telling Mr. Siprut that he would not agree to dismiss an appeal in exchange for money. Mr. Frank testified that at this point, Mr. Siprut "proposed what if he took reduced fees and out of those reduced fees, Southwest would provide additional coupons to the class." Mr. Frank replied that if Southwest was "agreeable to proportional relief to whatever additional fees Mr. Siprut was seeking, that . . . could be a framework that would satisfy us." Mr. Siprut said he would speak with Southwest. Mr. Frank next learned, via a status report filed in early January 2017, that there was an agreement in principle along the lines Mr. Siprut had suggested—cutting class counsel's fee by approximately one-half and providing additional drink vouchers to the class.

Mr. Frank testified that his next communications with Mr. Siprut concerned a draft of a status report ultimately filed with the Court on January 6, 2017, in which the parties advised that there had been "discussion about possible frameworks" to resolve Markow's objections and appeal. Dkt. No. 349. These communications were via e-mail.

6

During his testimony, Mr. Frank stated that he was "concerned that we would ask for fees at a later date and that somebody would say that we had traded our appellate rights for the fees and accuse us of the quid pro quo that we always correctly assert that we never agree to."  Mr. Frank did not say, however, that he told or even hinted to Mr. Siprut that he intended to ask for fees at a later date; rather, his testimony was only that he had an unexpressed "concern" about being barred.  The e-mail correspondence about the draft status report similarly contained no hint of an intention by Mr. Frank or CCAF to seek a fee award.  Rather, Mr. Frank sent a one-sentence e-mail, stating, "I'd like to add [to the status report] '(Markow and his attorneys are not asking for any payment to themselves as part of these discussions.)'"  Objector's Hr'g Ex. 1.  Mr. Frank had no verbal communications with Mr. Siprut about this.  According to Mr. Frank, Mr. Siprut replied he would add a footnote to this effect to the status report, and he did so.  *See* dkt. no. 349 at 1 n.1.

Mr. Frank testified that his next communication was a January 18, 2017 phone call with class counsel and counsel for Southwest.  Southwest advised that it had, pursuant to the previously-approved settlement, distributed 137,000 vouchers to the class and was offering to double this, along with a cut to Mr. Siprut's fee to approximately $220,000 (from the $455,294 the Court had approved).  Mr. Frank stated that he believed the fee award was not proportional "if there are only 137,000 coupons going out and they agreed to give two coupons for every old coupon or to triple the relief and we said, okay, that's proportional and that's an acceptable framework."  There was no discussion of fees for CCAF.

Mr. Siprut testified, consistently with Mr. Frank, that in December 2016 (while the

supplemental fee award was on appeal), Mr. Frank proposed a "walk-away," i.e. eliminating the supplemental fee award in return for dropping Markow's objection. Mr. Siprut said he declined the proposal but asked if there was anything else that might lead Mr. Frank to withdraw his objection—"are you guys looking for fees," or words to that effect. Mr. Frank said, "no, I am not asking for money." Mr. Siprut stated that he then suggested a reduction of his fees without payment to CCAF, and Mr. Frank replied, "not without corresponding relief to the class." Mr. Siprut said that after this, he communicated with Southwest's counsel. He initially proposed simply increasing the number of vouchers that Southwest would provide in order to make his fee award proportional. Southwest's counsel later communicated that his client was interested but only if class counsel "t[ook] a haircut." Further negotiations led to a proposal by Mr. Siprut to limit his fees to $200,000 (less than half of the Court's supplemental fee award), with Southwest putting up $600,000 worth of vouchers. Southwest ultimately agreed with this, and a conference call among all counsel (including CCF's counsel) ensued. In that call, Mr. Siprut laid out this proposal to Mr. Frank and Ms. Holyoak, who responded that this "would probably work." A status report was then drafted, which was filed with the Court on January 20, 2017.

Mr. Siprut testified that Mr. Frank "never asked for fees at any point." To the contrary, he stated, any time the idea of fees being paid came up, Mr. Frank or Ms. Holyoak "immediately would jump in [and] say I want to make clear we are not asking for fees, which we would always say, fine, we will make that clear."

Southwest's counsel Eli Kay-Oliphant testified last. He summarized Mr. Siprut's early January 2017 call to him as follows: Mr. Siprut "said that he thought that the

objectors would walk away if we could provide additional relief to the class." Mr. Kay-Oliphant said that he replied that he did not think Southwest should pay anything further but that it might consider a settlement if Mr. Siprut would take less in fees. After consulting with his client, Mr. Kay-Oliphant sent an e-mail to Mr. Siprut proposing a framework of reducing class counsel's fees and increasing the number of vouchers sent to the class. Mr. Kay-Oliphant then engaged in an effort to determine how many vouchers had been sent out already, and once he had nailed down that figure, there was a conversation that included all parties. In that conversation, Mr. Siprut proposed taking less than half the original fee request, and Southwest proposed doubling the number of vouchers to the class, in return for CCAF withdrawing its objections to the settlement and supplemental fee award. Mr. Frank replied that the amount of additional vouchers was insufficient. Either Mr. Kay-Oliphant or Mr. Frank—Mr. Kay-Oliphant could not recall which—made a proposal for a distribution that would triple the original amount of vouchers. All parties agreed to this. There was no discussion of fees other than those of class counsel, and specifically no conversation about fees for the objector. Nor was there any conversation about this before a status report was filed on January 20, 2017 describing the settlement or before Markow dismissed his appeal.

As indicated earlier, Markow dismissed his appeal with prejudice. The Seventh Circuit issued its mandate on February 2, 2017. Markow waited just a little under three months later, on April 27, 2017, Markow filed the present petition for fees and an incentive award.

Markow seeks a fee award and an incentive award for CCAF, to be funded from class counsel's supplemental fee award. This would effectively undo the settlement that

Markow and his counsel willingly entered into.  In the settlement under which he dismissed his appeal, Markow *agreed* to a reduced fee award of $200,000 for class counsel.  But now Markow is essentially asking for a reduction of that amount, specifically an order that would take away part of it to pay Markow's counsel.  Markow willingly agreed to a settlement that left class counsel with $200,000, without breathing a word suggesting that he would later demand part of that money.  Requiring class counsel to pay part of the agreed-upon fee award to Markow and his counsel—which is what Markow requests—would amount to undoing the agreement that Markow and his counsel entered into when they dismissed their appeal.  To put it in concrete terms, were the Court to award Markow's counsel the requested $80,000 to be paid by class counsel, class counsel would end up with $120,000, even though Markow and his counsel specifically agreed to a $200,000 fee award.  The Court concludes that Markow is not entitled to the relief he requests because it is contrary to his agreement that resulted in dismissal of his appeal.  It is no answer to this to say that the settlement was silent on the issue of a later fee award for Markow.  What is important here is that taking away part of the agreed-upon reduced amount for class counsel undoes the settlement.

Markow likewise is not entitled to an award of fees or an incentive award to be paid by Southwest.  First, Markow's original request to this Court was only for a fee award to be financed by class counsel.  Second, when the Court specifically asked for the parties' positions regarding whether the Court could and should direct Southwest to pay any supplemental award, Markow initially said he was indifferent.  When pressed, however, Markow's counsel stated at the evidentiary hearing that Markow *was not* asking for a fee award to be paid by Southwest.  Third, the Court agrees with Southwest

that directing it to pay fees to Markow's counsel would run afoul of the settlement that resolved the underlying case, which both this Court and the court of appeals have already approved.  Specifically, the settlement agreement states that if the Court, for any reason, orders Southwest to pay anything "other than as expressly provided for, Southwest has the right to terminate this Settlement Agreement . . . ."  *See* Dkt. No. 125, Ex. 1 ¶ III.D.  The Court sees no appropriate basis to enter an order that would allow undoing the settlement that this Court and the Seventh Circuit have approved.

### Conclusion

For these reasons, the Court denies Markow's motion for attorney's fees and an incentive award [dkt. no. 271].  Given the basis on which the Court has denied Markow's motion, the Court need not address whether he has established an entitlement to a fee or incentive award or the appropriateness of the amounts requested.

Date:  November 13, 2017

_____
MATTHEW F. KENNELLY
United States District Judge